# EXHIBIT A

**District 1**

# Case Summary

**Case No. 2025L003833**

| | | | |
|---|---|---|---|
| **Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Calendar, Z** |
| | § | Filed on: | **03/18/2025** |
| | § | Cook County Attorney Number: | **21683** |
| | § | Cook County Attorney Number: | **43948** |
| | § | Cook County Attorney Number: | **99500** |

## Case Information

| | |
|---|---|
| Case Type: | Other Personal Injury / Wrongful Death - Jury |
| Case Status: | **03/18/2025 Pending** |

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2025L003833 |
| Court | District 1 |
| Date Assigned | 03/18/2025 |
| Judicial Officer | Calendar, Z |

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Doe No. 2, Jane** | **Loggans, Susan Elizabeth**<br>***Retained***<br>180 N. LaSalle Street<br>Suite 2640<br>CHICAGO, IL 60601 |
| **Defendant** | **CitiBank N.A.**<br>208 South La Salle Street<br>Suite 814<br>Chicago, IL 60604 | **Rosenman, Andrew S.**<br>***Retained*** |
| | **CitiBank, INC**<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 | |
| | **Jackson, Marcus**<br>9424 South Calumet Avenue<br>Chicago, IL 60619 | |

## Events and Orders of the Court

02/22/2027
**Assignment Hearing** (10:00 AM) (Judicial Officer: Lyons, Thomas V., II)
Resource: Location L2005 Court Room 2005
Resource: Location D1 Richard J Daley Center

10/01/2026
**Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center

## Case Summary

**Case No. 2025L003833**

09/04/2026
**Continued Case Management** (9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center

07/29/2026
Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

07/29/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

07/29/2026
Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

07/29/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

07/29/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

07/29/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus

07/29/2026
Taking Of Deposition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

07/29/2026
Voluntary Dismissal Specific Defendant W/Leave To Refile-Alw (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant Jackson, Marcus

07/29/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

07/29/2026
**Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 07/29/2026**
Voluntary Dismissal Specific Defendant W/Leave To Refile-Alw (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant Jackson, Marcus
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

## Case Summary

**Case No. 2025L003833**

Taking Of Deposition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

**Continued Case Management** (09/04/2026 at 9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

**Continued Case Management** (10/01/2026 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Continued;

07/29/2026
Notice Of Filing Filed
*Plaintiff's Notice of Filing_Pltf's 4th Amended C@Law*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Filing_Pltf's 4th Amended C@Law*

07/29/2026
Amended Complaint Filed
*Plaintiff's 4th Amended C@Law*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's 4th Amended C@Law*

07/28/2026
Brief Filed
*Defendant Citibank N.A.'s Brief in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint*
Party: Defendant CitiBank N.A.
*Defendant Citibank N.A.'s Brief in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint*

07/28/2026
Exhibits Filed
*Exhibit 1*
Party: Defendant CitiBank N.A.
*Exhibit 1*

07/28/2026
Exhibits Filed
*Exhibit 2*
Party: Defendant CitiBank N.A.
*Exhibit 2*

## Case Summary

**Case No. 2025L003833**

07/28/2026
Exhibits Filed
*Exhibit 3*
Party: Defendant CitiBank N.A.
*Exhibit 3*

07/24/2026
Proof Of Service Filed
*Plaintiff's Supp Written Discovery to Defendants*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Supp Written Discovery to Defendants*

07/24/2026
Notice Of Motion Filed
*Plaintiff's Notice of Motion for Leave to File a Fourth Amended Complaint Instanter*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion for Leave to File a Fourth Amended Complaint Instanter*

07/24/2026
Motion Filed
*Plaintiff's Motion for Leave to File a Fourth Amended Complaint Instanter*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion for Leave to File a Fourth Amended Complaint Instanter*

07/24/2026
Exhibits Filed
*Ex. A - Plaintiff's Proposed Fourth Amended Complaint at Law*
Party: Plaintiff Doe No. 2, Jane
*Ex. A - Plaintiff's Proposed Fourth Amended Complaint at Law*

07/24/2026
Motion Filed
*Plaintiff's Motion to Voluntarily Dismissing Defendant, Marcus Jackson*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion to Voluntarily Dismissing Defendant, Marcus Jackson*

07/24/2026
Notice Of Motion Filed
*Plaintiff's Notice of Motion - MOT to VD Jackson*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion - MOT to VD Jackson*

07/14/2026
Response / Reply - Filed
*Reply Brief in Support of Defendant Citibank, N.A.'s Section 2-615 Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint*
Party: Defendant CitiBank N.A.
*Reply Brief in Support of Defendant Citibank, N.A.'s Section 2-615 Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint*

07/07/2026
Response / Reply - Filed
*Plaintiff's Response to Defendant, Citibank N.A.'s Motion to Dismiss*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Response to Defendant, Citibank N.A.'s Motion to Dismiss*

07/07/2026
Notice Of Filing Filed
*NOF for Pltf's Resp to Citibank's Motion to Dismiss*
Party: Plaintiff Doe No. 2, Jane
*NOF for Pltf's Resp to Citibank's Motion to Dismiss*

07/07/2026
Exhibits Filed
*Exhibits 1-14 for Pltf's Resp to Citibank's Motion to Dismiss*
Party: Plaintiff Doe No. 2, Jane
*Exhibits 1-14 for Pltf's Resp to Citibank's Motion to Dismiss*

## Case Summary

**Case No. 2025L003833**

06/29/2026
Proof Of Service Filed
*Plaintiff's Supplemental Request for Production to Defendants, Citibank and Marcus C. Jackson*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Supplemental Request for Production to Defendants, Citibank and Marcus C. Jackson*

06/29/2026
Proof Of Service Filed
*Plaintiff's Interrogatory to Defendant, Marcus C. Jackson*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Interrogatory to Defendant, Marcus C. Jackson*

06/25/2026
*CANCELED* **Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

06/22/2026
Exchange Information - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
Taking Of Deposition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
Comply - Denied - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

06/22/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

## Case Summary

**Case No. 2025L003833**

06/22/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/22/2026
**Continued Case Management** (10:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 06/22/2026**

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

## Case Summary

**Case No. 2025L003833**

Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Comply - Denied - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

**Continued Case Management** (06/29/2026 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center

Taking Of Deposition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Exchange Information - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Continued;

06/22/2026

Motion To Dismiss Filed
*Defendant Citibank, N.A.'s Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint Pursuant to Section 2-615*
Party: Defendant CitiBank N.A.
*Defendant Citibank, N.A.'s Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint Pursuant to Section 2-615*

06/22/2026

## Case Summary

### Case No. 2025L003833

Brief Filed
*Brief in Support of Defendant Citibank, N.A.'s Section 2-615 Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint*
Party: Defendant CitiBank N.A.
*Brief in Support of Defendant Citibank, N.A.'s Section 2-615 Motion to Dismiss Counts I Through IV of Plaintiff's Third Amended Complaint*

06/22/2026
Exhibits Filed
*Exhibit 1 to Brief*
Party: Defendant CitiBank N.A.
*Exhibit 1 to Brief*

06/22/2026
Exhibits Filed
*Exhibit 2 to Brief*
Party: Defendant CitiBank N.A.
*Exhibit 2 to Brief*

06/22/2026
Exhibits Filed
*Exhibit 3 to Brief*
Party: Defendant CitiBank N.A.
*Exhibit 3 to Brief*

06/22/2026
Exhibits Filed
*Exhibit 4 to Brief*
Party: Defendant CitiBank N.A.
*Exhibit 4 to Brief*

06/22/2026
Exhibits Filed
*Exhibit 5 to Brief*
Party: Defendant CitiBank N.A.
*Exhibit 5 to Brief*

06/18/2026
Response / Reply - Filed
*Defendant Citibank, N.A.'s Opposition to Plaintiff's Motion to Compel the Scheduling of Plaintiff's Deposition*
Party: Defendant CitiBank N.A.
*Defendant Citibank, N.A.'s Opposition to Plaintiff's Motion to Compel the Scheduling of Plaintiff's Deposition*

06/18/2026
Exhibits Filed
*Exhibit 1*
Party: Defendant CitiBank N.A.
*Exhibit 1*

06/18/2026
Exhibits Filed
*Exhibit 2*
Party: Defendant CitiBank N.A.
*Exhibit 2*

06/18/2026
Exhibits Filed
*Exhibit 3*
Party: Defendant CitiBank N.A.
*Exhibit 3*

06/18/2026
Exhibits Filed
*Exhibit 4*
Party: Defendant CitiBank N.A.
*Exhibit 4*

06/12/2026
Motion Filed

*Plaintiff's Motion to Compel and Set Schedule*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion to Compel and Set Schedule*

06/12/2026 Notice Of Motion Filed
*Plaintiff's Notice of Motion - MOTCP and set schedule*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion - MOTCP and set schedule*

06/09/2026 *CANCELED* **Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

06/04/2026 Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

06/04/2026 Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

06/04/2026 **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 06/04/2026**
Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane
Allowed;

06/01/2026 *CANCELED* **Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

05/27/2026 Notice Of Motion Filed
*Notice of Motion for Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc*
Party: Plaintiff Doe No. 2, Jane
*Notice of Motion for Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc*

05/27/2026 Motion Filed
*Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc*

05/27/2026 Exhibits Filed
*Proposed Order*
Party: Plaintiff Doe No. 2, Jane
*Proposed Order*

05/21/2026 File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC

05/21/2026 Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;

## Case Summary

**Case No. 2025L003833**

Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

05/21/2026
Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

05/21/2026 **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 05/21/2026**
Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC

Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

**Continued Case Management** (06/22/2026 at 10:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Continued;

05/20/2026
Amended Complaint Filed
*Plaintiff's Third Amended Complaint At Law*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Third Amended Complaint At Law*

05/20/2026
Notice Of Filing Filed
*Notice of Filing for Plaintiff's Third Amended Complaint At Law*
Party: Plaintiff Doe No. 2, Jane
*Notice of Filing for Plaintiff's Third Amended Complaint At Law*

05/19/2026
Response / Reply - Filed
*Defendant Citibank, N.A.'s Opposition to Plaintiff's Motion to Vacate Briefing Schedule and for Leave to File Third Amended Complaint*
Party: Defendant CitiBank N.A.
*Defendant Citibank, N.A.'s Opposition to Plaintiff's Motion to Vacate Briefing Schedule and for Leave to File Third Amended Complaint*

05/18/2026
Proof Of Service Filed
Party: Plaintiff Doe No. 2, Jane

05/14/2026
Notice Of Motion Filed
*Plaintiff's Notice of Motion to Vacate Briefing Schedule for Leave to File a Third Amended Complaint*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion to Vacate Briefing Schedule for Leave to File a Third Amended Complaint*

05/14/2026
Motion Filed
*Plaintiff's Motion to Vacate Briefing Schedule for Leave to File a Third Amended Complaint*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion to Vacate Briefing Schedule for Leave to File a Third Amended Complaint*

## Case Summary

**Case No. 2025L003833**

05/12/2026
*CANCELED* **Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

05/05/2026
Court Date To Stand - Allowed (Judicial Officer: Harvey, Toya T)
Party: Plaintiff Doe No. 2, Jane

05/05/2026
Case Set On Assignment Call (Judicial Officer: Harvey, Toya T)
Party: Plaintiff Doe No. 2, Jane

05/05/2026 **Trial Setting Call Room 2005** (1:30 PM) (Judicial Officer: Harvey, Toya T)
Resource: Location L2005 Court Room 2005
Resource: Location D1 Richard J Daley Center
*Case Number 2025L003833 Added to Calendar*
**MINUTES - 05/05/2026**
Case Set On Assignment Call (Judicial Officer: Harvey, Toya T)
Party: Plaintiff Doe No. 2, Jane
Court Date To Stand - Allowed (Judicial Officer: Harvey, Toya T)
Party: Plaintiff Doe No. 2, Jane
**Assignment Hearing** (02/22/2027 at 10:00 AM) (Judicial Officer: Lyons, Thomas V., II)
Resource: Location L2005 Court Room 2005
Resource: Location D1 Richard J Daley Center
Continued;

05/01/2026
Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
*6-1-26*
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
*6-1-26*

05/01/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/24/2026
Motion To Dismiss Filed
*Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*
Party: Defendant CitiBank N.A.
*Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

04/24/2026
Brief Filed
*Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*
Party: Defendant CitiBank N.A.
*Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

04/24/2026
Exhibits Filed
*Exhibit 1 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

## Case Summary

**Case No. 2025L003833**

Party: Defendant CitiBank N.A.
*Exhibit 1 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

04/24/2026
Exhibits Filed
*Exhibit 2 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*
Party: Defendant CitiBank N.A.
*Exhibit 2 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

04/24/2026
Exhibits Filed
*Exhibit 3 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*
Party: Defendant CitiBank N.A.
*Exhibit 3 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

04/24/2026
Exhibits Filed
*Exhibit 4 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*
Party: Defendant CitiBank N.A.
*Exhibit 4 to Brief in Support of Defendant Citibank N.A.'s Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint*

04/21/2026
Extend Time - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/21/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/21/2026
Produce Exhibits,Other Records,Documents,Person - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/21/2026
Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)
*6-25-26*
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
*6-25-26*

04/17/2026
Notice Of Motion Filed
*Plaintiff's Notice of Motion to Extend*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion to Extend*

## Case Summary

**Case No. 2025L003833**

04/17/2026 Emergency Motion Filed
*Plaintiff's Emergency Motion to Extend*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Emergency Motion to Extend*

04/17/2026 Notice Of Filing Filed
Party: Plaintiff Doe No. 2, Jane

04/10/2026 Notice Of Filing Filed
*Notice of Filing and Proof of Service for Plaintiff's Second Amended Complaint at Law*
Party: Plaintiff Doe No. 2, Jane
*Notice of Filing and Proof of Service for Plaintiff's Second Amended Complaint at Law*

04/10/2026 Amended Complaint Filed
*Plaintiff's Second Amended Complaint at Law*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Second Amended Complaint at Law*

04/09/2026 Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026 Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026 Produce Exhibits,Other Records,Documents,Person - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026 File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026 File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

## Case Summary

**Case No. 2025L003833**

04/09/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026
Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026
Taking Of Deposition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026
Issue Writ - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/09/2026
Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

04/09/2026 **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 04/09/2026**

Taking Of Deposition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Issue Writ - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;

## Case Summary

**Case No. 2025L003833**

Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Amend Complaint Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

*CANCELED* **Continued Case Management** (06/01/2026 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;

Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Produce Exhibits,Other Records,Documents,Person - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

*CANCELED* **Continued Case Management** (06/25/2026 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*
Continued;

04/08/2026 *CANCELED* **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

04/07/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

04/07/2026
Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
*4-8-26*
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
*4-8-26*

04/07/2026
Electronic Notice Sent
Party: Attorney Rosenman, Andrew S.

04/07/2026
Electronic Notice Sent
Party: Attorney Loggans, Susan Elizabeth

04/03/2026
Notice Of Filing Filed
*Notice of Filing and Proof of Service for Plaintiff's Response to Defendant Citibank, N.A.'s Motion to Dismiss*
Party: Plaintiff Doe No. 2, Jane
*Notice of Filing and Proof of Service for Plaintiff's Response to Defendant Citibank, N.A.'s Motion to Dismiss*

04/03/2026
Response / Reply - Filed
*Plaintiff's Response to Defendant Citibank, N.A.'s Motion to Dismiss*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Response to Defendant Citibank, N.A.'s Motion to Dismiss*

04/01/2026
Notice Of Motion Filed
*Plaintiff's Notice of Motion*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion*

## Case Summary

**Case No. 2025L003833**

04/01/2026
Motion Filed
*Plaintiff's Motion for Leave to File a Second Amended Complaint at Law*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion for Leave to File a Second Amended Complaint at Law*

03/26/2026
Strike From Motion Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

03/26/2026 **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 03/26/2026**
Strike From Motion Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Attorney Rosenman, Andrew S.;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
Allowed;

03/16/2026
Notice Of Motion Filed
*Plaintiff's Notice of Motion to Compel*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Motion to Compel*

03/16/2026
Motion Filed
*Plaintiff's Motion to Compel*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Motion to Compel*

03/09/2026
Certificate Filed
*Certificate of Service of Defendant's Responses and Objections to Plaintiff's Second Set of Requests for Production*
Party: Defendant CitiBank N.A.
*Certificate of Service of Defendant's Responses and Objections to Plaintiff's Second Set of Requests for Production*

03/06/2026
Motion Filed
*Defendant Citibank, N.A.???s Motion To Dismiss Counts I And II of Plaintiff???s Complaint Pursuant To Section 2-615*
Party: Defendant CitiBank N.A.
Party 2: Attorney Rosenman, Andrew S.
*Defendant Citibank, N.A.???s Motion To Dismiss Counts I And II of Plaintiff???s Complaint Pursuant To Section 2-615*

03/06/2026
Brief Filed
*Brief in Support of Defendant Citibank, N.A.???s Motion To Dismiss Counts I And II of Plaintiff???s Complaint Pursuant To Section 2-615*
Party: Defendant CitiBank N.A.
Party 2: Attorney Rosenman, Andrew S.
*Brief in Support of Defendant Citibank, N.A.???s Motion To Dismiss Counts I And II of Plaintiff???s Complaint Pursuant To Section 2-615*

03/06/2026
Exhibits Filed
*Exhibit 1*
Party: Defendant CitiBank N.A.

Party 2: Attorney Rosenman, Andrew S.
*Exhibit 1*

03/06/2026
Exhibits Filed
*Exhibit 2*
Party: Defendant CitiBank N.A.
Party 2: Attorney Rosenman, Andrew S.
*Exhibit 2*

03/06/2026
Exhibits Filed
*Exhibit 3*
Party: Defendant CitiBank N.A.
Party 2: Attorney Rosenman, Andrew S.
*Exhibit 3*

03/03/2026
Certificate Filed
*Certificate of Service of Discovery Regarding Defendant Citibank, N.A.'s First Set of Interrogatories to Plaintiff Jane Doe No. 2*
Party: Defendant CitiBank N.A.
*Certificate of Service of Discovery Regarding Defendant Citibank, N.A.'s First Set of Interrogatories to Plaintiff Jane Doe No. 2*

03/03/2026
Certificate Filed
*Certificate of Service of Discovery Regarding Defendant Citibank, N.A.'s First Set of Requests for Production of Documents to Plaintiff Jane Doe No. 2*
Party: Defendant CitiBank N.A.
*Certificate of Service of Discovery Regarding Defendant Citibank, N.A.'s First Set of Requests for Production of Documents to Plaintiff Jane Doe No. 2*

02/26/2026
Impound Exhibits Or Documents - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC

02/25/2026
Strike Or Withdraw Motion Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC

02/18/2026 Interrogatories Filed
*First Set of Interrogatories to Plaintiff Jane Doe No. 2*
Party: Defendant CitiBank N.A.
*First Set of Interrogatories to Plaintiff Jane Doe No. 2*

02/18/2026 Request Filed
*First Set of Requests for Production of Documents to Plaintiff Jane Doe No. 2*
Party: Defendant CitiBank N.A.
*First Set of Requests for Production of Documents to Plaintiff Jane Doe No. 2*

02/11/2026
Proof Of Service Filed
*Amended Proof of Service for 214 Plaintiff's Request to Defendants to Produce*
Party: Plaintiff Doe No. 2, Jane
*Amended Proof of Service for 214 Plaintiff's Request to Defendants to Produce*

02/09/2026
Proof Of Service Filed
Party: Plaintiff Doe No. 2, Jane

02/06/2026
Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)
*5-12-26 at 9am*
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;

## Case Summary

**Case No. 2025L003833**

Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
*5-12-26 at 9am*

02/06/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
Discovery - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

02/06/2026
**Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 02/06/2026**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;

## Case Summary

**Case No. 2025L003833**

Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Discovery - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

*CANCELED* **Continued Case Management** (05/12/2026 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)
*5-12-26 at 9am*
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
*5-12-26 at 9am*

Continued;

01/30/2026 Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)

Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

01/30/2026
**Continued Case Management** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 01/30/2026**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
**Continued Case Management** (02/06/2026 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Continued;

01/29/2026
Electronic Notice Sent
Party: Attorney Loggans, Susan Elizabeth

01/26/2026
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
*@10am*

01/26/2026
Strike From Case Management Call - Allowed (Judicial Officer: Saltouros, Stephanie D.)

12/02/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

12/02/2025
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant Jackson, Marcus

12/02/2025
**Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 12/02/2025**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant Jackson, Marcus
**Continued Case Management** (01/30/2026 at 10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Continued;

11/12/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Plaintiff Doe No. 2, Jane

11/12/2025
**Continued Case Management** (9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 11/12/2025**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Plaintiff Doe No. 2, Jane
**Continued Case Management** (12/02/2025 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Allowed;

10/09/2025
Protective Order - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC

10/09/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

10/09/2025
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Plaintiff Doe No. 2, Jane

10/09/2025
**Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 10/09/2025**
Protective Order - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant CitiBank, INC
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Plaintiff Doe No. 2, Jane
**Continued Case Management** (11/12/2025 at 9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Continued;

## Case Summary

**Case No. 2025L003833**

09/05/2025 *CANCELED* **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

09/04/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

09/04/2025
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

09/04/2025
**Continued Case Management** (9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 09/04/2025**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
**Continued Case Management** (10/09/2025 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Allowed;

08/29/2025
Notice Of Motion Filed
*Notice of Defendant Citibank, N.A.'s Motion for Entry of Protective Order*
Party: Defendant CitiBank N.A.
*Notice of Defendant Citibank, N.A.'s Motion for Entry of Protective Order*

08/28/2025
Motion Filed
*Motion for Entry of Protective Order*
Party: Defendant CitiBank N.A.
*Motion for Entry of Protective Order*

08/28/2025
Exhibits Filed
*Exhibit 1*
Party: Defendant CitiBank N.A.
*Exhibit 1*

08/28/2025
Exhibits Filed
*Exhibit 2*

Party: Defendant CitiBank N.A.
*Exhibit 2*

08/28/2025 Exhibits Filed
*Exhibit 3*
Party: Defendant CitiBank N.A.
*Exhibit 3*

08/28/2025 Exhibits Filed
*Exhibit 4*
Party: Defendant CitiBank N.A.
*Exhibit 4*

08/28/2025 Exhibits Filed
*Exhibit 5*
Party: Defendant CitiBank N.A.
*Exhibit 5*

08/28/2025 Exhibits Filed
*Exhibit 6*
Party: Defendant CitiBank N.A.
*Exhibit 6*

08/28/2025 Exhibits Filed
*Exhibit 7*
Party: Defendant CitiBank N.A.
*Exhibit 7*

08/28/2025 Exhibits Filed
*Exhibit 8*
Party: Defendant CitiBank N.A.
*Exhibit 8*

08/28/2025 Exhibits Filed
*Exhibit 9*
Party: Defendant CitiBank N.A.
*Exhibit 9*

08/28/2025 Exhibits Filed
*Exhibit 10*
Party: Defendant CitiBank N.A.
*Exhibit 10*

08/28/2025 Exhibits Filed
*Exhibit 11*
Party: Defendant CitiBank N.A.
*Exhibit 11*

07/31/2025 *CANCELED* **Continued Case Management** (9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*

07/29/2025 Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
*@9am*
Party: Attorney Loggans, Susan Elizabeth
*@9am*

## Case Summary

**Case No. 2025L003833**

07/29/2025
Strike Or Vacate An Order - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

07/29/2025
**Continued Case Management** (9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 07/29/2025**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
*@9am*
Party: Attorney Loggans, Susan Elizabeth
*@9am*
Strike Or Vacate An Order - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane
**Continued Case Management** (09/04/2025 at 9:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Allowed;

07/14/2025
Notice Of Filing Filed
*Notice of Plaintiffs Motion for Rule to Show Cause against CPD*
Party: Plaintiff Doe No. 2, Jane
*Notice of Plaintiffs Motion for Rule to Show Cause against CPD*

07/14/2025
Motion Filed
*Plaintiffs Motion for Rule to Show Cause against CPD*
Party: Plaintiff Doe No. 2, Jane
*Plaintiffs Motion for Rule to Show Cause against CPD*

07/14/2025
Exhibits Filed
*Exhibit - Original Subpoena to CPD*
Party: Plaintiff Doe No. 2, Jane
*Exhibit - Original Subpoena to CPD*

06/30/2025
Strike Or Withdraw Motion Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)

06/30/2025
Strike From The Call - Allowed - (Judicial Officer: Saltouros, Stephanie D.)

06/30/2025
Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)

06/30/2025 **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 06/30/2025**
Strike Or Withdraw Motion Or Petition - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Strike From The Call - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Allowed;

06/27/2025
Answer And Copy Filed
*Answer to Complaint*
Party: Defendant Jackson, Marcus
*Answer to Complaint*

06/25/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)

Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/25/2025
**First Time Motion Hearing** (10:00 AM)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 06/25/2025**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
**Continued Case Management** (07/29/2025 at 9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
Continued;

06/13/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane

06/13/2025
Strike,Withdraw Compl,Amended Compl,Portion Thereof -Cnt - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth

06/13/2025 **First Time Motion Hearing** (10:00 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 06/13/2025**
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth;
Defendant CitiBank N.A.;
Defendant CitiBank, INC;
Defendant Jackson, Marcus;
Plaintiff Doe No. 2, Jane
-Court Date To Stand - Allowed (Judicial Officer: Saltouros, Stephanie D.) -
Party: Attorney Loggans, Susan Elizabeth
Strike,Withdraw Compl,Amended Compl,Portion Thereof -Cnt - (Judicial Officer: Saltouros, Stephanie D.)
Party: Attorney Loggans, Susan Elizabeth
Allowed;

06/12/2025
Notice Of Motion Filed
*Plaintiff's Notice of Motion - MODFLT-Marcus Jackson*

06/12/2025
Motion Filed
*Plaintiff's Motion for Default - Marcus C. Jackson*

06/12/2025
Notice Of Motion Filed
*Plaintiff's Notice of Motion*

06/12/2025
Motion Filed

## Case Summary

**Case No. 2025L003833**

*Plaintiff's Motion to Compel*

06/12/2025
Proof Of Service Filed
*Plaintiff's Proof of Service - Written Disc to Deft Marcus Jackson*

06/04/2025
Notice Of Motion Filed
*Notice of Motion*
Party: Defendant CitiBank N.A.
*Notice of Motion*

06/04/2025
Motion Filed
*Defendant Citibank, N.A.'s Motion to Stay Discovery*
Party: Defendant CitiBank N.A.
*Defendant Citibank, N.A.'s Motion to Stay Discovery*

06/04/2025
Exhibits Filed
*Proposed Order to Defendant Citibank, N.A.'s Motion to Stay Discovery*
Party: Defendant CitiBank N.A.
*Proposed Order to Defendant Citibank, N.A.'s Motion to Stay Discovery*

05/13/2025
File Appearance Or Jury Demand, Answer Or Plead - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant Jackson, Marcus

05/13/2025
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Plaintiff Doe No. 2, Jane

05/13/2025
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane

05/13/2025
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.

05/13/2025
Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.

05/13/2025
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.

05/13/2025 **First Time Case Management** (9:45 AM)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
**MINUTES - 05/13/2025**
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Plaintiff Doe No. 2, Jane
File Amendment, Additional, Amended Pleadings - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.
Courtesy Copies Required - Allowed (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.
File Appearance Or Jury Demand, Answer Or Plead - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant Jackson, Marcus
Case Continued For Case Management Conference - Allowed - (Judicial Officer: Saltouros, Stephanie D.)

Party: Defendant CitiBank N.A.;
Plaintiff Doe No. 2, Jane

*CANCELED* **Continued Case Management** (07/31/2025 at 9:30 AM) (Judicial Officer: Saltouros, Stephanie D.)
Resource: Location L2204 Court Room 2204
Resource: Location D1 Richard J Daley Center
*Stricken*
Allowed;

05/07/2025
Proof Of Service Filed
*Plaintiff's Proof of Service - Written Discovery to Defendant, Citibank, N.A.*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Proof of Service - Written Discovery to Defendant, Citibank, N.A.*

05/01/2025
Dismiss, Strike Or Withdraw A Specific Defendant - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank, INC

05/01/2025
Execute Or Perform - Allowed - (Judicial Officer: Saltouros, Stephanie D.)
Party: Defendant CitiBank N.A.;
Defendant Jackson, Marcus

04/29/2025
Stipulation To Dismiss Filed
*Stipulation of Dismissal with Prejudice of Defendant Citigroup, INC.*

04/29/2025
Notice Of Filing Filed
*Plaintiff's Notice of Filing*

04/29/2025
Summons Served By Special Process Server
*Affidavit - Special Process Server - Service on Defendant, Marcus C. Jackson*

04/29/2025
Notice Of Filing Filed
*Plaintiff's Notice of Filing_Notice and Acknowledgment of Receipt of Summons and Complaint*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Notice of Filing_Notice and Acknowledgment of Receipt of Summons and Complaint*

04/29/2025
Exhibits Filed
*Notice and Acknowledgment of Receipt of Summons and Complaint*
Party: Plaintiff Doe No. 2, Jane
*Notice and Acknowledgment of Receipt of Summons and Complaint*

04/09/2025
Electronic Notice Sent
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth

04/09/2025
Electronic Notice Sent
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth

04/09/2025
Postcard Generated
Party: Defendant CitiBank N.A.

04/09/2025
Postcard Generated
Party: Defendant CitiBank, INC

04/09/2025
Postcard Generated
Party: Defendant Jackson, Marcus

## Case Summary

**Case No. 2025L003833**

04/07/2025 Appearance Filed - No Fee Paid -
*Appearance of Sofia Orelo for Citibank, N.A. and Citigroup, Inc.*
Party: Defendant CitiBank N.A.
*Appearance of Sofia Orelo for Citibank, N.A. and Citigroup, Inc.*

04/04/2025 Appearance Filed - Fee Paid -
*Appearance of Andrew Rosenman for Citibank, N.A. and Citigroup, Inc.*
Party: Defendant CitiBank N.A.
*Appearance of Andrew Rosenman for Citibank, N.A. and Citigroup, Inc.*

03/31/2025 Petition Filed
*Plaintiff's Petition to File with Fictitious Name*
Party: Plaintiff Doe No. 2, Jane
*Plaintiff's Petition to File with Fictitious Name*

03/19/2025 Proof Of Service Filed
*Plaintiffs Motion to proceed under fictitous name*
Party: Plaintiff Doe No. 2, Jane
*Plaintiffs Motion to proceed under fictitous name*

03/19/2025 Notice Filed
*Notice of filing*
Party: Plaintiff Doe No. 2, Jane
*Notice of filing*

03/18/2025 New Case Filing

03/18/2025 Exhibits Filed
*Civil Action Cover Sheet*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Civil Action Cover Sheet*

03/18/2025 Other Personal Injury Complaint Filed (Jury Demand)
*Plaintiffs Complaint at Law*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Plaintiffs Complaint at Law*

03/18/2025 Exhibits Filed
*Exhibit*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Exhibit*

03/18/2025 Affidavit Filed
*Rule 222 Affidavit*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Rule 222 Affidavit*

03/18/2025 Affidavit Filed
*Jury Demand*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Jury Demand*

03/18/2025 Summons Issued And Returnable

*Summons to Defendant Citibank, N.A.*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Summons to Defendant Citibank, N.A.*

03/18/2025
Summons Issued And Returnable
*Summons to defendant CitiBank INC*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Summons to defendant CitiBank INC*

03/18/2025
Summons Issued And Returnable
*Summons to defendant Marcus Jackson*
Party: Plaintiff Doe No. 2, Jane
Party 2: Attorney Loggans, Susan Elizabeth
*Summons to defendant Marcus Jackson*

03/17/2025
Leave To File Under A Fictitious Name-Allowed (Judicial Officer: Flanagan, Kathy M)
Party: Plaintiff Doe No. 2, Jane

SEL/MRG/dah 03/07/25 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. NO. 25 L 3833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

ORDER

This matter coming to be heard on Plaintiff's Petition to Proceed under a Fictitious Name, the court being fully advised finds as follows: 4381

The Court finds there is a compelling interest that favors the Plaintiff's right to privacy in keeping her name from the public and such right is superior to the public's right of access to an open proceeding. *See Doe v. Doe*, 282 Ill. App. 3d 1078, 1088 (1st Dist. 1996).

The Court further finds the privacy issue involved shall be protected in the least restrictive way possible. The Court finds that the least restrictive way to protect the privacy of Plaintiff is allowing her to proceed under a fictitious name.

This order may be reconsidered if the Plaintiff takes any steps to make her name known to the public and shall be reconsidered by the judge by motion of a party or by the trial judge at the time of jury selection.

Entered: Kathy M. Flanagan
Judge

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

ENTER
MAR 17 2025
KATHY M. FLANAGAN #267

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

**Civil Action Cover Sheet - Case Initiation** (12/01/24) CCL 0520

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2

v.

CITIBANK, N.A., CITIGROUP, INC., a corporation and MARCUS C. JACKSON

No. 2025L003833

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☒ Yes ☐ No

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☒ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Michael R. Graf
(Attorney) (Pro Se)

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action (Please specify below.**)
- ☐ 075 Other Commercial Litigation (Please specify below.**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** ______________________________

Primary Email: thefirm@loggans law.com

Secondary Email: ______________

Tertiary Email: ______________

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Oice Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: ______________

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
12-Person Jury
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/06/2025 24-049 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025L003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**COMPLAINT AT LAW**

**COUNT I - NEGLIGENT SUPERVISION - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers;

b. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

c. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

d. Allowed Defendant, MARCUS C. JACKSON, to sexually/assault Plaintiff, JANE DOE NO. 2.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT II - NELGIGENT TRAINING - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

FILED DATE: 3/18/2025 1:09 PM 2025L003833

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers;

b. Failed to adequately train employees on how to prevent staff members from grooming customers;

c. Failed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours;

d. Failed to adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours; and

e. Failed to adequately train employees to lock and/or secure unoccupied and unused areas of the school;

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT III - NEGLIGENT SUPERVISION - CITIGROUP, INC., a corporation**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIGROUP, INC., a corporation, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIGROUP, INC., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIGROUP, INC., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIGROUP, INC., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIGROUP, INC., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIGROUP, INC., knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIGROUP, INC.

9. On or about July 7, 2023, Defendant, CITIGROUP, INC., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIGROUP, INC., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers;

b. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

c. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

FILED DATE: 3/18/2025 1:09 PM 2025L003833

d. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE NO. 2.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIGROUP, INC., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIGROUP, INC., a corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT IV - NELGIGENT TRAINING - CITIGROUP, INC., a corporation**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIGROUP, INC., a corporation, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIGROUP, INC., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIGROUP, INC., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIGROUP, INC., and went to the Kenwood Branch seeking banking assistance.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

4. On or about July 7, 2023, Defendant, CITIGROUP, INC., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIGROUP, INC., knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIGROUP, INC.

9. On or about July 7, 2023, Defendant, CITIGROUP, INC., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIGROUP, INC., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

FILED DATE: 3/18/2025 1:09 PM 2025L003833

a. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers;

b. Failed to adequately train employees on how to prevent staff members from grooming customers;

c. Failed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours;

d. Failed to adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours; and

e. Failed to adequately train employees to lock and/or secure unoccupied and unused areas of the school;

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIGROUP, INC., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIGROUP, INC., a corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT V - MARCUS C. JACKSON - SEXUAL ASSAULT**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

FILED DATE: 3/18/2025 1:09 PM 2025L003833

1. On and before July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, were and continue to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, by and through its agent servant and/or employee, MARCUS C. JACKSON provided banking services to Plaintiff, JANE DOE NO. 2.

5. On July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Bank at Defendant, CITIBANK, N.A. and CITIGROUP, INC., a corporation, used his position to begin grooming the Plaintiff, JANE DOE NO. 2.

7. Defendant, MARCUS C. JACKSON, while providing banking services to the Plaintiff, JANE DOE NO. 2, recommended that they meet at an establishment called Bar David.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

9. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting the Plaintiff, JANE DOE NO. 2, to dinner and drinks under the guise of providing banking assistance to her.

10. That on July 7, 2023 after having previously helped Plaintiff, JANE DOE NO. 2, with banking issues, Defendant, MARCUS C. JACKSON, secluded the Plaintiff, JANE DOE NO. 2, and sexually assaulting the Plaintiff, JANE DOE NO. 2, causing serious and permanent injuries to the Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

*/s/: Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@loggganslaw.com
Firm I.D. #21683

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand

(12/01/24) CCG 0067

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DEPARTMENT/FIRST DISTRICT

JANE DOE NO. 2

v.

CITIBANK, N.A., CITIGROUP, INC., and MARCUS C. JACKSON

No. 2025L003833

## JURY DEMAND

The undersigned demands a jury trial.

(Signature)

❑ Atty. No.: 21683
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 180 N. LaSalle St., #2640
City/State/Zip: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Emai: ______
Tertiary Email: ______

Dated: March 14, 2025

23-065/1226

Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/07/25 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,
Defendants.

) NO. 2025L003833

ORDER

This matter coming to be heard on Plaintiff's Petition to Proceed under a Fictitious Name, the court being fully advised finds as follows:

The Court finds there is a compelling interest that favors the Plaintiff's right to privacy in keeping her name from the public and such right is superior to the public's right of access to an open proceeding. *See Doe v. Doe*, 282 Ill. App. 3d 1078, 1088 (1st Dist. 1996).

The Court further finds the privacy issue involved shall be protected in the least restrictive way possible. The Court finds that the least restrictive way to protect the privacy of Plaintiff is allowing her to proceed under a fictitious name.

This order may be reconsidered if the Plaintiff takes any steps to make her name known to the public and shall be reconsidered by the judge by motion of a party or by the trial judge at the time of jury selection.

Entered:

Judge

ENTER
MAR 17 2025
KATHY M. FLANAGAN #267

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@loggansiaw.com
Firm I.D. 21683

Case: 1:26-cv-10046 Document #: 1-1 Filed: 08/19/26 Page 48 of 607 PageID #:61
Vinesign Document ID: D5A61D91-0F41-4292-808E-D972FBCD6002
Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,T,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/06/2025 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br>CITIGROUP, INC., a corporation, and<br>MARCUS C. JACKSON,<br><br>Defendants. | ) | NO. 2025L003833 |

**RULE 222 AFFIDAVIT**

I, Jane Doe No. 2, being first duly sworn on oath, depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.

2. The total amout of money damages sought in the above cause of action will exceed the amount of $50,000.00.

Jane Doe No. 2
_______________________
Jane Doe No. 2

_______________________

SUBSCRIBED and SWORN to before me this 14th day of March, 2025.

Patricia A. Gargano
_______________________
Notary Public

PATRICIA A GARGANO
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 6, 2026

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

The signed document can be validated at https://app.vinesign.com/Verify

All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE NO. 2
*Who started the case.* — *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** CITIBANK, N.A.
CITIGROUP, INC., a corporation and
MARCUS C. JACKSON
*Who the case was filed against.* — *First, Middle, and Last Name or Business Name*

2025L003833
**Case Number**

**The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.**

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602
*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

______________ at ______________ ☐ a.m. ☐ p.m. in ______________.
*Month, Day, Year* — *Time* — *Courtroom Number*

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ____________________

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person at:** ______________________________________________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone)

**By video conference at:** ______________________________________
*Video Conference Website*

Log-in information: ______________________________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone at:** ______________________________
*Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: ____________________ or Website: ______________________________
*Circuit Clerk's Phone Number* *Website URL*

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ 50,001.00 ________.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☐ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☑ I am having 1 Defendant/Respondent served and their information is on this form below.

☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: ____________.
*Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: Marcus C. Jackson
*First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

9424 South Calumet Avenue
*First, Middle, and Last Name*

Street Address: ______________________________________________
*Street, Apt #*

City, State, ZIP: Chicago IL 60619
*City* *State* *Zip*

Telephone: (312) 285-7638 Email: ______________________________

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________________

c. **Second address** for this Defendant/Respondent:

☑ I do **not** have another address where the Defendant/Respondent might be found.

☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: ______________________________
*Street, Apt #*

City, State, ZIP: ______________________________
*City* *State* *Zip*

Telephone: ____________________ Email: ____________________

d. Person who will serve your documents on this Defendant/Respondent:

☐ Sheriff in Illinois ☑ Special process server ☐ Licensed private detective

☐ Sheriff outside Illinois: ______________________________
*County & State*

## PLAINTIFF/PETITIONER INFORMATION:

*Enter your information below.*

Name Susan E. Loggans & Associates, P.C.
*First, Middle and Last Name*

Registered Agent's name, if any ______________________________
*First, Middle and Last Name*

Street Address 180 North LaSalle Street, Suite 2640
*Street, Apt #*

City, State, ZIP: Chicago, IL 60601
*City* *State* *Zip*

Telephone: (312) 201-8600 Email: thefirm@logganslaw.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

STOP The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: ______________________ *Seal of Court*

Clerk of the Court: 3/18/2025 1:09 PM Mariyana T. Spyropoulos

**To be filled in by an officer or process server:**

Date of Service: ______________________

*Fill in the date above and give this copy of the Summons to the person served.*

**Note to officer or process server:**

- If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________________

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

Learn more about each step in the process and how to file in the instructions: ilcourts.info/summons-instructions.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**

- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons*)*:**

- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**

- You **must** attend court on the date listed in Section 2 of this *Summons*.
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ____________________

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE NO. 2
*Who started the case.* *First, Middle, and Last Name or Business Name*

2025L003833
**Case Number**

**DEFENDANTS/RESPONDENTS:** CITIBANK, N.A.
*Who the case was filed against.*
CITIGROUP, INC., a corporation and
MARCUS C. JACKSON
*First, Middle, and Last Name or Business Name*

STOP Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is ____________________________________________ and I state:
*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: ____________________________________________
*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

- or -

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________
On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.
Address, Unit#: ____________________________________________
City, State, ZIP: ____________________________________________

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:
Name of person served: ____________________________________________
*First, Middle, Last Name*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________
On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.
Address, Unit#: ____________________________________________
City, State, ZIP: ____________________________________________
and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above address on this date: ______________.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________________

☐ On the **Business's agent:** ________________________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: _______________

On this date: _________________ at this time: _________________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

Other information about service attempt:

_____________________________________________________________________________

_____________________________________________________________________________

_____________________________________________________________________________

**Second Attempt:** On this date: ____________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

Other information about service attempt:

_____________________________________________________________________________

_____________________________________________________________________________

_____________________________________________________________________________

**Third Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

Other information about service attempt:

_____________________________________________________________________________

_____________________________________________________________________________

_____________________________________________________________________________

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/________________________________ Print Your Name ________________________________

You are: ☐ Sheriff in Illinois ☐ Special process server

☐ Sheriff outside Illinois: _______________ ☐ Licensed private detective, license number: _____________
*County and State* *License number*

**FEES:**

Service and Return: $__________ Miles: $__________ Total: $ 0.00

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.**

FILED DATE: 3/18/2025 1:09 PM 2025L003833

**STATE OF ILLINOIS, CIRCUIT COURT**

Cook **COUNTY**

## SUMMONS

*For Court Use Only*

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | JANE DOE NO. 2,<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>CITIBANK, N.A.<br>CITIGROUP, INC., a corporation<br>MARCUS C. JACKSON |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2025L003833
**Case Number**

# IMPORTANT: You have been sued.

- Read all documents attached to this Summons.
- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

## Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

Enter the Case Number given by the Circuit Clerk: ____________

In 1a, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.

In 1b, enter a second address for the first Defendant/ Respondent, if you have one.

In 1c, check how you are sending your documents to this Defendant/ Respondent.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*: Citibank, N.A.

Registered Agent's name, if any: CT Corporation

Street Address, Unit #: 208 South LaSalle Street, Suite 814

City, State, ZIP: Chicago, IL 60604

Telephone: ____________ Email: ____________

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*: ____________

Street Address, Unit #: ____________

City, State, ZIP: ____________

Telephone: ____________ Email: ____________

c. Method of service on Defendant/Respondent:

☐ Sheriff ☐ Sheriff outside Illinois: ____________ *County & State*

☑ Special process server ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**

I have attached ____________ *(Number)* *Additional Defendant/Respondent Address and Service Information* forms.

In 2a, enter the amount of money owed to you. Check 2b if you are asking for the return of tangible personal property.

**2. Information about the lawsuit:**

a. Amount claimed: $ 50,001.00

☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In 3, enter your complete address, telephone number, and email address, if you have one.

**3. Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: Susan E. Loggans & Associates, P.C.

Street Address, Unit #: 180 North LaSalle Street, Suite 2640

City, State, ZIP: Chicago, IL 60601

Telephone: (312) 201-8600 Email: thefirm@loggranslaw.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.

**4. Instructions for person receiving this *Summons (Defendant)*:**

☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service)* by e-filing or at:

Address: Richard J. Daley Center, 50 West Washington Street, Room 801

City, State, ZIP: Chicago, IL 60602

FILED DATE: 3/18/2025 1:09 PM 2025L003833

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In 4b, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

☐ b. Attend court:

On: ________________ at ________________ ☐ a.m. ☐ p.m. in ________________
Date / Time / Courtroom

**In-person at:**

_______________________________________________
Courthouse Address / City / State / ZIP

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _______________________________________________
*Call-in number for telephone remote appearance*

By video conference: _______________________________________________
*Video conference website*

_______________________________________________
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: ________________________ or visit their website
*Circuit Clerk's phone number*

at: ________________________ to find out more about how to do this.
*Website*

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** ________________________

*Seal of Court*

**Clerk of the Court:** 3/18/2025 1:09 PM Mariyana T. Spyropoulos

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**

- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 40 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _______________________________________________
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

FILED DATE: 3/18/2025 1:09 PM 2025L003833

Enter the Case Number given by the Circuit Clerk: ____________________

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only<br>FILED<br>3/18/2025 1:09 PM<br>Mariyana T. Spyropoulos<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2025L003833<br>Calendar, Z |
|---|---|---|
| **Instructions** | | |
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | JANE DOE NO. 2,<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>CITIBANK, N.A.<br>**Defendant / Respondent** *(First, middle, last name)* | 2025L003833<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

****Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.****

**My name is** ______________________ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
______________________ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ______ Race: ______
On this date: ______ at this time: ______ ☐ a.m. ☐ p.m.
Address, Unit#: ______
City, State, ZIP: ______

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: ______ at this time: ______ ☐ a.m. ☐ p.m.
Address, Unit#: ______
City, State, ZIP: ______
And left it with: ______
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ______ Race: ______
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: ______ .

☐ On the Corporation's agent, ______
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ______ Race: ______
On this date: ______ at this time: ______ ☐ a.m. ☐ p.m.
Address: ______
City, State, ZIP: ______

FILED DATE: 3/18/2025 1:09 PM 2025L003833

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

______________________________
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

2. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

3. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

**DO NOT** complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

______________________________

*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois:

______________________________
*County and State*

☐ Special process server
☐ Licensed private detective

______________________________
*Print Name*

**FEES**

Service and Return: $ ________
Miles ________ $ ________
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: ______________________________

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/18/2025 1:09 PM 2025L003833

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE NO. 2
*Who started the case.* *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** CITIBANK, N.A.
*Who the case was filed against.*
CITIGROUP, INC., a corporation and
MARCUS C. JACKSON
*First, Middle, and Last Name or Business Name*

2025L003833
**Case Number**

**The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.**

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

☑ **1. 30-DAY SUMMONS**

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602
*Courthouse Street Address*

**- or -**

☐ **2. DATE CERTAIN SUMMONS**

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

________ at ________ ☐ a.m. ☐ p.m. in ________.
*Month, Day, Year* *Time* *Courtroom Number*

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ____________________

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person at:** ____________________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone)

**By video conference at:** ____________________
*Video Conference Website*

Log-in information: ____________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone at:** ____________________
*Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: ____________________ or Website: ____________________
*Circuit Clerk's Phone Number* *Website URL*

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ 50,001.00.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☐ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☑ I am having 1 Defendant/Respondent served and their information is on this form below.

☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: ____________.
*Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: Marcus C. Jackson
*First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

9424 South Calumet Avenue
*First, Middle, and Last Name*

Street Address: ____________________
*Street, Apt #*

City, State, ZIP: Chicago IL 60619
*City* *State* *Zip*

Telephone: (312) 285-7638 Email: ____________________

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________

c. **Second address** for this Defendant/Respondent:
- [x] I do **not** have another address where the Defendant/Respondent might be found.
- [ ] I have another address where this Defendant/Respondent might be found. It is:

Street Address: ______________
*Street, Apt #*

City, State, ZIP: ______________
*City* *State* *Zip*

Telephone: ______________ Email: ______________

d. Person who will serve your documents on this Defendant/Respondent:
- [ ] Sheriff in Illinois
- [x] Special process server
- [ ] Licensed private detective
- [ ] Sheriff outside Illinois: ______________
*County & State*

## PLAINTIFF/PETITIONER INFORMATION:

*Enter your information below.*

Name Susan E. Loggans & Associates, P.C.
*First, Middle and Last Name*

Registered Agent's name, if any ______________
*First, Middle and Last Name*

Street Address 180 North LaSalle Street, Suite 2640
*Street, Apt #*

City, State, ZIP: Chicago, IL 60601
*City* *State* *Zip*

Telephone: (312) 201-8600 Email: thefirm@logganslaw.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

STOP The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: ______________ *Seal of Court*

Clerk of the Court: 3/18/2025 1:09 PM Mariyana T. Spyropoulos

CIRCUIT COURT OF COOK COUNTY ILLINOIS

**To be filled in by an officer or process server:**

Date of Service: ______________

*Fill in the date above and give this copy of the Summons to the person served.*

**Note to officer or process server:**
- If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________________

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

Learn more about each step in the process and how to file in the instructions: ilcourts.info/summons-instructions.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**

- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons*)*:**

- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**

- You **must** attend court on the date listed in Section 2 of this *Summons*.
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

Case Number: ____________________

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE NO. 2
*Who started the case.* *First, Middle, and Last Name or Business Name*

2025L003833
**Case Number**

**DEFENDANTS/RESPONDENTS:** CITIBANK, N.A.
*Who the case was filed against.*
CITIGROUP, INC., a corporation and
MARCUS C. JACKSON
*First, Middle, and Last Name or Business Name*

STOP Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is ______________________________ and I state:
*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: ______________________________
*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

- or -

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________

City, State, ZIP: ______________________________

☐ **On someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:

Name of person served: ______________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________

City, State, ZIP: ______________________________

and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above address on this date: ______________.

FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ____________________

☐ On the **Business's agent:** ________________________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: _______________

On this date: _________________ at this time: _________________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

Other information about service attempt:

______________________________________________________________

______________________________________________________________

______________________________________________________________

**Second Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

Other information about service attempt:

______________________________________________________________

______________________________________________________________

______________________________________________________________

**Third Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________________________________________

City, State, ZIP: ______________________________________________________________

Other information about service attempt:

______________________________________________________________

______________________________________________________________

______________________________________________________________

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/ ______________________________ Print Your Name ______________________________

You are: ☐ Sheriff in Illinois ☐ Special process server

☐ Sheriff outside Illinois: _______________ ☐ Licensed private detective, license number: _______________
*County and State* *License number*

**FEES:**

Service and Return: $__________ Miles: $__________ Total: $ 0.00

FILED
3/19/2025 11:32 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31888307

FILED DATE: 3/19/2025 11:32 AM 2025L003833

SEL/MRG/dah 03/06/2025 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. NO. 2025 L 003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**PLAINTIFF'S MOTION TO PROCEED UNDER A FICTITIOUS NAME**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., moves this Honorable Court to enter an Order to proceed against Defendants, CITIBANK, N.A., CITIGROUP, INC., a corporation and MARCUS C. JACKSON, to preserve confidentiality, and in support thereof, states as follows:

Plaintiff files an action seeking recovery for damages resulting from severe personal and pecuniary injuries for the sexual acts and abuses of Defendant.

This case calls for the most stringent standard of confidentiality because the Defendants caused Plaintiff irreparable psychological trauma that will certainly worsen if these matters are made public.

The entry of this Order by this Court is necessary to prevent any further harm to the Plaintiff through dissemination of such confidential information. Entry of this Order is necessary to perform substantial justice.

FILED DATE: 3/19/2025 11:32 AM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, prays that this Honorable Court to enter an Order issued to Defendants, CITIBANK, N.A., CITIGROUP, INC., a corporation and MARCUS C. JACKSON, prohibiting the disclosure of Plaintiff's name and other identifying information, through the entirety of this cause of action.

*/s/: Michael R. Graf*
Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED
3/19/2025 11:32 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31888307

FILED DATE: 3/19/2025 11:32 AM 2025L003833

SEL/MRG/jrd 03/19/25 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025 L 003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**NOTICE OF FILING AND PROOF OF SERVICE**

To: No one served to date.

I hereby certify that on, March 19th, 2025, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Plaintiffs Motion to Proceed under fictitious name.

I further certify that on, March 19th, 2025, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses that are registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

/s/: *Janelle Diala*

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/31/2025 1:16 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32055917

FILED DATE: 3/31/2025 1:16 PM 2025L003833

SEL/MRG/dah 03/06/2025 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. NO. 2025L003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**PLAINTIFF'S MOTION TO PROCEED UNDER A FICTITIOUS NAME**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., moves this Honorable Court to enter an Order to proceed against Defendants, CITIBANK, N.A., CITIGROUP, INC., a corporation and MARCUS C. JACKSON, to preserve confidentiality, and in support thereof, states as follows:

Plaintiff files an action seeking recovery for damages resulting from severe personal and pecuniary injuries for the sexual acts and abuses of Defendant.

This case calls for the most stringent standard of confidentiality because the Defendants caused Plaintiff irreparable psychological trauma that will certainly worsen if these matters are made public.

The entry of this Order by this Court is necessary to prevent any further harm to the Plaintiff through dissemination of such confidential information. Entry of this Order is necessary to perform substantial justice.

FILED DATE: 3/31/2025 1:16 PM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, prays that this Honorable Court to enter an Order issued to Defendants, CITIBANK, N.A., CITIGROUP, INC., a corporation and MARCUS C. JACKSON, prohibiting the disclosure of Plaintiff's name and other identifying information, through the entirety of this cause of action.

_____*/s/: Michael R. Graf*___________
Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/4/2025 4:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32141605

FILED DATE: 4/4/2025 4:10 PM 2025L003833

**Appearance/Jury Demand** **(12/01/24) CCL 0530**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

JANE DOE NO. 2

**Plaintiff**

**v.**

CITIBANK, N.A., CITIGROUP, INC., and MARCUS C. JACKSON

**Defendant**

**Case No.** 2025L003833

**Calendar:** Z

**APPEARANCE/JURY DEMAND**

☑ **General Appearance**

◉ **0900 - Appearance - Fee Paid**
○ **0909 - Appearance- No Fee**
○ **0904 - Appearance Filed - Fee Waived**

☐ **Jury Demand**

○ **1900 - Appearance & Jury Demand - Fee Paid**
○ **1909 - Appearance & Jury Demand - No Fee**

**The undersigned enters the appearance of:** ○ **Plaintiff** ◉ **Defendant** ○ **Additional Party** ○ **Respondent-in-discovery**

CITIBANK, N.A. and CITIGROUP, INC.

**Litigant's Name**

/s/ Andrew Rosenman

**Signature**

☑ **INITIAL COUNSEL OF RECORD** ☐ **PRO SE**
☐ **ADDITIONAL APPEARANCE** ☐ **SUBSTITUTE APPEARANCE**

**A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.**

FILED DATE: 4/4/2025 4:10 PM 2025L003833

◉ **Atty. No.:** 43948 ○ **Pro Se 99500**

**Name:** Andrew Rosenman

**Atty. for (if applicable):**

CITIBANK, N.A. and CITIGROUP, INC.

**Address:** 71 S. Wacker Dr.

**City:** Chicago

**State:** IL **Zip:** 60606

**Telephone:** 312 701 8744

**Primary Email:** arosenman@mayerbrown.com

**Pro Se Only:**

☐ **I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:**

______________________________

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/7/2025 9:32 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32150410

FILED DATE: 4/7/2025 9:32 AM 2025L003833

**Appearance/Jury Demand** **(12/01/24) CCL 0530**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

JANE DOE NO. 2

**Plaintiff**

**v.**

CITIBANK, N.A., CITIGROUP, Inc., and MARCUS C. JACKSON

**Defendant**

**Case No.** 2025L003833

**Calendar:** Z

**APPEARANCE/JURY DEMAND**

- ☑ **General Appearance**
- ☐ **Jury Demand**

- ○ **0900 - Appearance - Fee Paid**
- ● **0909 - Appearance- No Fee**
- ○ **0904 - Appearance Filed - Fee Waived**
- ○ **1900 - Appearance & Jury Demand - Fee Paid**
- ○ **1909 - Appearance & Jury Demand - No Fee**

**The undersigned enters the appearance of:** ○ **Plaintiff** ● **Defendant** ○ **Additional Party** ○ **Respondent-in-discovery**

CITIBANK, N.A. and CITIGROUP, Inc.

**Litigant's Name**

/s/ Sofia Orelo

**Signature**

- ☐ **INITIAL COUNSEL OF RECORD**
- ☑ **ADDITIONAL APPEARANCE**
- ☐ **PRO SE**
- ☐ **SUBSTITUTE APPEARANCE**

**A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.**

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 4/7/2025 9:32 AM 2025L003833

◉ **Atty. No.:** 43948 ○ **Pro Se 99500**

**Name:** Sofia Orelo

**Atty. for (if applicable):**

CITIBANK, N.A. and CITIGROUP, Inc.

**Address:** 71 S. Wacker Dr.

**City:** Chicago

**State:** IL **Zip:** 60606

**Telephone:** 312 701 8026

**Primary Email:** sorelo@Mayerbrown.com

**Pro Se Only:**

☐ **I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:**

______________________________

Date: 4/9/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM 2003 DALEY CTR.
CHICAGO, IL. 60602

CitiBank, INC
1999 Bryan Street Suite 900
Dallas
TX - 75201

Notice of In Person Case Management

CASE: 2025L003833 / Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday May 13 2025 09:45 AM
Room Court Room 2204 Calendar Z

For all questions on the initial CMC date
email: LAW.CALZcc@cookcountyil.gov or phone: (312) 603-4646

Date: 4/9/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM 2003 DALEY CTR.
CHICAGO, IL. 60602

CitiBank N.A.
208 South La Salle Street Suite 814
Chicago
IL - 60604

Notice of In Person Case Management

CASE: 2025L003833 / Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday May 13 2025 09:45 AM
Room Court Room 2204 Calendar Z

For all questions on the initial CMC date
email: LAW.CALZcc@cookcountyil.gov or phone: (312) 603-4646

Date: 4/9/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801, DALEY CENTER.
CHICAGO IL-60602

Doe No. 2 Jane

-

LoggansSusan Elizabeth
thefirm@logganslaw.com

Notice of In Person Case Management

CASE: 2025L003833 / Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday May 13 2025 09:45 AM
Room Court Room 2204 Calendar Z

For all questions on the initial CMC date,
email: LAW.CALZcc@cookcountyil.gov or phone: (312) 603-4646

Date: 4/9/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM 2003 DALEY CTR.
CHICAGO, IL. 60602

Jackson Marcus
9424 South Calumet Avenue
Chicago
IL - 60619

Notice of In Person Case Management

CASE: 2025L003833 / Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday May 13 2025 09:45 AM
Room Court Room 2204 Calendar Z

For all questions on the initial CMC date
email: LAW.CALZcc@cookcountyil.gov or phone: (312) 603-4646

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

DIARIED
MAR 2 7 2025
Susan E Loggans & Associates, P.C.

FILED
4/29/2025 4:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32493410

FILED DATE: 4/29/2025 4:10 PM 2025L003833

Affidavit of SPECIAL PROCESS SERVER

# IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS

Case Number **2025 L 003833**

**JANE DOE NO. 2**

v.

**CITIBANK, N.A., CITIGROUP, INC., A CORPORATION, MARCUS C. JACKSON**

I, **JOHN VALLE**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT. LICENSEE IN CHARGE OF 24/7 PROCESS SERVICE & INVESTIGATIONS, INC. D/B/A COOK COUNTY CIVIL PROCESS SERVICE. LIC: #117-001616 LOCATED AT: 111 W. JACKSON BLVD., #1700, CHICAGO, IL 60604

## ABODE SERVICE

THAT I SERVED THE WITHIN **SUMMONS, COMPLAINT,**

ON THE WITHIN NAMED DEFENDANT **MARCUS C. JACKSON**

PERSON SERVED **ASHLEY BROWN, MEMBER OF HOUSE**

I SERVED A MEMBER OF HOUSEHOLD 13 YEARS OF AGE OR OLDER AT THE DEFENDANTS USUAL PLACE OF ABODE AND INFORMED THAT PERSON OF THE CONTENTS THEREOF AND FURTHER MAILED A COPY OF THE REQUIRED LEGAL DOCUMENT(S) IN A SEALED ENVELOPE WITH POSTAGE PREPAID TO THE DEFENDANT, AT HIS USUAL PLACE OF ABODE WITHIN TWO BUSINESS DAYS OF THE SERVICE.

That the sex, race, and approximate age of the person whom I left the document(s) are as follows:

| | | | | | |
|---|---|---|---|---|---|
| **Sex** | FEMALE | **Race** | BLACK | **Age** | 21 |
| **Height** | 5'4" | **Build** | AVERAGE | **Hair** | BROWN |

LOCATION OF SERVICE **9424 S CALUMET AVE**
**CHICAGO, ILLINOIS 60619**

Service GPS: **-87.61546 41.72354**
Date of Service **3/25/2025**
Time: **1:03 PM**
Date of Mailing **3/27/2025**

JOHN VALLE **3/27/2025**
**SPECIAL PROCESS SERVER** 115-002281

UNDER PENALTIES OF PERJURY AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS THEREIN STATED TO BE ON INFORMATION AND BELIEF AND SUCH MATTERS THE UNDERSIGNED CERTIFIES AS AFORESAID THAT HE/SHE VERILY BELIEVES SAME TO BE TRUE.

JOHN VALLE **3/27/2025**

Total: **$100.00**

*15373A*

Law Firm ID: **SUSAN E. LOGGANS & ASSOCIATES, P.C.** Firm # Case Return Date: **04/19/2025**

FILED
4/29/2025 4:05 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32493215



**Notice and Acknowledgment of Receipt of Summons and Complaint** (12/01/24) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe 2
Plaintiff(s)

vs.

Citibank, NA, et al
Defendant(s)

Case No. 2025 L 003833

Defendant(s)
Amount Claimed: $ ______

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Andrew Rosenman (Name) Address: 71 S Wacker Drive

City: Chicago State: IL Zip: 60606

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 14 * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 14 * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 5/19/25 ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on 3/19/25 .

FILED DATE: 4/29/2025 4:05 PM 2025L003833

Notice and Acknowledgment of
Receipt of Summons and Complaint (12/01/24) CCG 0063 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)
Name: Andrew Roseman
Address: Mayer Brown LLP, 71 S. Wacker Dr.
City: Chicago State: IL Zip: 60606
Email: arosenman@mayerbrown.com
Relationship to Entity/Authority to Receive Service of Process: Counsel for Citibank, N.A.
(Not applicable if your are the named Defendant or Respondent.) and Citigroup, Inc.

Dated: March 26, 2025
[signature]
Signature

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

FILED
4/29/2025 4:05 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32493215

FILED DATE: 4/29/2025 4:05 PM 2025L003833

SEL/MRG/dah 03/06/2025 24-049 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025 L 003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**NOTICE OF FILING**

To: This Document is only being served to each Attorney in the Odyssey E-filing System Service Contact List

I hereby certify that on 29th day of April, 2025 I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Notice and Acknowledgment of Receipt of Summons and Complaint

I certify that on 29th day of April, 2025, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

*/s/: Deborah A. Hecimovich*

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

FILED DATE: 4/29/2025 4:05 PM 2025L003833

FILED
4/29/2025 4:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32493410

FILED DATE: 4/29/2025 4:10 PM 2025L003833

SEL/MRG/dah 03/06/2025 24-049 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2025 L 003833 |
| | ) | |
| CITIBANK, N.A., | ) | |
| CITIGROUP, INC., a corporation, and | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

To: This Document is only being served to each Attorney in the Odyssey E-filing System Service Contact List

I hereby certify that on 29th day of April, 2025 I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Affidavit – Proof of Service Defendant, Marcus Jackson

I certify that on 29th day of April, 2025, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

*/s/: Deborah A. Hecimovich*__________

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

FILED DATE: 4/29/2025 4:10 PM 2025L003833

FILED
4/29/2025 4:05 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32493215

FILED DATE: 4/29/2025 4:05 PM 2025L003833

SEL/MRG/dah 03/06/2025 24-049 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025 L 003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**NOTICE OF FILING**

To: This Document is only being served to each Attorney in the Odyssey E-filing System Service Contact List

I hereby certify that on 29th day of April, 2025 I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Notice and Acknowledgment of Receipt of Summons and Complaint

I certify that on 29th day of April, 2025, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

*/s/: Deborah A. Hecimovich*__________

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

FILED DATE: 4/29/2025 4:05 PM 2025L003833

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

23-065 / MK6

FILED
4/29/2025 6:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32495563

FILED DATE: 4/29/2025 6:21 PM 2025L003833

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025L003833 |
| v. | ) | |
| | ) | Hon. Stephanie Saltouros |
| CITIBANK, N.A., CITIGROUP, INC., and MARCUS C. JACKSON | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION OF DISMISSAL WITH PREJUDICE OF DEFENDANT CITIGROUP, INC.**

Plaintiff Jane Doe No. 2 and Defendants Citibank, N.A. and Citigroup, Inc., by and through their undersigned counsel, hereby stipulate to the dismissal of Defendant Citigroup, Inc., and all claims asserted against it, including Counts III and IV of the above-entitled action, with prejudice pursuant to 735 ILCS § 5/2-1009, and without costs or attorneys' fees to any parties. For the avoidance of doubt, this Stipulation does not address Plaintiff's claims against Defendant Citibank, N.A. or Defendant Marcus C. Jackson.

WHEREFORE, the Parties respectfully request that the Court dismiss Counts III and IV of the Complaint in this action with prejudice. The Parties further request that the Court dismiss Citigroup, Inc. as a Defendant with prejudice and without costs or attorneys' fees to any party.

Dated: April 29, 2025

MAYER BROWN LLP
*/s/ Andrew S. Rosenman*
Andrew S. Rosenman
Firm ID #43948
Sofia B. Orelo
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8744

/s/
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 640
Chicago, IL 60601
(312) 201-8600

FILED DATE: 4/29/2025 6:21 PM 2025L003833

arosenman@mayerbrown.com
sorelo@mayerbrown.com

*Attorneys for Defendants Citibank, N.A. and Citigroup, Inc.*

thefirm@logganslaw.com

*Attorney for Plaintiff Jane Doe*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., CITIGROUP, INC., and MARCUS C. JACKSON<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 2025-L-003833<br><br>Hon. Stephanie Saltouros |

**AGREED ORDER**

This cause coming before the Court on the proposed **STIPULATION OF DISMISSAL WITH PREJUDICE OF DEFENDANT CITIGROUP, INC.**, and the Court having reviewed and considered the stipulation, and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED THAT:

Defendant Citigroup, Inc. is dismissed with prejudice and without costs or attorneys' fees to any party. The case remains pending against all other Defendants. 4226 4257

Dated: Stephanie D. Saltouros

**JUDGE**

ENTERED
Judge Stephanie Saltouros-2121
MAY 01 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

FILED
5/7/2025 4:32 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32612107

FILED DATE: 5/7/2025 4:32 PM 2025L003833

SEL/MRG/dah 04/29/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE, NO. 2,

Plaintiff,

v. No. 2025 L 003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

**PROOF OF SERVICE**

TO: Andrew S. Rosenman – arosenman@mayerbrown.com
Sofia B. Orelo – sorelo@mayerbrown.com

I, Deborah A. Hecimovich, served the attached on Defendant: Citibank, N.A.
I served the attached:

- Interrogatories
- Request for Production
- 213(f)(1)(2)(3) Interrogatories
- Expert Request for Production
- Notice to Produce at Trial
-

by e-mailing a copy to the above-mentioned attorneys at the email addresses shown above on the 7th day of May, 2025.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: May 7, 2025

__/s/ *Deborah A. Hecimovich*__
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,

Plaintiff(s)

V.

CITIBANK, N.A., et al.

Defendant(s)

Case No: 2025-L-003833

Calendar Z Courtroom 2204

## BRIEFING SCHEDULE

**THIS CAUSE** coming on for hearing on the motion of Plaintiff/Defendant Citibank, N.A. for Section 2-615 Motion to Dismiss due notice having been given, and the court being otherwise fully advised in the premises :

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ____ days or by June 16, 2025 : 4231
2. Respondent shall respond by July 14, 2025 . 4231
3. Movant shall reply by July 30, 2025 . 4231
4. The movant must provide the Court at clerk's ~~[struck]~~ July 31 2025 20____ 4217 4374
   at **9:00a.m** with a **COMPLETE** set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3:
5. This matter is set for **Case Management** on August 21 2025 at 9:30 a.m/p.m 4619
   & Ruling
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ____________, 20____ at ________am/pm is stricken and reset to ____________, 20______ at ________ am/pm.
9. OTHER D JACKSON HAS 28 DAYS TO APPEAR, ANSWER, AND OR OTHERWISE PLEAD 4231

ENTERED
Judge Stephanie Saltouros-2161
MAY 13 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name: Andrew Rosenman (Mayer Brown)
Attorney Number: 6230148
Attorney for: Citibank, N.A.
Address/City/State: 71 S. Wacker Dr.
Telephone: 312-782-0600

Entered: Stephanie D. Saltouros
, Circuit Court Judge

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/4/2025 7:06 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33003925

FILED DATE: 6/4/2025 7:06 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITIBANK, N.A.'S MOTION TO STAY DISCOVERY**

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned attorneys, respectfully moves this Court for a stay of discovery pending the resolution of its forthcoming motion to dismiss the Complaint pursuant to Section 2–615. In support of this motion, Citibank states as follows:

1. Plaintiff Jane Doe No. 2 ("Plaintiff") filed her complaint against Defendants Marcus C. Jackson, Citibank and Citigroup, Inc. ("Citigroup") on March 18, 2025. Citigroup was dismissed pursuant to a stipulated order entered on May 1, 2025.

2. On May 7, 2025, before Citibank's deadline to respond to the Complaint, Plaintiff served Citibank with 18 interrogatories, 22 requests for production of documents, and 28 notices to produce at trial.

3. At the initial case management conference on May 13, 2025, Citibank informed the Court and Plaintiff's counsel that it intended to file a Section 2-615 motion to dismiss the Complaint.

4. On that same date, the Court entered a Briefing Schedule Order, which provides in part that Citibank will file its motion to dismiss and memorandum in support thereof on or by June

FILED DATE: 6/4/2025 7:06 PM 2025L003833

16, 2025. Per the Briefing Schedule Order, Plaintiff will have until July 14, 2025 to respond to Citibank's motion to dismiss, and Citibank's reply will be due on or before July 30, 2025.

5. Following the May 13 conference and entry of the Briefing Schedule Order, Citibank's counsel emailed Plaintiff's counsel and requested that the parties agree to stay discovery pending resolution of the pleadings, including, of course, the now-scheduled motion to dismiss. Plaintiff's counsel did not respond to that request.

6. On June 3, 2025, Citibank's counsel again asked Plaintiff's counsel whether he would agree to stay discovery pending the resolution of the pleadings. Plaintiff's counsel has not responded as of the time of this filing.

7. Citibank should not be saddled with the time, resources and expense of responding to discovery before Plaintiff has even stated a viable cause of action against Citibank, much less before its response to the Complaint is even due, *i.e.*, June 16, 2025.

8. This Court has the power to stay all discovery unless and until Plaintiff has pled a viable claim against Citibank. "Discovery is not necessary where a cause of action has not been stated." *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 514 (1st Dist. 2005). *See also DOD Technologies v. Mesirow Ins. Servs., Inc.*, 381Ill. App. 3d 1042, 1055 (1st Dist. 2008) (explaining that plaintiff "fails to address the trial court's discretion to stay discovery while a motion to dismiss is pending" and holding that the trial court did not abuse its discretion in staying discovery pending resolution of the motion to dismiss); *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 381 (2d Dist. 2004) ("We cannot say it was a manifest abuse of discretion for the trial court to stay discovery until it ruled on the motion to dismiss, because if a cause of action had not been stated, discovery would have been unnecessary.")

9. In this case, a stay of discovery would not prejudice Plaintiff, and would conserve

FILED DATE: 6/4/2025 7:06 PM 2025L003833

the parties' and the Court's resources pending resolution of the forthcoming Section 2-615 motion to dismiss the Complaint. *See RN Acquisition, LLC. v. Paccar Leasing Company*, 2022 IL App (1st) 211314, ¶ 34 (affirming circuit court's decision to stay discovery where discovery requested was unnecessary to resolution of dispositive motion).

10. For the foregoing reasons, Citibank respectfully requests that the Court grant its motion to stay discovery pending resolution of the pleadings. A proposed order is submitted herewith for the Court's approval.

CITIBANK, N.A.

Dated: June 4, 2025

By: *Andrew Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 6/4/2025 7:06 PM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 4th day of June 2025 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S MOTION TO STAY DISCOVERY** to be served on counsel for Plaintiff Jane Doe No. 2 via the Court's electronic filing system and on Defendant Marcus C. Jackson by first-class mail as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619

*/s/ Sofia Orelo*
Sofia Orelo

FILED
6/4/2025 7:06 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33003925

FILED DATE: 6/4/2025 7:06 PM 2025L003833

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | Hon. Stephanie D. Saltouros |
| CITIBANK, N.A., and MARCUS C. JACKSON | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

This cause coming before the Court on Defendant Citibank, N.A.'s proposed **MOTION TO STAY DISCOVERY** and the Court having reviewed and considered the motion, and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED THAT:

The Motion is GRANTED and all discovery deadlines are stayed pending the resolution of Defendant Citibank, N.A's forthcoming motion to dismiss the Complaint pursuant to Section 2–615.

Dated: ________________________________

________________________________
**JUDGE**

Hearing Date: 6/13/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/4/2025 7:32 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33004003

FILED DATE: 6/4/2025 7:32 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025L003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., CITIGROUP, INC., | ) | |
| a corporation, and MARCUS C. JACKSON | ) | Judge Stephanie Saltouros |
| | ) | |
| Defendants. | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on June 13, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before Honorable Judge Stephanie D. Saltouros, or any judge sitting in her stead, in Courtroom 2204 at the Richard J. Daley Center in Chicago, Illinois, and then and there present **Defendant Citibank, N.A.'s Motion to Stay Discovery**, a copy of which is attached hereto and is hereby served upon you.

DEFENDANT CITIBANK, N.A.

Dated: June 4, 2025

By: *Andrew Rosenman*
Andrew S. Rosenman

Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED
6/4/2025 7:06 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33003925

FILED DATE: 6/4/2025 7:06 PM 2025L003833

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., and<br>MARCUS C. JACKSON<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2025-L-003833<br><br>Hon. Stephanie D. Saltouros |

**[PROPOSED] ORDER**

This cause coming before the Court on Defendant Citibank, N.A.'s proposed **MOTION TO STAY DISCOVERY** and the Court having reviewed and considered the motion, and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED THAT:

The Motion is GRANTED and all discovery deadlines are stayed pending the resolution of Defendant Citibank, N.A's forthcoming motion to dismiss the Complaint pursuant to Section 2–615.

Dated: ________________________________

________________________________
**JUDGE**

FILED
6/12/2025 12:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33124536

FILED DATE: 6/12/2025 12:09 PM 2025L003833

SEL/MRG/dah 06/11/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2, )
)
Plaintiff, )
)
v. ) NO. 2025 L 003833
)
CITIBANK, N.A., and )
MARCUS C. JACKSON, )
)
Defendants. )

MOTION FOR DEFAULT AGAINST DEFENDANT
MARCUS C. JACKSON

The plaintiff,JANE DOE NO. 2, by her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., moves this Honorable Court for entry of an order finding aforesaid defendant in default for failure to answer or otherwise plead to the above action. Said defendant has failed to file an appearance or any other responsive pleading as required by the Code of Civil Procedure. The defendant is in default and plaintiff prays an order entering judgment against said defendant on the issue of liability.

*/s/: Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

23-065/MRG

DIARIED

MAR 2 7 2025

FILED
4/29/2025 4:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
32493410

FILED DATE: 6/12/2025 12:09 PM 2025L003833
FILED DATE: 4/29/2025 4:10 PM 2025L003833

Susan E Loggans & Associates, P.C.

**Affidavit of SPECIAL PROCESS SERVER**

# IN THE CIRCUIT COURT OF COOK COUNTY, STATE OF ILLINOIS

Case Number **2025 L 003833**

JANE DOE NO. 2

v.

CITIBANK, N.A., CITIGROUP, INC., A CORPORATION, MARCUS C. JACKSON

I, JOHN VALLE

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT. LICENSEE IN CHARGE OF 24/7 PROCESS SERVICE & INVESTIGATIONS, INC. D/B/A COOK COUNTY CIVIL PROCESS SERVICE. LIC: #117-001616 LOCATED AT: 111 W. JACKSON BLVD., #1700, CHICAGO, IL 60604

## ABODE SERVICE

THAT I SERVED THE WITHIN SUMMONS, COMPLAINT,

ON THE WITHIN NAMED DEFENDANT MARCUS C. JACKSON

PERSON SERVED ASHLEY BROWN, MEMBER OF HOUSE

I SERVED A MEMBER OF HOUSEHOLD 13 YEARS OF AGE OR OLDER AT THE DEFENDANTS USUAL PLACE OF ABODE AND INFORMED THAT PERSON OF THE CONTENTS THEREOF AND FURTHER MAILED A COPY OF THE REQUIRED LEGAL DOCUMENT(S) IN A SEALED ENVELOPE WITH POSTAGE PREPAID TO THE DEFENDANT, AT HIS USUAL PLACE OF ABODE WITHIN TWO BUSINESS DAYS OF THE SERVICE.

That the sex, race, and approximate age of the person whom I left the document(s) are as follows:

| | | | | | |
|---|---|---|---|---|---|
| Sex | FEMALE | Race | BLACK | Age | 21 |
| Height | 5'4" | Build | AVERAGE | Hair | BROWN |

LOCATION OF SERVICE 9424 S CALUMET AVE
CHICAGO, ILLINOIS 60619

Service GPS: -87.61546 41.72354
Date of Service 3/25/2025
Time: 1:03 PM
Date of Mailing 3/27/2025

JOHN VALLE 3/27/2025
SPECIAL PROCESS SERVER 115-002281

UNDER PENALTIES OF PERJURY AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS THEREIN STATED TO BE ON INFORMATION AND BELIEF AND SUCH MATTERS THE UNDERSIGNED CERTIFIES AS AFORESAID THAT HE/SHE VERILY BELIEVES SAME TO BE TRUE.

JOHN VALLE 3/27/2025

Total: $100.00

*15373A*

Law Firm ID: SUSAN E. LOGGANS & ASSOCIATES, P.C. Firm # Case Return Date: 04/19/2025

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/12/2025 11:28 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33123055

FILED DATE: 6/12/2025 11:28 AM 2025L003833

SEL/MRG/dah 06/11/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025 L 003833

CITIBANK, N.A., and
MARCUS C. JACKSON,

Defendants.

**MOTION TO COMPEL ANSWERS TO DISCOVERY**
**TO DEFENDANT, CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., moves this Honorable Court for entry of an order compelling Defendant, CITIBANK N.A., to answer written discovery. Defendant answered the written discovery plaintiff served upon them with objections and filed a Motion to Stay Discovery pending the ruling on their Motion to Dismiss. Plaintiff needs Defendant's responses to discovery to be able to respond to the pending Motion to Dismiss.

Counsel responsible for the trial of this case attempted a 201k call with opposing counsel on June 11, 2025 and June 12, 2025 and:

____ After reasonable attempts to resolve differences, counsel for plaintiff and council for defendant have been unable to reach an accord.

_xx___ Opposing counsel has made himself unavailable for personal consultation.

FILED DATE: 6/12/2025 11:28 AM 2025L003833

____ Opposing counsel was unreasonable in attempt to resolve differences.

WHEREFORE, plaintiff requests entry of an order as aforesaid.

_____*/s/: Michael R. Graf*___________
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED
6/12/2025 12:26 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33125060

FILED DATE: 6/12/2025 12:26 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A.

No. 2025l003833

## NOTICE OF MOTION

To:

Andrew Rosenman, Sofia B. Orelo

Marcus C. Jackson

On June 30, 2025 at 10:00 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, and present Plaintiff's Motion for Default Defendant, Marcus Jackson.

Atty. No.: 21683 Pro se 99500

Name: Susan E. Loggans & Associates, P.C.

Atty. for: Plaintiff

Address: 180 North LaSalle Street, Suite 2640

City/State/Zip Code: Chicago, IL 60601

Telephone: 312-201-8600

Primary Email: thefirm@logganslaw.com

Secondary Email: ____

Tertiary Email: ____

### ☐ PROOF OF SERVICE BY DELIVERY

I, ____, ☐ the attorney ☐ non-attorney certify that on the ____ day of ____, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ____

Signature/Certification

### ☑ PROOF OF SERVICE BY MAIL

I, Deborah A. Hecimovich, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to Marcus Jackson at 9424 South Calumet Avenue, Chicago, Illinois

(address on envelope)

and depositing the same in the U.S. Mail at 180 North LaSalle Street, Chicago, Illinois 60601

(place of mailing)

at 4:00 p.m. a.m/p.m.. on the 12th day of June, 2025, with proper postage prepaid.

Dated: ____ Debbie Hecimovich

Signature/Certification

### ☑ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Deborah A. Hecimovich ☐ the attorney ☑ non-attorney certify that on the 12th day of June, 2025, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ____, at ____ a.m./p.m., from ____.

(Place)

☑ Via email (Sender's Email is dhecimovich@logganslaw.com

Recipient's email is: arosenman@mayerbrown.com; sorelo@mayerbrown.com and charlesmarcus303@gmail.com ).

Dated: June 12, 2025 Debbie Hecimovich

Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

3303 (12/01/24) CCG 0003

FILED DATE: 6/12/2025 11:28 AM 2025L003833

FILED
6/12/2025 11:28 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33123055

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A.

No. 2025l003833

## NOTICE OF MOTION

To:
Andrew S. Rosenman, Sofia B. Orelo
Marcus C. Jackson

On June 13, 2025 at 10:00 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, and present Plaintiff's Motion to Compel Written Discovery.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email: ______
Tertiary Email: ______

### ☐ PROOF OF SERVICE BY DELIVERY

I, ______, ☐ the attorney ☐ non-attorney certify that on the ______ day of ______, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ______ ______
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, ______, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ______ at ______
(address on envelope)
and depositing the same in the U.S. Mail at ______
(place of mailing)
at ______ a.m/p.m.. on the ______ day of ______, with proper postage prepaid.

Dated: ______ ______
Signature/Certification

### ☑ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Deborah A. Hecimovich ☐ the attorney ☑ non-attorney certify that on the 12th day of June, 2025, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (______ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ______, at ______ a.m./p.m., from ______.
(Place)

☑ Via email (Sender's Email is dhecimovich@logganslaw.com
Recipient's email is: arosenman@mayerbrown.com; sorelo@mayerbrown.com and charlesmarcus303@gmail.com ).

Dated: June 12, 2025 Debbie Hecimovich
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/12/2025 10:13 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33120231

FILED DATE: 6/12/2025 10:13 AM 2025L003833

SEL/MRG/dah 06/11/25 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE, NO. 2, )
)
Plaintiff, )
) No. 2025 L 003833
v. )
)
CITIBANK, N.A., and )
MARCUS C. JACKSON, )
)
Defendants. )

**PROOF OF SERVICE**

TO: Andrew S. Rosenman - arosenman@mayerbrown.com
Sofia B. Orelo - sorelo@mayerbrown.com
Marcus C. Jackson – charlesmarcus303@gmail.com

I, Deborah A. Hecimovich, served the attached on Defendant: Marcus C. Jackson
I served the attached:

- Interrogatories
- Request for Production
- 213(f)(1)(2)(3) Interrogatories
- Expert Request for Production
- Notice to Produce at Trial
-

by e-mailing a copy to the above-mentioned attorneys at the email addresses shown above on the 12th day of June, 2025.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: June 12, 2025

_/s/ Deborah A. Hecimovich__
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE No. 2

v.

CITIBANK, N.A., et al.

No. 2025-L-003833

ORDER

This matter coming before the Court on Citibank's motion to stay discovery. The motion is denied. 4619

This matter is continued to June 25, 2025 at 10:00 a.m. for the purpose of setting an amended briefing schedule on Citibank's motion to dismiss. 6271

ENTERED
Judge Stephanie Saltouros-2161
JUN 13 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6230148
Name: Andrew Roseman
Atty. for: Citibank, N.A.
Address: 71 S. Wacker Dr. (Mayer Brown)
City/State/Zip: Chicago IL 60606
Telephone: 312-782-0600

ENTERED:

Dated: Stephanie D. Saltouros ,

Judge Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE No. 2, Plaintiff

v.

CITIBANK, N.A., et al., Defendants

No. 2025-L-003833

ORDER

This case coming before the Court on June 25, 2025, and counsel for Plaintiff and Citibank, N.A. being present, it is hereby ordered that the case is continued to July 29, 2025 at 9:30 for purposes of setting a briefing schedule on Citibank's motion to dismiss under Section 2-615, and for status on the scope of the limited discovery permitted by the Court. 4019

ENTERED
Judge Stephanie Saltouros-2161
JUN 25 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6230148
Name: Andrew Rosenman
Atty. for: Citibank, N.A.
Address: Mayer Brown LLP, 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 312-782-0600

ENTERED:

Dated: ______, ______

Stephanie D. Saltouros

Judge Judge's No.

FILED
6/27/2025 1:03 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33342296

FILED DATE: 6/27/2025 1:03 PM 2025L003833

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT - LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2025L003833 |
| | ) | |
| CITIBANK, N.A., | ) | |
| CITIGROUP, INC., a corporation, and | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MARCUS C. JACKSON'S ANSWERS TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, Marcus C. Jackson, and in answer to Plaintiff's Complaint at Law, states as follows:

**COUNT I - NEGLIGENT SUPERVISION - CITIBANK, N.A.**

**As the allegations in Count I of Plaintiff's Complaint at Law are not directed towards this Defendant and this Defendant makes no answer thereto.**

**COUNT II - NELGIGENT TRAINING - CITIBANK. N.A.**

**As the allegations in Count II of Plaintiff's Complaint at Law are not directed towards this Defendant and this Defendant makes no answer thereto.**

**COUNT III - NEGLIGENT SUPERVISION - CITIGROUP, INC., a corporation**

**As the allegations in Count III of Plaintiff's Complaint at Law are not directed towards this Defendant and this Defendant makes no answer thereto.**

**COUNT IV - NELGIGENT TRAINING - CITIGROUP, INC.,** a corporation

**As the allegations in Count IV of Plaintiff's Complaint at Law are not directed towards this Defendant and this Defendant makes no answer thereto.**

**COUNT V - MARCUS C. JACKSON - SEXUAL ASSAULT**

FILED DATE: 6/27/2025 1:03 PM 2025L003833

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, were and continue to exist and doing business in Cook County, State of Illinois.

**ANSWER: Defendant admits the allegations contained in Paragraph 1 of Count V of Plaintiff's Complaint at Law.**

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, was a Personal Banker at the Kenwood Branch.

**ANSWER: Defendant admits the allegations contained in Paragraph 2 of Count V of Plaintiff's Complaint at Law.**

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation and went to the Kenwood Branch seeking banking assistance.

**ANSWER: Defendant admits the allegations contained in Paragraph 3 of Count V of Plaintiff's Complaint at Law.**

4. On July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, by and through its agent servant and/or employee, MARCUS C. JACKSON provided banking services to Plaintiff, JANE DOE NO. 2.

**ANSWER: Defendant admits the allegations contained in Paragraph 4 of Count V of Plaintiff's Complaint at Law.**

5. On July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

FILED DATE: 6/27/2025 1:03 PM 2025L003833

**ANSWER: Defendant denies the allegations contained in Paragraph 5 of Count V of Plaintiff's Complaint at Law.**

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Bank at Defendant, CITIBANK, N.A. and CITIGROUP, INC., a corporation, used his position to begin grooming the Plaintiff, JANE DOE NO. 2.

**ANSWER: Defendant denies the allegations contained in Paragraph 6 of Count V of Plaintiff's Complaint at Law.**

7. Defendant, MARCUS C. JACKSON, while providing banking services to the Plaintiff, JANE DOE NO. 2, recommended that they meet at an establishment called Bar David.

**ANSWER: Defendant denies the allegations contained in Paragraph 7 of Count V of Plaintiff's Complaint at Law.**

9. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting the Plaintiff, JANE DOE NO. 2, to dinner and drinks under the guise of providing banking assistance to her.

**ANSWER: Defendant denies the allegations contained in Paragraph 9 of Count V of Plaintiff's Complaint at Law.**

10. That on July 7, 2023 after having previously helped Plaintiff, JANE DOE NO. 2, with banking issues, Defendant, MARCUS C. JACKSON, secluded the Plaintiff, JANE DOE NO. 2, and sexually assaulting the Plaintiff, JANE DOE NO. 2, causing serious and permanent injuries to the Plaintiff, JANE DOE NO. 2.

**ANSWER: Defendant denies the allegations contained in Paragraph 10 of Count V of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant, MARCUS C. JACKSON, denies that he is liable to Plaintiff in the amount sought or any sums whatsoever, prays for an order striking and dismissing Plaintiff's Amended Complaint with prejudice and without leave to refile, and for such other and further relief as the Court deems appropriate.

/s/ Marcus C Jackson

FILED DATE: 6/27/2025 1:03 PM 2025L003833

Pro Se

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Doe

v.

Citibank, et al

No. 25 L ~~38~~ 3833

Calendar Z

ORDER

This matter coming to be heard on Plaintiff's Motion for Default against Defendant, Marcus Jackson + the court being advised:

IT IS ORDERED that the Motion for Default Marcus Jackson is withdrawn. The date of 7/2/25 is stricken. The date of 7/29/25 at 9:30 am remains.

A284 A335

ENTERED
Judge Stephanie Saltouros-2161
JUN 30 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 21683

Name: Graf / Loggins

Atty. for: π

Address: 180 N. LaSalle 2640

City/State/Zip: Chgo. IL 60601

Telephone: 312-201-8600

ENTERED:

Dated: ______________, ______

Stephanie D. Saltouros

Judge Judge's No.

3303 **(12/01/24) CCG 0003**

FILED
7/14/2025 11:01 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33543423

FILED DATE: 7/14/2025 11:01 AM 2025L003833

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A.

**No.** 2025 L 003833

## NOTICE OF MOTION

To:

This document is served to each attorney on the Odyssey E-filing
System Contact List and Chicago Police Department - CERTIFIED MAIL

On July 29, 2025 at 9:30 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltourous - courtroom 2204 or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, and present Plaintiff's Motion for Rule to Show Cause.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email: ____
Tertiary Email: ____

### ☐ PROOF OF SERVICE BY DELIVERY

I, ____, ☐ the attorney ☐ non-attorney certify that on the ____ day of ____, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ____ ____
Signature/Certification

### ☑ PROOF OF SERVICE BY MAIL

I, Jacob M. Surprise, ☐ the attorney ☑ non-attorney certify that I served this notice by mailing a copy to Chicago Police Department at 3510 South Michigan Avenue, Chicago. IL 60653
(address on envelope)
and depositing the same in the U.S. Mail at 180 North LaSalle Street, Chicago, Illinois 60601
(place of mailing)
at 2:00 p.m. a.m/p.m.. on the 14th day of July, 2025, with proper postage prepaid.

Dated: July 14, 2025 ____
Signature/Certification

### ☑ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Jacob Surprise ☐ the attorney ☑ non-attorney certify that on the 14th day of July, 2025, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ____, at ____ a.m./p.m., from ____.
(Place)

☐ Via email (Sender's Email is ____
Recipient's email is: ____ ).

Dated: July 14, 2025 *Jacob Surprise*
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
7/14/2025 11:01 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33543423

FILED DATE: 7/14/2025 11:01 AM 2025L003833

**Subpoena in a Civil Matter (For Testimony and/or Documents)** **(12/01/24) CCG 0106 A**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

JANE DOE NO. 2
Plaintiff/Petitioner

v.

CITIBANK, N.A., et al.,
Defendant/Respondent

Case No. 2025 L 003833

**SUBPOENA IN A CIVIL MATTER**
**(For Testimony and/or Documents)**

To: Chicago Police Department
3510 South Michigan Avenue
Chicago, IL 60653

1. ☐ YOU ARE COMMANDED to appear to give your testimony before the Honorable ______ in Room ______, ______, Illinois on ______ at ______ ○ AM ○ PM

2. ☐ YOU ARE COMMANDED to appear and give your deposition testimony before a Notary Public at: ______ in Room ______, ______, Illinois on ______ at ______ ○ AM ○ PM

3. YOU ARE COMMANDED to mail the following documents in your possession or control to Susan E. Loggans & Associates, P.C. at 180 N. LaSalle St., #2640, Chicago, IL 60601, on or before //25 at 10:00 ◉ AM ○ PM
(THIS IS FOR RECORDS ONLY. THERE WILL BE NO ORAL INTERROGATORIES.):

See attached rider.

☑ Description continued on attached page(s).

**Your failure to respond to this subpoena will subject you to punishment for contempt of this Court.**

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Subpoena in a Civil Matter (For Testimony and/or Documents)** **(12/01/24) CCG 0106 B**

Notice to Deponent:

1. ☐ The deponent is a public or private corporation, partnership, association, or governmental agency. The matter(s) on which examination is requested are as follows:

   ☐ Description continued on attached page(s).
   (A nonparty organization has a duty to designate one or more officers, directors, or managing agents, or other persons to testify on its behalf, and may set forth, for each person designated, the matters on which that person will testify. Ill. Sup. Ct. Rule 206.)

2. ☐ The deponent's testimony will be recorded by use of an audio-visual recording device, operated by ______________________ .
   (Name of Recording Device Operator)

3. No discovery deposition of any party or witnesses shall exceed three hours regardless of the number of parties involved in the case, except by stipulation of the parties or by order upon showing that good cause warrants a lengthier examination. Ill. Sup. Ct. Rule 206(d).

◉ Atty. No.: 21683
○ Pro Se 99500

Name: Susan E. Loggans
Atty. for (if applicable):
Plaintiff
Address: 180 N. LaSalle St., #2640
City: Chicago
State: IL Zip: 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com

Issued by: /s/ Michael R. Graf
Signature
◉ Attorney ○ Clerk of Court

Date: //25

☑ I served this subpoena by mailing a copy, as required by Ill. Sup. Ct. Rules 11, 12 and 204(a) (2), to the above by certified mail, return receipt requested (Receipt # 9589071052701177031450) on //25 . I paid the witness $ 25.00 for witness and mileage fees.

☐ I served this subpoena by handing a copy to ______________________ on ____________ . I paid the witness $ ____________ for witness and mileage fees.

/s/ Deborah A. Hecimovich — (Signature of Server)

Deborah A. Hecimovich — (Print Name)

FILED
7/14/2025 11:01 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33543423

FILED DATE: 7/14/2025 11:01 AM 2025L003833

SEL/MRG/dah 07/11/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2025 L 003833 |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE

NOW COMES plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and moves this Honorable Court for entry of an Order compelling Chicago Police Department to show cause why it should not be held in contempt of Court for failure to comply a Subpoena for Records, a copy of which is attached hereto.

*/s/: Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED
7/14/2025 11:01 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
33543423

FILED DATE: 7/14/2025 11:01 AM 2025L003833

**Subpoena in a Civil Matter (For Testimony and/or Documents)** **(12/01/24) CCG 0106 A**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

JANE DOE NO. 2
Plaintiff/Petitioner
v.
CITIBANK, N.A., et al.,
Defendant/Respondent

Case No. 2025 L 003833

**SUBPOENA IN A CIVIL MATTER**
**(For Testimony and/or Documents)**

To: Chicago Police Department
3510 South Michigan Avenue
Chicago, IL 60653

1. ☐ YOU ARE COMMANDED to appear to give your testimony before the

Honorable ____________ in Room ________,

____________, Illinois on ________

at ________ ○ AM ○ PM

2. ☐ YOU ARE COMMANDED to appear and give your deposition testimony before a Notary Public

at: ____________ in Room ________,

____________, Illinois on ________

at ________ ○ AM ○ PM

3. YOU ARE COMMANDED to mail the following documents in your possession or control

to Susan E. Loggans & Associates, P.C. at 180 N. LaSalle St., #2640, Chicago, IL 60601,

on or before //25 at 10:00 ◉ AM ○ PM
(THIS IS FOR RECORDS ONLY. THERE WILL BE NO ORAL INTERROGATORIES.):

See attached rider.

☑ Description continued on attached page(s).

**Your failure to respond to this subpoena will subject you to punishment for contempt of this Court.**

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 7/14/2025 11:01 AM 2025L003833

**Subpoena in a Civil Matter (For Testimony and/or Documents)** **(12/01/24) CCG 0106 B**

Notice to Deponent:

1. ☐ The deponent is a public or private corporation, partnership, association, or governmental agency. The matter(s) on which examination is requested are as follows:

   ______________________________

   ☐ Description continued on attached page(s).
   (A nonparty organization has a duty to designate one or more officers, directors, or managing agents, or other persons to testify on its behalf, and may set forth, for each person designated, the matters on which that person will testify. Ill. Sup. Ct. Rule 206.)

2. ☐ The deponent's testimony will be recorded by use of an audio-visual recording device, operated by ______________________________ .
   (Name of Recording Device Operator)

3. No discovery deposition of any party or witnesses shall exceed three hours regardless of the number of parties involved in the case, except by stipulation of the parties or by order upon showing that good cause warrants a lengthier examination. Ill. Sup. Ct. Rule 206(d).

◉ Atty. No.: 21683
○ Pro Se 99500

Name: Susan E. Loggans
Atty. for (if applicable):
Plaintiff
Address: 180 N. LaSalle St., #2640
City: Chicago
State: IL Zip: 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com

Issued by: /s/Michael R. Graf
Signature
◉ Attorney ○ Clerk of Court

Date: //25

☑ I served this subpoena by mailing a copy, as required by Ill. Sup. Ct. Rules 11, 12 and 204(a) (2), to the above by certified mail, return receipt requested (Receipt # 9589071052701177031450) on //25 . I paid the witness $ 25.00 for witness and mileage fees.

☐ I served this subpoena by handing a copy to ______________________________ on ____________ . I paid the witness $ ____________ for witness and mileage fees.

/s/ Deborah A. Hecimovich — Deborah A. Hecimovich
(Signature of Server) (Print Name)

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2, Plaintiff

v.

CITIBANK, N.A., et al., Defendants

No. 25-L-003833

ORDER

This matter coming before the Court on July 29, 2025 and all parties being present, this matter is continued for further status to September 4, 2025 at 9:00 a.m. In addition, the May 13, 2025 briefing schedule on Citibank's anticipated motion to dismiss is stricken and will be reset. The case management conference set for August 21, 2025 is hereby stricken. Citibank, N.A. may file a motion for protective order as to Plaintiff's pending discovery requests, in both cases.

ENTERED
Judge Stephanie Saltouros-2161
JUL 29 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6230148
Name: Andrew Rosenman
Atty. for: Citibank, N.A.
Address: Mayer Brown LLP, 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 312-782-0600

ENTERED:

Dated:

Stephanie D. Saltouros

Judge Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | Judge Stephanie D. Saltouros |
| CITIBANK, N.A., and<br>MARCUS C. JACKSON | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT CITIBANK, N.A.'S MOTION FOR ENTRY OF PROTECTIVE ORDER</u>**

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned attorneys, respectfully moves for the entry of a protective order pursuant to Illinois Supreme Court Rule 201(c)(1). As discussed below, Citibank seeks two forms of relief in this regard:

First, Citibank seeks entry of a protective order regarding confidential information that may be produced as part of the limited discovery this Court has permitted in connection with Citibank's forthcoming motion to dismiss the Complaint. Through the proposed protective order, Citibank merely seeks reasonable protection related to its internal investigation, policies, employees, and other information that arose in connection with its investigation of allegations made by Plaintiff Jane Doe No. 2 ("Plaintiff") of an alleged sexual assault by Defendant Marcus C. Jackson ("Jackson"). Citibank's proposed form of protective order is attached as <u>Exhibit 1</u>. Citibank and its employees have compelling privacy and confidentiality interests that warrant protection through issuance of a protective order. At the same time, entry of such an order would not compromise Plaintiff's ability to litigate her case, as Citibank does not seek to preclude the production of responsive confidential materials. Rather, Citibank simply seeks to limit access to and disclosure

FILED DATE: 8/28/2025 5:54 PM 2025L003833

or use of such discoverable documents.[1]

Second, Citibank seeks an order precluding Plaintiff, at least for the time being, from proceeding with depositions of Citibank employees. Plaintiff recently served a notice of deposition for two Citibank employees. The deposition notice goes far beyond the *limited* discovery the Court indicated it would allow Plaintiff to take in order to respond to Citibank's forthcoming Section 2-615 motion to dismiss. The Court should preclude those depositions unless and until the Complaint withstands the motion to dismiss. Plaintiff must first plead an actionable claim, and no depositions are necessary to make that determination. If Plaintiff may pursue whatever depositions she wants at the pleading stage, *before* the Court even has ruled on the viability of her allegations, then Section 2-615 serves no purpose at all.

**BACKGROUND**

On March 18, 2025, Plaintiff filed this lawsuit. She alleges, *inter alia*, that Jackson, while employed with Citibank, sexually assaulted her after she had visited the Kenwood branch where Jackson worked. Jackson is no longer employed by Citibank. In Counts I and II of her Complaint, Plaintiff alleges that Citibank is liable for (purportedly) negligently supervising and training Jackson. *See* Exhibit 2.

On March 19, 2025, Citibank executed a waiver of service form and returned it to Plaintiff's counsel. Accordingly, Citibank's response to the Complaint originally was due on May 19, 2025.

Yet, on May 7, 2025, nearly two weeks before Citibank's deadline to respond to her Complaint, Plaintiff served Citibank with 18 interrogatories, 22 requests for production of

---

[1] Citibank files this motion without waiving its right to proceed on its anticipated motion to dismiss Plaintiff's Complaint. As noted below, this Court previously adjourned the setting of a briefing schedule on Citibank's anticipated motion in order to allow *limited* discovery of Citibank by Plaintiff.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

documents, and 28 notices to produce at trial. *See* Exhibit 3.

On May 13, 2025, this Court held an initial case management conference. During that conference, Citibank informed the Court (and Plaintiff) that Citibank intended to respond to the Complaint by filing a Section 2-615 motion to dismiss. Accordingly, the Court directed the parties during the May 13 conference to submit a briefing schedule order, which the parties prepared at the end of the hearing, and which the Court entered on that same date. *See* Exhibit 4.

Pursuant to the May 13 Order, Citibank's opening brief would be due on June 16, 2025. Three intervening events then occurred. First, on June 4, 2025, Citibank filed a motion to stay the many discovery requests previously served by Plaintiff, pending resolution of Citibank's motion to dismiss.[2] Second, on that same date, and out of an abundance of caution, Citibank timely served its objections/responses to Plaintiff's discovery requests. Third, on June 12, 2025, Plaintiff served Citibank with a motion to compel discovery in *Doe 1*, scheduling the hearing for the following day.

At the June 13, 2025 hearings on Citibank's motion to stay discovery and Plaintiff's motion to compel, the Court entered orders continuing this matter (as well as the *Doe 1* case) to June 25, 2025, for the purpose of setting an amended briefing schedule on Citibank's anticipated motions to dismiss both the Complaint in this case and the Amended Complaint in *Doe 1*.

On June 25, 2025, the Court entered an Order granting Plaintiff "limited discovery" needed to respond to Citibank's forthcoming motions to dismiss. *See* Exhibits 5 and 6. The Court further directed the parties to return for a status conference on July 29, 2025 regarding the status of such

---

[2] On June 5, 2025, this Court granted Citibank's motion to stay discovery in a different case, *Doe v. Citibank, N.A., et al.*, Case No 2025-L-001601 ("*Doe 1*"), pending resolution of Citibank's motion to dismiss the Amended Complaint in that case. On June 25, 2025, the Court later reconsidered the stay of discovery in *Doe 1* and decided to grant limited discovery requested by Plaintiffs as to Citibank, but only to the extent it is necessary to respond to the anticipated motion to dismiss. The Court has not yet set a briefing schedule on Citibank's motion to dismiss in *Doe 1*.

limited discovery, and to set briefing schedules on Citibank's motion to dismiss under Section 2-615. *Id*.

On July 1, 2025, in anticipation of its production of documents related to the June 25 Orders, Citibank's counsel sent Plaintiff's counsel, Michael Graf, a proposed stipulated protective order regarding confidential information to be produced in discovery, and asked for their feedback or edits to the draft. *See* Exhibit 7.

On July 2, 2025, Mr. Graf emailed Citibank's counsel and asked if Citibank intended to circulate a protective order for *Doe 1* as well. *See* Exhibit 8. Notably, Mr. Graf neither stated that Plaintiff would not agree to any protective order, nor raised any objections to the proposed draft. Instead, the nature of Mr. Graf's response led Citibank to believe that he would stipulate to the entry of a protective order. Within hours of receiving Mr. Graf's email, Citibank responded by email, explaining that the proposed stipulated protective orders "for both cases will be nearly identical. Once we receive your feedback on this draft, we will circulate drafts for both matters." *Id.*

After receiving no further response from Plaintiff's counsel, Citibank followed up in separate emails on July 10 and July 24. *See* Exhibit 9. Citibank received no written response in either instance.

Instead, on July 28, 2025—nearly a month after Citibank first sent Plaintiff a draft of the protective order, and on the eve of the July 29 status conference intended for the purpose of setting a briefing schedule on Citibank's motion to dismiss and discussing the status of discovery—Mr. Graf's colleague, Patrick Condron, called Citibank's undersigned counsel. During that phone call, Plaintiff's counsel indicated, for the first time, that Plaintiff *would not agree to the entry of any protective order*. Instead, Plaintiff's counsel suggested Citibank mark as "confidential" individual

FILED DATE: 8/28/2025 5:54 PM 2025L003833

documents about which Citibank felt restrictions were appropriate, and then asserted that the parties could address those issues as needed on a document-by-document basis (despite there being no governing agreement or order establishing appropriate procedures for use, review, and access to any such documents).

At the July 29, 2025 status conference, Citibank relayed this background to the Court, and Plaintiff's counsel reiterated his position that no protective order is warranted. The Court then entered an Order permitting Citibank to prepare and file a motion for protective order, and reset this matter for a further status conference on September 4, 2025.

On August 12, 2025, Plaintiff served deposition notices for two Citibank employees. *See* Exhibit 10. Plaintiff did so even though: (1) the Court's prior Orders allowing "limited discovery" never permitted any depositions before Plaintiff first satisfied his pleading burden and established one or more actionable claims against Citibank; and (2) none of Plaintiff's prior filings or oral statements to the Court—either in this case or in *Doe 1*—ever asserted that depositions (supposedly) were needed to respond to Citibank's forthcoming motions to dismiss.

On August 25, 2025, Citibank sent an email asking Plaintiff to withdraw the notice of depositions, and requested a response by the close of business on August 27, or else Citibank would seek to preclude the depositions as part of its motion for protective order. *See* Exhibit 11. Plaintiff has not responded.

## ARGUMENT

### I. This Court Should Enter Citibank's Proposed Protective Order.

Trial courts have "considerable discretion to supervise the course of discovery as the court deems appropriate." *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 223 (2000). This discretion "extends to the entry of protective orders." *Id*. Indeed, the trial court may "at any time on its own

FILED DATE: 8/28/2025 5:54 PM 2025L003833

initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." Ill. S. Ct. R. 201(c)(1).

A protective order is especially appropriate in circumstances where there is the potential for the release of sensitive materials from non-parties and/or where confidential information is requested in discovery. *See, e.g., Bush v. Catholic Diocese of Peoria*, 351 Ill. App. 3d 588, 591 (2004) (affirming entry of protective order where discovery sought sensitive information and parties would still be able to engage in full pretrial investigation and discovery); *Int'l Truck & Engine Corp. v. Caterpillar, Inc.,* 351 Ill. App. 3d 576, 581 (2004) ("Nonparties should be protected from disclosure when possible, since they have not put such matters in issue.")

Although information obtained through discovery may be of interest to third parties or the public in general in some circumstances, a party does not have the unfettered right to disclose or disseminate such discovery materials. *Skolnick*, 191 Ill. 2d at 231 ("[T]he right of access is not absolute… whether court records in a particular case are opened to public scrutiny rests with the trial court's discretion, which must take into consideration all facts and circumstances unique to that case."); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984) (rejecting the assertion that "a litigant has an unrestrained right to disseminate information that has been obtained through pretrial discovery").

Indeed, courts routinely limit the persons to whom discoverable information may be shown. *See Sharp v. Trans Union L.L.C.*, 364 Ill. App. 3d. 64, 76 (2006) (directing parties to enter protective order limiting disclosure of documents to "essential parties."); *Linder v. A.W. Chesterton Co.*, 2020 IL App (5th) 200101, ¶ 15 (affirming entry of protective order where plaintiffs did not articulate need for use of information outside of litigation). "[T]here is no

FILED DATE: 8/28/2025 5:54 PM 2025L003833

requirement that materials produced in discovery be 'confidential' or contain 'trade secrets' to be the subject of a protective order." *Linder*, 2020 IL App 200101, ¶ 14.

Due to the sensitive nature of Plaintiff's allegations in this lawsuit, Citibank has several compelling interests it seeks to protect. For example, at least some of the individuals interviewed during Citibank's investigation into Plaintiff's allegations are still employed with Citibank. Those individuals have protectable privacy interests. *See Brunker v. Schwan's Home Serv., Inc.*, 583 F.3d 1004, 1010 (7th Cir. 2009) (Courts have broad discretion to limit discovery to prevent the dissemination of personal or confidential information about employees.); *Doyle v. City of Chicago*, 943 F. Supp. 2d 815, 828 (N.D. Ill. 2013). Moreover, Citibank has an interest in encouraging its employees to speak openly and honestly about any future allegations of improper workplace behavior and prevent a "chilling effect" that would disrupt the integrity of its internal investigations as a result of unnecessary disclosures of witness statements.[3]

The substantial privacy and business interests at play are far greater than any inconvenience that Plaintiff may suffer as a result of having to treat certain information as confidential pursuant to a mutual agreement. Citibank's, its employee's, and Plaintiff's own interests cannot be protected by piecemeal confidentiality designations that are not governed by any enforceable protective order, as Plaintiff's counsel suggests. The entry of a confidentiality agreement and protective order would suffice to protect such interests and, correspondingly, the interests of all parties in the matter. *See, e.g., Davis v. Rumsey Hall School, Inc.*, 2023 WL 4417549, at *14 (D.

[3] Plaintiff's opposition to a protective order is ironic, because she herself recognizes the sensitive nature of this lawsuit. On March 19, 2025, at the outset of the case and before any of the defendants even had appeared, Plaintiff filed a motion to proceed under a fictitious name, "Jane Doe No. 2," which the Court granted, thereby allowing her to file her Complaint and subsequent filings under that name to protect her identity. But now Plaintiff wants to have it both ways, claiming there is no need for a protective order regarding any non-parties or documents that may be identified in discovery, despite Citibank's compelling interests in protecting such information and the fact that such an order would not limit Plaintiff's ability to litigate her case.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Conn. Jul. 10, 2023) (recognizing sensitive nature of sexual assault allegations and finding that "most prudent approach" would be for parties to negotiate protective order); *Gillard v. Boulder Valley School Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000) (defendant's generalized showing of good cause for entry of blanket protective order was sufficient, and document-by-document showing was not required, where school allegedly was negligent in leaving student unattended in classroom with another student who was purported convicted juvenile sex offender).

Significantly, Citibank's proposed protective order does not place any meaningful restrictions on Plaintiff's ability to litigate her case. Citibank does not seek to prevent Plaintiff from obtaining the "limited discovery" permitted by the Court. The proposed protective order would simply serve as a mechanism through which *all* parties (and any non-parties from whom documents have been or may be subpoenaed) can reasonably limit the circumstances under which disclosure of sensitive materials may be made to persons other than their counsel. Moreover, Citibank's proposed order includes provisions that enable parties to challenge confidentiality designations. *See* Exhibit 1, ¶ 9; *see also Selby v. O'Dea*, 2017 IL App (1st) 151572, ¶ 116 ("The protective order did not prevent plaintiffs from using any information in the litigation; they were just prohibited from otherwise making it public. And as [defendant] notes, the protective order contained a mechanism whereby plaintiffs could object to the designation of a particular document as confidential…").

In this case, a protective order is both appropriate and necessary, as even the limited discovery permitted by the Court at this early stage will implicate Citibank's internal investigations and individuals who are not parties to this lawsuit. *Selby*, 2017 IL App 151572, ¶ 117 (affirming trial court's entry of protective order because "the trial court tried to give plaintiffs access to the

FILED DATE: 8/28/2025 5:54 PM 2025L003833

information while otherwise protecting confidential information of people who were not parties to the lawsuit").

In that regard, courts have repeatedly recognized that employees have privacy interests in protecting their personnel documents and employee records. *See Brown v. Bd. of Trustees of Univ. of Il.*, 2020 WL 10355053, at * (C.D. Ill. May 20, 2020) (directing parties to file protective order where "third-party employees [were] likely to face annoyance, embarrassment, and oppression" without one); *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) (entering protective order where employer had well-founded privacy concerns in its employment records.); *McDonnel v. First Unum Life Ins. Co.*, 2012 WL 13933, at *2 (S.D.N.Y. Jan 4, 2012) ("[C]ourts have recognized that an employer has an interest in maintaining the privacy of its employee's personnel records."); *U.S. v. Johnson*, 2014 WL 12787211, at *2 (M.D.N.C. Feb. 10, 2014) (reasoning that protective order covering personally identifiable information of non-parties was necessary in order to protect non-parties from retaliation for coming forward as witnesses).

Courts have also reasoned that companies have legitimate interests in keeping internal investigations confidential in order to promote employee candor and willingness to assist in future investigations. *See, e.g.*, *Jerome v. Philadelphia Hous. Auth.*, 2019 WL 2433735, at *2 (E.D. Pa. June 11, 2019) (granting motion for confidentiality order where public disclosure of investigative materials could keep employees from providing candid information in future investigations); *Macias v. City of Clovis*, 2015 WL 7282841, at *7 (E.D. Cal. Nov. 18, 2015) (directing party to produce internal investigation documents pursuant to protective order because reliability of internal investigations was "largely dependent upon officers' candor and truthfulness."); *Sasu v. Yoshimura*, 147 F.R.D. 173 (N.D. Ill. 1993) (investigation files and personnel records are confidential records entitled to protection); *Yomi v. Becerra*, 2022 WL 36413 at *2 (D. Kan. Jan

FILED DATE: 8/28/2025 5:54 PM 2025L003833

4, 2022) (granting motion for protective order where defendant reasonably anticipated that discovery would involve confidential personnel documents and investigation documents); *In re Uber Tech., Inc, Passenger Sexual Assault Litig.*, 2023 WL 9953756, at *2 (N.D. Cal. Dec. 28, 2023) (directing defendant to produce internal investigation documents upon entry of protective order.) Citibank must be able to fully investigate complaints by customers, employees or the like—and if it is required to disclose investigation materials in this case without appropriate and reasonable protections, witnesses are unlikely to participate in future investigations. *Corrado v. New York State Unified Court Sys.*, No. 2, 2013 WL 12358468, at *2 (E.D.N.Y. Dec. 10, 2013) (granting defendant's motion for protective order where defendant demonstrated that future witnesses would be hesitant about engaging in internal investigations if files were disclosed to the public.).

Accordingly, Citibank seeks entry of its proposed protective order limiting access to and disclosure of such information in order to protect its compelling business interests and the privacy interests of its current and former employees. Any alleged inconveniences to Plaintiff (and there are none) are outweighed by these significant interests.

**II. The Court should preclude Plaintiff from taking the proposed depositions.**

"Discovery is not necessary where a cause of action has not been stated." *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 514 (1st Dist. 2005). *See also Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 381 (2d Dist. 2004) (finding no abuse of discretion in denying discovery, "because if a cause of action had not been stated, discovery would have been unnecessary").

Here, this Court has allowed only the "limited discovery" that is needed to respond to Citibank's forthcoming motion to dismiss. Nowhere in the Court's prior Orders allowing such

FILED DATE: 8/28/2025 5:54 PM 2025L003833

limited discovery did the Court permit *depositions* before resolution of those motions. Plaintiff must first establish that she has an actionable claim before being entitled to broader discovery. Otherwise, Section 2-615 would be rendered meaningless. Tellingly, Plaintiff's prior filings and oral statements to the Court at the various hearings in this case never even *asked* for permission from the Court to take depositions in advance of this Court's decisions on Citibank's forthcoming motions to dismiss. There is no reason why such discovery is needed here. Accordingly, this Court should reject Plaintiff's attempted end run around Section 2-615.

## CONCLUSION

For the foregoing reasons, Citibank respectfully requests that this Court grant its motion. In particular, the Court should: (1) enter the Proposed Protective Order attached hereto as Exhibit 1, and (2) preclude Plaintiff from taking any depositions of Citibank employees unless and until Citibank's forthcoming motions to dismiss are fully decided.

CITIBANK, N.A.

Dated: August 28, 2025

By: *Andrew Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 28th day of August 2025 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S MOTION FOR ENTRY OF PROTECTIVE ORDER** to be served on counsel for Plaintiff Jane Doe No. 2 via the Court's electronic filing system and on Defendant Marcus C. Jackson by first-class mail as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 1

FILED DATE: 8/28/2025 5:54 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Illinois Supreme Court Rule 201(c)(1),

IT IS HEREBY ORDERED THAT:

**1. Scope.**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Illinois Supreme Court Rules on matters of procedure and calculation of time periods. Plaintiff Jane Doe No. 2 and Defendant Citibank, N.A. (collectively, the "parties", and individually, "party") are bound by this Order. For purposes of this Order, the term "party" also shall include any non-parties who may be subpoenaed and who provide documents, deposition testimony and/or other information in response to any such subpoenas.

**2. Confidential Information.**



1750693158.3

FILED DATE: 8/28/2025 5:54 PM 2025L003833

As used in this Order, "Confidential Information" means documents, data, information, discovery responses and/or testimony, whether in hard copy, electronic form or some other recording medium, that has been designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by the producing party and that falls within one or more of the categories discussed below.

(A) A party may designate as "CONFIDENTIAL" any of the following materials: (1) information prohibited from disclosure by statute; (2) information that reveals trade secrets; (3) research, technical, commercial or financial information that the party has maintained as confidential; (4) medical or PHI information under HIPAA (as defined below) concerning any individual; (5) personnel or employment records of a person who is not a party to the case; or (6) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms.

(B) A party may designate as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" any Confidential Information that is of a highly sensitive nature and the disclosure of which could result in significant harm to the business or operations of the Party or an individual. "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" material must contain sensitive, nonpublic, proprietary business or personal information such as: (1) customer names; (2) private, personal information about individuals who are not parties in the litigation; (3) internal investigations and disciplinary records related to non-parties; and (4) other non-public and/or proprietary information that a party in good faith believes should be designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

**3. Designation.**

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

FILED DATE: 8/28/2025 5:54 PM 2025L003833

OUTSIDE COUNSEL ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**4. Depositions.**

Unless all parties agree otherwise, all deposition testimony taken in this case shall be treated as Confidential Information until 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall not, however, waive any designation of testimony taken in that deposition as Confidential Information, subject to the other terms of this Order.

**5. Protection of Confidential Material.**

**(A) General Protections.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (B) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(B) Disclosures of Information Designated as "CONFIDENTIAL."**

The parties and counsel for the parties shall not disclose or permit the disclosure of any material designated "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (i)-(x). Subject to these requirements, the following categories of persons may be allowed to review material designated "CONFIDENTIAL":

i. The Court and its personnel;

ii. Counsel for the parties and employees of counsel who have responsibility for the action;

iii. Parties to the litigation and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, and the information is not designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY";

iv. Court reporters and recorders engaged for depositions;

v. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A hereto, which is an Acknowledgment and Agreement to Be Bound;

vii. During their depositions, witnesses in this action to whom disclosure of Confidential Information is reasonably necessary. Witnesses shall not retain a copy of any exhibit marked "CONFIDENTIAL," except witnesses may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

viii. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix. Mediators and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all parties; and

x. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(C) Disclosures of Information Designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."**

Material designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" may be disclosed only to the following persons:

i. The Court and its personnel;

ii. The outside attorneys of record for the parties in the litigation;

iii. Members of the staff of the outside attorneys of record for the parties (including secretaries and other employees as well as paralegals, law clerks, and similar persons working under contract for, and under the supervision of, said attorneys);

iv. Court reporters and recorders engaged for depositions;

v. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A hereto;

vi. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A hereto;

vii. The author, sender or recipient of the document (not including a person who received the document in the course of litigation);

viii. Mediators. Mediators and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all parties; and

ix. Others by Consent. Any other person agreed to by the parties in writing or as allowed by the Court.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**(D) Control of Documents.**

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6. Inadvertent Failure to Designate.**

An inadvertent failure to designate a document or deposition testimony as Confidential Information does not, standing alone, waive the right to so designate the document or deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document or deposition testimony is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7. Filing of Confidential Information.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file under seal any document(s) designated as Confidential Information must comply with applicable rules of the Court.

**8. No Greater Protection of Specific Documents.**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**9. Challenges by a Party to Designation as Confidential Information.**

The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(A) Meet and Confer.** A party challenging the designation of Confidential Information (including any designation as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY") must do so in good faith and must begin the process by conferring directly with counsel for the designating party in person or by telephone, pursuant to Illinois Supreme Court Rule 201(k). In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(B) Judicial Intervention.** In the event that the meet-and-confer process set forth in subsection (A) does not resolve the dispute, unless otherwise agreed by the parties in writing, either party must initiate the process by notifying the court no later than 14 calendar days after the parties complete their meet-and-confer discussion. If neither party initiates the process within that 14-day period, the designation that is the subject of the parties' dispute shall be deemed waived by the designating party. The burden of persuasion in any dispute over the designation of Confidential Information shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as designated—either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"— under the terms of this Order.

**10. Action by the Court.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be filed in accordance with the rules of this Court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Protected Health Information**

For the purposes of this Order, "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at Titles 29 and 42 of the U.S Code. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 and 164. Protected health information, or "PHI," shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103. PHI includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. The Parties will not use or disclose the PHI that is produced in this Litigation for any other purpose or in any other proceeding. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

**12. Use of Confidential Documents or Information at Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention at least five (5) business days prior to said hearing or trial by motion or in a pretrial memorandum without disclosing the Confidential Information.

**13. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833

(A) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(B) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(C) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**14. Obligations on Conclusion of Litigation.**

(A) **Order Continues in Force.**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(B) **Obligations at Conclusion of Litigation.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "CONFIDENIAL - OUTSIDE COUNSEL ONLY" under this Order, including copies as defined in Paragraph 3 above, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(C) **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(D) **Deletion of Documents filed under Seal from Electronic Case Filing**

Filings made under seal shall be deleted from the electronic case filing system only upon an order of the Court.

**15. Order Subject to Modification.**

This Order shall be subject to modification by the Court on its own initiative or on granting of a motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Illinois Supreme Court Rule 201(c)(1) or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.**

The parties hereby agree to abide by the terms of this Order during any interim period prior to its entry and shall continue to abide by its terms after its entry, absent a contrary order of the Court. This Order shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

It is so **ORDERED**.

Dated: ____________________________________

____________________________________

**JUDGE**

SUSAN E. LOGGANS & ASSOCIATES, P.C.

*/s/* ____________________________________
Michael Graf
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
Telephone: 312-201-8600
mgraf@logganslaw.com
Firm I.D. #21683

*Attorney for Plaintiff*

MAYER BROWN LLP

*/s/* ____________________________________
Andrew S. Rosenman
Sofia Orelo
71 S. Wacker Drive
Chicago, IL 60606
Telephone: 312-701-0600
Facsimile: 312-701-7711
arosenman@mayerbrow.com
sorelo@mayerbrown.com
Firm I.D. #43948

*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**ATTACHMENT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order entered by the Court in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Circuit Court of Cook County, Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Printed Name:_______________________________________

Signature:___________________________________________

Job Title:____________________________________________

Business Address:_________________________________________________________________

Date:____________________

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 2

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

12-Person Jury

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/06/2025 24-049 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br>CITIGROUP, INC., a corporation, and<br>MARCUS C. JACKSON,<br><br>Defendants. | ) | NO. 2025L003833 |

## COMPLAINT AT LAW

## COUNT I - NEGLIGENT SUPERVISION - CITIBANK, N.A.

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers;

b. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

c. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

d. Allowed Defendant, MARCUS C. JACKSON, to sexually/assault Plaintiff, JANE DOE NO. 2.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT II – NELGIGENT TRAINING - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers;

b. Failed to adequately train employees on how to prevent staff members from grooming customers;

c. Failed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours;

d. Failed to adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours; and

e. Failed to adequately train employees to lock and/or secure unoccupied and unused areas of the school;

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT III - NEGLIGENT SUPERVISION - CITIGROUP, INC., a corporation**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIGROUP, INC., a corporation, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIGROUP, INC., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIGROUP, INC., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIGROUP, INC., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIGROUP, INC., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIGROUP, INC., knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIGROUP, INC.

9. On or about July 7, 2023, Defendant, CITIGROUP, INC., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIGROUP, INC., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers;

b. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

c. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

d. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE NO. 2.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIGROUP, INC., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIGROUP, INC., a corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT IV - NELGIGENT TRAINING - CITIGROUP, INC., a corporation**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIGROUP, INC., a corporation, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIGROUP, INC., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIGROUP, INC., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIGROUP, INC., and went to the Kenwood Branch seeking banking assistance.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

4. On or about July 7, 2023, Defendant, CITIGROUP, INC., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIGROUP, INC., knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIGROUP, INC.

9. On or about July 7, 2023, Defendant, CITIGROUP, INC., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIGROUP, INC., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

a. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers;

b. Failed to adequately train employees on how to prevent staff members from grooming customers;

c. Failed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours;

d. Failed to adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours; and

e. Failed to adequately train employees to lock and/or secure unoccupied and unused areas of the school;

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIGROUP, INC., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIGROUP, INC., a corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT V - MARCUS C. JACKSON - SEXUAL ASSAULT**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

1. On and before July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, were and continue to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, by and through its agent servant and/or employee, MARCUS C. JACKSON provided banking services to Plaintiff, JANE DOE NO. 2.

5. On July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Bank at Defendant, CITIBANK, N.A. and CITIGROUP, INC., a corporation, used his position to begin grooming the Plaintiff, JANE DOE NO. 2.

7. Defendant, MARCUS C. JACKSON, while providing banking services to the Plaintiff, JANE DOE NO. 2, recommended that they meet at an establishment called Bar David.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

9. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting the Plaintiff, JANE DOE NO. 2, to dinner and drinks under the guise of providing banking assistance to her.

10. That on July 7, 2023 after having previously helped Plaintiff, JANE DOE NO. 2, with banking issues, Defendant, MARCUS C. JACKSON, secluded the Plaintiff, JANE DOE NO. 2, and sexually assaulting the Plaintiff, JANE DOE NO. 2, causing serious and permanent injuries to the Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

/s/: *Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

**Civil Action Cover Sheet - Case Initiation** (12/01/24) CCL 0520

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

JANE DOE NO. 2

v.

CITIBANK, N.A., CITIGROUP, INC., a corporation and MARCUS C. JACKSON

No. 2025L003833

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☒ Yes ☐ No

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☒ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Michael R. Graf
(Attorney) (Pro Se)

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action (Please specify below.**)
- ☐ 075 Other Commercial Litigation (Please specify below.**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** ______________________

Primary Email: thefirm@logganslaw.com

Secondary Email: ______________________

Tertiary Email: ______________________

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Oice Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: ______________________

23-065/7226

Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
Division Initial Case Management Dates will be heard via Zoom
Information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/07/25 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025L003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

ORDER

This matter coming to be heard on Plaintiff's Petition to Proceed under a Fictitious Name, the court being fully advised finds as follows:

The Court finds there is a compelling interest that favors the Plaintiff's right to privacy in keeping her name from the public and such right is superior to the public's right of access to an open proceeding. *See Doe v. Doe*, 282 Ill. App. 3d 1078, 1088 (1st Dist. 1996).

The Court further finds the privacy issue involved shall be protected in the least restrictive way possible. The Court finds that the least restrictive way to protect the privacy of Plaintiff is allowing her to proceed under a fictitious name.

This order may be reconsidered if the Plaintiff takes any steps to make her name known to the public and shall be reconsidered by the judge by motion of a party or by the trial judge at the time of jury selection.

Entered:

______________________
Judge

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

ENTER
MAR 17 2025
KATHY M. FLANAGAN #267

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

Vinesign Document ID: D5A61D91-0E41-4292-808E-D972FBCD6002

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/06/2025 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. NO. 2025L003833

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

## RULE 222 AFFIDAVIT

I, Jane Doe No. 2, being first duly sworn on oath, depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.

2. The total amout of money damages sought in the above cause of action will exceed the amount of $50,000.00.

Jane Doe No. 2
Jane Doe No. 2

SUBSCRIBED and SWORN to before me this 14th day of March, 2025.

Patricia A. Gargano
Notary Public

PATRICIA A GARGANO
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 6, 2026

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

The signed document can be validated at https://app.vinesign.com/Verify

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/12/2025 9:45 AM

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand

(12/01/24) CCG 0067

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
LAW **DEPARTMENT/** FIRST **DISTRICT**

JANE DOE NO. 2

v.

CITIBANK, N.A., CITIGROUP, INC., and MARCUS C. JACKSON

**No.** 2025L003833

**JURY DEMAND**

The undersigned demands a jury trial.

(Signature)

☐ Atty. No.: 21683
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 180 N. LaSalle St., #2640
City/State/Zip: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Emai: 
Tertiary Email: 

**Dated:** March 14, 2025

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** Cook **COUNTY** | **SUMMONS** | *For Court Use Only* FILED 3/18/2025 1:09 PM Mariyana T. Spyropoulos CIRCUIT CLERK COOK COUNTY, IL 2025L003833 Calendar, Z 31871102 |

| **Instructions ▾** | | |
|---|---|---|
| Enter above the county name where the case was filed. | JANE DOE NO. 2, **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)* CITIBANK, N.A. CITIGROUP, INC., a corporation MARCUS C. JACKSON | 2025L003833 **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

# IMPORTANT: You have been sued.

- Read all documents attached to this Summons.
- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

## Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for each additional Defendant/Respondent.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

Enter the Case Number given by the Circuit Clerk: ____________________

In 1a, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*: Citibank, N.A.

Registered Agent's name, if any: CT Corporation

Street Address, Unit #: 208 South LaSalle Street, Suite 814

City, State, ZIP: Chicago, IL 60604

Telephone: ____________ Email: ____________

In 1b, enter a second address for the first Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*: ____________

Street Address, Unit #: ____________

City, State, ZIP: ____________

Telephone: ____________ Email: ____________

In 1c, check how you are sending your documents to this Defendant/ Respondent.

c. Method of service on Defendant/Respondent:

☐ Sheriff ☐ Sheriff outside Illinois: ____________ *County & State*

☑ Special process server ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**

I have attached ____________ *(Number)* *Additional Defendant/Respondent Address and Service Information* forms.

In 2a, enter the amount of money owed to you. Check 2b if you are asking for the return of tangible personal property.

**2. Information about the lawsuit:**

a. Amount claimed: $ 50,001.00

☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In 3, enter your complete address, telephone number, and email address, if you have one.

**3. Contact Information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: Susan E. Loggans & Associates, P.C.

Street Address, Unit #: 180 North LaSalle Street, Suite 2640

City, State, ZIP: Chicago, IL 60601

Telephone: (312) 201-8600 Email: thefirm@loggganslaw.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.

**4. Instructions for person receiving this *Summons* (Defendant):**

☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address: Richard J. Daley Center, 50 West Washington Street, Room 801

City, State, ZIP: Chicago, IL 60602

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In 4b, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

☐ b. Attend court:

On: ____________ at ____________ ☐ a.m. ☐ p.m. in ____________
*Date* *Time* *Courtroom*

**In-person at:**

______________________________________________
*Courthouse Address* *City* *State* *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: ______________________________
*Call-in number for telephone remote appearance*

By video conference: ______________________________
*Video conference website*

______________________________
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: ____________ or visit their website
*Circuit Clerk's phone number*

at: ____________ to find out more about how to do this.
*Website*

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** ____________ *Seal of Court*

**Clerk of the Court:** 3/18/2025 1:09 PM Mariyana T. Spyropoulos

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 10 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: ______________________________
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

Enter the Case Number given by the Circuit Clerk: ____________________

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only*<br>FILED<br>3/18/2025 1:09 PM<br>Mariyana T. Spyropoulos<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2025L003833<br>Calendar, Z |
|---|---|---|
| **Instructions** | | |
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | JANE DOE NO. 2,<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>CITIBANK, N.A.<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2025L003833<br>**Case Number** |

****Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.****

**My name is** ______________________________ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
______________________________ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________
On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
Address, Unit#: ______________________________
City, State, ZIP: ______________________________

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
Address, Unit#: ______________________________
City, State, ZIP: ______________________________
And left it with: ______________________________
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: ____________ .

☐ On the Corporation's agent, ______________________________
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________
On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
Address: ______________________________
City, State, ZIP: ______________________________

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_______________________________________________
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: ______________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

2. On this date: ______________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

3. On this date: ______________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

**DO NOT complete this section. The sheriff or private process server will complete it.**

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_______________________________
*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois:

_______________________________
*County and State*
☐ Special process server
☐ Licensed private detective

_______________________________
*Print Name*

**FEES**

| | | |
|---|---|---|
| Service and Return: | | $ |
| Miles | ________ | $ |
| Total | | $ 0.00 |

If *Summons* is served by licensed private detective or private detective agency:
License Number: ______________________

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | SUMMONS | *For Court Use Only*<br>FILED<br>3/18/2025 1:09 PM<br>Mariyana T. Spyropoulos<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2025L003833<br>Calendar, Z<br>31871102 |
|---|---|---|

| **Instructions ▾** | | |
|---|---|---|
| Enter above the county name where the case was filed. | JANE DOE NO. 2,<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>CITIBANK, N.A.<br>CITIGROUP, INC., a corporation<br>MARCUS C. JACKSON | 2025L003833<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

# IMPORTANT: You have been sued.

- Read all documents attached to this Summons.
- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

## Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

Enter the Case Number given by the Circuit Clerk: ____________

In 1a, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*: Citigroup, Inc.

Registered Agent's name, if any: Daniel DeJesus

Street Address, Unit #: 1999 Bryan Street, Suite 900

City, State, ZIP: Dallas, TX 75201-3136

Telephone: ____________ Email: ____________

In 1b, enter a second address for the first Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*: ____________

Street Address, Unit #: ____________

City, State, ZIP: ____________

Telephone: ____________ Email: ____________

In 1c, check how you are sending your documents to this Defendant/ Respondent.

c. Method of service on Defendant/Respondent:

☐ Sheriff ☐ Sheriff outside Illinois: ____________ *County & State*

☑ Special process server ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**

I have attached ____________ *(Number)* *Additional Defendant/Respondent Address and Service Information* forms.

In 2a, enter the amount of money owed to you. Check 2b if you are asking for the return of tangible personal property.

**2. Information about the lawsuit:**

a. Amount claimed: $ 50,001.00

☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In 3, enter your complete address, telephone number, and email address, if you have one.

**3. Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: Susan E. Loggans & Associates, P.C.

Street Address, Unit #: 180 North LaSalle Street, Suite 2640

City, State, ZIP: Chicago, IL 60601

Telephone: (312) 201-8600 Email: thefirm@loggansLaw.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.

**4. Instructions for person receiving this *Summons* (Defendant):**

☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address: Richard J. Daley Center, 50 West Washington Street, Room 801

City, State, ZIP: Chicago, IL 60602

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

| |
|---|
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website.<br>All of this information is available from the Circuit Clerk. |

☐ b. Attend court:

On: ______________ at ______________ ☐ a.m. ☐ p.m. in ______________
*Date* *Time* *Courtroom*

**In-person at:**

______________________________________________
*Courthouse Address* *City* *State* *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: ______________________________
*Call-in number for telephone remote appearance*

By video conference: ______________________________
*Video conference website*

______________________________
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: ______________________ or visit their website
*Circuit Clerk's phone number*

at: ______________________ to find out more about how to do this.
*Website*

| |
|---|
| STOP!<br>The Circuit Clerk will fill in this section. |

**Witness this Date:** ______________________ *Seal of Court*

**Clerk of the Court:** 3/18/2025 1:09 PM Mariyana T. Spyropoulos

| |
|---|
| **STOP! The officer or process server will fill in the Date of Service** |
| **Note to officer or process server:**<br>• If 4a is checked, this *Summons* must be served within 30 days of the witness date.<br>• If 4b is checked, this *Summons* must be served at least 40 days before the court date, unless 2b is also checked.<br>  o If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date. |

Date of Service: ______________________
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

Enter the Case Number given by the Circuit Clerk:____________________

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only*<br>FILED<br>3/18/2025 1:09 PM<br>Mariyana T. Spyropoulos<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2025L003833<br>Calendar, Z |
|---|---|---|
| **Instructions**<br>Enter above the county name where the case was filed.<br>Enter your name as Plaintiff/Petitioner.<br>Enter the names of all people you are suing as Defendants/ Respondents.<br>Enter the Case Number given by the Circuit Clerk. | JANE DOE NO. 2,<br>**Plaintiff / Petitioner** *(First, middle, last name)*<br>v.<br>CITIBANK, N.A.<br>**Defendant / Respondent** *(First, middle, last name)*<br>☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2025L003833<br>**Case Number** |

****Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.****

**My name is** ______________________________ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

________________________________________ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ______ Race: ________
On this date: ____________ at this time: ______ ☐ a.m. ☐ p.m.
Address, Unit#: ______________________________
City, State, ZIP: ______________________________

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: ____________ at this time: ______ ☐ a.m. ☐ p.m.
Address, Unit#: ______________________________
City, State, ZIP: ______________________________
And left it with: ______________________________
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ______ Race: ________
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: ____________ .

☐ On the Corporation's agent, ________________________
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ______ Race: ________
On this date: ____________ at this time: ______ ☐ a.m. ☐ p.m.
Address: ______________________________
City, State, ZIP: ______________________________

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

______________________________
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

2. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

3. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

DO NOT complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

______________________________

*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois:

______________________________
*County and State*

☐ Special process server
☐ Licensed private detective

______________________________
*Print Name*

**FEES**

Service and Return: $ ________
Miles ________ $ ________
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: ______________________________

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE NO. 2
*Who started the case.* — *First, Middle, and Last Name or Business Name*

2025L003833
**Case Number**

**DEFENDANTS/RESPONDENTS:** CITIBANK, N.A.
CITIGROUP, INC., a corporation and
MARCUS C. JACKSON
*Who the case was filed against.* — *First, Middle, and Last Name or Business Name*

**The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.**

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

☑ **1. 30-DAY SUMMONS**

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602
*Courthouse Street Address*

**- or -**

☐ **2. DATE CERTAIN SUMMONS**

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

__________ at __________ ☐ a.m. ☐ p.m. in __________.
*Month, Day, Year* — *Time* — *Courtroom Number*

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

Case Number: ____________________

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person at:** ______________________________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone)

**By video conference at:** ______________________________
*Video Conference Website*

Log-in information: ______________________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone at:** ______________________________
*Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: ____________________ or Website: ____________________
*Circuit Clerk's Phone Number* *Website URL*

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ 50,001.00.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☐ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☑ I am having 1 Defendant/Respondent served and their information is on this form below.

☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: ____________.
*Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: Marcus C. Jackson
*First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

9424 South Calumet Avenue
*First, Middle, and Last Name*

Street Address: ______________________________
*Street, Apt #*

City, State, ZIP: Chicago IL 60619
*City* *State* *Zip*

Telephone: (312) 285-7638 Email: ____________________

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

Case Number: ______________________

c. **Second address** for this Defendant/Respondent:
☑ I do **not** have another address where the Defendant/Respondent might be found.
☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: ______________________
*Street, Apt #*

City, State, ZIP: ______________________
*City* *State* *Zip*

Telephone: ______________ Email: ______________

d. Person who will serve your documents on this Defendant/Respondent:
☐ Sheriff in Illinois ☑ Special process server ☐ Licensed private detective
☐ Sheriff outside Illinois: ______________________
*County & State*

**PLAINTIFF/PETITIONER INFORMATION:**
*Enter your information below.*

Name Susan E. Loggans & Associates, P.C.
*First, Middle and Last Name*

Registered Agent's name, if any ______________________
*First, Middle and Last Name*

Street Address 180 North LaSalle Street, Suite 2640
*Street, Apt #*

City, State, ZIP: Chicago, IL 60601
*City* *State* *Zip*

Telephone: (312) 201-8600 Email: thefirm@loggansiaw.com

**Be sure to check your email every day so you do not miss important information, court dates, or documents from other parties.**

STOP The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: ______________________ *Seal of Court*

Clerk of the Court: 3/18/2025 1:09 PM Mariyana T. Spyropoulos

**To be filled in by an officer or process server:**

Date of Service: ______________________

*Fill in the date above and give this copy of the Summons to the person served.*

**Note to officer or process server:**

- If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ____________________

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

Learn more about each step in the process and how to file in the instructions: ilcourts.info/summons-instructions.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**

- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons):**

- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**

- You **must** attend court on the date listed in Section 2 of this *Summons*.
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________________

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE NO. 2
*Who started the case.* *First, Middle, and Last Name or Business Name*

2025L003833
**Case Number**

**DEFENDANTS/RESPONDENTS:** CITIBANK, N.A.
*Who the case was filed against.*
CITIGROUP, INC., a corporation and
MARCUS C. JACKSON
*First, Middle, and Last Name or Business Name*

STOP Do not complete the rest of the form. **The sheriff or special process server will fill in the form.** Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is ________________________________________ and I state:
*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: ________________________________________
*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

\- or -

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ________________ at this time: ________________ ☐ a.m. ☐ p.m.

Address, Unit#: ________________________________________

City, State, ZIP: ________________________________________

☐ **On someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:

Name of person served: ________________________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ________________ at this time: ________________ ☐ a.m. ☐ p.m.

Address, Unit#: ________________________________________

City, State, ZIP: ________________________________________

and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above address on this date: ________________.

FILED DATE: 8/28/2025 5:54 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

*Case Number:* ______________________

☐ **On the Business's agent:** ______________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ________________________________________

City, State, ZIP: ________________________________________

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ________________________________________

City, State, ZIP: ________________________________________

Other information about service attempt:

________________________________________
________________________________________
________________________________________

**Second Attempt:** On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ________________________________________

City, State, ZIP: ________________________________________

Other information about service attempt:

________________________________________
________________________________________
________________________________________

**Third Attempt:** On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ________________________________________

City, State, ZIP: ________________________________________

Other information about service attempt:

________________________________________
________________________________________
________________________________________

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/ ______________________ Print Your Name ______________________

You are: ☐ Sheriff in Illinois ☐ Special process server
☐ Sheriff outside Illinois: ______________ ☐ Licensed private detective, license number: ______________
*County and State* *License number*

**FEES:**

Service and Return: $__________ Miles: $__________ Total: $ 0.00

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 3

FILED DATE: 8/28/2025 5:54 PM 2025L003833

SEL/MRG/dah 04/29/2025 #23-040 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE, NO. 2., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2025 L 003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., a corporation, and MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT, CITIBANK N.A.**

Plaintiff, JANE DOE, NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., propounds to Defendant, CITIBANK N.A., a corporation, the following interrogatories to be answered within twenty-eight (28) days of their receipt thereof:

1. State the full name, telephone number, and address of the individual(s) answering and signing these Answers to Interrogatories and each person who prepared, consulted, or assisted in the preparation of the answers to these interrogatories.

2. Identify each and every person who has knowledge of any relevant facts relating to the above-entitled action, and as to each such person, state briefly a summary of the facts known to each person.

3. If you contend that any person(s) caused or contributed to Plaintiff's claimed injuries, identify all person(s), state all facts that support this contention, identify all persons with knowledge related to this contention, and identify all documents that support this contention.

4. Describe in full the CITIBANK N.A.'s business, including:

a. its manner of organization,
b. the type of activities it engages in,
c. its period of operation,
d. its number of agents and/ or employees

FILED DATE: 8/28/2025 5:54 PM 2025L003833

e. the title and functions performed by each officer, and
f. the title and functions performed by each of its subdivisions.

5. State the full name, telephone number, and address of all persons who you believe to have knowledge of the facts of the occurrence and/or the injuries described in Plaintiff's Amended Complaint at Law.

6. From the years 2018 - 2023, please provide CITIBANK N.A.'s, definitions, meaning any common understanding established by any guidebook, employee handbook, employee training material, internal memoranda, by-law, or other material disseminated by the CITIBANK N.A.:

a. "Sexual Abuse"
b. "Grooming"
c. "Mistreatment"
d. "Neglect"
e. "Emotional Abuse"
f. "Physical Abuse"
g. "Inappropriate Communication"

6. From the years 2018 - 2023, please state all CITIBANK N.A.'s policies and procedures that agents or employees were to follow upon observing or receiving a report of any or all of the above terms as defined.

7. State whether CITIBANK N.A.'s employes had an affirmative duty to report apparent instances of the terms above to anyone at CITIBANK N.A. If so, outline the circumstances that would trigger any CITIBANK N.A.'s employees responsibility to contact anyone at CITIBANK N.A. and the procedures a reporter would be expected to follow.

8. State when anyone who was an agent/employee of CITIBANK N.A. became aware of any sort of relationship, romantic or otherwise, existing between Plaintiff, JANE DOE NO. 2 and MARCUS JACKSON and whether any report was made to anyone at CITIBANK N.A. concerning the two.

9. Identify any and all policies, staff training, internal memoranda, guidebooks, or any other procedure the CITIBANK N.A. had in place for the identification and prevention of the sexual abuse of customers or other employees from 2018 - 2023.

10. Describe the materials and policies given to new agents/employees of the CITIBANK N.A., including safety training and training regarding the identification and reporting of sexual abuse from 2018 - 2023.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

11. State whether any employee/agent of Defendant, CITIBANK N.A., ever made anyone at CITIBANK N.A. aware of their concerns regarding the relationship between MARCUS JACKSON and JANE DOE NO. 2. If so, state the nature of the communication and any subsequent actions taken by the recipient of that communication.

12. Describe how long Defendant, MARCUS JACKSON was employed by CITIBANK N.A. either as a probationary employee or otherwise.

13. Set forth each and every job title that MARCUS JACKSON had as an employee of CITIBANK N.A. and the name of his immediate supervisor.

14. State the names, addresses and telephone numbers of each and every person, employee, manager or branch manager, who worked at the Kenwood Branch located at 1310 East 47th Street, Chicago, Illinois.

15. State the first time CITIBANK N.A. became aware that MARCUS JACKSON was meeting customers off premises under the guise of conducting bank business.

Pursuant to Supreme Court Rule 213 (1), you have a duty to seasonably supplement or amend your answers to these Interrogatories whenever new or additional information subsequently becomes known to you, your attorneys, investigators, or other agents acting on your behalf.

/s/: *Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm ID #21683

FILED DATE: 8/28/2025 5:54 PM 2025L003833

SEL/MRG/dah 04/29/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v.

CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,

Defendants.

No. 2025 L 003833

PLAINTIFF'S SUPREME COURT RULE 213 INTERROGATORIES PROPOUNDED TO DEFENDANT, CITIBANK, N.A.

Plaintiff, JANE DOE NO. 2, by her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., propounds the Defendant, CITIBANK, N.A., to answer the following Interrogatory within twenty-eight (28) days from receipt thereof:

1. Provide the name and address of each witness who will testify at trial and all other information required for each witness, and delineate each witness in the following categories:

213f1 LAY WITNESSES

213f2 INDEPENDENT EXPERT WITNESSES

213f3 CONTROLLED EXPERT WITNESSES

ANSWER:

2. For each medical care provider listed above as an F1 or F2 witness, please state whether they will testify to any conversations with anyone not reflected in the medical records, and if so, state when the conversation occurred, what date(s) the conversation occurred, and what was said during the conversation.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

For each medical care provider listed above as an F1 or F2 witness, please further state whether each witness will testify to any facts or information not contained in the medical records previously supplied in this case. If so, state what the facts or information is that is not contained in the medical records, the origin of such information, the date the information was acquired and list any other person with knowledge of that information.

ANSWER:

Pursuant to Supreme Court Rule 213F, you have a duty to seasonably supplement or amend your answer to this Interrogatory whenever new or additional information subsequently becomes known to you, your attorneys, investigators or other agents acting on your behalf.

________/s/: *Michael R. Graf* ________________
Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 8/28/2025 5:54 PM 2025L003833

SEL/MRG/dah 04/29/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2025 L 003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., | ) | |
| CITIGROUP, INC., a corporation, and | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, CITIBANK, N.A.**

Plaintiffs, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and pursuant to Supreme Court Rule 214, request is made to Defendant, CITIBANK, N.A., to produce the originals of the following items no later than twenty-eight (28) days from now together with any transcripts, memoranda or records purporting to reflect but not to evaluate the same, for inspection, examination and copying at 180 N. LaSalle Street, Suite 2640, Chicago, IL 60601.

1. All documents identified in your Answers to Interrogatories

2. The full and complete personnel file of former employee, MARCUS JACKSON, including but not limited to applications, employment history, job performance evaluations, certifications, job assignments, resignation papers, and medical documents.

3. The full and complete disciplinary file of MARCUS JACKSON, including but not limited to complaints, investigations, statements, reprimands, warnings, suspensions, terminations and/or findings.

4. Any and all documents generated during the regular course of business as a result of the occurrence including, but not limited to internal reports, investigative reports, witness statements, memorandums, and/or emails.

5. Any and all documents generated during the regular course of business as a result of MARCUS JACKSON's abuse of JANE DOE, NO. 2, including but not limited to internal reports, investigative reports, witness statements, memorandums, and/or emails.

6. Any and all documents generated during the regular course of business as a result of MARCUS JACKSON suspected grooming behavior and/or inappropriate behavior with any other persons, including employees, customers of CITIBANK, N.A.

7. The CITIBANK, N.A. employee handbook in effect at the time of the occurrence.

8. The CITIBANK N.A. Employee Code of Conduct and/or employee discipline code in effect at the time of the occurrence.

9. Any policies, procedures, manuals, rules, regulations, and/or directives describing or referring to the hiring process of employees in effect at the time MARCUS JACKSON was hired.

10. Any policies, procedures, manuals, rules, regulations and/or directives describing or referring to grooming behavior, inappropriate relations between employees and customers, and sexual abuse in effect at time of occurrence.

11. List of all employees, managers and branch managers, assigned to the Kenwood Branch of CITIBANK N.A. located at 1310 East 47th Street, Chicago, Illinois, during the years that MARCUS JACKSON was employed there including their full names, dates of employment, course(s) taught, telephone numbers and addresses.

12. An organizational chart of CITIBANK NA, Kenwood Branch for the years MARCUS JACKSON was an employee identifying the hierarchy, job titles, and the name of each employee.

13. All video recordings of MARCUS JACKSON with JANE DOE, NO. 2.

14. The CITIBANK N.A. training manuals in effect at the time of the incident.

15. Any policy of professional liability insurance, general liability insurance, personal insurance or business insurance which may cover you in any way for the occurrence referred to in the complaint, including:

    a. carrier's name, principal place of business and telephone number;
    b. policy number;
    c. named insured;
    d. additional insured(s);

FILED DATE: 8/28/2025 5:54 PM 2025L003833

e. limits of coverage for each person and each occurrence;
f. any deductible or aggregate limit for time period of this occurrence;
g. effective dates;
h. complete name, address and telephone number of broker who procured policy; and
i. complete name, address and telephone number of agent who procured policy.

16. Any policy of excess umbrella insurance which may cover you in any way for the occurrence referred to in the complaint, including:

a. carrier's name, principal place of business and telephone number;
b. policy number;
c. named insured;
d. additional insured(s);
e. limits of coverage for each person and each occurrence;
f. any deductible or aggregate limit for time period of this occurrence;
g. effective dates;
h. complete name, address and telephone number of broker who procured policy; and
i. complete name, address and telephone number of agent who procured policy.

17. Any policy of coinsurance or reinsurance which may cover you in any way for the occurrence referred to in the complaint, including:

a. carrier's name, principal place of business and telephone number;
b. policy number;
c. named insured;
d. additional insured(s);
e. limits of coverage for each person and each occurrence;
f. any deductible or aggregate limit for time period of this occurrence;
g. effective dates;
h. complete name, address and telephone number of broker who procured policy; and
i. complete name, address and telephone number of agent who procured policy.

18. Any policy of self insurance which may cover you in any way for the occurrence referred to in the complaint, including:

a. carrier's name, principal place of business and telephone number;
b. policy number;
c. named insured;
d. additional insured(s);

FILED DATE: 8/28/2025 5:54 PM 2025L003833

- e. limits of coverage for each person and each occurrence;
- f. any deductible or aggregate limit for time period of this occurrence;
- g. effective dates;
- h. complete name, address and telephone number of broker who procured policy; and
- i. complete name, address and telephone number of agent who procured policy.

19. Any and all statements taken by anyone from MARCUS JACKSON and JANE DOE, NO. 2, regarding the incident.

20. The CITIBANK N.A. Handbook, Rules and/or Responsibilities given to branch managers or branch managers concerning employee disputes or employee misconduct.

21. Any and all investigative files.

22. An affidavit stating the production is complete.

Pursuant to Supreme Court Rule 213 (1) you have a duty to seasonably supplement or amend your answers to these Interrogatories whenever new or additional information subsequently becomes known to you, your attorneys, investigators or other agents acting on your behalf.

/s/ *Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm ID #21683

FILED DATE: 8/28/2025 5:54 PM 2025L003833

SEL/MRG/dah 04/29/2025 #23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,
Defendants.

No. 2025 L 003833

**NOTICE TO PRODUCE AT TRIAL**
**PURSUANT TO SUPREME COURT RULE 237 TO DEFENDANT, CITIBANK, N.A.**

The plaintiff, JANE DOE, NO. 2, by his attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C. hereby gives notice to Defendant, CITIBANK, N.A. to produce prior to any opening statements, pursuant to Illinois Supreme Court Rule 237, the following:

a) Any and all reports, resumes, wire tape recordings or movies taken of the plaintiff, including but not limited to transcriptions of statements taken by court reporters, electronic recorders or moving picture equipment relating directly or indirectly to the plaintiff's condition of health prior, during and subsequent to the occurrence, his employment, the circumstances surrounding the occurrence and any prior or subsequent accidents, including claims, notices, suits or settlements;

b) Any and all medical, hospital, drug, therapeutic, clinical reports, including but not limited to nurses notes, physician's orders, patient histories, x-rays, pathological, operative, emergency, physician's officer records and x-ray reports, insurance claim applications, claim forms, physical examinations, and any social security records;

c) Any and all employment records of the plaintiff, including but not limited to applications for employment, letters of reference, evaluation reports, time recordings and medical reports and medical claim records, together with federal and state income tax returns;

d) Any and all photographs of the plaintiff, individuals present before, during or after the occurrence; the instrumentalities involved in the occurrence; and any other

FILED DATE: 8/28/2025 5:54 PM 2025L003833

individual related directly to or indirectly to the allegations in the Complaint;

e) Any and all reports, resumes, statements, including but not limited to transcriptions of court reporter statements, electronic recordings, or moving picture equipment of any individual present before, during or after the occurrence alleged in the Complaint or any individual who knows or has information relating to the allegations in the Complaint;

f) The originals of any and all documents produced by you in response to any document request previously made in this case;

g) Any of your employees, agents or parties who were deposed in this case;

h) The defendant who you represent if an individual and, if not, a corporate representative with the greatest knowledge of the facts of this occurrence who has the authority to speak for this defendant.

i) Any and all models, diagrams, photographs, motion pictures, slides, graphs, charts, drawings, demonstrative exhibits or demonstrative evidence of any type which might be utilized at the time of trial or introduced by this defendant in this case.

j) Any and all articles, paper, text, deposition, trial transcripts, encyclopedia, abstracts, journals, textbooks, or other forms of records, medical records or economic literature, which might be used when examining any witness during direct or cross-examination, including expert witnesses, at the trial herein. State the author, publisher, date of publication, edition, chapter, page and all other identifying information as to each said items. Alternatively, provide a list identifying same by name, author and date.

k) Any and all rules, regulations, statutes, standards or guidelines of any public authority which might be used when examining any witness during direct or cross-examination, including expert witnesses, at the trial herein.

l) Any and all deposition transcripts, transcripts of courtroom testimony, or writings or a list thereof, which might be used at trial or when cross-examining any witness during direct or cross-examination, including expert witnesses, at the trial herein.

m) A list identifying all medical literature, and each and every article, paper, text, encyclopedia or other document or material which any attorney or any experts may use during trial, or which any expert has used or consulted with respect to any opinion, and state the author, publisher, date of publication, edition, chapter, page and all other identifying information as to each said item.

n) All statements, original report (oral or written), and depositions of treating, non-treating or retained opinion witness who will or may testify at the trial with regard to either damages or liability.

o) Regarding each witness identified in response to the above, please produce the

FILED DATE: 8/28/2025 5:54 PM 2025L003833

following:

(1) Each and every witness report, opinion, correspondence, etc., which has been drafted in whole or in part by said expert relating to this lawsuit;

(2) Each and every document or item of billing regarding work performed by said witness;

(3) Each and every item or correspondence, memoranda, and/or document or thing provided to said witness by the plaintiffs or plaintiffs' attorneys or agent concerning this lawsuit;

(4) Each and every model, exhibit, depiction, photograph, film, drawing, blueprint, code, standard, government standard, book, article, plan medical record and/or any other document or thing upon which said witness relied or consulted when formulating opinions with regard to this lawsuit;

(5) Each and every model, exhibit, depiction, photograph, film, drawing, blueprint, code, standard, government standard, book, article, plan medical record and/or any other document or thing upon which said witness will rely in giving testimony at the trial of this cause; and

(6) Each and every such witness resume or Curriculum Vitae.

p) Copies of all professional writings authorized by or contributed to by the opinion and/or expert witnesses of plaintiff or defendants, including but not limited to experts and treating physicians.

q) The list identifying the number of cases in which your opinion or expert witnesses have consulted, testified via deposition or at trial, on your behalf or on your client(s) behalf; including the names and addresses of the attorneys for the plaintiff and defendants.

r) Copies of any and all deposition and trial testimony in which your opinion or other retained expert witnesses have testified.

s) Copies of any and all deposition and trial testimony given by your expert witnesses in any other case.

t) Originals of each and every item called for in any request or notice to produce, interrogatories or other discovery issued with request to this lawsuit, whether or not said item was previously produced.

u) Each and every diary, calendar, memorandum, list or other writing or material, regarding any of plaintiff's activities or condition, physical or emotional, and any contact had with any defendant, including any employee or associate during and since the time at issue in this lawsuit.

v) Originals of any and all studies prepared by or at the direction of any other doctors, hospitals, services or organizations which purport to evaluate plaintiff's past health

FILED DATE: 8/28/2025 5:54 PM 2025L003833

in any way.

w) Any and all statements of any and all witnesses pertaining to the treatment of plaintiff(s).

x) Any and all correspondence to and/or from any (occurrence or post-occurrence) treating physicians or other healthcare providers, employers or medical representatives of plaintiff.

y) Any times of physical or demonstrative evidence not heretofore produced that any defendant may use at the time of trial, and any other item, document, matter or material not heretofore requested, that plaintiff may use at the time of trial for purposes of impeachment.

z) Any and all trial deposition transcripts of plaintiff's experts in the possession of defendant(s) or their counsel taken in any matter or proceeding.

aa) Each and every statute, ordinance, rule, regulation, by-law, standard, hospital policy, hospital procedure, hospital directive or other guideline of any federal, state or local government-affiliated organization, or of any professional, licensing or review authority which any witness may use at trial. (State the identifying citation as to each such item). Alternatively, provide a list identifying same by name, author and date.

bb) Any updated information regarding defendants' expert witnesses and anyone relating to this lawsuit, including updated curriculum vitae, correspondence, notes, billing, documents, etc.

___*/s/: Michael R. Graf*________
Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 4

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

JANE DOE NO. 2,
Plaintiff(s)

V.

CITIBANK, N.A., et al.
Defendant(s)

Case No: 2025-L-003833
Calendar Z Courtroom 2204

# BRIEFING SCHEDULE

**THIS CAUSE** coming on for hearing on the motion of Plaintiff/Defendant Citibank, N.A. for Section 2-615 Motion to Dismiss due notice having been given, and the court being otherwise fully advised in the premises :

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ______ days or by June 16, 2025: 4231
2. Respondent shall respond by July 14, 2025. 4231
3. Movant shall reply by July 30, 2025. 4231
4. The movant must provide the Court at clerk's ~~[illegible]~~ July 31 2025, 20____ at **9:00a.m** with a **COMPLETE** set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: ~~4217~~ 4374
5. This matter is set for **Case Management** on August 21 & Ruling 2025 at 9:30 a.m/p.m 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ____________, 20____ at ________am/pm is stricken and reset to ____________, 20______ at __________ am/pm.
9. OTHER D Jackson has 28 days to appear, answer, and or otherwise plead

ENTERED
Judge Stephanie Saltouros-2161
MAY 13 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name: Andrew Rosenman (Mayer Brown LLP)
Attorney Number: 6230148
Attorney for: Citibank, N.A.
Address/City/State: 71 S. Wacker Dr.
Telephone: 312-782-0600

Entered: ______________________________
, Circuit Court Judge

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 5

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE No. 2, Plaintiff

v.

CITIBANK, N.A., et al., Defendants

No. 2025-L-003833

ORDER

This case coming before the Court on June 25, 2025, and counsel for Plaintiff and Citibank, N.A. being present, it is hereby ordered that the case is continued to July 29, 2025 at 9:30 for purposes of setting a briefing schedule on Citibank's motion to dismiss under Section 2-615, and for status on the scope of the limited discovery permitted by the Court. 4619

ENTERED
Judge Stephanie Saltouros-2161
JUN 25 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6230148
Name: Andrew Rosenman
Atty. for: Citibank, N.A.
Address: Mayer Brown LLP, 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 312-782-0600

ENTERED:

Dated: ______, ______

Stephanie D. Saltouros
Judge Judge's No.

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 6

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE, Plaintiff

v.

CITIBANK, N.A., et al, Defendants.

No. 2025-L-001601

ORDER

This case coming before the Court on June 25, 2025 and counsel for Plaintiff and Citibank, N.A. being present, it is hereby ordered as follows:

(1) the Court grants Plaintiff's motion to reconsider and permits limited discovery needed to respond to the 4/28/25 motion to dismiss;

(2) the case is continued to July 29, 2025 at 9:30 for the 4/16/19 purposes of setting a briefing schedule on Citibank's motion to dismiss under Section 2-615, and for status on the scope of the limited discovery permitted by the Court.

ENTERED
Judge Stephanie Saltouros-2161
JUN 25 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6230148
Name: Andrew Rosenman
Atty. for: Citibank, N.A.
Address: Mayer Brown LLP, 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 312-782-0600

ENTERED:

Dated: ________, ____

Stephanie D. Saltouros

Judge Judge's No.

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 7

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**Archived:** Thursday, August 28, 2025 1:09:20 PM
**From:** Orelo, Sofia B.
**Mail received time:** Tue, 1 Jul 2025 18:12:01
**Sent:** Tue, 1 Jul 2025 18:12:01
**To:** Michael Graf
**Cc:** Rosenman, Andrew S. charlesmarcus303@gmail.com
**Subject:** Jane Doe No. 2 v Citibank, N.A. - Protective Order
**Importance:** Normal
**Sensitivity:** None
**Attachments:** Doe 2 v. Citi - Stipulated Confidentiality Agreement and Protective Order(1750693158_2).docx

---

Mike,

Please see attached a draft protective order for the *Jane Doe No 2. v. Citibank, N.A.* matter. Let us know at your earliest convenience if it is agreeable to you or if you have any edits.

Best,
Sofia

**Sofia Orelo**
*Litigation Associate*
*Pronouns: She/her*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606-4637 United States of America
T +1 312 701 8026
Email address sorelo@mayerbrown.com

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 8

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**From:** Orelo, Sofia B.
**Sent:** Wednesday, July 2, 2025 2:09 PM
**To:** 'Michael Graf'
**Cc:** Rosenman, Andrew S.; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

Mike,

The POs for both cases will be nearly identical. Once we receive your feedback on this draft, we will circulate drafts for both matters.

Best,
Sofia

---

**From:** Michael Graf <mgraf@logganslaw.com>
**Sent:** Wednesday, July 2, 2025 12:01 PM
**To:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

**CAUTION: External Email -** Only click on contents you know are safe.

In as much as the judge also granted limited discovery on Jane Doe 1, will you be sending a separate Protective Order for that case as well?

Mike Graf

Please "reply all" when responding to this email so that your communication reaches our file.

MICHAEL R GRAF | ATTORNEY AT LAW
SUSAN E LOGGANS & ASSOCIATES, P.C.
o. 312-201-8600 | f. 312-201-1180
180 N LASALLE STREET | SUITE 2640
CHICAGO | ILLINOIS | 60601
WWW.LOGGANSLAW.COM

==========================================================================================
==========================================================

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies

---

**From:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Sent:** Tuesday, July 1, 2025 6:12 PM
**To:** Michael Graf <mgraf@logganslaw.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** Jane Doe No. 2 v Citibank, N.A. - Protective Order

FILED DATE: 8/28/2025 5:54 PM 2025L003833

⚠ This email originated from outside Loggans Law. Be cautious with links and attachments.

Mike,

Please see attached a draft protective order for the *Jane Doe No 2. v. Citibank, N.A.* matter. Let us know at your earliest convenience if it is agreeable to you or if you have any edits.

Best,
Sofia

___

**Sofia Orelo**
*Litigation Associate*
*Pronouns: She/her*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606-4637 United States of America
T +1 312 701 8026
Email address sorelo@mayerbrown.com

___

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 9

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**From:** Orelo, Sofia B.
**Sent:** Thursday, July 10, 2025 1:27 PM
**To:** 'Michael Graf'
**Cc:** Rosenman, Andrew S.; 'charlesmarcus303@gmail.com'
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

Mike,

I am following up to see if you have any edits or comments on the draft protective order. Additionally, can you let us know whether you will be re-noticing the depositions of Mr. Jackson in the Doe 1 and Doe 2 matters? We understand that an attorney represented him at the last hearing, but we have not seen an appearance come through on the system.

Regards,
Sofia

---

**From:** Orelo, Sofia B.
**Sent:** Wednesday, July 2, 2025 2:09 PM
**To:** 'Michael Graf' <mgraf@logganslaw.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

Mike,

The POs for both cases will be nearly identical. Once we receive your feedback on this draft, we will circulate drafts for both matters.

Best,
Sofia

---

**From:** Michael Graf <mgraf@logganslaw.com>
**Sent:** Wednesday, July 2, 2025 12:01 PM
**To:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

**CAUTION: External Email -** Only click on contents you know are safe.

In as much as the judge also granted limited discovery on Jane Doe 1, will you be sending a separate Protective Order for that case as well?

Mike Graf

Please "reply all" when responding to this email so that your communication reaches our file.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

MICHAEL R GRAF | ATTORNEY AT LAW
SUSAN E LOGGANS & ASSOCIATES, P.C.
o. 312-201-8600 | f. 312-201-1180
180 N LASALLE STREET | SUITE 2640
CHICAGO | ILLINOIS | 60601
WWW.LOGGANSLAW.COM

==========================================================================================================================================================
This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies

---

**From:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Sent:** Tuesday, July 1, 2025 6:12 PM
**To:** Michael Graf <mgraf@logganslaw.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** Jane Doe No. 2 v Citibank, N.A. - Protective Order

⚠ This email originated from outside Loggans Law. Be cautious with links and attachments.

Mike,

Please see attached a draft protective order for the *Jane Doe No 2. v. Citibank, N.A.* matter. Let us know at your earliest convenience if it is agreeable to you or if you have any edits.

Best,
Sofia

**Sofia Orelo**
*Litigation Associate*
*Pronouns: She/her*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606-4637 United States of America
T +1 312 701 8026
Email address sorelo@mayerbrown.com

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**From:** Rosenman, Andrew S.
**Sent:** Thursday, July 24, 2025 3:02 PM
**To:** Michael Graf
**Cc:** Orelo, Sofia B.; Rosenman, Andrew S.; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

Mike,

We still have not heard if you have any proposed changes to the draft of the protective order that Sofia circulated on July 1. Please let us know if you have any proposed changes or whether we can submit it as an agreed order. Mr. Jackson, if you too have any comments, please let us know.

Thanks.
Andy

**Andrew S. Rosenman**
*Partner and Co-Chair, Employment Litigation and Counseling Practice*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 8744 | M +1 312 259 6333
arosenman@mayerbrown.com
LinkedIn | Twitter
mayerbrown.com
Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

**From:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Sent:** Thursday, July 10, 2025 1:27 PM
**To:** Michael Graf <mgraf@logganslaw.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

Mike,

I am following up to see if you have any edits or comments on the draft protective order. Additionally, can you let us know whether you will be re-noticing the depositions of Mr. Jackson in the Doe 1 and Doe 2 matters? We understand that an attorney represented him at the last hearing, but we have not seen an appearance come through on the system.

Regards,
Sofia

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**From:** Orelo, Sofia B.
**Sent:** Wednesday, July 2, 2025 2:09 PM
**To:** 'Michael Graf' <mgraf@logganslaw.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

Mike,

The POs for both cases will be nearly identical. Once we receive your feedback on this draft, we will circulate drafts for both matters.

Best,
Sofia

**From:** Michael Graf <mgraf@logganslaw.com>
**Sent:** Wednesday, July 2, 2025 12:01 PM
**To:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** RE: Jane Doe No. 2 v Citibank, N.A. - Protective Order

**CAUTION: External Email -** Only click on contents you know are safe.

In as much as the judge also granted limited discovery on Jane Doe 1, will you be sending a separate Protective Order for that case as well?

Mike Graf

Please "reply all" when responding to this email so that your communication reaches our file.

MICHAEL R GRAF | ATTORNEY AT LAW
SUSAN E LOGGANS & ASSOCIATES, P.C.
o. 312-201-8600 | f. 312-201-1180
180 N LASALLE STREET | SUITE 2640
CHICAGO | ILLINOIS | 60601
WWW.LOGGANSLAW.COM

=====================================================================================================================================================

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies

**From:** Orelo, Sofia B. <SOrelo@mayerbrown.com>
**Sent:** Tuesday, July 1, 2025 6:12 PM
**To:** Michael Graf <mgraf@logganslaw.com>
**Cc:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; charlesmarcus303@gmail.com
**Subject:** Jane Doe No. 2 v Citibank, N.A. - Protective Order

⚠ This email originated from outside Loggans Law. Be cautious with links and attachments.

Mike,

FILED DATE: 8/28/2025 5:54 PM 2025L003833

Please see attached a draft protective order for the *Jane Doe No 2. v. Citibank, N.A.* matter. Let us know at your earliest convenience if it is agreeable to you or if you have any edits.

Best,
Sofia

______________________________________________________________________________

**Sofia Orelo**
*Litigation Associate*
*Pronouns: She/her*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606-4637 United States of America
T +1 312 701 8026
Email address sorelo@mayerbrown.com

______________________________________________________________________________

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 10

FILED DATE: 8/28/2025 5:54 PM 2025L003833

SEL/MRG/dah 08/12/2025 #23-040 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., a corporation, and<br>MARCUS C. JACKSON,<br><br>Defendants. | ) | No. 2025 L 001601 |

**PROOF OF SERVICE**

TO: Andrew S. Rosenman – arosenman@mayerbrown.com
Sofia B. Orelo – sorelo@mayerbrown.com
Marcus Jackson – charlesmarcus303@gmail.com

I, Deborah A. Hecimovich, served the attached on Defendant: Citibank N.A.

I served the attached:

- Plaintiff's Notice of Depositions

by e-mailing a copy to the above-mentioned attorneys at the email addresses shown above on the 12th day of August, 2025.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: August 12, 2025

_/s/ *Deborah A. Hecimovich*__
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 8/28/2025 5:54 PM 2025L003833

SEL/MRG/dah 08/12/2025 #23-040 #21683

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2025 L 001601 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., a corporation, and MARCUS C. JACKSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION

TO: Andrew S. Rosenman – arosenman@mayerbrown.com
Sofia B. Orelo – sorelo@mayerbrown.com
Marcus Jackson – charlesmarcus303@gmail.com

PLEASE TAKE NOTICE that on the 12th day of September, 2025, the discovery deposition will be taken of the person(s) named on the date and hour specified below before a Notary Public pursuant to the Civil Practice Act and the Rules of the Supreme Court at which time and place you may appear if you desire.

NAME: Stephanie Flemister
Ricardo Carrillo

DATE: September 12, 2025

HOUR: 1:00 p.m. and 3:00 p.m.

LOCATION: 180 North LaSalle Street, Suite 2640
Chicago, IL 60601

This is a request upon: Mayer Brown LLP to produce the above-named individual(s) for deposition.

*/s/: Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: 9/5/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
8/28/2025 5:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34229269

FILED DATE: 8/28/2025 5:54 PM 2025L003833

# EXHIBIT 11

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**From:** Rosenman, Andrew S.
**Sent:** Monday, August 25, 2025 5:00 PM
**To:** Michael Graf; Debbie Hecimovich
**Cc:** Rosenman, Andrew S.; Orelo, Sofia B.; Charles Jackson
**Subject:** RE: Notice of Depositions: Doe vs. Citibank, et al.,

Mike,

These deposition notices were never authorized by the Court at this stage. So, please let us know by the close of business on Wednesday whether you agree to withdraw these notices. At no point—in any written order or during any court hearing—did Judge Saltouros indicate that you are permitted to take any depositions as part of the limited discovery that she is permitting before briefing on Citibank's forthcoming motions to dismiss in each case. Indeed, your motion to reconsider the stay of discovery in Doe 1 and your motion to compel discovery in Doe 2 never even *asked* for permission to take depositions. If you do not agree to withdraw these notices before the close of business on Wednesday, we will include this issue in the motion for protective order that we will be filing with the Court. We look forward to your timely response.

Regards,
Andy

___________________________________________
**Andrew S. Rosenman**
*Partner and Co-Chair, Employment Litigation and Counseling Practice*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 8744 | M +1 312 259 6333
arosenman@mayerbrown.com
LinkedIn | Twitter
mayerbrown.com
Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

**From:** Debbie Hecimovich <dhecimovich@logganslaw.com>
**Sent:** Tuesday, August 12, 2025 2:35 PM
**To:** Rosenman, Andrew S. <ARosenman@mayerbrown.com>; Orelo, Sofia B. <SOrelo@mayerbrown.com>; Charles Jackson <charlesmarcus303@gmail.com>

FILED DATE: 8/28/2025 5:54 PM 2025L003833

**Cc:** Michael Graf <mgraf@logganslaw.com>
**Subject:** Notice of Depositions: Doe vs. Citibank, et al.,

**CAUTION: External Email -** Only click on contents you know are safe.

Counsel:

Please provide the availability for the depositions of Stephanie Flemister and Ricardo Carrillo. Thank you!

Debbie Hecimovich

Please “reply all” when responding to this email so that your communication reaches our file.

DEBORAH A HECIMOVICH | LEGAL ASSISTANT
p. 312-201-8600 | f. 312-201-1180
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LASALLE STREET | SUITE 2640
CHICAGO | ILLINOIS | 60601
WWW.LOGGANSLAW.COM
SERVICE EMAIL: thefirm@logganslaw.com

================================================================================
This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

FILED
8/29/2025 9:04 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
34232274

FILED DATE: 8/29/2025 9:04 AM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v.

CITIBANK, N.A., and
MARCUS C. JACKSON

Defendants.

Case No. 2025-L-003833

Judge Stephanie D. Saltouros

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 4, 2025 at 9:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before Honorable Judge Stephanie D. Saltouros, or any judge sitting in her stead, in Courtroom 2204 at the Richard J. Daley Center in Chicago, Illinois, and then and there present **Defendant Citibank, N.A.'s Motion for Entry of Protective Order**, a copy of which is attached hereto and is hereby served upon you.

DEFENDANT CITIBANK, N.A.

Dated: August 29, 2025

By: *Andrew Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
Firm ID: 43948
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 8/29/2025 9:04 AM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 29th day of August 2025 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION FOR ENTRY OF PROTECTIVE ORDER** to be served on counsel for Plaintiff Jane Doe No. 2 via the Court's electronic filing system and on Defendant Marcus C. Jackson by first-class mail as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619

*/s/ Sofia Orelo*
Sofia Orelo

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A., et al.

No. 2025-L-003833

ORDER

This matter coming before the Court for a status conference and for hearing on Citibank's motion for protective order, and counsel for Plaintiff and Citibank being present, it is hereby ordered that Citibank's motion for protective order is granted. This matter is continued for a further status 4/6/19 conference on October 9, 2025 at 9:00 a.m. The parties reported that Plaintiff agreed to withdraw the deposition notices referenced in Citibank's 4201 motion. A briefing schedule on Citibank's motion to dismiss will be set on October 9.

Attorney No.: 6230148
Name: Andrew Roseman
Atty. for: Citibank, N.A.
Address: Mayer Brown LLP, 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 312-701-8744

ENTERED
Judge Stephanie Saltouros-2161
SEP 04 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTERED:

Dated: ,

Stephanie D. Saltouros
Judge Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe No. 2
v.
Citibank, N.A, et al.

No. 2025-L-003833

ORDER

This case before the court for a status conference on october 9, 2025, and counsel for Plaintiff and citibank being present, Citibank's request for entry of a protective order as entered for the reasons previously articulated on September 7, 2025. This case is continued for status conference on November 12, 2025 at 9:30 am for setting a briefing schedule on citibank's 2-615 motion to dismiss.

ENTERED
Judge Stephanie Saltouros-2161
OCT 09 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6342678
Name: Sofia Orelo
Atty. for: Citibank, N.A
Address: 71 S. Wacker Dr.
City/State/Zip: Chicago, IL 60606
Telephone: 312 ~~8~~ 701 8026

ENTERED:

Dated: ______________, ______

Judge Judge's No.

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

CITIBANK, N.A., and
MARCUS C. JACKSON,

Defendants.

Case No. 2025-L-003833

Judge Stephanie D. Saltouros

**[redacted] PROTECTIVE ORDER**

Pursuant to Illinois Supreme Court Rule 201(c)(1):

IT IS HEREBY ORDERED THAT:

**1. Scope.**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Illinois Supreme Court Rules on matters of procedure and calculation of time periods. Plaintiff Jane Doe No. 2 and Defendant Citibank, N.A. (collectively, the "parties", and individually, "party") are bound by this Order. For purposes of this Order, the term "party" also shall include any non-parties who may be subpoenaed and who provide documents, deposition testimony and/or other information in response to any such subpoenas.

**1. Confidential Information.**

As used in this Order, "Confidential Information" means documents, data, information, discovery responses and/or testimony, whether in hard copy, electronic form or some other



1753309734.1

recording medium, that has been designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by the producing party and that falls within one or more of the categories discussed below.

(A) A party may designate as "CONFIDENTIAL" any of the following materials: (1) information prohibited from disclosure by statute; (2) information that reveals trade secrets; (3) research, technical, commercial or financial information that the party has maintained as confidential; (4) medical or PHI information under HIPAA (as defined below) concerning any individual; (5) personnel or employment records of a person who is not a party to the case; or (6) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms.

(B) A party may designate as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" any Confidential Information that is of a highly sensitive nature and the disclosure of which could result in significant harm to the business or operations of the Party or an individual. "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" material must contain sensitive, nonpublic, proprietary business or personal information such as: (1) customer names; (2) private, personal information about individuals who are not parties in the litigation; (3) internal investigations and disciplinary records related to non-parties; and (4) other non-public and/or proprietary information that a party in good faith believes should be designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

**2. Designation.**

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic

images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**3. Depositions.**

Unless all parties agree otherwise, all deposition testimony taken in this case shall be treated as Confidential Information until 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall not, however, waive any designation of testimony taken in that deposition as Confidential Information, subject to the other terms of this Order.

**4. Protection of Confidential Material.**

**(A) General Protections.**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (B) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(B) Disclosures of Information Designated as "CONFIDENTIAL."**

The parties and counsel for the parties shall not disclose or permit the disclosure of any material designated "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (i)-(x). Subject to these requirements, the following categories of persons may be allowed to review material designated "CONFIDENTIAL":

i. The Court and its personnel;

ii. Counsel for the parties and employees of counsel who have responsibility for the action;

iii. Parties to the litigation and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed, and the information is not designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY";

iv. Court reporters and recorders engaged for depositions;

v. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A hereto, which is an Acknowledgment and Agreement to Be Bound;

vii. During their depositions, witnesses in this action to whom disclosure of Confidential Information is reasonably necessary. Witnesses shall not retain a copy of any exhibit marked "CONFIDENTIAL," except witnesses may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses shall destroy those copies. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "CONFIDENTIAL" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix. Mediators and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all parties; and

x. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(C) Disclosures of Information Designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."**

Material designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" may be disclosed only to the following persons:

i. The Court and its personnel;

ii. The outside attorneys of record for the parties in the litigation;

iii. Members of the staff of the outside attorneys of record for the parties (including secretaries and other employees as well as paralegals, law clerks, and similar persons working under contract for, and under the supervision of, said attorneys);

iv. Court reporters and recorders engaged for depositions;

v. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A hereto;

vi. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A hereto;

vii. The author, sender or recipient of the document (not including a person who received the document in the course of litigation);

viii. Mediators. Mediators and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all parties; and

ix. Others by Consent. Any other person agreed to by the parties in writing or as allowed by the Court.

**(D) Control of Documents.**

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**5. Inadvertent Failure to Designate.**

An inadvertent failure to designate a document or deposition testimony as Confidential Information does not, standing alone, waive the right to so designate the document or deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document or deposition testimony is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**6. Filing of Confidential Information.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file under seal any document(s) designated as Confidential Information must comply with applicable rules of the Court.

**7. No Greater Protection of Specific Documents.**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**8. Challenges by a Party to Designation as Confidential Information.**

The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(A) Meet and Confer.** A party challenging the designation of Confidential Information (including any designation as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY") must do so in good faith and must begin the process by conferring directly with counsel for the designating party in person or by telephone, pursuant to Illinois Supreme Court Rule 201(k). In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(B) Judicial Intervention.** In the event that the meet-and-confer process set forth in subsection (A) does not resolve the dispute, unless otherwise agreed by the parties in writing, either party must initiate the process by notifying the court no later than 14 calendar days after the parties complete their meet-and-confer discussion. If neither party initiates the process within that 14-day period, the designation that is the subject of the parties' dispute shall be deemed waived by the designating party. The burden of persuasion in any dispute over the designation of Confidential Information shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as designated—either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"— under the terms of this Order.

**9. Action by the Court.**

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be filed in accordance with the rules of this Court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**10. Protected Health Information**

For the purposes of this Order, "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at Titles 29 and 42 of the U.S Code. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 and 164. Protected health information, or "PHI," shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103. PHI includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. The Parties will not use or disclose the PHI that is produced in this Litigation for any other purpose or in any other proceeding. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

**11. Use of Confidential Documents or Information at Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention at least five (5) business days prior to said hearing or trial by motion or in a pretrial memorandum without disclosing the Confidential Information.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(A) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(B) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(C) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Obligations on Conclusion of Litigation.**

(A) **Order Continues in Force.**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(B) **Obligations at Conclusion of Litigation.**

Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "CONFIDENIAL - OUTSIDE COUNSEL ONLY" under this Order, including copies as defined in Paragraph 3 above, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(C) **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**14. Order Subject to Modification.**

This Order shall be subject to modification by the Court on its own initiative or on granting of a motion of a party or any other person with standing concerning the subject matter.

**15. No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or

the parties is entitled to protection under Illinois Supreme Court Rule 201(c)(1) or otherwise until such time as the Court may rule on a specific document or issue.

**16. Persons Bound.**

The parties hereby agree to abide by the terms of this Order during any interim period prior to its entry and shall continue to abide by its terms after its entry, absent a contrary order of the Court. This Order shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

It is so **ORDERED**.

Dated: ______________________

Stephanie D. Saltouros

**JUDGE**

ENTERED
Judge Stephanie Saltouros-2161
OCT 09 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL



1753309734.1

**ATTACHMENT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

The undersigned hereby acknowledges that he/she has read the Protective Order entered by the Court in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Circuit Court of Cook County, Illinois in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Printed Name:________________________________

Signature:___________________________________

Job Title:____________________________________

Business Address:__________________________________________________

Date:________________

 4:30 # 15

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe NO. 2

v.

Citibank et al.

No. 25-L-003833

ORDER

This matter coming before the court on November 12, 2025, counsel for Plaintiff and citibank being heard, and the court being fully advised in the premises, this matter is continued to December 2, 2025 at 9:00 a.m. for a further status conference.

4619

ENTERED
Judge Stephanie Saltouros-2161
NOV 12 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6342678
Name: Sofia Orelo
Atty. for: Citibank, N.A
Address: 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 3127018026

ENTERED:

Dated: ______ , ______

Stephanie D. Saltouros
Judge Judge's No.

 3

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2,

v.

CITIBANK, N.A., et al.

No. 2025-L-003833

ORDER

This matter coming before the Court for a status conference on December 2, 2025, counsel for Plaintiff and Citibank being present, and the Court being fully advised in the premises,
2409 it is hereby ordered that this matter is continued to January 23, 2026 at 9:30 a.m. for a status conference and briefing schedule on Citibank's motion to dismiss. In the meantime, Plaintiff
2051 may take limited depositions of Defendant Marcus Jackson and the three other individuals referenced in counsel's December 1, 2025 e-mail. The depositions shall be limited to the foreseeability of the alleged assault.

ENTERED
Judge Stephanie Saltouros-2161
DEC 02 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney No.: 6230148
Name: Andrew Rosenman
Atty. for: Citibank
Address: Mayer Brown, 71 S. Wacker
City/State/Zip: Chicago, IL 60606
Telephone: 312-782-0600

ENTERED:

Dated: ______________, ______

Stephanie D. Saltouros
Judge Judge's No.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT, LAW DIVISION**

**MOTION CALL Z ROOM 2204**

Doe ,
Plaintiff

V. Case no. 2025 L 3833

Citi bank ,
Defendant

**ROOM 2204 CONTINUANCE ORDER**

This matter coming before the court

____Regular CMC ____Focused CMC X Motion Crts

IT IS HERE BY ORDERED:
Matter is continued to 01/30/26 at 10 A.M. in ROOM 2204 4619

strike 1/23/26 4331

ENTERED
Judge Stephanie Saltouros-2161
JAN 26 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

DATED:________________

JUDGE: Stephanie D. Saltouros

Judge Stephanie D. Saltouros #2161

Date: 1/28/2026

CASE: 2025L003833
Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

NOTICE OF CONTINUED COURT DATE

Pursuant to General Administrative Order No. 2026-01, the Circuit Court of Cook County was closed on Friday, January 23, 2026, due to a weather emergency.

Your cases previously scheduled for Friday, January 23, 2026, is continued to January 30, 2026.

Parties are ordered to appear on January 30, 2026, at the previously assigned time and location unless otherwise notified by the Court.

**Archived:** Wednesday, August 12, 2026 11:36:54 AM
**From:** Andy Blankshain
**Sent:** Thursday, January 29, 2026 1:18:39 PM
**To:** law.calZcc@cookcountyil.gov
**Cc:** Andrew Rosenman Sofia B. Orelo charlesmarcus303@gmail.com thefirm@logganslaw.com Docket Requests
**Subject:** Case 2025L003833 - Jane Doe No. 2 v. Citibank, N.A., et al. - Proposed Agreed Order
**Importance:** Normal
**Sensitivity:** None
**Attachments:** Doe 2 v. Citi - Proposed Agreed Order to Continue Status Conference.docx

---

Good afternoon,

On behalf of attorney Andrew Rosenman, attached please find a Proposed Agreed Order to Continue Status Conference for case 2025L003833, *Jane Doe No. 2 v. Citibank, N.A., et al.* All parties are copied on this email. Please advise if we also need to deliver a paper copy of the agreed proposed order to Room 2204. Thank you.

Best regards,

---

**Andy Blankshain**
*Coordinator: Docket*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606-4637
United States of America
T +1 312-701-8444
ABlankshain@mayerbrown.com
mayerbrown.com

15

**FIRM ID: 43948**
**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2, Plaintiff, | ) | |
| v. | ) | Case No. 2025L003833 |
| CITIBANK, N.A., and MARCUS C. JACKSON Defendants. | ) | Hon. Stephanie Saltouros |

**~~PROPOSED~~ AGREED ORDER TO CONTINUE STATUS CONFERENCE**

Defendant Citibank, N.A. ("Citibank") and Plaintiff Jane Doe No. 2 ("Plaintiff) (collectively, the "Parties"), jointly, by and through their undersigned counsel, respectfully submit a Proposed Agreed Order as follows:

WHEREAS, on December 2, 2025, this Court ordered this matter continued to January 23, 2026 at 9 a.m. for a status conference and to set a briefing schedule on Citibank's motion to dismiss.

WHEREAS, due to extremely cold temperatures, the Circuit Court of Cook County was closed on January 23, 2026 and the status conference was continued by the Court to January 30, 2026.

WHEREAS, counsel for Citibank will be out of town on January 30, 2026 due to scheduled meetings that were arranged in advance of the January 23, 2026 weather-related adjournment.

WHEREAS, in light of these scheduling conflicts, the Parties respectfully request that the Court continue the status conference for seven (7) additional days, to February 6, 2026, or to the next date thereafter that is convenient to the Court.

NOW THEREFORE, IT IS HEREBY ORDERED:

The Court continues the status conference by seven (7) days, to February 6, 2026 at 9:00 a.m.. 46019

ENTERED: Stephanie D. Saltouros

**JUDGE**

Dated: January 29, 2026

ENTERED
Judge Stephanie Saltouros-2161
JAN 30 [illegible]
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683
*Attorneys for Plaintiff Jane Doe No. 2*

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com
Firm I.D. 43948
*Attorneys for Defendant Citibank, N.A.*

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2
Plaintiff(s)

v.

CITIBANK, N.A., et al
Defendant(s)

Case No: 2025-L-003833
Calendar Z Courtroom 2204

## BRIEFING SCHEDULE

THIS CAUSE coming on for hearing on the motion of Plaintiff/Defendant Citibank for Motion to Dismiss, due notice having been given, and the court being otherwise fully advised in the premises : 2-615

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within 28 days or by March 6, 2026: 4231
2. Respondent shall respond by April 3, 2026. 4231
3. Movant shall reply by April 24, 2026. 4231
4. The movant must provide the Court at clerk's status on April 27, 2026, 20 at 9:00a.m with a COMPLETE set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: 4217 4374
5. This matter is set for Case Management on 5/12/26 20 at 9:00 a.m/p.m + Ruling 4335 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ______, 20___ at ______ am/pm is stricken and reset to ______, 20___ at ______ am/pm.
9. OTHER ______

ENTERED
Judge Stephanie Saltouros-2161
FEB 06 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name:
Attorney Number:
Attorney for:
Address/City/State:
Telephone:

Entered: Stephanie D. Saltouros
, Circuit Court Judge

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Doe 2
Plaintiff(s),

-v-

Citibank
Defendant(s).

No: 25 L 3833

Calendar: Z

Filing Date: ______

*2005 Trial Setting: ______
(12 mos or 24 mos from filing date)

*2005 Trial Date: ______

## CASE MANAGEMENT ORDER
(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ______
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ______
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: ______
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other) by ______
5. (4218) 213(f)(2) depositions completed by ______
6. (4231) Dispositive motions filed by (P) (D) (Other) by ______
7. (4296) 215 and 216 discovery completed by ______
8. (4231) Parties issue 213 f(3) interrogatories by: ______
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ______
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ______

ENTERED
Judge Stephanie Saltouros-2161
FEB 06 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

***All discovery shall be completed no later than 60 days before trial (Rule 218).***

11. (4619) The case is continued for CMC on 5-12-26 at 9:00AM in Room 2204 for:

☐ Service ☐ Pleadings ☒ Discovery ☐ Settlement ☐ Atty Appearance ☐ Other

4231 written discovery propounded + completed by 3-27-26. 213 (f)(1) + (2)
4296 discovery completed by 4-27-26.

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

**Failure to comply with this order shall be a basis for sanctions under Rule 219(c).**
**Failure to enforce this order shall constitute a forfeiture of such discovery by that party.**

Name: Graf/Loggans
Address: 180 N. LaSalle ST #2640
City/State: Chgo, IL 60601
Telephone: 312-201-8600
E-mail: Thefirm@loggansl aw.com
Atty. For: π
Atty. No.: 21683

ENTERED:

Stephanie D. Saltouros

JUDGE

FILED
2/9/2026 5:25 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36580457

FILED DATE: 2/9/2026 5:25 PM 2025L003833

**SEL/MRG/wps 02/09/26 23-065 #21683**

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

**THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, LAW DIVISION**

Jane Doe 2 )
)
Plaintiff )
v. ) 2025L003833
)
CITY BANK, N.A., )
MARCUS C. JACKSON, )
)
Defendants.

**PROOF OF SERVICE**

TO: ALL ATTORNEYS OF RECORD (See the attached Service List)

I, William Sitton, served the attached to Defendants:

I served the attached:

- Plaintiff's Supplemental Request to Produce

by e-mailing a copy to the above-mentioned attorneys at the addresses shown on the attached service list on the 9th day of February 2026.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: 02/09/2026

/s/ William Sitton
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 2/9/2026 5:25 PM 2025L003833

# SERVICE LIST

Jane Doe 2 v. Citibank Banking Company, et al.

2025L003833

**Attorney for Plaintiff: Jane Doe 2**
Susan E. Loggans
Susan E. Loggans & Associates, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
T: (312) 201-8600
F: (312) 201-1180
E-mail: thefirm@logganslaw.com

**Attorney for Defendant:**
Andrew S. Rosenman
Mayor Brown LLP
71 South Wacker Drive
Chicago, IL,60606
312-701-8744
arosenman@mayerbrown.com

**Attorney for Defendant:**
Sofia B. Orelo
Mayor Brown LLP
71 South Wacker Drive
Chicago, IL,60606
312-701-8744
sorelo@mayerbrown.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
2/11/2026 9:40 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36608913

FILED DATE: 2/11/2026 9:40 AM 2025L003833

**SEL/MRG/wps 02/11/26 23-065 #21683**

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

**THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, LAW DIVISION**

Jane Doe No. 2 )
Plaintiff )
v. ) 2025L003833
CITIBANK, N.A., )
MARCUS C. JACKSON, )
Defendants.

**AMENDED PROOF OF SERVICE**

TO: ALL ATTORNEYS OF RECORD (See the attached Service List)

I, William Sitton, served the attached to Defendants: Citibank, N.A. and Marcus Jackson

I served the attached:

- Plaintiff's Supplemental Request to Produce

by e-mailing a copy to the above-mentioned attorneys at the addresses shown on the attached service list on the 9th day of February 2026.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: 02/11/2026

/s/ William Sitton
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 2/11/2026 9:40 AM 2025L003833

**SERVICE LIST**

Jane Doe 2 v. Citibank Banking Company, et al.

2025L003833

**ATTORNEY FOR PLAINTIFF – JANE DOE No. 2**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

**FIRM ID: 43948**
**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025L003833 |
| v. | ) | |
| | ) | Hon. Stephanie Saltouros |
| CITIBANK, N.A., and MARCUS C. JACKSON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED AGREED ORDER TO WITHDRAW DEFENDANT CITIBANK, N.A.'S WRITTEN DISCOVERY REQUESTS FROM THE RECORD**

Defendant Citibank, N.A. ("Citibank") and Plaintiff Jane Doe No. 2 ("Plaintiff) (collectively, the "Parties"), jointly, by and through their undersigned counsel, respectfully submit a Proposed Agreed Order as follows:

WHEREAS, on February 18, 2026, pursuant to Illinois Supreme Court Rule 201(m), counsel for Citibank filed certificates of service for its First Set of Requests for Production of Documents to Plaintiff and its First Set of Interrogatories to Plaintiff.

WHEREAS, counsel for Citibank inadvertently included the full written discovery requests with the certificates of service in the February 18, 2026 filing.

WHEREAS, in light of the above, the Parties respectfully request that the Court withdraw Citibank's February 18, 2026 filings to allow it to file the correct documents pursuant to Illinois Supreme Court Rule 201(m).

NOW THEREFORE, IT IS HEREBY ORDERED:

4284 The Court withdraws Citibank's First Set of Requests for Production of Documents to Plaintiff Jane Doe No. 2 and First Set of Interrogatories to Plaintiff Jane Doe No. 2, filed on February 18, 2026, from the record.

ENTERED: Stephanie D. Saltouros

**JUDGE**

Dated: February 24, 2026

ENTERED
Judge Stephanie Saltouros-2161
FEB 25 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683
*Attorneys for Plaintiff Jane Doe No. 2*

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com
Firm I.D. 43948
*Attorneys for Defendant Citibank, N.A.*

M.C

**FIRM ID: 43948**
**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025L003833 |
| v. | ) | |
| | ) | Hon. Stephanie Saltouros |
| CITIBANK, N.A., and MARCUS C. JACKSON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED AGREED ORDER TO RESTRICT ACCESS TO DEFENDANT CITIBANK, N.A.'S WRITTEN DISCOVERY REQUESTS AND REMOVE THEM FROM THE PUBLIC DOKCET**

Defendant Citibank, N.A. ("Citibank") and Plaintiff Jane Doe No. 2 ("Plaintiff) (collectively, the "Parties"), jointly, by and through their undersigned counsel, respectfully submit a Proposed Agreed Order as follows:

WHEREAS, on February 18, 2026, pursuant to Illinois Supreme Court Rule 201(m), counsel for Citibank filed certificates of service for its First Set of Requests for Production of Documents to Plaintiff and its First Set of Interrogatories to Plaintiff.

WHEREAS, counsel for Citibank inadvertently included the full written discovery requests with the certificates of service in the February 18, 2026 filing.

WHEREAS, in light of the above, the Parties respectfully request that the Court restrict access to Citibank's February 18, 2026 filings and remove them from the public docket to allow Citibank to file the correct documents pursuant to Illinois Supreme Court Rule 201(m).

NOW THEREFORE, IT IS HEREBY ORDERED:

The Court restricts access to Citibank's First Set of Requests for Production of 4245 Documents to Plaintiff Jane Doe No. 2 and First Set of Interrogatories to Plaintiff Jane Doe No. 2, filed on February 18, 2026, and removes them from the public docket.

ENTERED: Stephanie D. Saltouros

**JUDGE**

ENTERED
Judge Stephanie Saltouros-2161

FEB 26 2026

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY

Dated: February 26, 2026

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683
*Attorneys for Plaintiff Jane Doe No. 2*

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com
Firm I.D. 43948
*Attorneys for Defendant Citibank, N.A.*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/3/2026 11:12 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36918199

FILED DATE: 3/3/2026 11:12 AM 2025L003833

## CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that on this 18th day of February 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JANE DOE NO. 2** to be served via email as indicated below:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
mgraf@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/3/2026 11:12 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36913199

FILED DATE: 3/3/2026 11:12 AM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify that on this 18th day of February 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JANE DOE NO. 2** to be served via email as indicated below:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
mgraf@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/6/2026 9:37 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36992434

FILED DATE: 3/6/2026 9:37 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT PURSUANT TO SECTION 2-615**

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 3/6/2026 9:37 PM 2025L003833

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........ 1

SUMMARY OF PLAINTIFF'S ALLEGATIONS ........ 2

SECTION 2-615 STANDARDS ........ 4

ARGUMENT ........ 5

I. Counts I and II fail because Citibank had no duty to supervise or train Jackson based on the allegations in the Complaint. ........ 6

  A. The off-premises (alleged) sexual assault by Jackson of Plaintiff during non-business hours was not foreseeable to Citibank. ........ 7

  B. The likelihood of a sexual assault was exceedingly low. ........ 11

  C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank. ........ 11

II. Plaintiff's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels. ........ 12

III. Plaintiff does not allege any facts to support the other essential elements of negligent supervision or negligent training claims. ........ 14

CONCLUSION ........ 15

FILED DATE: 3/6/2026 9:37 PM 2025L003833

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axiom RMS, Ltd. v. Booth*,
2019 IL App (1st) 180724 .....5

*Brooks v. MV Transp., Inc.*,
2019 WL 194373 (N.D. Ill. Jan. 15, 2019) .....13

*Bruns v. City of Centralia*,
2014 IL 116998 .....6, 7, 11, 12

*City of Chicago v. Beretta U.S.A. Corp.*,
213 Ill. 2d 351 (Ill. 2004) .....5

*Dennis v. Pace Suburban Bus Serv.*,
2014 IL App (1st) 132397 .....9, 10, 13

*Doe v. Boy Scouts of Am.*,
2014 IL App (2d) 130121 .....12, 13

*Doe v. Coe*,
2019 IL 123521 .....6, 11

*Doe v. Lawrence Hall Youth Servs.*,
2012 IL App (1st) 103758 .....6

*Doe v. Lyft, Inc.*,
2020 IL App (1st) 191328 .....6

*Doe v. McKay*,
183 Ill. 2d 272 (1998) .....6

*Ehrens v. Lutheran Church*,
385 F.3d 232 (2d Cir. 2004) .....13

*Escobar v. Madsen Constr. Co.*,
226 Ill. App. 3d 92 (1st Dist. 1992) .....13

*Feis Equities, LLC v. Sompo Holdings Int'l, Ltd.*,
2020 IL App (1st) 191072 .....5

*Hachem v. Chicago Title Ins. Co.*,
2015 IL App (1st) 143188 .....5

FILED DATE: 3/6/2026 9:37 PM 2025L003833

*Hills v. Bridgeview Little League Ass'n*,
195 Ill. 2d 210 (2000) ......8, 12

*Knox College v. Celotex Corp.*,
88 Ill. 2d 407 (1981) ......5

*Leekha v. Wentcher*,
224 Ill. App. 3d 342 (1st Dist. 1991) ......4

*MacDonald v. Hinton*,
361 Ill. App. 3d 378 (3d Dist. 2005) ......13

*MacLeod v. Commonwealth Edison*,
2024 IL App (2d) 230237 ......4

*Nabors Drilling USA, Inc. v. Escoto*,
288 S.W.3d 401 (Tex. 2009) ......13

*Noto v. Shlifka*,
2024 IL App (2d) 240093 ......7, 8

*O'Rourke v. McIlvaine*,
2014 IL App (2d) 131191 ......12

*Powell v. City of Chicago*,
2021 IL App (1st) 192145 ......6

*Purevdori v. Mission Hills Condo. T-2 Ass'n*,
2024 IL App (1st) 231693 ......4, 5

*Quiroz v. Chicago Transit Auth.*,
2022 IL 127603 ......4

*Shaper v. Bryan*,
371 Ill. App. 3d 1079 (1st Dist. 2007) ......4

*Teter v. Clemens*,
112 Ill. 2d 252 (1986) ......5

*Vancura v. Katris*,
238 Ill. 2d 352 (2010) ......6

*Ward v. Kutak Rock, LLP*,
2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022) ...... *passim*

*Ward v. Kutak Rock, LLP*,
2023 IL App (1st) 221499-U ......8

FILED DATE: 3/6/2026 9:37 PM 2025L003833

*Wright v. City of Danville*,
174 Ill. 2d 391 (1996) .......... 7

**Statutes**

735 ILCS-5/2-615 .......... *passim*

**Other Authorities**

Ill. S. Ct. R. 23(e)(1) .......... 8

Restatement (Second) of Torts § 317 .......... 12, 13

FILED DATE: 3/6/2026 9:37 PM 2025L003833

## INTRODUCTION

Plaintiff Jane Doe No. 2 ("Plaintiff") is a former customer of Defendant Citibank, N.A. ("Citibank") who alleges that Defendant Marcus Jackson ("Jackson"), during his former employment with Citibank, "secluded" Plaintiff at some unidentified place, in some unidentified manner, and allegedly sexually assaulted her off of Citibank's premises during non-business hours. Unlike the other lawsuit filed by Plaintiff's counsel on behalf of Plaintiff Jane Doe ("Doe 1") against Citibank and Jackson, Plaintiff in this case does not allege a forcible rape or that she went to a hotel with Jackson. In fact, no facts about the nature of the alleged assault, the location, or where Jackson allegedly "secluded" Plaintiff are set forth in the Complaint.

Plaintiff alleges that Citibank is liable for negligent supervision and training of Jackson (Counts I and II), and that Jackson is liable for the alleged assault (Count V).[1] But the claims against Citibank should be dismissed with prejudice under 735 ILCS-5/2-615 ("Section 2-615"). The grounds for a Section 2-615 dismissal here, as compared to Doe 1, are similar but not identical. As Citibank explained in its brief in support of its Section 2-615 motion to dismiss Doe 1's case, no duty to supervise or train arises where an unforeseeable, alleged sexual assault occurred off of Citibank's premises during non-business hours, and there were no allegations in Doe 1's amended complaint about any prior misconduct by Jackson against Doe 1 or any other customers at any time during the length of his employment at Citibank.

Dismissal is warranted here for somewhat different reasons. First, despite Plaintiff's conclusory allegation that Jackson supposedly "had a history of abusing woman [sic] he met" at work, the Complaint is devoid of *factual* allegations as to any such "history." Assuming *arguendo* that Plaintiff is relying on any allegations in Case No. 2025-L-001601 by Jane Doe ("Doe 1")—

[1] On April 29, 2025, the parties filed a stipulation to dismiss with prejudice Plaintiff's claims against Citigroup, Inc. (Counts III and IV). This Court entered a related Order of Dismissal on May 1, 2025.

FILED DATE: 3/6/2026 9:37 PM 2025L003833

who is represented by the same law firm as Plaintiff here—the Complaint does not allege that Doe 1 consented to be interviewed by Citibank as part of its investigation of her allegations. Nor does the Complaint include any factual allegations about the outcome of Citibank's investigation of Doe 1's allegations, or why Citibank reached the conclusions it did. Moreover, the Complaint here does not assert that anyone at the Kenwood branch (or elsewhere at Citibank) ever witnessed any violent conduct by Jackson, or even any inappropriate behavior by Jackson toward Plaintiff, Doe 1, or any other customers or employees. Rather, the Complaint relies just on a conclusory assertion of Jackson's alleged "history of abusing" unidentified persons. A duty to supervise or train Jackson does not exist based on such opaque and conclusory circumstances.

Second, even if a duty to supervise and/or train existed here, Citibank is, as a matter of law, not liable for alleged conduct that was outside the scope of Jackson's employment, and that took place neither on Citibank's premises nor using its chattels.

Finally, Plaintiff has failed to allege any specific *facts* that support the required elements of negligent supervision or negligent training claims. Rather, the Complaint nonsensically alleges that Citibank failed to take appropriate steps on *school* premises.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

A copy of the Complaint is attached hereto as **Exhibit ("Ex.") 1**. While Citibank must treat the well-pleaded factual allegations in the Complaint as true for purposes of this Section 2-615 motion, it otherwise denies all of Plaintiff's claims. The allegations in Counts I and II are nearly identical, so we refer to Count I and note any differences where applicable.

Plaintiff alleges she was a Citibank customer who visited the company's branch in the Kenwood neighborhood of Chicago, Illinois prior to and on July 7, 2023. Ex. 1, Count I, ¶ 3. At the time, Jackson was an employee of Citibank. *Id.*, ¶ 2. Plaintiff alleges that, on or about July 7, 2023, she visited the Kenwood branch, where Jackson "provided banking services" to her,

FILED DATE: 3/6/2026 9:37 PM 2025L003833

"including helping her with her ATM transaction and reversing several charges on her account." *Id.*, ¶ 4. Jackson allegedly had helped Plaintiff with her banking issues in the past and on some unspecified date "asked for her cell phone number so he could contact her directly." *Id.*, ¶ 5. Jackson engaged in "grooming activities" by inviting Plaintiff for dinner and drinks. *Id.*, ¶ 6.

One day earlier, according to Plaintiff, Jackson saw her at the ATM while he was working in the Kenwood branch and "recommended that they meet at an establishment called Bar David." *Id.*, ¶ 7. Plaintiff further avers that Citibank knew or should have known that Jackson "had a history of abusing woman [sic] he met through his employment at [Citibank]." *Id.*, ¶ 8.

Elsewhere in the Complaint, Jackson alleges in conclusory fashion that Jackson invited Plaintiff "to dinner and drinks under the guise of providing banking assistance to her." *Id.*, p. 12, Count V, ¶ 9. Plaintiff provides no factual details of what banking services Jackson supposedly was going to provide to her at dinner/drinks, or how. Instead, Plaintiff alleges—again, with no factual details—that on July 7, 2023, Jackson somehow "secluded" Plaintiff at some unidentified location and in some unidentified way assaulted her. *Id.*, ¶ 10.

In attempting to impose liability on Citibank, Plaintiff avers that Citibank had a "general duty" to supervise and train all of its employees and that it breached those duties. *Id.*, Count I, ¶ 9; Count II, ¶ 9. Specifically, in Count I, Plaintiff alleges that Citibank: (a) failed to "adequately supervise" Jackson to "ensure that he not engage in grooming activities with customers;" (b) failed to "reasonably recognize" that Jackson "posed a danger of sexual violence to customers;" (c) failed to "prevent" Jackson from "having inappropriate contact" with Plaintiff; and (d) "[a]llowed" Jackson to sexually/assault [sic] Plaintiff. *Id.*, Count I, ¶10.

In Count II, Plaintiff alleges in conclusory fashion that Citibank: (a) failed to "adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger

FILED DATE: 3/6/2026 9:37 PM 2025L003833

of sexual violence to customers;" and (b) failed to "adequately train employees on how to prevent staff members from grooming customers." The Complaint then makes several nonsensical allegations about a school, namely that Citibank: "(c) [f]ailed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours"; (d) failed to "adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours"; and (e) failed to "adequately train employees to lock and/or secure unoccupied and unused areas of the school." *Id.*, Count II, ¶10.

Plaintiff claims that because of Citibank's alleged negligence, she "has suffered and will continue to suffer injuries of a personal and pecuniary nature." *Id.*, Count I, ¶ 11; Count II, ¶ 11.

## SECTION 2-615 STANDARDS

To withstand dismissal under Section 2-615, a complaint must allege sufficient facts to bring the plaintiff's claim within the scope of the causes of action asserted—legal conclusions and conclusions of fact unsupported by specific facts are not deemed admitted for the purposes of a Section 2-615 motion to dismiss. *MacLeod v. Commonwealth Edison*, 2024 IL App (2d) 230237, ¶ 57; *see also Shaper v. Bryan*, 371 Ill. App. 3d 1079, 1086 (1st Dist. 2007) (complaint must allege facts sufficiently setting forth each essential element of the cause of action). In reviewing the legal sufficiency of a complaint, the court accepts as true all well-pleaded facts and reasonable inferences that may be drawn from those facts. *Quiroz v. Chicago Transit Auth.*, 2022 IL 127603, ¶ 11. But a court "is not required to reach unreasonable and unwarranted conclusions or to draw unreasonable and unwarranted inferences in order to sustain the sufficiency of a complaint." *Leekha v. Wentcher*, 224 Ill. App. 3d 342, 352 (1st Dist. 1991).

Further, "a plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations." *Purevdori v. Mission Hills Condo. T-2 Ass'n*, 2024 IL App (1st)

FILED DATE: 3/6/2026 9:37 PM 2025L003833

231693, ¶ 16. "Illinois is a fact-pleading jurisdiction, requiring plaintiffs to allege facts—not bare conclusions—that give rise to every element of their causes of action." *Feis Equities, LLC v. Sompo Holdings Int'l, Ltd.*, 2020 IL App (1st) 191072, ¶ 49. "Fact pleading imposes a heavier burden on the plaintiff, so that a complaint that would survive a motion to dismiss in a notice-pleading jurisdiction might not do so in a fact-pleading jurisdiction." *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (Ill. 2004). "Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy favoring the liberal construction of pleadings." *Teter v. Clemens*, 112 Ill. 2d 252, 256-57 (1986).

> Thus, in considering a motion to dismiss, a court must disregard the conclusions that are pleaded and look only to well-pleaded facts to determine whether they are sufficient to state a cause of action against the defendant. If not, the motion must be granted, 'regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him.'

*Beretta*, 213 Ill. 2d at 368-69 (quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426 (1981)).

In resolving a section 2-615 motion to dismiss, "the court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record." *Hachem v. Chicago Title Ins. Co.*, 2015 IL App (1st) 143188, ¶ 23. *See also Axiom RMS, Ltd. v. Booth*, 2019 IL App (1st) 180724, ¶ 18 n.5 ("A motion to dismiss pursuant to section 2-615 of the Code alleges that a complaint is deficient *on its face*, and so any oral arguments providing additional facts outside the four corners of the complaint are not considered by the trial court.") (emphasis in original).

## **ARGUMENT**

Under a common law negligence cause of action, an employer can be liable for the torts of an employee "in one of two ways, depending on whether the employee was acting within the scope

FILED DATE: 3/6/2026 9:37 PM 2025L003833

of his employment." *Doe v. Coe*, 2019 IL 123521, ¶ 33. If an employee acts outside the scope of his employment, a plaintiff "can bring a direct cause of action against the employer for the *employer's* misconduct." *Coe*, 2019 IL 123521, ¶ 33 (italics added); *see also Vancura v. Katris*, 238 Ill. 2d 352, 343 (2010) (direct negligence claim is that "the employer was *itself* negligent") (italics in original).[2]

The elements of claims for negligent supervision and negligent training in Illinois are very similar. The elements are: (1) the defendant had a duty to supervise [or train] the harming party, (2) the defendant negligently supervised [or trained] the harming party, and (3) such negligence proximately caused the plaintiff's injuries. *Coe*, 2019 IL 123521, ¶¶ 52, 61.

As discussed below, Plaintiff cannot state a claim for negligent supervision or training.

## I. Counts I and II fail because Citibank had no duty to supervise or train Jackson based on the allegations in the Complaint.

Plaintiff alleges that Citibank had a "general duty to supervise all employees" (Ex. 1, Count I, ¶ 9) and to "adequately train all employees" (Ex. 1, Count II, ¶ 9). These are conclusions, not facts, and none of Plaintiff's allegations establishes that any legal duty existed here.

"Whether a duty exists is a question of law to be determined by the court." *Coe*, 2019 IL 123521, ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). Four factors guide that analysis: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. "The weight to be accorded these

[2] Conversely, if the employee was acting within the scope of his employment, "the employer can be found liable for his actions under a theory of vicarious liability, or *respondeat superior*." *Coe*, 2019 IL 123521, ¶ 33. But "sexual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Doe v. Lawrence Hall Youth Servs.*, 2012 IL App (1st) 103758, ¶ 30 (italics in original); *see also Powell v. City of Chicago*, 2021 IL App (1st) 192145, ¶ 25; *Doe v. Lyft, Inc.*, 2020 IL App (1st) 191328, ¶ 19. Thus, there is no potential *respondeat superior* liability here, and the Complaint does not allege otherwise.

FILED DATE: 3/6/2026 9:37 PM 2025L003833

factors depends upon the circumstances of a given case." *Id.* Each one of the *Bruns* factors demonstrably weighs against the imposition of a legal duty in this case.

**A. The off-premises (alleged) sexual assault by Jackson of Plaintiff during non-business hours was not foreseeable to Citibank.**

"Serious crimes are generally unforeseeable because they are different in nature from what employees in a lawful occupation are expected to do." *Wright v. City of Danville*, 174 Ill. 2d 391, 405 (1996). The Illinois Appellate Court emphasized this same principle in a negligent supervision case involving an alleged sexual assault by an employee: "**Commission of a serious crime, such as sexual assault, is generally not foreseeable to an employer because an employee is not expected to commit crimes.**" *Noto v. Shlifka*, 2024 IL App (2d) 240093, ¶ 32 (emphasis added).

In *Ward v. Kutak Rock, LLP*, 2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022), a copy of which is attached as **Exhibit 2**, the plaintiff, a client of the defendant law firm, Kutak Rock, LLP ("KR"), alleged that KR negligently supervised one of its lawyers, Charles MacKelvie ("MacKelvie"), because he allegedly sexually assaulted her at a hotel. *Id.* at *1. The circuit court dismissed the negligent supervision claim pursuant to Section 2-615. *Id.* Significantly, the court emphasized the boundless standard of liability that would result from imposing a duty on the employer in these kinds of circumstances: "**To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty.**" *Id.* at *2 (emphasis added).

The circuit court also explained that the likelihood of an attorney sexually assaulting a client "is extremely low" and the "magnitude of placing the burden on KR to prevent the unforeseeable and unlikely criminal acts of its employee is extremely high." *Id.* The court also reasoned that "it would be unduly burdensome for KR to anticipate and prevent criminal acts of

FILED DATE: 3/6/2026 9:37 PM 2025L003833

its employee that are not foreseeable and unlikely." *Id.* In addition, the court stressed that "there is no authority that it is generally foreseeable that sexual assaults could occur in business relationships between adults like the attorney-client relationship. Moreover, there is no authority that the state's public policy strongly favors the protection of adults engaging in business relationships." *Id.* Thus, the court held that the plaintiff failed to state a cause of action. *Id.*

The Appellate Court affirmed the Section 2-615 dismissal. *See Ward v. Kutak Rock, LLP*, 2023 IL App (1st) 221499-U. The unpublished decision is attached as **Exhibit 3** and is cited here for persuasive purposes pursuant to Illinois Supreme Court Rule 23(e)(1). The Appellate Court noted that the plaintiff alleged that KR had a duty to generally supervise its employees, to make sure that they engaged in appropriate behavior and that they followed the law and the employer's rules and procedures, but the court rejected those allegations as insufficient: **"These are conclusions, not facts."** *Id.*, ¶ 13 (emphasis added). The Appellate Court stressed that an attorney-client relationship between two adults does not present an inherent danger or foreseeability giving rise to a legal duty on the defendant's part. *Id.*, ¶ 15. Further, MacKelvie's alleged harassment "consisted of direct communications between [plaintiff] and him" and "the sexual assault occurred at a hotel in Deerfield, apparently with no connection to the firm or its offices." *Id.*

> [P]laintiff cites no authority holding that the attorney-client relationship presents an inherent danger of sexual abuse such that attorneys sexually assaulting clients is always foreseeable to law firms. **On the contrary, the commission of a serious crime, like sexual assault, is generally not foreseeable to an employer because an employee is not expected or employed to commit crimes.**

*Id.*, ¶ 20 (emphasis added) (citing *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 238 (2000)). Thus, the court affirmed the circuit court's dismissal under Section 2-615 "based on plaintiff's failure to plead facts in support of [KR's] duty to supervise MacKelvie." *Id.*, ¶ 24.

In *Noto*, *supra*, the plaintiff alleged that the Kendall County state's attorney, Eric Weis

FILED DATE: 3/6/2026 9:37 PM 2025L003833

("Weis"), was liable for negligent supervision based on an alleged sexual assault of the plaintiff by an assistant state's attorney, Mark Shlifka ("Shlifka"). *Noto*, 2024 IL App (2d) 240093, ¶¶ 1, 5-6. The plaintiff alleged that Weis failed to implement procedures and practices for ensuring that Shlifka was supervised and that his interactions with female witnesses was monitored. *Id.*

Weis filed a motion to dismiss the negligent supervision claim under Section 2-615. The circuit court granted the motion, reasoning in part that the commission of a sexual offense was not generally actionable against a third party. *Id.*, ¶ 21.

The Appellate Court affirmed. "'Foreseeability of harm, in connection with a duty, is not a magical concept that ignores common sense.' Foreseeability is not boundless and does not include everything that might conceivably occur; rather, something is foreseeable only if it is objectively reasonable to expect." *Id.*, ¶ 31 (citations omitted). The Appellate Court emphasized that serious crimes such as sexual assault are generally not foreseeable to an employer because employees are not expected to commit such crimes. *Id.*, ¶ 32. The Appellate Court added that while certain situations give rise to foreseeability of an act of sexual assault, such as programs where adults have unsupervised access to children, interactions between two adults "do not present the inherent danger of sexual abuse." *Id.* The Appellate Court also noted that the plaintiff's complaint was devoid of allegations that Weis or anyone else in the state's attorney's office witnessed any evidence of violence or other misconduct by Shlifka. *Id.*, ¶ 35.

In *Dennis v. Pace Suburban Bus Serv.*, 2014 IL App (1st) 132397, the plaintiff alleged that the defendant bus company, Pace Suburban Bus Services ("Pace"), was liable for negligent supervision because one of its drivers, Jeffrey Moore ("Moore"), allegedly sexually assaulted her. *Id.*, ¶ 1. The plaintiff claimed that she got on the bus intoxicated and then passed out, and that Moore, instead of taking her to a place of safety, took her to his home after his shift ended and

FILED DATE: 3/6/2026 9:37 PM 2025L003833

sexually assaulted her there. *Id.*, ¶ 2. Pace filed a motion to dismiss under Section 2-615, arguing that it had no duty to supervise Moore's acts while he was off duty and at his home, and, moreover, that the negligent supervision claim was factually insufficient. *Id.*, ¶ 6. The circuit court granted the motion and dismissed the complaint with prejudice. *Id.*, ¶ 7. The court explained that the negligent supervision claims failed because the alleged sexual assault occurred at Moore's home after his work day had ended, and Pace owed no duty to supervise him at that time. *Id.*, ¶ 8.

Again, the Appellate Court concluded that the circuit court properly dismissed the negligent supervision claim under Section 2-615. The court noted that the plaintiff "only offered conclusory allegations in support of her claim." *Id.*, ¶ 25

> For example, plaintiff alleged that Pace knew or should have known of the necessity and opportunity for exercising control over its drivers to prevent such drivers from taking home passengers who were under the influence of drugs or alcohol and that a background check would have revealed Moore's 'sexual proclivities.' These types of allegations are entirely conclusory and, as such, they are insufficient to survive a 2-615 motion to dismiss.

*Id.*[3]

Here, Plaintiff similarly fails to establish that Jackson's alleged sexual assault—at an unspecified location away from Citibank's premises during non-business hours—was foreseeable. Plaintiff, an adult, apparently interacted with Jackson at the Kenwood branch without incident or complaint. She and Jackson then agreed to meet at Bar David, a public location, for dinner and drinks. Nothing about such allegations indicates that it would be foreseeable to Citibank that Jackson would sexually assault her. Plaintiff's allegations are starkly different from cases where

---

[3] The Appellate Court also concluded that the plaintiff had also not alleged facts establishing that Pace's negligence was the proximate cause of her injuries. "For example, plaintiff alleged no facts as to how Pace's failure to employ procedures dictating how its drivers handled incapacitated passengers proximately caused Moore to sexually assault plaintiff." *Dennis*, 2014 IL App (1st) 132397, ¶ 26. In other words, "plaintiff alleged no facts indicating how instructing its drivers how to handle incapacitated drivers would have prevented Moore from taking plaintiff to his apartment and sexually assaulting her." *Id.*

FILED DATE: 3/6/2026 9:37 PM 2025L003833

Illinois courts have recognized a duty of supervision or training, such as in *Coe*, where a 31-year old youth pastor, among his other alleged misconduct, had sex with a minor girl in a middle school classroom in the basement of *the church where the pastor worked*. *Coe*, 2019 IL 123521, ¶ 14.

**B. The likelihood of a sexual assault was exceedingly low.**

The second *Bruns* factor—the likelihood of the injury—also undercuts the notion that a duty to supervise or train existed here. The likelihood of a sexual assault between a banker and customer, *i.e.*, a business relationship between two adults, is "extremely low." *Ward*, Exhibit 2, at *2. No inherent danger or foreseeability gives rise to a legal duty on the defendant's part. Exhibit 3, ¶ 15. That something "might conceivably occur" is not enough. 2024 IL App (2d) 240093, ¶ 31.

The Complaint does not even allege what banking services Jackson supposedly offered to Plaintiff over drinks/dinner at Bar David. Nor does the Complaint allege what the assault was or where it supposedly occurred. The Complaint is also conspicuously bereft of allegations that anyone at the Kenwood branch witnessed any misconduct by Jackson toward Plaintiff (or any other customers) at the branch. Nor does Plaintiff allege that she (or anyone else before her) ever complained to anyone—either at the branch or to anyone at Citibank more broadly—about Jackson's conduct prior to his alleged assault.

**C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank.**

The final two *Bruns* factors regarding whether a duty exists—namely, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant—also nullify the existence of a duty. First, it would be impracticable and unduly burdensome for an employer like Citibank to try to supervise the non-work conduct of its employees, especially as to activities off the employer's premises. Second, the consequences of imposing a duty on Citibank in these circumstances would be completely unmanageable. An

FILED DATE: 3/6/2026 9:37 PM 2025L003833

employer would potentially be liable for *any criminal conduct* by its employees, regardless of the time, place and nature of such conduct, and even where, as here, there are no specific factual allegations to show that the employer had any reason to know or suspect that the criminal conduct might take place. The circuit court in *Ward* rightly concluded that the magnitude of placing the burden on the employer to prevent an unforeseeable and unlikely criminal act was "extremely high and it would be unduly burdensome" for the employer to anticipate and prevent criminal acts of its employee that were unlikely and unforeseeable. *See* Exhibit 2, at *2. Just so here.

In sum, applying the *Bruns* factors to the Complaint here decidedly shows that Citibank had no duty to supervise or train Jackson. Counts I and II should be dismissed with prejudice.

**II. Plaintiff's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels.**

Courts have articulated the limited scope of employer liability that applies for alleged conduct outside the scope of employment when such conduct did not occur on the employer's premises or using the employer's chattels. Illinois has adopted Section 317 of the Restatement (Second) of Torts ("Section 317"). *See Hills*, 195 Ill. 2d at 229. Under Section 317, "liability for out-of-the-scope acts will rest only where 'the employee is on the employer's premises or using the chattel of the employer, and the employer has reason to know of the need and opportunity for exercising control over the employee.'" *Doe v. Boy Scouts of Am.*, 2014 IL App (2d) 130121, ¶ 43 (citation omitted). Thus, **"Illinois courts have regarded section 317 as placing a significant restriction on an employer's liability for the acts of an employee that exceed the scope of the employment."** *O'Rourke v. McIlvaine*, 2014 IL App (2d) 131191, ¶ 18 (emphasis added).

"Courts have applied this rule to find liability lacking as a matter of law where, though the plaintiff came to know the employee only through the employment, the injury neither occurred on the employer's premises nor involved the instrumentalities of employment." *Boy Scouts*, 2014 IL

FILED DATE: 3/6/2026 9:37 PM 2025L003833

App (2d) 130121, ¶ 43. For example, in *MacDonald v. Hinton*, 361 Ill. App. 3d 378 (3d Dist. 2005), the court affirmed a Section 2-615 dismissal on the ground that no liability arose under Section 317. *Id.* at 388. The defendant's employee killed the plaintiff away from the employer's premises, and the complaint did not allege that the employee used the instrumentalities of employment in so doing. *Id.*; *see also Dennis*, 2014 IL App (1st) 132397, ¶ 24 (applying Section 317 and affirming dismissal of negligent supervision claim under Section 2-615 where bus driver sexually assaulted plaintiff at his home); *Escobar v. Madsen Constr. Co.*, 226 Ill. App. 3d 92, 95 (1st Dist. 1992) (negligent supervision claim failed because defendant's employee shot plaintiff away from employer's premises and gun used did not belong to defendant).

Courts across the country have similarly rejected negligent supervision claims where, as here, the offender did not use the employer's chattels. *See, e.g.*, *Ehrens v. Lutheran Church*, 385 F.3d 232, 236 (2d Cir. 2004) (negligent supervision claim failed because alleged sexual assault did not occur on defendant's premises or with its chattels); *Nabors Drilling USA, Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009) ("An employer ordinarily will not be liable for torts committed by off-duty employees except when the torts were committed on the employer's premises or with the employer's chattels.") (citing Section 317).

Importantly, under Illinois law, trust or a relationship formed by an assailant and victim during the course of the assailant's employment is not a basis for imposing liability on an employer for negligence. *See MacDonald*, 361 Ill. App. 3d at 388 (rejecting, under Section 317, negligent hiring claim where defendant's employee met and befriended plaintiff's son while they were co-workers and subsequently killed him off of defendant's premises and without instrumentalities of employment); *Brooks v. MV Transp., Inc.*, 2019 WL 194373, at *3 (N.D. Ill. Jan. 15, 2019) (plaintiff failed to state claim for negligence where defendant's employee assaulted and killed

FILED DATE: 3/6/2026 9:37 PM 2025L003833

customer at customer's home and without instrumentalities of employment).

Here, Plaintiff alleges only that, on July 7, 2023, Jackson invited Plaintiff to "dinner and drinks," and that Jackson recommended that they meet at Bar David. *See* Ex. 1, Count I, ¶¶ 5-7. Plaintiff does not allege that the assault occurred on Citibank's premises or using its chattels. In fact, Plaintiff claims that Jackson "secluded" Plaintiff at some unspecified location off Citibank's premises and sexually assaulted her in some unspecified way. *Id.*, Count V, ¶ 10. Plaintiff does not allege that Jackson brought any paperwork, or any Citibank property, to Bar David or anywhere else. Nor does Plaintiff allege that Citibank had any reason to know that it needed to control Jackson's behavior with Plaintiff, or that it had the opportunity to do so in any event. Plaintiff alleges that she sought banking services from the Kenwood branch where Jackson was employed, but Citibank's involvement ended there. For this additional, independent reason, Counts I and II fail as a matter of law.

## III. Plaintiff does not allege any facts to support the other essential elements of negligent supervision or negligent training claims.

Even assuming *arguendo* that Citibank owed a legal duty to Plaintiff in the circumstances of this case, the Complaint does not allege any *facts* as to how or when Citibank supposedly negligently supervised or trained Jackson, or how its conduct, as opposed to Jackson's alleged actions off-premises and during non-working hours, caused her injuries. Plaintiff's failure to allege *facts* setting forth each of the essential elements of either a negligent supervision or negligent training claim is fatal as to both Counts I and II of the Complaint.

For example, Plaintiff alleges in conclusory fashion that Citibank failed to adequately supervise Jackson, failed to recognize that Jackson "posed a danger of sexual violence to customers", failed to prevent Jackson from "having inappropriate contact with Plaintiff", and ultimately allowed Jackson to sexually assault her. *Id.* at 3 (Count I, ¶ 10). These are mere

conclusions, not facts. *See Ward*, Exhibit 3, ¶ 13. Indeed, Plaintiff fails to plead facts from which one could infer that Citibank was aware that Jackson allegedly posed a danger to anyone, may have inappropriate contact with anyone, let alone Plaintiff, and that any act, or lack thereof, by Citibank would somehow lead to Jackson sexually assaulting her.

Count II fares no better. Plaintiff again asserts, in conclusory fashion, that Citibank failed to adequately train employees on "how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers" and "prevent staff members from grooming customers." *Id.*, Count II, ¶ 10(a)-(b). Plaintiff then includes irrelevant allegations about Citibank's alleged failure to supervise various aspects of the premises of an unidentified *school*. *Id.*, Count II, ¶ 10(c)-(e). Not once in the Complaint, however, does Plaintiff identify *anyone* at the Kenwood branch who supposedly knew about misconduct by Jackson or failed to identify, prevent or report misconduct, or explain *how* Citibank (purportedly) failed to train its employees, or *how* any alleged act or omission by Citibank led to Plaintiff's alleged assault.

## CONCLUSION

For the foregoing reasons, Citibank respectfully requests that the Court dismiss Counts I and II of the Complaint—and thus Citibank—with prejudice pursuant to Section 2-615.

CITIBANK, N.A.

Dated: March 6, 2026

By: /s/ *Andrew S. Rosenman*

Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 3/6/2026 9:37 PM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 6th day of March, 2026 I caused a true copy of **BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT PURSUANT TO SECTION 2-615** to be served on counsel for Plaintiff Jane Doe via the Court's electronic filing system and by email, and on Defendant Marcus C. Jackson by first-class mail and email as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

and

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/6/2026 9:37 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36992434

FILED DATE: 3/6/2026 9:37 PM 2025L003833

# EXHIBIT 1

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 5/13/2025 9:45 AM

12-Person Jury

FILED
3/18/2025 1:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
31871102

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

SEL/MRG/dah 03/06/2025 24-049 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A.,
CITIGROUP, INC., a corporation, and
MARCUS C. JACKSON,
Defendants.

) NO. 2025L003833

**COMPLAINT AT LAW**

**COUNT I - NEGLIGENT SUPERVISION - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers;

b. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

c. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

d. Allowed Defendant, MARCUS C. JACKSON, to sexually/assault Plaintiff, JANE DOE NO. 2.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT II – NELGIGENT TRAINING - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers;

b. Failed to adequately train employees on how to prevent staff members from grooming customers;

c. Failed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours;

d. Failed to adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours; and

e. Failed to adequately train employees to lock and/or secure unoccupied and unused areas of the school;

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT III - NEGLIGENT SUPERVISION - CITIGROUP, INC., a corporation**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIGROUP, INC., a corporation, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIGROUP, INC., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIGROUP, INC., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIGROUP, INC., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIGROUP, INC., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIGROUP, INC., knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIGROUP, INC.

9. On or about July 7, 2023, Defendant, CITIGROUP, INC., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIGROUP, INC., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers;

b. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

c. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

d. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE NO. 2.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIGROUP, INC., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIGROUP, INC., a corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT IV - NELGIGENT TRAINING - CITIGROUP, INC., a corporation**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIGROUP, INC., a corporation, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIGROUP, INC., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIGROUP, INC., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIGROUP, INC., and went to the Kenwood Branch seeking banking assistance.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

4. On or about July 7, 2023, Defendant, CITIGROUP, INC., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIGROUP, INC., knew or should have known that their agent, servant and employee had a history of abusing woman he met through his employment at Defendant, CITIGROUP, INC.

9. On or about July 7, 2023, Defendant, CITIGROUP, INC., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIGROUP, INC., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

a. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers;

b. Failed to adequately train employees on how to prevent staff members from grooming customers;

c. Failed to adequately train employees on how to prevent access to unoccupied areas of the school after school hours;

d. Failed to adequately train employees on how to patrol and/or monitor the school premises, in particular, unoccupied areas of the school after school hours; and

e. Failed to adequately train employees to lock and/or secure unoccupied and unused areas of the school;

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIGROUP, INC., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIGROUP, INC., a corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**<u>COUNT V - MARCUS C. JACKSON - SEXUAL ASSAULT</u>**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

1. On and before July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, were and continue to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendants, CITIBANK, N.A. and CITIGROUP, INC., a corporation, by and through its agent servant and/or employee, MARCUS C. JACKSON provided banking services to Plaintiff, JANE DOE NO. 2.

5. On July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Bank at Defendant, CITIBANK, N.A. and CITIGROUP, INC., a corporation, used his position to begin grooming the Plaintiff, JANE DOE NO. 2.

7. Defendant, MARCUS C. JACKSON, while providing banking services to the Plaintiff, JANE DOE NO. 2, recommended that they meet at an establishment called Bar David.

FILED DATE: 3/6/2026 9:37 PM 2025L003833
FILED DATE: 3/18/2025 1:09 PM 2025L003833

9. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting the Plaintiff, JANE DOE NO. 2, to dinner and drinks under the guise of providing banking assistance to her.

10. That on July 7, 2023 after having previously helped Plaintiff, JANE DOE NO. 2, with banking issues, Defendant, MARCUS C. JACKSON, secluded the Plaintiff, JANE DOE NO. 2, and sexually assaulting the Plaintiff, JANE DOE NO. 2, causing serious and permanent injuries to the Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

*/s/: Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/6/2026 9:37 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36992434

FILED DATE: 3/6/2026 9:37 PM 2025L003833

# EXHIBIT 2

FILED DATE: 3/6/2026 9:37 PM 2025L003833

**2022 WL 20273330 (Ill.Cir.Ct.) (Trial Order)**
Circuit Court of Illinois,
County Department, Law Division.
Cook County

Karen WARD, Plaintiff,
v.
KUTAK ROCK, LLP and Charles Mackelvie, Defendants.

No. 2022L002030.
September 16, 2022.

**Order**

Gerald Cleary, Judge.

***1** This matter is before the Court on defendant's, Kutak Rock, LLP ('KR"), motion to dismiss Count III (negligent supervision) of plaintiff's second amended complaint ("complaint") pursuant to 735 ILCS 5/2-615, due notice given and the Court advised in the premises;

IT IS HEREBY ORDERED THAT the motion is granted and Count III is dismissed with prejudice.

The Court finds that complaint fails to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish KR's duty to supervise and prevent the criminal conduct of MacKelvie. Likewise, that the complaint fails to allege facts to establish a duty pursuant to the traditional duty elements.

Section 2-615 of the Illinois Code of Civil Procedure allows a party to object to a pleading or portion of a pleading as "substantially insufficient in law[.]" 735 ILCS 5/2-615. A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on facially apparent defects. *Marshall v. Burger King Corp.,* 222 Ill. 2d 422, 429 (2006). In reviewing the sufficiency of a complaint, courts accept all well-pleaded facts, and all reasonable inferences drawn from those facts, as true. *Id.* Courts also construe the allegations in the light most favorable to the plaintiff. *Id.* Thus, a court should not dismiss a cause of action unless it is "clearly apparent" that no set of proven facts would entitle recovery. *Id.* Illinois is a fact-pleading jurisdiction where plaintiff's must allege sufficient facts to bring a claim within a legally recognized cause of action. *Id.* at 429-30. Plaintiff's need not prove their case, but rather allege sufficient facts to state all the elements of their causes of action. *Fox v. Seiden,* 382 Ill. App. 3d 288, 294 (1st Dist. 2008). Mere conclusions are insufficient. *Marshall,* 222 Ill. 2d at 430.

In Count III, the plaintiff attempts to allege a cause of action based on KR's negligent supervision of MacKelvie. To plead negligent supervision, a plaintiff must plead facts that "(1) the defendant had a duty to supervise the harming party, (2) the defendant negligently supervised the harming party, and (3) such negligence proximately caused the plaintiff's injuries." *Doe v. Coe,* 2019 IL 123521, ¶ 52. The duty is a general one, and the extent of supervision required "depends on many factors, such as the work performed, the employees performing it, the size of the business, the type of work, and the employer's clientele, among others." *Id.* at ¶ 58. Prior notice of an employee's particular unfitness is not required in this context; rather, "only general foreseeability is required." *Id.* at ¶ 61. "In deciding whether a duty exists in a particular case, a court will consider the foreseeability of the plaintiff's injury, the likelihood of the occurrence, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant." [Citation omitted.] *Id.* at ¶ 37.

FILED DATE: 3/6/2026 9:37 PM 2025L003833

Here, MacKelvie, an attorney and employee of KR, a law firm, allegedly sexually assaulted the plaintiff, a client retained by MacKelvie as an employee of KR. There are no allegations that KR had any notice, actual or constructive, that MacKelvie in the past sexually assaulted clients of KR or that MacKelvie had a propensity to sexually assault clients of KR. There are no allegations that the business of KR and MacKelvie raises an inference that the misconduct of MacKelvie was foreseeable or that MacKelvie required supervision by KR to prevent MacKelvie from sexually assaulting clients of KR. Rather, the complaint alleges that MacKelvie was simply retained to handle the appeal involving a probate matter. Overall, there are no facts alleged that raises an inference that MacKelvie's alleged sexual assault of the plaintiff was reasonably or generally foreseeable.

***2** While this Court recognizes that the plaintiff is not required to plead that KR had prior notice that MacKelvie was unfit, the Court is still required to determine whether the sexual assault of the plaintiff was generally foreseeable along with the other traditional elements to establish a duty. Upon review of the complaint, there are no allegations of fact or inferences that the misconduct of MacKelvie was reasonably or generally foreseeable. To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty. Next, the Court finds that the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty. Next, the Court finds that magnitude of placing the burden on KR to prevent the unforeseeable and unlikely criminal acts of its employee is extremely high and it would be unduly burdensome for KR to anticipate and prevent criminal acts of its employee that are not foreseeable and unlikely. As such, these factors do not favor the imposition of a duty. Consequently, the Court finds that the complaint fails to allege facts or inferences that the misconduct of MacKelvie was generally foreseeable and the allegations fail to establish the traditional elements of a duty such that the complaint fails to state a cause of action.

The plaintiff's reliance on the factual determination in *Doe v. Coe,* 2019 IL 123521 is misplaced. In *Doe,* the plaintiff, a minor, was sexually assaulted by a youth minister. The plaintiff filed a claim against the church who employed the youth minister based on the church's negligent supervision of the youth minister. The *Doe* court found that the plaintiff satisfied the element that the sexual assault was generally foreseeable by finding:

> As the appellate court recognized, it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children. *Id.* This state's public policy strongly favors the protection of children (id. (citing *Doe-3,* 2012 IL 112479, ¶ 36)), especially from sex offenders (id. (citing *Doe-3,* 2012 IL 112479, ¶ 37)).
>
> *Doe v. Coe,* 2019 IL 123521, ¶ 62.

In contrast, here, there is no authority that it is generally foreseeable that sexual assaults could occur in business relationships between adults like the attorney-client relationship. Moreover, there is no authority that the state's public policy strongly favors the protection of adults engaging in business relationships. Again, here, the plaintiff fails to allege facts to raise an inference that the misconduct of MacKelvie was generally foreseeable and failed to allege facts to establish the other traditional elements to impose a duty on KR.

ENTERED,

<<signature>>

Judge Gerald Cleary 2147

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

FILED
3/6/2026 9:37 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36992434

FILED DATE: 3/6/2026 9:37 PM 2025L003833

# EXHIBIT 3

FILED DATE: 3/6/2026 9:37 PM 2025L003833

2023 IL App (1st) 221499-U

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

Appellate Court of Illinois, First District, Third Division.

Karen WARD, Plaintiff-Appellant,
v.
KUTAK ROCK, LLP, Defendant-Appellee.

No. 1-22-1499
|
Order Filed May 31, 2023

Appeal from the Circuit Court of Cook County. No. 22 L 2030, Honorable Gerald Cleary, Judge, presiding.

## ORDER

JUSTICE BURKE delivered the judgment of the court.

***1** ¶ 1 *Held*: We affirm the dismissal of plaintiff's negligent supervision claim against defendant law firm pursuant to section 2-615 of the Code of Civil Procedure because plaintiff failed to allege facts that made her attorney's sexual harassment and assault of her foreseeable to the firm that employed him.

¶ 2 Plaintiff, Karen Ward, sued the law firm Kutak Rock, LLP and its employee, attorney Charles MacKelvie, alleging that MacKelvie sexually harassed and assaulted her while he was representing her.[1] The circuit court granted Kutak Rock's motion to dismiss plaintiff's negligent supervision claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), finding that plaintiff did not plead facts establishing that it was foreseeable to Kutak Rock that MacKelvie would sexually harass and assault her, so Kutak Rock did not have a duty to supervise MacKelvie for purposes of plaintiff's negligent supervision claim. On appeal, plaintiff argues that the Illinois Rules of Professional Conduct and public policy support a finding that Kutak Rock had a duty to supervise MacKelvie. For the following reasons, we affirm.

¶ 3 I. BACKGROUND

¶ 4 Plaintiff's amended complaint, which is at issue in this appeal, alleged that MacKelvie was an employee of Kutak Rock with "of counsel" status. In February 2021, plaintiff retained Kutak Rock and MacKelvie to represent her in an appellate probate matter. The parties had a contingency fee agreement under which MacKelvie's "hourly fee would be taken from any amount recovered by" him, and "no amount would be due or owing until and unless there was a recovery of money in the probate case." However, the firm sent several bills to plaintiff, which she indicated that she could not pay, and MacKelvie responded that "there were other ways to pay for his services." MacKelvie then began a series of communications with plaintiff in which he said that he would only work on the appellate brief if plaintiff sent him naked photographs of herself. Plaintiff "felt pressure to send the naked photos of herself to [MacKelvie] as she needed the legal work to be completed in [a] timely fashion." In December 2021, MacKelvie demanded that plaintiff have sex with him at a hotel in Deerfield and said that he would not work on plaintiff's case if she refused. Plaintiff alleged that MacKelvie forced her to have sex with him and "engaged in unwanted and inappropriate sexual contact with [her] that amounted to assault and battery," which caused her to develop depression and post-traumatic stress disorder.

¶ 5 Plaintiff's amended complaint alleged three counts: battery against MacKelvie, a Gender Violence Act (740 ILCS 82/10 (West 2020)) claim against MacKelvie, and negligent supervision against Kutak Rock. The negligent supervision claim alleged that Kutak Rock had a duty "to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie, and a general duty to supervise its employees "to make sure that they engage[d] in appropriate behavior and follow the law and the employer's rules and procedures." It also alleged that MacKelvie did not follow the firm's billing policies, rules, or ethical standards, and that Kutak Rock allowed him to do so.

***2** ¶ 6 Kutak Rock filed a section 2-615 motion to dismiss the negligent supervision claim. Kutak Rock argued that plaintiff failed to allege facts to establish that the firm had a duty to supervise MacKelvie. Specifically, plaintiff failed to allege that it was foreseeable to Kutak Rock that MacKelvie would force plaintiff to send naked photographs of herself and have sex with him in exchange for his legal work. Kutak Rock also argued that plaintiff did not allege facts establishing that

FILED DATE: 3/6/2026 9:37 PM 2025L003833

the firm's alleged failure to supervise MacKelvie proximately caused her injury; rather, she alleged that MacKelvie's alleged sexual assault occurred at a hotel "miles away from Kutak [Rock]'s Chicago offices."

¶ 7 In response, plaintiff contended that, under the Illinois Supreme Court's decision in *Doe v. Coe*, 2019 IL 123521, employers have a general duty to supervise all employees, and that prior notice of an employee's unfitness is not required to impose that duty. Plaintiff argued that Kutak Rock had a duty to ensure that MacKelvie followed the Illinois Rules of Professional Conduct, as well as the firm's own rules and procedures. In addition, plaintiff contended that proximate causation was a factual issue that had to be resolved by a jury.

¶ 8 The circuit court granted Kutak Rock's motion and dismissed plaintiff's negligent supervision claim with prejudice. The court found that plaintiff's amended complaint "fail[ed] to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish [Kutak Rock's] duty to supervise and prevent the criminal conduct of MacKelvie." Plaintiff did not allege that Kutak Rock had any indication that MacKelvie had a propensity to sexually harass and assault clients, or that he had done so in the past, or that the nature of MacKelvie's relationship with plaintiff made it foreseeable that he would do so. In support of the last point, the court reasoned that "the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty" to supervise on the attorney's firm. The court did not address proximate causation.

¶ 9 Plaintiff moved for a finding of finality pursuant to Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)), which the circuit court granted. Plaintiff timely appealed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, plaintiff contends that the circuit court erred in dismissing her negligent supervision claim against Kutak Rock. A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint based on defects apparent on its face. *Doe v. Coe*, 2019 IL 123521, ¶ 31. We accept as true all well-pleaded facts in the complaint and reasonable inferences from those facts, and we construe the allegations of the complaint in the light most favorable to the plaintiff. *Id.* ¶ 20. However, Illinois is a fact-pleading jurisdiction, so the plaintiff must " 'must allege facts sufficient to bring a claim within a legally recognized cause of action.' " *Id.* ¶ 32 (quoting *Vernon v. Schuster*, 178 Ill. 2d 338, 344 (1997)). Merely pleading conclusions is not sufficient. *Coe*, 2019 IL 123521, ¶ 32. A claim should only be dismissed pursuant to section 2-615 if it is clear that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* ¶ 31. We review the dismissal of a claim pursuant to section 2-615 *de novo* (*id.* ¶ 20), meaning that we perform the same analysis as the trial court (*Kapotas v. Better Government Ass'n*, 2015 IL App (1st) 140534, ¶ 26).

¶ 12 A negligent supervision claim is a cause of action against an employer for the employer's failure to reasonably supervise an employee. *Coe*, 2019 IL 123521, ¶ 33. To state a claim for negligent supervision, a plaintiff must allege that the employer (1) had a duty to supervise the employee, (2) negligently supervised the employee, and that (3) such negligence proximately caused the plaintiff's injuries. *Id.* ¶¶ 52, 61. The first element, Kutak Rock's duty to supervise MacKelvie, is at issue in this appeal. " 'Whether a duty exists is a question of law to be determined by the court.' " *Id.* ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). "[T]o impose a duty to supervise, only general foreseeability is required in an employment context." *Coe*, 2019 IL 123521, ¶ 61. "[F]oreseeability means that which is objectively reasonable to expect, not merely what might conceivably occur." *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 238 (2010). An employer's duty to supervise an employee arises when the employer knows or reasonably should know that the employee is likely to engage in dangerous conduct. *Coe*, 2019 IL 123521, ¶ 57. It is not necessary that the employer "have prior notice of a particular unfitness." *Id.* ¶ 61.

***3** ¶ 13 Plaintiff's amended complaint alleges that "it was the duty of [Kutak Rock] to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie. It also alleges that "it was the duty of [Kutak Rock] to generally supervise its employees, including [MacKelvie], to make sure that they engage[d] in appropriate behavior and follow[ed] the law and the employer's rules and procedures." These are conclusions, not facts. Plaintiff's amended complaint contains no facts suggesting that it was foreseeable to Kutak Rock that MacKelvie posed a risk of sexually harassing or assaulting female clients. Illinois is a fact-pleading jurisdiction, and it is not sufficient for plaintiff to simply recite that Kutak Rock had a duty of supervision without facts to support that claim.

FILED DATE: 3/6/2026 9:37 PM 2025L003833

¶ 14 Our supreme court's decision in *Coe* provides a helpful illustration of a properly pled negligent supervision claim. In that case, the plaintiff alleged that Coe, a church director of youth ministries, sexually assaulted her in a church basement when he was 31 and she was 15. *Coe*, 2019 IL 123521, ¶¶ 1, 14. The plaintiff alleged a negligent supervision claim against the church that employed Coe. *Id.* ¶ 48. The circuit court dismissed the negligent supervision claim and the appellate court reversed. *Id.* Our supreme court affirmed, concluding that the plaintiff adequately pled the church's duty to supervise Coe because (1) "it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children" and (2) the plaintiff alleged that church leadership often saw Coe alone with her in his office and allowed them to remain alone together. *Id.* ¶¶ 62-63. The plaintiff also alleged that the church could have discovered Coe's use of child pornography websites by a Google search of his internet pseudonym, that Coe inappropriately touched church youth group members and showed them pornography, and that church members confronted Coe about and reported his inappropriate behavior when they witnessed it. *Id.* ¶¶ 13-16.

¶ 15 *Coe* involved a relationship that presents an inherently foreseeable danger of sexual abuse: a relationship between an adult and a child in a religious organization. An attorney-client relationship between two adults does not present the same inherent danger or foreseeability. Moreover, plaintiff has not alleged facts establishing that Kutak Rock knew, could have known, or should have known that MacKelvie was behaving in a sexually inappropriate manner toward her. On the contrary, plaintiff alleges that MacKelvie's sexual harassment of her consisted of direct communications between her and him, and that the sexual assault occurred at a hotel in Deerfield, apparently with no connection to the firm or its offices. The complaint in *Coe* was much more factual, specific, and concrete than plaintiff's amended complaint in this case, which is why *Coe* does not compel reversal of the dismissal of plaintiff's negligent supervision claim.

¶ 16 This case is more analogous to *Dennis v. Pace Suburban Bus Service*, 2014 IL App (1st) 132397, in which the plaintiff alleged that she boarded a Pace bus while intoxicated, confused, and slipping in and out of consciousness. *Dennis*, 2014 IL App (1st) 132397, ¶¶ 1-2. Instead of calling for help, the bus driver took the plaintiff to his home and sexually assaulted her. *Id.* ¶ 2. The circuit court dismissed the plaintiff's negligent supervision claim against Pace and this court affirmed, explaining that the plaintiff "alleged no facts that Pace had any reason to know or even suspect that [the driver] would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her." *Id.* ¶ 25. This court found that the plaintiff's allegation that Pace had a general duty to prevent drivers from taking passengers home to sexually assault them was "entirely conclusory *** and insufficient to survive a 2-615 motion to dismiss." *Id.* ¶ 25. The same is true of plaintiff's allegations in this case. Plaintiff's amended complaint, on its face, presents no facts establishing that Kutak Rock had reason to foresee, or even suspect, that MacKelvie would sexually harass and assault plaintiff.

***4** ¶ 17 Plaintiff's amended complaint suggests that Kutak Rock was on notice that *something* unusual was happening in MacKelvie's representation of plaintiff because the firm was not receiving payment on her file. Plaintiff alleges that she received multiple bills for MacKelvie's work, which she did not pay, because MacKelvie insisted on being compensated with sexual favors instead. However, she also alleges that she had a contingency fee agreement with Kutak Rock, under which MacKelvie's "hourly rate would be taken from any amount recovered by" him at the conclusion of her case. We struggle to understand why Kutak Rock would issue and expect payment of regular bills for MacKelvie's work if the firm was supposed to be paid on contingency. Even accepting these facts as true, they do not create a duty of supervision. The fact that Kutak Rock was not receiving payment for MacKelvie's work did not make it foreseeable that he would sexually harass and assault plaintiff. We cannot see, and plaintiff's briefs do not explain, the connection between these two things.

¶ 18 Plaintiff argues that Illinois Rule of Professional Conduct 5.1 imposed a duty of supervision upon Kutak Rock. Rule 5.1(b) provides that "[a] lawyer having supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Ill. R. Prof'l Conduct (2010) R. 5.1(b) (eff. Jan. 1, 2010). Rule 5.1(c)(2) provides that a lawyer is responsible for another lawyer's violation of the Rules of Professional Conduct if "the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Ill. R. Prof'l Conduct (2010) R. 5.1(c)(2) (eff. Jan. 1, 2010). From these provisions, plaintiff apparently infers that Kutak Rock's managing partners had

FILED DATE: 3/6/2026 9:37 PM 2025L003833

a duty to supervise MacKelvie for purposes of her negligent supervision claim.

¶ 19 However, the Rules of Professional Conduct themselves defeat plaintiff's argument. The Rules' preamble states that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. *** [The Rules] are not designed to be a basis for civil liability." Ill. R. Prof'l Conduct (2010) Preamble (eff. Jan. 1, 2010). Consistent with this provision, Illinois courts have held that the Rules do not establish duties that give rise to civil causes of action. *Khoury v. Niew*, 2021 IL App (2d) 200388, ¶ 50; *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 34. For example, in *Khoury*, the Second District rejected the plaintiff's argument that Rule 5.1 imposed a duty upon a law firm's president to inquire into another attorney's misuse of client funds. *Khoury*, 2021 IL App (2d) 200388, ¶ 52 ("the Rules do not create independent causes of actions against attorneys"). We apply the same reasoning to this situation. Rule 5.1 does not create a duty for Kutak Rock to supervise MacKelvie that can support plaintiff's negligent supervision claim.

¶ 20 Plaintiff also contends that that public policy supports the imposition of a duty to supervise in this case because " 'those who utilize legal services place a great deal of trust in their attorneys; consequently, the attorney-client relationship presents a significant potential for abuse.' " (quoting *Toushin v. Ruggerio*, 2012 IL App (1st) 192171, ¶ 63). As a general principle, we agree, and we strongly encourage law firms to do everything in their power to protect clients from sexual harassment by attorneys. However, that does not change our conclusion. The question is whether plaintiff's amended complaint alleges facts that made it foreseeable to Kutak Rock that MacKelvie would sexually harass and assault plaintiff. It does not. Moreover, plaintiff cites no authority holding that the attorney-client relationship presents an inherent danger of sexual abuse such that attorneys sexually assaulting clients is always foreseeable to law firms. On the contrary, the commission of a serious crime, like sexual assault, is generally not foreseeable to an employer because an employee is not expected or employed to commit crimes. *Hills*, 195 Ill. 2d at 238. *Toushin* and the other case that plaintiff cites on this point, *DeLuna v. Burciaga*, 223 Ill. 2d 49 (2006), are not negligent supervision cases and they do not involve attorneys sexually assaulting clients, so they offer little guidance.

***5** ¶ 21 Next, Plaintiff argues that the circuit court failed to consider factors such the work performed, the employees performing it, the size of the employer's business, the type of work performed and the employer's clientele, which, according to *Coe*, bear on the extent to which an employer must supervise employees. *Coe*, 2019 IL 123521, ¶ 58. However, plaintiff's amended complaint alleges almost nothing about these factors; only that Kutak Rock is a law firm and that she was a client. We cannot draw legal conclusions from facts that plaintiff does not allege. The circuit court used the correct test to determine whether Kutak Rock had a duty to supervise for purposes of plaintiff's negligent supervision claim, which is whether MacKelvie's misconduct was foreseeable. See *id.* ¶ 61. As explained above, we agree with the circuit court's conclusion that MacKelvie's alleged criminal conduct was not foreseeable to Kutak Rock.

¶ 22 Plaintiff's citation to *Kling v. Landry*, 292 Ill. App. 3d 329 (1997), is unpersuasive. We agree with *Kling*'s conclusion that "an attorney breaches his fiduciary duty to his client by exploiting his position as an attorney to gain sexual favors." *Kling*, 292 Ill. App. 3d at 337. However, negligent supervision claim is a direct claim against an employer for its own misconduct (*Coe*, 2019 IL 123521, ¶ 33), so the fact that MacKelvie breached his fiduciary duty to plaintiff does not mean that Kutak Rock had or breached a duty to supervise MacKelvie.

¶ 23 Plaintiff's reply brief contends that Kutak Rock "owed [her] a duty of care as a business invitee." Plaintiff did not make this argument in the circuit court or in her opening brief, so she has forfeited it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief").

¶ 24 We affirm based on plaintiff's failure to plead facts in support of Kutak Rock's duty to supervise MacKelvie, so we need not reach the parties' arguments regarding proximate causation.

¶ 25 III. CONCLUSION

¶ 26 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27 Affirmed.

FILED DATE: 3/6/2026 9:37 PM 2025L003833

Presiding Justice McBride and Justice Reyes concurred in the judgment.

**All Citations**

Not Reported in N.E. Rptr., 2023 IL App (1st) 221499-U, 2023 WL 3736788

## Footnotes

1 Plaintiff and Kutak Rock are the only parties to this appeal. Plaintiff's claims against the estate of MacKelvie, who is deceased, are still proceeding in the circuit court. See *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 24 n. 4 (appellate court can take judicial notice of circuit court's online docket report).

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

FILED
3/6/2026 9:37 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
36992434

FILED DATE: 3/6/2026 9:37 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., and<br>MARCUS C. JACKSON<br><br>Defendants. | ) | Case No. 2025-L-003833<br><br>Judge Stephanie D. Saltouros |

**DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT PURSUANT TO SECTION 2-615**

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned counsel, respectfully submits this Motion to Dismiss Counts I and II of Plaintiff Jane Doe No. 2's Complaint pursuant to 735 ILCS-5/2-615. In support of this motion, Citibank relies on its concurrently-filed supporting brief.

DEFENDANT CITIBANK, N.A.

Dated: March 6, 2026

By: *Andrew Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 3/6/2026 9:37 PM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 6th day of March, 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT PURSUANT TO SECTION 2-615** to be served on counsel for Plaintiff Jane Doe via the Court's electronic filing system and email, and on Defendant Marcus C. Jackson by first-class mail and email, as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
3/9/2026 9:23 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37017489

FILED DATE: 3/9/2026 9:23 PM 2025L003833

**CERTIFICATE OF SERVICE**

I, Sofia Orelo, certify that on this 9th day of March, 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** to be served via email as indicated below:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
mgraf@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

3303 (12/01/24) CCG 0003

FILED
3/16/2026 5:15 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37128189

FILED DATE: 3/16/2026 5:15 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE, No. 2

v.

CITIBANK, N.A., MARCUS C. JACKSON

No. 2025L003833

## NOTICE OF MOTION

To:

This Document is only being served to each attorney in the
Odyssey E-filing System Service Contact List

On March 26, 2026 at 10:00 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Room 2204, Illinois, and present Plaintiff's Motion to Compel.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, PC
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601

Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email: ______
Tertiary Email: ______

## ☐ PROOF OF SERVICE BY DELIVERY

I, ______, ☐ the attorney ☐ non-attorney certify that on the ______ day of ______, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ______ ______
Signature/Certification

## ☐ PROOF OF SERVICE BY MAIL

I, ______, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ______ at ______
(address on envelope)
and depositing the same in the U.S. Mail at ______
(place of mailing)
at ______ a.m/p.m.. on the ______ day of ______, with proper postage prepaid.

Dated: ______ ______
Signature/Certification

## ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Magdalena Deltoro ☐ the attorney ☑ non-attorney certify that on the 16th day of March, 2026, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (______ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ______, at ______ a.m./p.m., from ______.
(Place)

☑ Via email (Sender's Email is mdeltoro@logganslaw.com
Recipient's email is: See attached service list ).

Dated: March 16, 2026 *Magdalena Deltoro*
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED DATE: 3/16/2026 5:15 PM 2025L003833

# SERVICE LIST

**ATTORNEY FOR PLAINTIFF – JANE DOE**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

FILED
3/16/2026 5:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37128078

#21683

FILED DATE: 3/16/2026 5:09 PM 2025L003833

**SEL/MRG/** **03/16/2026** **23-065**

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

**THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| Jane Doe, No. 2 | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 25 L 003833 |
| | ) | |
| CITIBANK, N.A., | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | | |

**MOTION TO COMPEL**

Plaintiff, Jane Doe, by her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., moves this Honorable Court for entry of an order compelling the following:

Defendant, CitiBank, NA to provide Complete responses to Plaintiff's Second Set of 214 Request for Production of Documents.

____/s/: Michael R. Graf__________
Attorney for Plaintiff
SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 3/16/2026 5:09 PM 2025L003833

# SERVICE LIST

**ATTORNEY FOR PLAINTIFF – JANE DOE**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

FILED DATE: 3/16/2026 5:09 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITIBANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Illinois Supreme Court Rule 214, Defendant Citibank, N.A. ("Citibank" or "Defendant"), by and through its undersigned counsel of record, hereby responds and objects to Plaintiff Jane Doe No. 2's ("Plaintiff") Second Set of Requests for Production (the "Requests") as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to each and every Request, and are incorporated by reference into each and every specific response as if fully set forth in each such response.

1. Defendant's factual and legal investigation of this matter is ongoing. Defendant's responses herein are based on a reasonably diligent and good-faith inquiry and represent Defendant's current knowledge as of the date of these responses and objections. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the responses herein. Unless otherwise stated, Defendant construes the Requests to require only that it use reasonable diligence to locate responsive documents based upon examination of those files or persons most likely to have responsive documents. Defendant

FILED DATE: 3/16/2026 5:09 PM 2025L003833

reserves the right, but does not assume any obligation, except as required by law, to supplement, amend, correct, clarify, or modify the responses and objections as further information becomes available. Further, Defendant reserves the right, during trial or during other proceedings in this case, to rely on documents, evidence, and other materials in addition to the documents and information produced in response to the Requests, whether or not such documents, evidence, or other materials are newly discovered or are now in existence but have not been located, despite reasonably diligent and good-faith efforts.

2. These responses are provided without prejudice to Defendant's right to object on any basis at the time of trial to the admission or use of any document produced in response to these Requests.

3. Defendant objects to the Requests to the extent that they purport to impose obligations that are inconsistent with, or broader in scope than, those contemplated by the Illinois Supreme Court Rules, the Illinois Code of Civil Procedure, any order entered in or applicable to this case, or any other applicable law or rule.

4. Defendant objects to the Requests to the extent that they are vague, ambiguous, overbroad, and/or unduly burdensome.

5. Defendant objects to the Requests to the extent that they seek documents that are not relevant to any claim or defense in this case.

6. Defendant objects to the Requests to the extent that they impose a burden disproportionate to the needs of the case.

7. Defendant objects to the Requests to the extent that they seek documents or information created after the commencement of the instant case or for the purposes of, or in connection with, the instant case.

FILED DATE: 3/16/2026 5:09 PM 2025L003833

8. Defendant objects to the Requests to the extent that they purport to require the production of documents that are public, already in the possession, custody, or control of Plaintiff, equally available to Plaintiff, available from sources to which Plaintiff also has access, or obtainable from some other source that is more convenient, less burdensome, or less expensive, including, but not limited to, other parties and/or non-parties.

9. Defendant objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed. By responding and objecting to the Requests, Defendant does not admit the correctness of such assertions.

10. Defendant objects to the Requests to the extent that they seek documents that are subject to any privilege, immunity, or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity recognized by the Illinois Supreme Court Rules, the Illinois Code of Civil Procedure, state statute, or any other applicable federal or state rule or law. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Defendant does not object to a Request on the basis of an applicable privilege.

11. Defendant objects to the Requests to the extent that they seek documents not in its possession, custody, or control and to the extent that they purport to impose upon Defendant a duty to secure and produce documents that are not in its possession, custody, or control. Defendant's responses and objections shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody, or control.

12. Defendant objects to the Requests to the extent that they purport to impose an obligation on Defendant to conduct anything beyond a reasonable and diligent search of readily

accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Subject to the objections stated, Defendant will search the readily accessible and centrally located files of individuals who they reasonably believe may have relevant documents. Any Requests that seek to require Defendant to go beyond such a search are overbroad and unduly burdensome.

13. Defendant objects to the Requests to the extent that they seek confidential commercial, business, financial, or competitively sensitive information, trade secrets, or any other proprietary information from Defendant, its employees, and its clients.

14. Defendant objects to the Requests to the extent that they seek confidential personnel information or information that would violate the privacy rights of current or former employees of the Defendant. Such documents will be produced only pursuant to a suitable protective order.

15. Defendant's production of any documents is not a waiver of any of the objections set forth herein or an admission or acknowledgment that such material is relevant to the claims and defenses of this case. Further, these responses are without prejudice to and not a waiver of (i) Defendant's right to contend at trial or any other proceeding in this case that such material is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (ii) any objection by Defendant to any future use of such material that Plaintiff may attempt to make. In addition, these responses and any documents produced pursuant hereto are solely for the purposes of this case.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**:

Any and all records, documents, and records contained within: The CSIS case file number CNA 2023-005081, whether in paper form, digital form, computer generated, emails, texts, or any other type of record, including any and all documents related to Referral Case #EOM2023-002466.

FILED DATE: 3/16/2026 5:09 PM 2025L003833

**RESPONSE**:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "Any and all records, documents and records contained within." Defendant objects to this Request on the grounds that the terms "paper form," "digital form," "computer generated", and "other type of record" are not defined and are therefore vague and ambiguous. Defendant objects to this Request to the extent that it purports to impose an obligation on Defendant to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the previously produced documents bates-stamped CITIB_D20000278-284.

**REQUEST FOR PRODUCTION NO. 2**:

The complete personnel file of Marcus Jackson, along with: Any applications for employment or letters of termination.

**RESPONSE**:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant further objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this case and imposes a burden disproportionate to the needs of this case. Defendant objects to this Request to the extent that it purports to impose an obligation on Defendant to conduct anything beyond a reasonable and diligent search of readily

FILED DATE: 3/16/2026 5:09 PM 2025L003833

accessible files (including electronic files) where responsive documents reasonably would be expected to be found.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the previously produced documents bates-stamped CITIB_D20000002-31, CITIB_D20000032-61, and CITIB_D20000062-63. Defendant also refers Plaintiff to documents bates-stamped CITIB_D20000285-311.

**REQUEST FOR PRODUCTION NO. 3**:

Any and all documents contained in the Ethics Office file which was referred to the Ethics Office on 3 April 2023.

**RESPONSE**:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "Any and all documents." Defendant objects to this Request on the grounds that the term "Ethics Office file" is not defined and is therefore vague and ambiguous. Defendant objects to this Request to the extent that it purports to impose an obligation on Defendant to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent such documents are located through a reasonable search.

FILED DATE: 3/16/2026 5:09 PM 2025L003833

**REQUEST FOR PRODUCTION NO. 4**:

Any and all reports concerning Marcus Jackson (Officer, Personal Banker SAFE ACT).

**RESPONSE**:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "Andy and all reports." Defendant further objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this case and imposes a burden disproportionate to the needs of this case. Defendant objects to this Request on the grounds that the term "reports" is not defined and is therefore vague and ambiguous. Defendant objects to this Request to the extent that it purports to impose an obligation on Defendant to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the previously produced documents bates-stamped CITIB_D20000278-284. See also documents bates-stamped CITIB_D20000286-291. Defendant will consider providing further responses to this Request after Plaintiff clarifies and/or narrows the scope of the term "reports".

**REQUEST FOR PRODUCTION NO. 5**:

The entire OSINT analysis/report regarding the CSIS investigation report: CSIS Case #:CNA 2023-005081, bate stamped CITIB_D1000291.

FILED DATE: 3/16/2026 5:09 PM 2025L003833

**RESPONSE**:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the documents bates-stamped CITIB_D20000312-318.

**REQUEST FOR PRODUCTION NO. 6**:

Any and all video tapes of Jane Doe 2 with Marcus Jackson at the Kenwood Branch.

**RESPONSE**:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant also objects to this Request on the grounds that it is overbroad and unduly burdensome. Defendant further objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this case and imposes a burden disproportionate to the needs of this case; Plaintiff's Complaint does not allege that any misconduct occurred at the Kenwood Branch.

FILED DATE: 3/16/2026 5:09 PM 2025L003833

## CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that on this 9th day of March, 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** to be served via email as indicated below:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
mgraf@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FIRST MUNICIPAL DISTRICT LAW DIVISION

PLAINTIFF: Doe No. 2 Jane

V. CASE NUMBER: 2025L003833

DEFENDANT: CitiBank N.A.

ORDER

This case was heard on 3-26-26

Strike or Withdraw Motion or Petition-Allowed. ~~(4284)~~ 4330

ENTERED
Judge Stephanie Saltouros-2161
MAR 26 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

JUDGE: Stephanie D. Saltouros

Stephanie D. Saltouros

3303 (12/01/24) CCG 0003

FILED
4/1/2026 2:31 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37390917

FILED DATE: 4/1/2026 2:31 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A., and MARCUS C. JACKSON

No. 2025L003833

## NOTICE OF MOTION

To:
This Document is only being served to each attorney
in the Odyssey E-filing System Service Contact List

On April 8, 2026 at 10:00 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Room 2204, Illinois, and present Plaintiff's Motion for Leave to File a Second Amended Complaint at Law.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, PC
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email: ______
Tertiary Email: ______

### ☐ PROOF OF SERVICE BY DELIVERY

I, ______, ☐ the attorney ☐ non-attorney certify that on the ______ day of ______, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ______ ______
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, ______, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ______ at ______ (address on envelope)
and depositing the same in the U.S. Mail at ______ (place of mailing)
at ______ a.m/p.m.. on the ______ day of ______, with proper postage prepaid.

Dated: ______ ______
Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Magdalena Deltoro ☐ the attorney ☑ non-attorney certify that on the 1st day of April, 2026, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (______ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ______, at ______ a.m./p.m., from ______ (Place).

☑ Via email (Sender's Email is mdeltoro@logganslaw.com
Recipient's email is: arosenman@mayerbrown.com; sorelo@mayerbrown.com; charlesmarcus303@gmail.com ).

Dated: April 1, 2026 Magdalena DelToro
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED
4/1/2026 2:11 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37390112

FILED DATE: 4/1/2026 2:11 PM 2025L003833

SEL/MRG/mxd 03/31/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2025L003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION

Plaintiff, JANE DOE NO. 2 by her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., respectfully moves this Honorable Court for entry of an Order as follows:

1. For leave to file a Second Amended Complaint at Law, adding detailed allegations, instanter.

/s/ Michael R. Graf
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/3/2026 11:20 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37426347

FILED DATE: 4/3/2026 11:20 AM 2025L003833

SEL/MRG/mxd 04/03/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A., and
MARCUS C. JACKSON,
Defendants.

No. 2025L003833

**NOTICE OF FILING AND PROOF OF SERVICE**

To: All Attorneys of Record (See attached service list).

I hereby certify that on April 3, 2026, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

Plaintiff's Response to Defendant Citibank, N.A.'s Motion to Dismiss

I further certify that on April 3, 2026, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses that are registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

*/s/: Magdalena Deltoro*

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

FILED DATE: 4/3/2026 11:20 AM 2025L003833

**SERVICE LIST**
Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson
2025L003833

**ATTORNEY FOR PLAINTIFF – JANE DOE NO. 2**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

Case: 1:26-cv-10046 Document #: 1-1 Filed: 08/19/26 Page 315 of 607 PageID #:328

FILED
4/3/2026 11:20 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37426347

FILED DATE: 4/3/2026 11:20 AM 2025L003833

SEL/MRG/mxd 04/03/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. ) NO. 2025L003833

CITIBANK, N.A.,
And
MARCUS C. JACKSON,

Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS**

NOW Comes the Plaintiff, Jane Doe No. 2, by and through her attorneys, Susan E. Loggans and Associates, PC, and in response to Defendant Citibank, N.A.'s Motion to Dismiss pursuant to Section 2-615, states:

**Statement of Facts**

In July of 2023, the Plaintiff, Jane Doe No. 2, was a customer at the defendant's Citibank N.A. She did her banking at the Kenwood branch of Citibank. During her banking activities, she met the defendant Marcus C Jackson, a personal banker employed at the time by Citibank. During her encounters with Mr. Jackson at the bank, he assisted her with her banking needs. Plaintiff found him to be helpful and she looked to him when she would visit the Kenwood branch. During her

FILED DATE: 4/3/2026 11:20 AM 2025L003833

encounters with Mr. Jackson, he began talking with her about her family, his family, and her being a single mother and how difficult that must be. At some point during their conversations at the Kenwood branch while he was helping her with her ATM issues, Mr. Jackson asked plaintiffs for her phone number and suggested that they meet for dinner and drinks. At this time, plaintiff was unaware that Mr. Jackson had assaulted a Citibank customer previously.

Because he was a personal banker, and an employee of Citibank someone she trusted, she agreed to meet Mr. Jackson for dinner and drinks at an establishment called bar David. That's the end of the evening, while they were walking back to the plaintiffs car, Mr. Jackson grabbed the plaintiff and attempted to assault her. Right after, plaintiff contacted Citibank to report the incident to them. Citibank completed an investigation and similar to the previous allegation of sexual assault against Mr. Jackson, Citibank found the allegations to be unsubstantiated. However, they terminated Mr. Jackson. No mention of the alleged assaults are in any documents other than the investigative reports. Plaintiff filed her complaint against Citibank and Mr. Jackson.

During the initial stages of the litigation, Citibank attempted to block discovery, however the court allowed limited discovery in this case. Defendant Citibank filed its motion to dismiss the counts against it pursuant to section 2-615 of the Illinois Code of Civil Procedure indicating that plaintiff's complaint lacked a factual basis for its allegations against Citibank. During the limited discovery

FILED DATE: 4/3/2026 11:20 AM 2025L003833

completed in this case, plaintiff has discovered facts sufficient to sustain its complaint against Citibank.

**Argument**

During the limited discovery allowed by the Court, Plaintiff was able to uncover the extreme factual basis for the Complaints against Citibank. These are set forth in Plaintiff's Second Amended Complaint. The Motion to Amend the Complaint is scheduled for April 8, 2026, before this Honorable Court.

The Second Amended Complaint sets forth the factual basis for the Complaints which were uncovered during the limited discovery. These facts include Marcus Jackson misrepresenting, omitting or lying about matters specifically asked for on his employment application. Any of the facts would have been disqualifying. Also, had these been brought to the attention of the Branch Managers at the Kenwood Branch, they would or should have been on notice of his criminal background and financial issues so as to allow them to more properly train and supervise Marcus C. Jackson to prevent the incident in question.

Further, Defendant Citibank, N.A. knew of the sexual assault committed by Marcus C. Jackson on another Citibank customer. He met his previous victim in the same manner that he met Plaintiff in this case. After an investigation which Citibank inexplicably found to be unsubstantiated. They took no disciplinary action nor did they inform anyone at the Kenwood branch of Defendant Jackson's issues with customers. It was only after the second sexual assault against this plaintiff that Citibank took action against defendant Jackson. However, even then, the incident

FILED DATE: 4/3/2026 11:20 AM 2025L003833

was not mentioned in any document other than the investigative documents obtained by plaintiff through discovery.

_____*/s/: Michael R. Graf*__________
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Date: 4/7/2026

180 N. LaSalle Street
CHICAGO
IL - 60601
thefirm@logganslaw.com

CASE: 2025L003833
Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

This cause is scheduled to appear in-person on the Trial Setting Call on the 2026-05-05 at 1:30 PM. in Courtroom 2005 of the R.J. Daley Center, 50 West Washington, Chicago, Il. 60602.

All cases appearing on the Trial Setting Call will be receiving Trial Dates and, as such, all parties should discuss, prior to appearing for Trial Setting, reasonable Trial Dates to suggest to the court on the above Trial Setting date.
The goal is to set cases for trial as expeditiously as possible.

Please note that future Case Management and/or Trial Certification dates may be stricken and cases returned to the assigned Motion Judge for in-person Focused Case Management, depending on the trial date assigned.

***** All Attorneys of Record and Pro Se Litigants must appear *****

***** COPIES OF ALL CASE MANAGEMENT ORDERS REQUIRED *****

Date: 4/7/2026

-
arosenman@mayerbrown.com

CASE: 2025L003833
Jane Doe No. 2 -vs- CitiBank N.A.,CitiBank, INC,Marcus Jackson

This cause is scheduled to appear in-person on the Trial Setting Call on the 2026-05-05 at 1:30 PM. in Courtroom 2005 of the R.J. Daley Center, 50 West Washington, Chicago, Il. 60602.

All cases appearing on the Trial Setting Call will be receiving Trial Dates and, as such, all parties should discuss, prior to appearing for Trial Setting, reasonable Trial Dates to suggest to the court on the above Trial Setting date.
The goal is to set cases for trial as expeditiously as possible.

Please note that future Case Management and/or Trial Certification dates may be stricken and cases returned to the assigned Motion Judge for in-person Focused Case Management, depending on the trial date assigned.

***** All Attorneys of Record and Pro Se Litigants must appear *****

***** COPIES OF ALL CASE MANAGEMENT ORDERS REQUIRED *****

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT, LAW DIVISION**

**MOTION CALL Z ROOM 2204**

Doe 2,
Plaintiff

V.

Case no. 25 L 3833

Citibank,
Defendant

**ROOM 2204 CONTINUANCE ORDER**

This matter coming before the court

_____Regular CMC _____Focused CMC ✓ Motion

IT IS HERE BY ORDERED:

4619 Matter is continued to 4-9-26 at 10:00 A.M. in ROOM 2204

Motion to Amend Complaint with more

4331 specificity - Strike 4-8-26.

ENTERED
Judge Stephanie Saltouros-2161
APR 07 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

DATED:

Stephanie D. Saltouros
JUDGE:

Judge Stephanie D. Saltouros #2161

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE No. 2
Plaintiff(s)

v.

Case No: 2025-L-003833
Calendar Z Courtroom 2204

CITIBANK, N.A., et al.
Defendant(s)

**BRIEFING SCHEDULE**

THIS CAUSE coming on for hearing on the motion of Plaintiff/Defendant Citibank for Section 2-615 motion, due notice having been given, and the court being otherwise fully advised in the premises : to dismiss

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ____ days; 4231 or by April 24, 2026 :
2. Respondent shall respond by May 15, 2026. 4231
3. Movant shall reply by May 29, 2026. 4231
4. The movant must provide the Court at clerk's status on 6/1/26, 20____ 4217 at 9:00a.m with a COMPLETE set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: 4374
5. This matter is set for Case Management on 6/25/26 20____ at 9:00 a.m/p.m + Ruling 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ____________, 20____ at ________am/pm is stricken and reset to ____________, 20______ at __________ am/pm.
9. OTHER Plaintiff shall provide responses to Citibank's February 18, 2026 interrogatories and document requests by April 16, 2026
4563

ENTERED
Judge Stephanie Saltouros-2161
APR 09 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name:
Attorney Number:
Attorney for:
Address/City/State:
Telephone:

Entered: Stephanie D. Saltouros
, Circuit Court Judge

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Line # 5
Time: ______

Doe 2, Plaintiff(s),

-v-

Citibank, Defendant(s).

No: 25 L 3833

Calendar: Z

Filing Date: 3-18-25

*2005 Trial Setting: ______
(12 mos or 24 mos from filing date)

*2005 Trial Date: ______

## CASE MANAGEMENT ORDER

(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ______
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ______
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: 7-9-26
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other ) by 5-1-26
5. (4218) 213(f)(2) depositions completed by ______
6. (4231) Dispositive motions filed by (P) (D) (Other) by ______
7. (4296) 215 and 216 discovery completed by ______
8. (4231) Parties issue 213 f(3) interrogatories by: ______
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ______
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ______

ENTERED
Judge Stephanie Saltouros-2161
APR 09 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

11. (4619) The case is continued for CMC on 6-1-26 at 9:00 in Room Court Room 2204 for:

☒ Service ☐ Pleadings ☐ Discovery ☐ Settlement ☐ Atty Appearance ☐ Other

4290 Plaintiffs motion to file 2nd Amended Complaint is granted to add titles + more specific allegations
4331 Date certain for fi deps on 6-1-26
4331 Date of 4-27-26 clerk status stricken + 5/12 CMC stricken

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

Failure to comply with this order shall be a basis for sanctions under Rule 219(c).
Failure to enforce this order shall constitute a forfeiture of such discovery by that party.

Name Graf/ Loggans
Address 180 N. LaSalle #2640
City/State Chgo IL 60601
Telephone 312-201-8600
E-mail The firm@loggans law.com
Atty. For π
Atty. No. 21683

ENTERED:

JUDGE Stephanie D. Saltouros

FILED
4/10/2026 2:12 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37538119

FILED DATE: 4/10/2026 2:12 PM 2025L003833

SEL/MRG/mxd 04/10/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v. No. 2025L003833

CITIBANK, N.A., and
MARCUS C. JACKSON,

Defendants.

## NOTICE OF FILING AND PROOF OF SERVICE

To: All Attorneys of Record (See attached service list).

I hereby certify that on April 10, 2026, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

Plaintiff's Second Amended Complaint at Law

I further certify that on April 10, 2026, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses that are registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

/s/: Magdalena Deltoro

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

**SERVICE LIST**
Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson
2025L003833

**ATTORNEY FOR PLAINTIFF – JANE DOE NO. 2**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/10/2026 2:12 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37538119

FILED DATE: 4/10/2026 2:12 PM 2025L003833

SEL/MRG/mxd 03/31/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2, )
)
Plaintiff, )
)
v. ) NO. 2025L003833
)
CITIBANK, N.A., )
And )
MARCUS C. JACKSON, )
)
Defendants. )

**SECOND AMENDED COMPLAINT AT LAW**

**COUNT I - NEGLIGENT SUPERVISION - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

1. In October 2019, Defendant Marcus C. Jackson applied for a job at the Kenwood branch of Defendant Citibank, N.A.

2. On a written application, Marcus Jackson answered questions concerning his history, including family history, work history, and criminal history.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

3. Marcus Jackson was not completely forthcoming and misrepresented his criminal history.

4. Defendant Citibank failed to uncover the extent of Defendant Jackson's criminal history.

5. Jackson's failure to disclose the entirety and extent of his criminal history should have disqualified him from employment at Citibank.

6. In addition to criminal activity disclosed by Jackson, Unlawful Use of Recorded Sound and Unlawful Possession of a taser, he failed to disclose that the former is a theft crime and the latter is a firearm crime.

7. Had a complete background check been performed on Marcus Jackson, these discrepancies would have been uncovered along with his convictions for possession of cannabis, transporting alcohol while driving, and many driving while license suspended violations.

8. Marcus Jackson had also been sued and a judgment entered against him by a financial entity, which he denied in his application.

9. According to Citibank branch managers, questions concerning previous employment history and financial difficulties are not asked at the Branch Manager level.

10. Further, criminal activities and criminal history are also not a part of the interview process.

11. Such information is never shared with the Branch Managers, even if uncovered during the hiring process or thereafter, according to Citibank Branch Managers.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

12. On March 21, 2023, Marcus Jackson sexually assaulted a customer of Citibank, Jane Doe.

13. During Citibank's investigation, Jane Doe and Marcus Jackson were interviewed.

14. Marcus Jackson turned over text messages to and from Jane Doe, but did not reveal all of them. Marcus Jackson told investigators that he told his uncle about what happened with Jane Doe, but would not let Citibank investigators contact his uncle.

15. The information about this assault was not relayed to any Citibank personnel, such as a Branch Manager.

16. Citibank did not inform any Citibank personnel, including branch managers, about the assault or its investigation.

17. Citibank took no disciplinary action against Marcus Jackson to prevent similar incidents from happening.

18. On and before July 7, 2023, Defendant CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

19. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employe of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

20. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

21. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE, including helping her with her ATM transaction and reversing several charges on her account.

22. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked her for her cell phone number so he could contact her directly.

23. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment, providing personal banking services, engaged in grooming activities, including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

24. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff at the ATM in the Kenwood Branch while he was working, and he recommended that they meet at an establishment called Bar David.

25. On or about July 7, 2023, Defendant, Citibank, knew or should have known of Jackson's propensity to abuse women and Citibank customers.

26. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

27. On or about July 7, 2023, and thereafter, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

FILED DATE: 4/10/2026 2:12 PM 2025L003833

a. Failed to appropriately investigate Marcus Jackson before hiring him.

b. Failed to keep Branch Managers informed of employees such as Marcus Jackson's criminal history.

c. Failed to inform Branch Managers of potential disqualifying factors to allow them proper decision-making concerning potential employees.

d. Failed to inquire about criminal history and activities during interview process.

e. Failed to inform the Branch Manager about Defendant's criminal history after learning of Defendant's criminal history.

f. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers.

g. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

h. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

i. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE NO. 2.

28. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

**COUNT II - NELGIGENT TRAINING - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendant, CITIBANK, N.A., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services

FILED DATE: 4/10/2026 2:12 PM 2025L003833

engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working, and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant, and employee had a history of abusing women he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to appropriately investigate Marcus Jackson before hiring him.

b. Failed to keep Branch Managers informed of employees such as Marcus Jackson's criminal history.

c. Failed to inform Branch Managers of potential disqualifying factors to allow them proper decision-making concerning potential employees.

d. Failed to inquire about criminal history and activities during interview process.

e. Failed to inform the Branch Manager about Defendant's criminal history after learning of Defendant's criminal history.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

f. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers.

g. Failed to adequately train employees on how to prevent staff members from grooming customers; and

h. Failed to adequately train their employees, that it is inappropriate to date, or otherwise have a relationship with customers.

i. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT III - MARCUS C. JACKSON – SEXUAL ASSAULT**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A. was and continues to exist and doing business in Cook County, State of Illinois.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendant, CITIBANK, N.A. was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendants, CITIBANK, N.A. and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendants, CITIBANK, N.A., by and through its agent servant and/or employee, MARCUS C. JACKSON provided banking services to Plaintiff, JANE DOE NO. 2.

5. On July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Bank at Defendant, CITIBANK, N.A., used his position to begin grooming the Plaintiff, JANE DOE NO. 2.

7. Defendant, MARCUS C. JACKSON, while providing banking services to the Plaintiff, JANE DOE NO. 2, recommended that they meet at an establishment called Bar David.

9. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting the Plaintiff, JANE DOE NO. 2, to dinner and drinks under the guise of providing banking assistance to her.

FILED DATE: 4/10/2026 2:12 PM 2025L003833

10. That on July 7, 2023 after having previously helped Plaintiff, JANE DOE NO. 2, with banking issues, Defendant, MARCUS C. JACKSON, secluded the Plaintiff, JANE DOE NO. 2, and sexually assaulting the Plaintiff, JANE DOE NO. 2, causing serious and permanent injuries to the Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

_____*/s/: Michael R. Graf*_________
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

3303 (12/01/24) CCG 0003

FILED
4/17/2026 3:13 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37648229

FILED DATE: 4/17/2026 3:13 PM 2025L003833

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK NA and MARCUS JACKSON,

No. 2025L003833

## NOTICE OF MOTION

To:
See attached Service List

On April 21, 2026 at 8:45 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros - courtroom 2204 or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 W. Washington, Chicago, Illinois, and present Plaintiff's Emergency Motion to Extend.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601

Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email:
Tertiary Email:

### ☐ PROOF OF SERVICE BY DELIVERY

I, ____________, ☐ the attorney ☐ non-attorney certify that on the ______ day of ____________, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ____________ ____________
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, ____________, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ____________ at ____________
(address on envelope)

and depositing the same in the U.S. Mail at ____________
(place of mailing)

at ______ a.m/p.m.. on the ______ day of ____________, with proper postage prepaid.

Dated: ____________ ____________
Signature/Certification

### ☑ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Deborah A. Hecimovich ☐ the attorney ☑ non-attorney certify that on the 17th day of April, 2026, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (______ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ____________,at ______ a.m./p.m.,from ____________.
(Place)

☑ Via email (Sender's Email is dhecimovich@logganslaw.com
Recipient's email is: see attached service list ).

Dated: April 17, 2026 Debbie Hecimovich
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED DATE: 4/17/2026 3:13 PM 2025L003833

**SERVICE LIST**
Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson
2025L003833

**ATTORNEY FOR PLAINTIFF – JANE DOE NO. 2**

Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**

Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**

9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/17/2026 3:13 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37648229

FILED DATE: 4/17/2026 3:13 PM 2025L003833

SEL/kaj 4/17/26

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

V.

CITI BANK, N.A., AND
MARCUS C. JACKSON

Defendants.

Case No. 2025L003833

## EMERGENCY MOTION

Plaintiff, JANE DOE NO. 2, respectfully moves this Honorable Court for entry of an order extending the time to respond to the written discovery, which was due on April 16, 2026 for an additional 30 days to complete and provide full answers. In support of this motion, the plaintiff states:

1. The case is being reassigned to attorney, Susan E. Loggans for specific handling of the matter.
2. Michael Graf will assist Susan E. Loggans; however, she will be the sole contact for all matters concerning this case.
3. Jane Doe No. 2 is having difficulty responding to the written discovery due to the psychiatric issues suffered because of this case.
4. Jane Doe No. 2 has informed counsel of additional medical records that must be obtained, which were not disclosed previously.
5. Susan E. Loggans, an attorney who has her PhD in Psychology, will be working with this plaintiff to complete this written discovery.

FILED DATE: 4/17/2026 3:13 PM 2025L003833

6. This matter does not have a trial date, and there will be no prejudice to either party with this extension.

/s/SUSAN E. LOGGANS

SUSAN E. LOGGANS & ASSOCIATES PC
180 North LaSalle Street
Suite 2640
Chicago, Il 60601
312-201-8600
Service fax: 312-201-1180
Service email: thefirm@logganslaw.com

FILED DATE: 4/17/2026 3:13 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE No. 2 )
Plaintiff(s) )
) Case No: 2025-L-003833
V. ) Calendar Z Courtroom 2204
)
CITIBANK, N.A., et al. )
Defendant(s) )

**BRIEFING SCHEDULE**

THIS CAUSE coming on for hearing on the motion of Plaintiff/Defendant Citibank for Section 2-615 motion to dismiss, due notice having been given, and the court being otherwise fully advised in the premises :

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ______ days; 4231 or by April 24, 2026 :
2. Respondent shall respond by May 15, 2026. 4231
3. Movant shall reply by May 29, 2026. 4231
4. The movant must provide the Court at clerk's status on 6/1/26, 20____ 4217 at 9:00a.m with a COMPLETE set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: 4374
5. This matter is set for Case Management on 6/25/26 20__ at 9:00 a.m/p.m & Ruling 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ______________, 20____ at ________ am/pm is stricken and reset to ______________, 20______ at __________ am/pm.
9. OTHER Plaintiff shall provide responses to Citibank's February 18, 2026 interrogatories and document requests by April 16, 2026. 4003

ENTERED
Judge Stephanie Saltouros-2161
APR 09 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name:
Attorney Number:
Attorney for:
Address/City/State:
Telephone:

Entered: Stephanie D. Saltouros
, Circuit Court Judge

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/17/2026 8:17 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37634658

FILED DATE: 4/17/2026 8:17 AM 2025L003833

SEL/MRG/mxd 04/16/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A., and
MARCUS C. JACKSON,
Defendants.

No. 2025L003833

## NOTICE OF FILING AND PROOF OF SERVICE

To: All Attorneys of Record (See attached service list).

I hereby certify that on April 16, 2026, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Plaintiff's Response to Defendant Citibank, N.A.'s First Set of Interrogatories to Plaintiff Jane Doe No. 2
- Plaintiff's Response to Defendant Citibank, N.A.'s First Set of Requests for Production to Plaintiff Jane Doe No. 2

I further certify that on April 16, 2026, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses that are registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

/s/: Magdalena Deltoro

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

FILED DATE: 4/17/2026 8:17 AM 2025L003833

**SERVICE LIST**
Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson
2025L003833

**ATTORNEY FOR PLAINTIFF – JANE DOE NO. 2**

Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**

Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**

9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Line # ________
Time: ________

| | | |
|---|---|---|
| Jane Doe No. 2, | ) | No: 2025-L-03833 |
| Plaintiff(s), | ) | |
| | ) | Calendar: Z |
| | ) | |
| -v- | ) | Filing Date: 3-17-25 |
| | ) | |
| | ) | *2005 Trial Setting: ________ |
| Citibank, N.A., et al. | ) | (12 mos or 24 mos from filing date) |
| | ) | |
| Defendant(s). | ) | *2005 Trial Date: ________ |

## CASE MANAGEMENT ORDER

(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ________
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ________
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: ________
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other ) by ________
5. (4218) 213(f)(2) depositions completed by ________
6. (4231) Dispositive motions filed by (P) (D) (Other) by ________
7. (4296) 215 and 216 discovery completed by ________
8. (4231) Parties issue 213 f(3) interrogatories by: ________
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ________
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ________

FILED
Judge Stephanie Saltouros-2161
APR 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

4335

11. ~~(4619)~~ The case is continued for CMC on June 25 at 9:00am in Room Court Room 2204 for:

☐ Service ☐ Pleadings ☐ Discovery ☐ Settlement ☐ Atty Appearance ☐ Other

4830 4831 4863

Plaintiff's emergency motion for extension of time is granted. Plaintiff shall serve complete responses to Citibank's interrogatories and document requests by May 18, 2026. On June 1, the parties shall provide dates certain for FED depositions after June 25, 2026.

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

Failure to comply with this order shall be a basis for sanctions under Rule 219(c).
Failure to enforce this order shall constitute a forfeiture of such discovery by that party.

Name Sofia Orelo
Address 71 S. Wacker Dr.
City/State Chicago, IL
Telephone 312 701 8026
E-mail sorelo@mayerbrown.com
Atty. For Citibank, N.A.
Atty. No. 6342678

ENTERED:

Stephanie D. Saltouros

JUDGE ________

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/24/2026 5:27 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37766496

FILED DATE: 4/24/2026 5:27 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | Judge Stephanie D. Saltouros |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO SECTION 2-615**

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned counsel, respectfully submits this Motion to Dismiss Counts I and II of Plaintiff Jane Doe No. 2's Second Amended Complaint pursuant to 735 ILCS-5/2-615. In support of this motion, Citibank relies on its concurrently-filed supporting brief.

DEFENDANT CITIBANK, N.A.

Dated: April 24, 2026

By: *Andrew Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 24th day of April, 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO SECTION 2-615** to be served on counsel for Plaintiff Jane Doe via the Court's electronic filing system and email, and on Defendant Marcus C. Jackson by first-class mail and email, as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/24/2026 5:27 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37766496

FILED DATE: 4/24/2026 5:27 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO SECTION 2-615**

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........ 1

SUMMARY OF DOE 2'S ALLEGATIONS ........ 2

SECTION 2-615 STANDARDS ........ 4

ARGUMENT ........ 5

I. Doe 2's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels. ........ 6

II. Counts I and II fail because Citibank had no duty to supervise or train Jackson based on the allegations in the SAC. ........ 8

A. The off-premises (alleged) sexual assault by Jackson of Doe 2 during non-business hours was not foreseeable to Citibank. ........ 8

B. The likelihood of a sexual assault was exceedingly low. ........ 13

C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank. ........ 13

III. Plaintiff does not allege any facts to support the other essential elements of negligent supervision or negligent training claims. ........ 14

CONCLUSION ........ 15

FILED DATE: 4/24/2026 5:27 PM 2025L003833

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axiom RMS, Ltd. v. Booth*,
2019 IL App (1st) 180724 .......... 5

*Brooks v. MV Transp., Inc.*,
2019 WL 194373 (N.D. Ill. Jan. 15, 2019) .......... 7

*Bruns v. City of Centralia*,
2014 IL 116998 .......... 8, 13, 14

*City of Chicago v. Beretta U.S.A. Corp.*,
213 Ill. 2d 351 (Ill. 2004) .......... 4, 5

*Dennis v. Pace Suburban Bus Serv.*,
2014 IL App (1st) 132397 .......... 6, 11

*Doe v. Boy Scouts of Am.*,
2014 IL App (2d) 130121 .......... 6

*Doe v. Coe*,
2019 IL 123521 .......... 5, 8, 12

*Doe v. Lawrence Hall Youth Servs.*,
2012 IL App (1st) 103758 .......... 5

*Doe v. McKay*,
183 Ill. 2d 272 (1998) .......... 8

*Ehrens v. Lutheran Church*,
385 F.3d 232 (2d Cir. 2004) .......... 7

*Escobar v. Madsen Constr. Co.*,
226 Ill. App. 3d 92 (1st Dist. 1992) .......... 6

*Feis Equities, LLC v. Sompo Holdings Int'l, Ltd.*,
2020 IL App (1st) 191072 .......... 4

*Giraldi v. Cmty. Consol. Sch. Dist. No. 62*,
279 Ill. App. 3d 679 (1st Dist. 1996) .......... 12

*Gress v. Lakhani Hospitality, Inc.*,
2018 IL App (1st) 170380 .......... 12

FILED DATE: 4/24/2026 5:27 PM 2025L003833

*Hachem v. Chicago Title Ins. Co.*,
2015 IL App (1st) 143188 .......... 5

*Hills v. Bridgeview Little League Ass'n*,
195 Ill. 2d 210 (2000) .......... 6, 10

*Knox College v. Celotex Corp.*,
88 Ill. 2d 407 (1981) .......... 5

*Leekha v. Wentcher*,
224 Ill. App. 3d 342 (1st Dist. 1991) .......... 4

*MacDonald v. Hinton*,
361 Ill. App. 3d 378 (3d Dist. 2005) .......... 6, 7

*MacLeod v. Commonwealth Edison*,
2024 IL App (2d) 230237 .......... 4

*Montgomery v. Petty Mgmt. Corp.*,
323 Ill. App. 3d 514 (1st Dist. 2001) .......... 12, 14

*Nabors Drilling USA, Inc. v. Escoto*,
288 S.W.3d 401 (Tex. 2009) .......... 7

*Noto v. Shlifka*,
2024 IL App (2d) 240093 .......... 8, 10, 11, 13

*O'Rourke v. McIlvaine*,
2014 IL App (2d) 131191 .......... 6

*Quiroz v. Chicago Transit Auth.*,
2022 IL 127603 .......... 4

*Shaper v. Bryan*,
371 Ill. App. 3d 1079 (1st Dist. 2007) .......... 4

*Teter v. Clemens*,
112 Ill. 2d 252 (1986) .......... 5

*Vancura v. Katris*,
238 Ill. 2d 352 (2010) .......... 5

*Ward v. Kutak Rock, LLP*,
2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022) .......... *passim*

*Ward v. Kutak Rock, LLP*,
2023 IL App (1st) 221499-U .......... 9

FILED DATE: 4/24/2026 5:27 PM 2025L003833

*Wright v. City of Danville*,
174 Ill. 2d 391 (1996) ....................................................................................................8

**Statutes**

775 ILCS 5/2-103.1(A) ..................................................................................................14

735 ILCS-5/2-615 ..................................................................................................... *passim*

**Other Authorities**

Ill. S. Ct. R. 23(e)(1) ........................................................................................................9

Restatement (Second) of Torts § 317...........................................................................1, 6, 7

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# INTRODUCTION

Plaintiff Jane Doe No. 2 ("Doe 2"), a former customer of Defendant Citibank, N.A. ("Citibank"), alleges in her Second Amended Complaint ("SAC") that Defendant Marcus Jackson ("Jackson"), during his employment at Citibank, somehow "secluded" her at some unidentified location in some unidentified manner, and sexually assaulted her there. The SAC is also silent as to the specific nature of Jackson's alleged assault. What is clear, though, is that the alleged assault occurred *off of Citibank's premises and during non-business hours.*

Doe 2 alleges that Citibank negligently supervised and trained Jackson (Counts I and II), and that Jackson is liable for the alleged assault (Count III). The claims against Citibank, however, should be dismissed with prejudice under 735 ILCS-5/2-615 ("Section 2-615") for several reasons.

First, Citibank is, as a matter of law, not liable for alleged conduct that was outside the scope of Jackson's employment, and that took place neither on Citibank's premises nor using its chattels. Illinois has adopted Section 317 of the Restatement (Second) of Torts, and Illinois courts have interpreted Section 317 as placing a significant restriction on an employer's liability for the acts of an employee that exceed the scope of the employment.

Second, Citibank did not have a duty to supervise and/or train Jackson, as his alleged sexual assault was not foreseeable. In that regard, the SAC alleges that Jackson sexually assaulted a different Citibank customer, Jane Doe ("Doe 1"), who filed a separate lawsuit against Citibank and Jackson that is pending before this Court. The SAC, however, conspicuously omits any factual allegations about the outcome of Citibank's investigation of Doe 1's allegations, even though Doe 2's counsel (who is also Doe 1's counsel) took discovery on these issues before filing the SAC. Instead, the SAC makes the ***sanctionable*** allegation (p. 3, ¶ 13) that Doe 1 was "interviewed" during Citibank's investigation of her allegations. This is patently false. Doe's counsel ***refused to permit Citibank to interview Doe 1*** during its investigation. The Court should sanction Doe 2's

FILED DATE: 4/24/2026 5:27 PM 2025L003833

counsel for making such a blatantly false and misleading allegation. In any event, the SAC does not assert that anyone at the Kenwood branch (or elsewhere at Citibank) ever witnessed any violent conduct by Jackson, or even any inappropriate behavior by Jackson toward Doe 2 or anyone else. Because Doe 2 has no basis to make any such allegations, she points to two *non-violent* convictions that Jackson had in 2005 and 2014—about 18 and 9 *years*, respectively, before his alleged sexual assault of Doe 2. Doe 2's counsel also falsely alleges that Jackson has "convictions" for cannabis possession and driving offenses. The public record shows otherwise. In any event, none of those non-violent offenses would support the notion that the alleged sexual assault was foreseeable.

Finally, even if Doe 2 could overcome the foregoing hurdles, she has not alleged specific *facts* that support the required elements of negligent supervision or negligent training.

## SUMMARY OF DOE 2'S ALLEGATIONS[1]

In October 2019, Jackson applied for a job at Citibank and answered written questions about his family, work and criminal history. Ex. 1, Count I, ¶¶ 1-2. Jackson "was not completely forthcoming" and Citibank "failed to uncover the extent of [his] criminal history," which "should have disqualified him from employment." *Id.*, ¶¶ 3-5. Jackson disclosed criminal activity about unlawful recorded sound and possessing a taser. *Id.*, ¶ 6. (These convictions occurred in 2005 and 2014, respectively. *See* **Exhibit 4**.) If a "complete background check" had been performed, Citibank allegedly would have discovered "his convictions for possession of cannabis, transporting alcohol while driving and many driving while license suspended violations," and that a civil judgment was entered against him by a financial entity. Ex. 1, Count I, ¶¶ 7-8. Doe 2 alleges that questions about prior work history and financial difficulties are not asked at the branch level, and

[1] A copy of the SAC is attached hereto as Exhibit ("Ex.") 1. Doe 2 never actually filed a First Amended Complaint. While Citibank must treat the well-pleaded factual allegations in the SAC as true for purposes of this Section 2-615 motion, it otherwise denies all of Plaintiff's claims. The allegations in Counts I and II are nearly identical so we refer to Count I herein, except as to any material differences in the Counts.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

criminal history is not part of the interview process. *Id.*, ¶¶ 9-10.

On March 21, 2023, Jackson allegedly sexually assaulted Doe 1. *Id.*, ¶ 12. Jackson allegedly provided Citibank, during its investigation, with his text messages with Doe 1, but "did not reveal all of them," and claimed that Citibank could not contact his uncle, an alleged witness. *Id.*, ¶ 14. Information about Doe 1's (alleged) assault and the investigation thereof allegedly was not shared with Citibank's branch managers. *Id.*, ¶¶ 15-16. Doe 2 avers that Citibank "took no disciplinary action against [Jackson] to prevent similar incidents from happening." *Id.*, ¶ 17.

On or about July 7, 2023, Doe was a Citibank customer and visited the Kenwood branch, where Jackson "provided banking services" to her, "including helping her with her ATM transaction and reversing several charges on her account." *Id.*, ¶¶ 19-21. Jackson "asked for her cell phone number so he could contact her directly." *Id.*, ¶ 22. Jackson allegedly engaged in "grooming activities" by inviting Doe 2 for dinner and drinks at Bar David. *Id.*, ¶¶ 23-24. Citibank allegedly knew or should have known of his "propensity" to abuse customers. *Id.*, ¶ 25.

Elsewhere in the SAC, Doe 2 alleges in conclusory fashion that Jackson invited her "to dinner and drinks under the guise of providing banking assistance to her." *Id.*, p. 9, Count III, ¶ 9. She provides no details of what banking services Jackson was supposedly going to provide at the meeting, nor that any discussion of banking services occurred at Bar David. Instead, Doe 2 opaquely alleges that on July 7, 2023, Jackson "secluded" Doe 2 at some unidentified location and in some unidentified way, and sexually assaulted her in some way. *Id.*, ¶ 10. She does not allege that Jacson brought any banking documents or materials to Bar David or to wherever he "secluded" her. Nor does she allege that he discussed banking services in any way that evening.

Doe avers that Citibank had a "general duty" to supervise and train its employees but breached those duties. *Id.*, Count I, ¶ 26; Count II, ¶ 9. Citibank allegedly failed to: (a)

FILED DATE: 4/24/2026 5:27 PM 2025L003833

"appropriately investigate" Jackson before hiring him; (b) inform branch managers of employees' criminal history; (c) inform branch managers of "potential disqualifying factors to allow them proper decision-making concerning potential employees;" (d) "inquire about criminal history and activities during [the] interview process"; (e) "adequately train" employees on how to prevent grooming of customers; (f) adequately supervise or train Jackson to "ensure that he not engage in grooming activities with customers;" (g) "reasonably recognize" that he "posed a danger of sexual violence to customers;" (h) prevent him from "having inappropriate contact" with Doe; and (i) that Citibank "[a]llowed" Jackson to sexually assault her. *Id.*, Count I, ¶ 27; Count II, ¶ 10.

## <u>SECTION 2-615 STANDARDS</u>

To survive a Section 2-615 motion, a complaint must allege facts sufficient to support each cause of action—unsupported legal and factual conclusions are not deemed admitted. *MacLeod v. Commonwealth Edison*, 2024 IL App (2d) 230237, ¶ 57; *see also Shaper v. Bryan*, 371 Ill. App. 3d 1079, 1086 (1st Dist. 2007) (complaint must allege facts sufficiently setting forth each essential element of the cause of action). In reviewing the sufficiency of a complaint, courts accept as true only well-pleaded facts and reasonable inferences drawn from them.. *Quiroz v. Chicago Transit Auth.*, 2022 IL 127603, ¶ 11. But courts are "not required to reach unreasonable and unwarranted conclusions or to draw unreasonable and unwarranted inferences in order to sustain the sufficiency of a complaint." *Leekha v. Wentcher*, 224 Ill. App. 3d 342, 352 (1st Dist. 1991).

"Illinois is a fact-pleading jurisdiction, requiring plaintiffs to allege facts—not bare conclusions—that give rise to every element of their causes of action." *Feis Equities, LLC v. Sompo Holdings Int'l, Ltd.*, 2020 IL App (1st) 191072, ¶ 49. "Fact pleading imposes a heavier burden on the plaintiff, so that a complaint that would survive a motion to dismiss in a notice-pleading jurisdiction might not do so in a fact-pleading jurisdiction." *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (Ill. 2004). "Only well-pleaded facts are admitted by a motion

FILED DATE: 4/24/2026 5:27 PM 2025L003833

to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy favoring the liberal construction of pleadings." *Teter v. Clemens*, 112 Ill. 2d 252, 256-57 (1986).

> Thus, in considering a motion to dismiss, a court must disregard the conclusions that are pleaded and look only to well-pleaded facts to determine whether they are sufficient to state a cause of action against the defendant. If not, the motion must be granted, 'regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him.'

*Beretta*, 213 Ill. 2d at 368-69 (quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426 (1981)).[2]

## ARGUMENT

Under common law negligence theories, an employer may be liable for an employee's torts "in one of two ways, depending on whether the employee was acting within the scope of his employment." *Doe v. Coe*, 2019 IL 123521, ¶ 33. If, as here, an employee acts outside the scope of his employment, a plaintiff "can bring a direct cause of action against the employer for the *employer's* misconduct." *Id.* (italics added); *see also Vancura v. Katris*, 238 Ill. 2d 352, 343 (2010) (direct negligence claim is that "the employer was *itself* negligent") (italics in original).[3]

The elements of claims for negligent supervision and negligent training in Illinois are very similar: (1) defendant had a duty to supervise [or train] the harming party, (2) defendant negligently supervised [or trained] the harming party, and (3) such negligence proximately caused plaintiff's

---

[2] "[T]he court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record." *Hachem v. Chicago Title Ins. Co.*, 2015 IL App (1st) 143188, ¶ 23. *See also Axiom RMS, Ltd. v. Booth*, 2019 IL App (1st) 180724, ¶ 18 n.5 ("A motion to dismiss pursuant to section 2-615 of the Code alleges that a complaint is deficient on its face, and so any oral arguments providing additional facts outside the four corners of the complaint are not considered by the trial court.") (emphasis in original).

[3] Conversely, if the employee was acting within the scope of his employment, "the employer can be found liable for his actions under a theory of vicarious liability, or *respondeat superior*." *Coe*, 2019 IL 123521, ¶ 33. But "sexual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Doe v. Lawrence Hall Youth Servs.*, 2012 IL App (1st) 103758, ¶ 30 (italics in original). There is no potential *respondeat superior* liability here, and the SAC does not allege otherwise.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

injuries. *Coe*, 2019 IL 123521, ¶¶ 52, 61. Here, Doe 2 cannot state a claim under either theory.

## I. Doe 2's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels.

Employer liability is limited for conduct outside the scope of employment when such conduct did not occur on the employer's premises or using its chattels. Illinois has adopted Section 317 of the Restatement (Second) of Torts. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 229 (2000)).. Under Section 317, "liability for out-of-the-scope acts will rest only where 'the employee is on the employer's premises or using the chattel of the employer, and the employer has reason to know of the need and opportunity for exercising control over the employee.'" *Doe v. Boy Scouts of Am.*, 2014 IL App (2d) 130121, ¶ 43 (citation omitted). **"Illinois courts have regarded section 317 as placing a significant restriction on an employer's liability for the acts of an employee that exceed the scope of the employment."** *O'Rourke v. McIlvaine*, 2014 IL App (2d) 131191, ¶ 18 (emphasis added).

"Courts have applied this rule to find liability lacking as a matter of law where, though the plaintiff came to know the employee only through the employment, the injury neither occurred on the employer's premises nor involved the instrumentalities of employment." *Boy Scouts*, 2014 IL App (2d) 130121, ¶ 43. For example, in *MacDonald v. Hinton*, 361 Ill. App. 3d 378 (3d Dist. 2005), the court affirmed a Section 2-615 dismissal on the ground that no liability arose under Section 317. *Id.* at 388. Defendant's employee killed the plaintiff away from the employer's premises, and the complaint did not allege that the employee used the instrumentalities of employment in so doing. *Id.*; *see also Dennis v. Pace Suburban Bus Serv.*, 2014 IL App (1st) 132397, ¶ 24 (applying Section 317 and affirming dismissal of negligent supervision claim under Section 2-615 where bus driver sexually assaulted plaintiff at his home); *Escobar v. Madsen Constr. Co.*, 226 Ill. App. 3d 92, 95 (1st Dist. 1992) (negligent supervision claim failed because

FILED DATE: 4/24/2026 5:27 PM 2025L003833

defendant's employee shot plaintiff away from employer's premises and gun used did not belong to defendant).

Many courts have similarly rejected negligent supervision claims where, as here, the offender did not use the employer's chattels. *See, e.g.*, *Ehrens v. Lutheran Church*, 385 F.3d 232, 236 (2d Cir. 2004) (negligent supervision claim failed because alleged sexual assault did not occur on defendant's premises or with its chattels); *Nabors Drilling USA, Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009) ("An employer ordinarily will not be liable for torts committed by off-duty employees except when the torts were committed on the employer's premises or with the employer's chattels.") (citing Section 317).

Importantly, under Illinois law, trust or a relationship formed by an assailant and victim during the course of the assailant's employment is not a basis for imposing liability on an employer for negligence. *See MacDonald*, 361 Ill. App. 3d at 388 (rejecting, under Section 317, negligent hiring claim where defendant's employee met and befriended plaintiff's son while they were co-workers and subsequently killed him off of defendant's premises and without instrumentalities of employment); *Brooks v. MV Transp., Inc.*, 2019 WL 194373, at *3 (N.D. Ill. Jan. 15, 2019) (plaintiff failed to state claim for negligence where defendant's employee assaulted and killed customer at customer's home and without instrumentalities of employment).

In this case, Doe 2 alleges only that, on July 7, 2023, Jackson invited her to "dinner and drinks," and that Jackson suggested that they meet at Bar David. *See* Ex. 1, Count I, ¶¶ 23-24. Doe 2 does not allege that the assault occurred on Citibank's premises or using its chattels. In fact, Doe 2 claims that Jackson "secluded" Doe 2 at some unspecified location off Citibank's premises and sexually assaulted her in some unspecified way. *Id.*, Count III, ¶ 10. Doe 2 does not allege that Jackson brought paperwork, or any Citibank property, to Bar David or anywhere else. Nor does

FILED DATE: 4/24/2026 5:27 PM 2025L003833

she allege that Citibank had reason to know that it needed to control Jackson's behavior with her, or that it had the opportunity to do so in any event. While Doe 2 alleges that she sought banking services from the Kenwood branch where Jackson was employed, Citibank's involvement ended there. Accordingly, Counts I and II fail as a matter of law. Citibank should be dismissed.

## II. <u>Counts I and II fail because Citibank had no duty to supervise or train Jackson based on the allegations in the SAC.</u>

"Whether a duty exists is a question of law to be determined by the court." *Coe*, 2019 IL 123521, ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). Four factors guide that analysis: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. "The weight to be accorded these factors depends upon the circumstances of a given case." *Id.* Each one of the *Bruns* factors demonstrably weighs against the imposition of a legal duty in this case.

### A. The off-premises (alleged) sexual assault by Jackson of Doe 2 during non-business hours was not foreseeable to Citibank.

"Serious crimes are generally unforeseeable because they are different in nature from what employees in a lawful occupation are expected to do." *Wright v. City of Danville*, 174 Ill. 2d 391, 405 (1996). The Illinois Appellate Court emphasized this same principle in a negligent supervision case involving an alleged sexual assault by an employee: "**Commission of a serious crime, such as sexual assault, is generally not foreseeable to an employer because an employee is not expected to commit crimes.**" *Noto v. Shlifka*, 2024 IL App (2d) 240093, ¶ 32 (emphasis added).

In *Ward v. Kutak Rock, LLP*, 2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022), a copy of which is attached as **Exhibit 2**, plaintiff, a client of defendant law firm, Kutak Rock, LLP ("KR"), alleged that KR negligently supervised one of its lawyers, Charles MacKelvie ("MacKelvie"), because he allegedly sexually assaulted her at a hotel. *Id.* at *1. The

FILED DATE: 4/24/2026 5:27 PM 2025L003833

circuit court dismissed the negligent supervision claim pursuant to Section 2-615. *Id.* Significantly, the court emphasized the boundless standard of liability that would result from imposing a duty on the employer in these kinds of circumstances: "**To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty.**" *Id.* at *2 (emphasis added).

The circuit court also explained that the likelihood of an attorney sexually assaulting a client "is extremely low" and the "magnitude of placing the burden on KR to prevent the unforeseeable and unlikely criminal acts of its employee is extremely high." *Id.* The court reasoned that "it would be unduly burdensome for KR to anticipate and prevent criminal acts of its employee that are not foreseeable and unlikely." *Id.* Further, it stressed that "there is no authority that it is generally foreseeable that sexual assaults could occur in business relationships between adults like the attorney-client relationship. Moreover, there is no authority that the state's public policy strongly favors the protection of adults engaging in business relationships." *Id.* Thus, the court held that plaintiff failed to state a cause of action. *Id.*

The Appellate Court affirmed the Section 2-615 dismissal. *See Ward v. Kutak Rock, LLP*, 2023 IL App (1st) 221499-U. The unpublished decision is attached as **Exhibit 3** and is cited here for persuasive purposes pursuant to Illinois Supreme Court Rule 23(e)(1). The Appellate Court noted that plaintiff alleged that KR had a duty to generally supervise its employees, to make sure that they engaged in appropriate behavior and that they followed the law and the employer's rules and procedures, but the court rejected those allegations as insufficient: **"These are conclusions, not facts."** *Id.*, ¶ 13 (emphasis added). The Appellate Court stressed that an attorney-client relationship between two adults does not present an inherent danger or foreseeability giving rise

FILED DATE: 4/24/2026 5:27 PM 2025L003833

to a legal duty on defendant's part. *Id.*, ¶ 15. Further, MacKelvie's alleged harassment "consisted of direct communications between [plaintiff] and him" and "the sexual assault occurred at a hotel in Deerfield, apparently with no connection to the firm or its offices." *Id.*

> [P]laintiff cites no authority holding that the attorney-client relationship presents an inherent danger of sexual abuse such that attorneys sexually assaulting clients is always foreseeable to law firms. **On the contrary, the commission of a serious crime, like sexual assault, is generally not foreseeable to an employer because an employee is not expected or employed to commit crimes.**

*Id.*, ¶ 20 (emphasis added) (citing *Hills*,195 Ill. 2d at 238 ). Thus, the court affirmed the circuit court's dismissal under Section 2-615 "based on plaintiff's failure to plead facts in support of [KR's] duty to supervise MacKelvie." *Id.*, ¶ 24.

In *Noto*, *supra*, plaintiff alleged that the Kendall County state's attorney, Eric Weis ("Weis"), was liable for negligent supervision based on an alleged sexual assault of plaintiff by an assistant state's attorney, Mark Shlifka ("Shlifka"). *Noto*, 2024 IL App (2d) 240093, ¶¶ 1, 5-6. Plaintiff alleged that Weis failed to implement procedures and practices for ensuring that Shlifka was supervised and that his interactions with female witnesses was monitored. *Id.* Weis filed a motion to dismiss the negligent supervision claim under Section 2-615. The circuit court granted the motion, reasoning in part that the commission of a sexual offense was not generally actionable against a third party. *Id.*, ¶ 21.

The Appellate Court affirmed. "'Foreseeability of harm, in connection with a duty, is not a magical concept that ignores common sense.' Foreseeability is not boundless and does not include everything that might conceivably occur; rather, something is foreseeable only if it is objectively reasonable to expect." *Id.*, ¶ 31 (citations omitted). It emphasized that sexual assault is generally unforeseeable to an employer, though certain situations—such as programs giving adults unsupervised access to children—may give rise to foreseeability. However, interactions

FILED DATE: 4/24/2026 5:27 PM 2025L003833

between two adults "do not present the inherent danger of sexual abuse." *Id.*, ¶ 32. The Appellate Court also noted that the complaint lacked allegations that Weis or anyone else in the state's attorney's office witnessed any evidence of violence or other misconduct by Shlifka. *Id.*, ¶ 35.

In *Dennis*,2014 IL App (1st) 132397, plaintiff alleged that defendant bus company, Pace Suburban Bus Services ("Pace"), was liable for negligent supervision because one of its drivers, Jeffrey Moore ("Moore"), allegedly sexually assaulted her. *Id.*, ¶ 1. Plaintiff claimed that she got on the bus intoxicated, passed out, and that Moore, instead of taking her to a place of safety, took her to his home after his shift ended and sexually assaulted her there. *Id.*, ¶ 2. Pace filed a motion to dismiss under Section 2-615, arguing that it had no duty to supervise Moore's acts while he was off duty and at his home, and, moreover, that the negligent supervision claim was factually insufficient. *Id.*, ¶ 6. The circuit court granted the motion and dismissed the complaint with prejudice. *Id.*, ¶ 7. The court explained that the negligent supervision claims failed because the alleged sexual assault occurred at Moore's home after his work day had ended, and Pace owed no duty to supervise him at that time. *Id.*, ¶ 8.

Again, the Appellate Court concluded that the circuit court properly dismissed the negligent supervision claim under Section 2-615. The court noted that plaintiff "only offered conclusory allegations in support of her claim." *Id.*, ¶ 25

> For example, plaintiff alleged that Pace knew or should have known of the necessity and opportunity for exercising control over its drivers to prevent such drivers from taking home passengers who were under the influence of drugs or alcohol and that a background check would have revealed Moore's 'sexual proclivities.' These types of allegations are entirely conclusory and, as such, they are insufficient to survive a 2-615 motion to dismiss.

*Id.*[4]

[4] The Appellate Court also concluded that the plaintiff had also not alleged facts establishing that Pace's negligence was the proximate cause of her injuries. "For example, plaintiff alleged no facts as to how Pace's failure to employ procedures dictating how its drivers handled incapacitated passengers proximately caused Moore to sexually assault

FILED DATE: 4/24/2026 5:27 PM 2025L003833

Here, Doe 2 similarly fails to establish that Jackson's alleged sexual assault—at an unspecified location away from Citibank's premises during non-business hours—was foreseeable. Doe 2, an adult, apparently interacted with Jackson at the Kenwood branch without incident or complaint. She then agreed to meet Jackson at Bar David, a public location, for dinner and drinks. Nothing about such allegations indicates that it would be foreseeable to Citibank that Jackson would sexually assault her. Doe 2's allegations are starkly different from cases where Illinois courts have recognized a duty of supervision or training, like in *Coe*, where a 31-year old youth pastor, among his other alleged misconduct, had sex with a minor girl in a middle school classroom in the basement of *the church where the pastor worked*. *Coe*, 2019 IL 123521, ¶ 14.

Doe 2's allegations regarding Jackson's criminal history—none of which involved any violent offense—do not render it foreseeable that he would sexually assault Doe 2. *See, e.g.*, *Gress v. Lakhani Hospitality, Inc.*, 2018 IL App (1st) 170380, ¶ 43 (granting motion to dismiss where an insufficient nexus existed between failure to discover employee's past solicitation arrest and a rape that took place years later); *Strickland*, 304 Ill App. 3d at 687 (employee's tendency to commit traffic violations and lying about it on employment forms did not put defendants on notice that he might sexually assault customers); *Montgomery v. Petty Mgmt. Corp.*, 323 Ill. App. 3d 514, 520 (1st Dist. 2001) (employee's prior history as gang member, record of loitering and other incidents involving non-violent behavior did not suggest to employer that he was unfit to work or that he had propensity for violence); *Giraldi v. Cmty. Consol. Sch. Dist. No. 62*, 279 Ill. App. 3d 679, 692 (1st Dist. 1996) (negligent hiring claim against bus company failed where it only knew driver was perpetually late in his job prior to driver's sexual assault of child). Jackson's criminal record

plaintiff." *Dennis*, 2014 IL App (1st) 132397, ¶ 26. In other words, "plaintiff alleged no facts indicating how instructing its drivers how to handle incapacitated passengers would have prevented Moore from taking plaintiff to his apartment and sexually assaulting her." *Id.* The court's reasoning applies with equal force in the present case.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

consists entirely of non-violent offenses such as unlawful use of recorded sound in 2005 and unlawful possession of a taser in 2014. These two convictions were, respectively, 18 and 9 *years* before the alleged assault at issue here. Furthermore, neither *arrests* for drug possession, driving infractions or a civil judgment by a financial institution remotely suggest that the (alleged) sexual assault of Doe 2 was foreseeable.

**B. The likelihood of a sexual assault was exceedingly low.**

The second *Bruns* factor—the likelihood of the injury—also undercuts the notion that a duty to supervise or train existed here. The likelihood of a sexual assault between a banker and customer, both of whom are adults, is "extremely low." *Ward*, Ex. 2, at *2. No inherent danger or foreseeability gives rise to a legal duty on defendant's part. Ex. 3, ¶ 15. That something "might conceivably occur" is not enough. *Noto*, 2024 IL App (2d) 240093, ¶ 31.

The SAC fails to mention what banking services Jackson supposedly offered to Doe 2 over drinks/dinner at Bar David. Nor does the SAC allege what the assault was or where it supposedly occurred. The SAC also conspicuously lacks allegations that anyone at the Kenwood branch witnessed any misconduct by Jackson toward Doe 2 (or any customers) at the branch. And while Doe 2 alleges that Jackson had sexually assaulted Doe 1, that Citibank investigated it and that Jackson was ultimately not terminated as a result of that investigation, she does not allege what Citibank's investigation entailed, what the investigators concluded, or why, even though she conducted prior discovery on all of these issues. Instead, her counsel has lied to the Court by blatantly misrepresenting in the SAC that Citibank interviewed Doe 1. Her counsel knows that no such interview occurred *because they refused to permit* Doe 1 to be interviewed.

**C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank.**

The final two *Bruns* factors, i.e., the magnitude of the burden of guarding against the injury,

FILED DATE: 4/24/2026 5:27 PM 2025L003833

and the consequences of placing that burden on defendant, also negate the existence of a duty. First, it would be impracticable and unduly burdensome for an employer like Citibank to try to supervise the non-work conduct of its employees, especially as to activities off the employer's premises. Second, the consequences of imposing a duty on Citibank in these circumstances would be unmanageable. An employer would potentially be liable for *any criminal conduct* by its employees, regardless of the time, place and nature of such conduct, and even where, as here, there are no specific factual allegations to show that the employer had any reason to know that the criminal conduct might take place.[5] The circuit court in *Ward* rightly concluded that the magnitude of placing the burden on the employer to prevent an unforeseeable and unlikely criminal act was "extremely high and it would be unduly burdensome" for the employer to anticipate and prevent criminal acts of its employee that were unlikely and unforeseeable. *See* Ex. 2, at *2. Just so here.

In sum, application of the *Bruns* factors supports dismissal of Counts I and II of the SAC.

## III. <u>Plaintiff does not allege any facts to support the other essential elements of negligent supervision or negligent training claims.</u>

Even assuming *arguendo* that Citibank owed a legal duty to Doe 2, the SAC does not allege any *facts* as to how or when Citibank supposedly negligently supervised or trained Jackson, or how its conduct, as opposed to Jackson's alleged actions off-premises and during non-working hours, caused her injuries. Doe 2's failure to allege *facts* setting forth each of the essential elements of either a negligent supervision or negligent training claim is fatal as to both Counts I and II.

For example, Doe 2 alleges in conclusory fashion that Citibank failed to adequately

[5] Several of Doe's allegations sound in negligent hiring, such as her assertion that Jackson's criminal history "should have disqualified him" from employment. Count I, ¶ 5. This assertion ignores the Illinois Human Rights Act, which prohibits automatic, blanket disqualifications, especially where, as here, there is no "substantial relationship" between Jackson's convictions, all of which were non-violent, and his job duties as a banker. *See* 775 ILCS 5/2-103.1(A); *Montgomery*, 323 Ill. App. 3d at 521 ("If we were to hold employers liable for all the conduct of every person they hire who has a less-than-perfect history, as plaintiff suggests, whole segments of our young male population will be excluded from meaningful employment. We should keep in mind the axiom 'idle hands are the devil's workshop.'").

FILED DATE: 4/24/2026 5:27 PM 2025L003833

supervise Jackson, failed to recognize that Jackson "posed a danger of sexual violence to customers", failed to prevent Jackson from "having inappropriate contact with" Doe 2, and ultimately allowed Jackson to sexually assault her. *Id*. at 3 (Count I, ¶ 10). These are mere conclusions, not facts. *See Ward*, Ex. 3, ¶ 13. Indeed, Doe 2 fails to plead facts from which one could infer that Citibank was aware that Jackson allegedly posed a real danger to anyone, may have inappropriate contact with anyone, let alone Doe 2, and that any act, or lack thereof, by Citibank would somehow lead to Jackson sexually assaulting her.

Count II fares no better. Doe 2 again asserts, in conclusory fashion, that Citibank failed to adequately train employees on "how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers" and "prevent staff members from grooming customers." *Id.*, Count II, ¶ 10(a)-(b). Not once in the SAC, however, does Doe 2 identify *anyone* at the Kenwood branch who supposedly knew about misconduct by Jackson or failed to identify, prevent or report misconduct, or explain *how* Citibank (purportedly) failed to train its employees, or *how* any alleged act or omission by Citibank led to Doe 2's alleged assault. Again, this is especially true given Doe 2's counsel's highly misleading allegation in the SAC (p. 3, Count I, ¶ 13) that Citibank "interviewed" Doe 1 during its investigation when, in fact, her counsel *refused to allow Citibank* to interview Doe 1.

## CONCLUSION

This Court should dismiss Counts I and II of the SAC, and therefore Citibank as a party, with prejudice pursuant to Section 2-615.

CITIBANK, N.A.

Dated: April 24, 2026

By: */s/ Andrew S. Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive

FILED DATE: 4/24/2026 5:27 PM 2025L003833

Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 24th day of April, 2026 I caused a true copy of **BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO SECTION 2-615** to be served on counsel for Plaintiff Jane Doe No. 2 via the Court's electronic filing system and on Defendant Marcus C. Jackson by first-class mail as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
Charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/24/2026 5:27 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37766496

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# EXHIBIT 1

FILED
4/10/2026 2:12 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37538119

FILED DATE: 4/10/2026 2:12 PM 2025L003833

SEL/MRG/mxd 03/31/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2025L003833 |
| | ) | |
| CITIBANK, N.A., | ) | |
| And | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT AT LAW**

**COUNT I - NEGLIGENT SUPERVISION - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

1. In October 2019, Defendant Marcus C. Jackson applied for a job at the Kenwood branch of Defendant Citibank, N.A.

2. On a written application, Marcus Jackson answered questions concerning his history, including family history, work history, and criminal history.

FILED DATE: 4/20/2026 3:22 PM 2025L003833

3. Marcus Jackson was not completely forthcoming and misrepresented his criminal history.

4. Defendant Citibank failed to uncover the extent of Defendant Jackson's criminal history.

5. Jackson's failure to disclose the entirety and extent of his criminal history should have disqualified him from employment at Citibank.

6. In addition to criminal activity disclosed by Jackson, Unlawful Use of Recorded Sound and Unlawful Possession of a taser, he failed to disclose that the former is a theft crime and the latter is a firearm crime.

7. Had a complete background check been performed on Marcus Jackson, these discrepancies would have been uncovered along with his convictions for possession of cannabis, transporting alcohol while driving, and many driving while license suspended violations.

8. Marcus Jackson had also been sued and a judgment entered against him by a financial entity, which he denied in his application.

9. According to Citibank branch managers, questions concerning previous employment history and financial difficulties are not asked at the Branch Manager level.

10. Further, criminal activities and criminal history are also not a part of the interview process.

11. Such information is never shared with the Branch Managers, even if uncovered during the hiring process or thereafter, according to Citibank Branch Managers.

FILED DATE: 4/20/2026 3:22 PM 2025L003833

12. On March 21, 2023, Marcus Jackson sexually assaulted a customer of Citibank, Jane Doe.

13. During Citibank's investigation, Jane Doe and Marcus Jackson were interviewed.

14. Marcus Jackson turned over text messages to and from Jane Doe, but did not reveal all of them. Marcus Jackson told investigators that he told his uncle about what happened with Jane Doe, but would not let Citibank investigators contact his uncle.

15. The information about this assault was not relayed to any Citibank personnel, such as a Branch Manager.

16. Citibank did not inform any Citibank personnel, including branch managers, about the assault or its investigation.

17. Citibank took no disciplinary action against Marcus Jackson to prevent similar incidents from happening.

18. On and before July 7, 2023, Defendant CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

19. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employe of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

20. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

FILED DATE: 4/20/2026 3:22 PM 2025L003833

21. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE, including helping her with her ATM transaction and reversing several charges on her account.

22. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked her for her cell phone number so he could contact her directly.

23. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment, providing personal banking services, engaged in grooming activities, including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

24. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff at the ATM in the Kenwood Branch while he was working, and he recommended that they meet at an establishment called Bar David.

25. On or about July 7, 2023, Defendant, Citibank, knew or should have known of Jackson's propensity to abuse women and Citibank customers.

26. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

27. On or about July 7, 2023, and thereafter, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

FILED DATE: 4/20/2026 3:22 PM 2025L003833

a. Failed to appropriately investigate Marcus Jackson before hiring him.

b. Failed to keep Branch Managers informed of employees such as Marcus Jackson's criminal history.

c. Failed to inform Branch Managers of potential disqualifying factors to allow them proper decision-making concerning potential employees.

d. Failed to inquire about criminal history and activities during interview process.

e. Failed to inform the Branch Manager about Defendant's criminal history after learning of Defendant's criminal history.

f. Failed to adequately supervise Defendant, MARCUS C. JACKSON, so as to ensure that he not engage in grooming activities with customers.

g. Failed to reasonably recognize that Defendant, MARCUS JACKSON posed a danger of sexual violence to customers;

h. Failed to prevent Defendant, MARCUS C. JACKSON, from having inappropriate contact with Plaintiff, JANE DOE NO. 2; and

i. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE NO. 2.

28. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

FILED DATE: 4/20/2026 2:22 PM 2025L003833

**COUNT II - NELGIGENT TRAINING - CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and doing business in Cook County, State of Illinois.

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendant, CITIBANK, N.A., and was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On or about July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent servant and/or employee, Defendant, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2, including helping her with her ATM transaction and reversing several charges on her account.

5. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped her with her banking issues and asked for her cell phone number so he could contact her directly.

6. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services

engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

7. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working, and he recommended that they meet at an establishment called Bar David.

8. On or about July 7, 2023, Defendant, CITIBANK, N.A. knew or should have known that their agent, servant, and employee had a history of abusing women he met through his employment at Defendant, CITIBANK, N.A.

9. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

10. On or about July 7, 2023, and at all relevant times, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to appropriately investigate Marcus Jackson before hiring him.

b. Failed to keep Branch Managers informed of employees such as Marcus Jackson's criminal history.

c. Failed to inform Branch Managers of potential disqualifying factors to allow them proper decision-making concerning potential employees.

d. Failed to inquire about criminal history and activities during interview process.

e. Failed to inform the Branch Manager about Defendant's criminal history after learning of Defendant's criminal history.

FILED DATE: 4/20/2026 3:22 PM 2025L003833

f. Failed to adequately train employees on how to identify, prevent and/or report when fellow employees pose a danger of sexual violence to customers.

g. Failed to adequately train employees on how to prevent staff members from grooming customers; and

h. Failed to adequately train their employees, that it is inappropriate to date, or otherwise have a relationship with customers.

i. Allowed Defendant, MARCUS C. JACKSON, to sexually assault Plaintiff, JANE DOE.

11. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT III - MARCUS C. JACKSON - SEXUAL ASSAULT**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A. was and continues to exist and doing business in Cook County, State of Illinois.

FILED DATE: 4/20/2026 3:22 PM 2025L003833

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendant, CITIBANK, N.A. was a Personal Banker at the Kenwood Branch.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendants, CITIBANK, N.A. and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendants, CITIBANK, N.A., by and through its agent servant and/or employee, MARCUS C. JACKSON provided banking services to Plaintiff, JANE DOE NO. 2.

5. On July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services engaged in grooming activities including inviting the Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Bank at Defendant, CITIBANK, N.A., used his position to begin grooming the Plaintiff, JANE DOE NO. 2.

7. Defendant, MARCUS C. JACKSON, while providing banking services to the Plaintiff, JANE DOE NO. 2, recommended that they meet at an establishment called Bar David.

9. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting the Plaintiff, JANE DOE NO. 2, to dinner and drinks under the guise of providing banking assistance to her.

FILED DATE: 4/20/2026 3:22 PM 2025L003833

10. That on July 7, 2023 after having previously helped Plaintiff, JANE DOE NO. 2, with banking issues, Defendant, MARCUS C. JACKSON, secluded the Plaintiff, JANE DOE NO. 2, and sexually assaulting the Plaintiff, JANE DOE NO. 2, causing serious and permanent injuries to the Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

/s/: *Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/24/2026 5:27 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37766496

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# EXHIBIT 2

FILED DATE: 4/24/2026 5:27 PM 2025L003833

**2022 WL 20273330 (Ill.Cir.Ct.) (Trial Order)**
Circuit Court of Illinois,
County Department, Law Division.
Cook County

Karen WARD, Plaintiff,
v.
KUTAK ROCK, LLP and Charles Mackelvie, Defendants.

No. 2022L002030.
September 16, 2022.

**Order**

Gerald Cleary, Judge.

***1** This matter is before the Court on defendant's, Kutak Rock, LLP ('KR"), motion to dismiss Count III (negligent supervision) of plaintiff's second amended complaint ("complaint") pursuant to 735 ILCS 5/2-615, due notice given and the Court advised in the premises;

IT IS HEREBY ORDERED THAT the motion is granted and Count III is dismissed with prejudice.

The Court finds that complaint fails to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish KR's duty to supervise and prevent the criminal conduct of MacKelvie. Likewise, that the complaint fails to allege facts to establish a duty pursuant to the traditional duty elements.

Section 2-615 of the Illinois Code of Civil Procedure allows a party to object to a pleading or portion of a pleading as "substantially insufficient in law[.]" 735 ILCS 5/2-615. A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on facially apparent defects. *Marshall v. Burger King Corp.,* 222 Ill. 2d 422, 429 (2006). In reviewing the sufficiency of a complaint, courts accept all well-pleaded facts, and all reasonable inferences drawn from those facts, as true. *Id.* Courts also construe the allegations in the light most favorable to the plaintiff. *Id.* Thus, a court should not dismiss a cause of action unless it is "clearly apparent" that no set of proven facts would entitle recovery. *Id.* Illinois is a fact-pleading jurisdiction where plaintiff's must allege sufficient facts to bring a claim within a legally recognized cause of action. *Id.* at 429-30. Plaintiff's need not prove their case, but rather allege sufficient facts to state all the elements of their causes of action. *Fox v. Seiden,* 382 Ill. App. 3d 288, 294 (1st Dist. 2008). Mere conclusions are insufficient. *Marshall,* 222 Ill. 2d at 430.

In Count III, the plaintiff attempts to allege a cause of action based on KR's negligent supervision of MacKelvie. To plead negligent supervision, a plaintiff must plead facts that "(1) the defendant had a duty to supervise the harming party, (2) the defendant negligently supervised the harming party, and (3) such negligence proximately caused the plaintiff's injuries." *Doe v. Coe,* 2019 IL 123521, ¶ 52. The duty is a general one, and the extent of supervision required "depends on many factors, such as the work performed, the employees performing it, the size of the business, the type of work, and the employer's clientele, among others." *Id.* at ¶ 58. Prior notice of an employee's particular unfitness is not required in this context; rather, "only general foreseeability is required." *Id.* at ¶ 61. "In deciding whether a duty exists in a particular case, a court will consider the foreseeability of the plaintiff's injury, the likelihood of the occurrence, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant." [Citation omitted.] *Id.* at ¶ 37.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

Here, MacKelvie, an attorney and employee of KR, a law firm, allegedly sexually assaulted the plaintiff, a client retained by MacKelvie as an employee of KR. There are no allegations that KR had any notice, actual or constructive, that MacKelvie in the past sexually assaulted clients of KR or that MacKelvie had a propensity to sexually assault clients of KR. There are no allegations that the business of KR and MacKelvie raises an inference that the misconduct of MacKelvie was foreseeable or that MacKelvie required supervision by KR to prevent MacKelvie from sexually assaulting clients of KR. Rather, the complaint alleges that MacKelvie was simply retained to handle the appeal involving a probate matter. Overall, there are no facts alleged that raises an inference that MacKelvie's alleged sexual assault of the plaintiff was reasonably or generally foreseeable.

***2** While this Court recognizes that the plaintiff is not required to plead that KR had prior notice that MacKelvie was unfit, the Court is still required to determine whether the sexual assault of the plaintiff was generally foreseeable along with the other traditional elements to establish a duty. Upon review of the complaint, there are no allegations of fact or inferences that the misconduct of MacKelvie was reasonably or generally foreseeable. To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty. Next, the Court finds that the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty. Next, the Court finds that magnitude of placing the burden on KR to prevent the unforeseeable and unlikely criminal acts of its employee is extremely high and it would be unduly burdensome for KR to anticipate and prevent criminal acts of its employee that are not foreseeable and unlikely. As such, these factors do not favor the imposition of a duty. Consequently, the Court finds that the complaint fails to allege facts or inferences that the misconduct of MacKelvie was generally foreseeable and the allegations fail to establish the traditional elements of a duty such that the complaint fails to state a cause of action.

The plaintiff's reliance on the factual determination in *Doe v. Coe,* 2019 IL 123521 is misplaced. In *Doe,* the plaintiff, a minor, was sexually assaulted by a youth minister. The plaintiff filed a claim against the church who employed the youth minister based on the church's negligent supervision of the youth minister. The *Doe* court found that the plaintiff satisfied the element that the sexual assault was generally foreseeable by finding:

> As the appellate court recognized, it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children. *Id.* This state's public policy strongly favors the protection of children (id. (citing *Doe-3,* 2012 IL 112479, ¶ 36)), especially from sex offenders (id. (citing *Doe-3,* 2012 IL 112479, ¶ 37)).
>
> *Doe v. Coe,* 2019 IL 123521, ¶ 62.

In contrast, here, there is no authority that it is generally foreseeable that sexual assaults could occur in business relationships between adults like the attorney-client relationship. Moreover, there is no authority that the state's public policy strongly favors the protection of adults engaging in business relationships. Again, here, the plaintiff fails to allege facts to raise an inference that the misconduct of MacKelvie was generally foreseeable and failed to allege facts to establish the other traditional elements to impose a duty on KR.

ENTERED,

<<signature>>

Judge Gerald Cleary 2147

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

FILED
4/24/2026 5:27 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37766496

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# EXHIBIT 3

FILED DATE: 4/24/2026 5:27 PM 2025L003833

2023 IL App (1st) 221499-U

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

Appellate Court of Illinois, First District, Third Division.

Karen WARD, Plaintiff-Appellant,
v.
KUTAK ROCK, LLP, Defendant-Appellee.

No. 1-22-1499
|
Order Filed May 31, 2023

Appeal from the Circuit Court of Cook County. No. 22 L 2030, Honorable Gerald Cleary, Judge, presiding.

## ORDER

JUSTICE BURKE delivered the judgment of the court.

***1** ¶ 1 *Held*: We affirm the dismissal of plaintiff's negligent supervision claim against defendant law firm pursuant to section 2-615 of the Code of Civil Procedure because plaintiff failed to allege facts that made her attorney's sexual harassment and assault of her foreseeable to the firm that employed him.

¶ 2 Plaintiff, Karen Ward, sued the law firm Kutak Rock, LLP and its employee, attorney Charles MacKelvie, alleging that MacKelvie sexually harassed and assaulted her while he was representing her.[1] The circuit court granted Kutak Rock's motion to dismiss plaintiff's negligent supervision claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), finding that plaintiff did not plead facts establishing that it was foreseeable to Kutak Rock that MacKelvie would sexually harass and assault her, so Kutak Rock did not have a duty to supervise MacKelvie for purposes of plaintiff's negligent supervision claim. On appeal, plaintiff argues that the Illinois Rules of Professional Conduct and public policy support a finding that Kutak Rock had a duty to supervise MacKelvie. For the following reasons, we affirm.

¶ 3 I. BACKGROUND

¶ 4 Plaintiff's amended complaint, which is at issue in this appeal, alleged that MacKelvie was an employee of Kutak Rock with "of counsel" status. In February 2021, plaintiff retained Kutak Rock and MacKelvie to represent her in an appellate probate matter. The parties had a contingency fee agreement under which MacKelvie's "hourly fee would be taken from any amount recovered by" him, and "no amount would be due or owing until and unless there was a recovery of money in the probate case." However, the firm sent several bills to plaintiff, which she indicated that she could not pay, and MacKelvie responded that "there were other ways to pay for his services." MacKelvie then began a series of communications with plaintiff in which he said that he would only work on the appellate brief if plaintiff sent him naked photographs of herself. Plaintiff "felt pressure to send the naked photos of herself to [MacKelvie] as she needed the legal work to be completed in [a] timely fashion." In December 2021, MacKelvie demanded that plaintiff have sex with him at a hotel in Deerfield and said that he would not work on plaintiff's case if she refused. Plaintiff alleged that MacKelvie forced her to have sex with him and "engaged in unwanted and inappropriate sexual contact with [her] that amounted to assault and battery," which caused her to develop depression and post-traumatic stress disorder.

¶ 5 Plaintiff's amended complaint alleged three counts: battery against MacKelvie, a Gender Violence Act (740 ILCS 82/10 (West 2020)) claim against MacKelvie, and negligent supervision against Kutak Rock. The negligent supervision claim alleged that Kutak Rock had a duty "to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie, and a general duty to supervise its employees "to make sure that they engage[d] in appropriate behavior and follow the law and the employer's rules and procedures." It also alleged that MacKelvie did not follow the firm's billing policies, rules, or ethical standards, and that Kutak Rock allowed him to do so.

***2** ¶ 6 Kutak Rock filed a section 2-615 motion to dismiss the negligent supervision claim. Kutak Rock argued that plaintiff failed to allege facts to establish that the firm had a duty to supervise MacKelvie. Specifically, plaintiff failed to allege that it was foreseeable to Kutak Rock that MacKelvie would force plaintiff to send naked photographs of herself and have sex with him in exchange for his legal work. Kutak Rock also argued that plaintiff did not allege facts establishing that

FILED DATE: 4/24/2026 5:27 PM 2025L003833

the firm's alleged failure to supervise MacKelvie proximately caused her injury; rather, she alleged that MacKelvie's alleged sexual assault occurred at a hotel "miles away from Kutak [Rock]'s Chicago offices."

¶ 7 In response, plaintiff contended that, under the Illinois Supreme Court's decision in *Doe v. Coe*, 2019 IL 123521, employers have a general duty to supervise all employees, and that prior notice of an employee's unfitness is not required to impose that duty. Plaintiff argued that Kutak Rock had a duty to ensure that MacKelvie followed the Illinois Rules of Professional Conduct, as well as the firm's own rules and procedures. In addition, plaintiff contended that proximate causation was a factual issue that had to be resolved by a jury.

¶ 8 The circuit court granted Kutak Rock's motion and dismissed plaintiff's negligent supervision claim with prejudice. The court found that plaintiff's amended complaint "fail[ed] to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish [Kutak Rock's] duty to supervise and prevent the criminal conduct of MacKelvie." Plaintiff did not allege that Kutak Rock had any indication that MacKelvie had a propensity to sexually harass and assault clients, or that he had done so in the past, or that the nature of MacKelvie's relationship with plaintiff made it foreseeable that he would do so. In support of the last point, the court reasoned that "the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty" to supervise on the attorney's firm. The court did not address proximate causation.

¶ 9 Plaintiff moved for a finding of finality pursuant to Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)), which the circuit court granted. Plaintiff timely appealed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, plaintiff contends that the circuit court erred in dismissing her negligent supervision claim against Kutak Rock. A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint based on defects apparent on its face. *Doe v. Coe*, 2019 IL 123521, ¶ 31. We accept as true all well-pleaded facts in the complaint and reasonable inferences from those facts, and we construe the allegations of the complaint in the light most favorable to the plaintiff. *Id.* ¶ 20. However, Illinois is a fact-pleading jurisdiction, so the plaintiff must " 'must allege facts sufficient to bring a claim within a legally recognized cause of action.' " *Id.* ¶ 32 (quoting *Vernon v. Schuster*, 178 Ill. 2d 338, 344 (1997)). Merely pleading conclusions is not sufficient. *Coe*, 2019 IL 123521, ¶ 32. A claim should only be dismissed pursuant to section 2-615 if it is clear that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* ¶ 31. We review the dismissal of a claim pursuant to section 2-615 *de novo* (*id.* ¶ 20), meaning that we perform the same analysis as the trial court (*Kapotas v. Better Government Ass'n*, 2015 IL App (1st) 140534, ¶ 26).

¶ 12 A negligent supervision claim is a cause of action against an employer for the employer's failure to reasonably supervise an employee. *Coe*, 2019 IL 123521, ¶ 33. To state a claim for negligent supervision, a plaintiff must allege that the employer (1) had a duty to supervise the employee, (2) negligently supervised the employee, and that (3) such negligence proximately caused the plaintiff's injuries. *Id.* ¶¶ 52, 61. The first element, Kutak Rock's duty to supervise MacKelvie, is at issue in this appeal. " 'Whether a duty exists is a question of law to be determined by the court.' " *Id.* ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). "[T]o impose a duty to supervise, only general foreseeability is required in an employment context." *Coe*, 2019 IL 123521, ¶ 61. "[F]oreseeability means that which is objectively reasonable to expect, not merely what might conceivably occur." *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 238 (2010). An employer's duty to supervise an employee arises when the employer knows or reasonably should know that the employee is likely to engage in dangerous conduct. *Coe*, 2019 IL 123521, ¶ 57. It is not necessary that the employer "have prior notice of a particular unfitness." *Id.* ¶ 61.

***3** ¶ 13 Plaintiff's amended complaint alleges that "it was the duty of [Kutak Rock] to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie. It also alleges that "it was the duty of [Kutak Rock] to generally supervise its employees, including [MacKelvie], to make sure that they engage[d] in appropriate behavior and follow[ed] the law and the employer's rules and procedures." These are conclusions, not facts. Plaintiff's amended complaint contains no facts suggesting that it was foreseeable to Kutak Rock that MacKelvie posed a risk of sexually harassing or assaulting female clients. Illinois is a fact-pleading jurisdiction, and it is not sufficient for plaintiff to simply recite that Kutak Rock had a duty of supervision without facts to support that claim.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

¶ 14 Our supreme court's decision in *Coe* provides a helpful illustration of a properly pled negligent supervision claim. In that case, the plaintiff alleged that Coe, a church director of youth ministries, sexually assaulted her in a church basement when he was 31 and she was 15. *Coe*, 2019 IL 123521, ¶¶ 1, 14. The plaintiff alleged a negligent supervision claim against the church that employed Coe. *Id.* ¶ 48. The circuit court dismissed the negligent supervision claim and the appellate court reversed. *Id.* Our supreme court affirmed, concluding that the plaintiff adequately pled the church's duty to supervise Coe because (1) "it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children" and (2) the plaintiff alleged that church leadership often saw Coe alone with her in his office and allowed them to remain alone together. *Id.* ¶¶ 62-63. The plaintiff also alleged that the church could have discovered Coe's use of child pornography websites by a Google search of his internet pseudonym, that Coe inappropriately touched church youth group members and showed them pornography, and that church members confronted Coe about and reported his inappropriate behavior when they witnessed it. *Id.* ¶¶ 13-16.

¶ 15 *Coe* involved a relationship that presents an inherently foreseeable danger of sexual abuse: a relationship between an adult and a child in a religious organization. An attorney-client relationship between two adults does not present the same inherent danger or foreseeability. Moreover, plaintiff has not alleged facts establishing that Kutak Rock knew, could have known, or should have known that MacKelvie was behaving in a sexually inappropriate manner toward her. On the contrary, plaintiff alleges that MacKelvie's sexual harassment of her consisted of direct communications between her and him, and that the sexual assault occurred at a hotel in Deerfield, apparently with no connection to the firm or its offices. The complaint in *Coe* was much more factual, specific, and concrete than plaintiff's amended complaint in this case, which is why *Coe* does not compel reversal of the dismissal of plaintiff's negligent supervision claim.

¶ 16 This case is more analogous to *Dennis v. Pace Suburban Bus Service*, 2014 IL App (1st) 132397, in which the plaintiff alleged that she boarded a Pace bus while intoxicated, confused, and slipping in and out of consciousness. *Dennis*, 2014 IL App (1st) 132397, ¶¶ 1-2. Instead of calling for help, the bus driver took the plaintiff to his home and sexually assaulted her. *Id.* ¶ 2. The circuit court dismissed the plaintiff's negligent supervision claim against Pace and this court affirmed, explaining that the plaintiff "alleged no facts that Pace had any reason to know or even suspect that [the driver] would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her." *Id.* ¶ 25. This court found that the plaintiff's allegation that Pace had a general duty to prevent drivers from taking passengers home to sexually assault them was "entirely conclusory *** and insufficient to survive a 2-615 motion to dismiss." *Id.* ¶ 25. The same is true of plaintiff's allegations in this case. Plaintiff's amended complaint, on its face, presents no facts establishing that Kutak Rock had reason to foresee, or even suspect, that MacKelvie would sexually harass and assault plaintiff.

***4** ¶ 17 Plaintiff's amended complaint suggests that Kutak Rock was on notice that *something* unusual was happening in MacKelvie's representation of plaintiff because the firm was not receiving payment on her file. Plaintiff alleges that she received multiple bills for MacKelvie's work, which she did not pay, because MacKelvie insisted on being compensated with sexual favors instead. However, she also alleges that she had a contingency fee agreement with Kutak Rock, under which MacKelvie's "hourly rate would be taken from any amount recovered by" him at the conclusion of her case. We struggle to understand why Kutak Rock would issue and expect payment of regular bills for MacKelvie's work if the firm was supposed to be paid on contingency. Even accepting these facts as true, they do not create a duty of supervision. The fact that Kutak Rock was not receiving payment for MacKelvie's work did not make it foreseeable that he would sexually harass and assault plaintiff. We cannot see, and plaintiff's briefs do not explain, the connection between these two things.

¶ 18 Plaintiff argues that Illinois Rule of Professional Conduct 5.1 imposed a duty of supervision upon Kutak Rock. Rule 5.1(b) provides that "[a] lawyer having supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Ill. R. Prof'l Conduct (2010) R. 5.1(b) (eff. Jan. 1, 2010). Rule 5.1(c)(2) provides that a lawyer is responsible for another lawyer's violation of the Rules of Professional Conduct if "the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Ill. R. Prof'l Conduct (2010) R. 5.1(c)(2) (eff. Jan. 1, 2010). From these provisions, plaintiff apparently infers that Kutak Rock's managing partners had

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

FILED DATE: 4/24/2026 5:27 PM 2025L003833

a duty to supervise MacKelvie for purposes of her negligent supervision claim.

¶ 19 However, the Rules of Professional Conduct themselves defeat plaintiff's argument. The Rules' preamble states that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. *** [The Rules] are not designed to be a basis for civil liability." Ill. R. Prof'l Conduct (2010) Preamble (eff. Jan. 1, 2010). Consistent with this provision, Illinois courts have held that the Rules do not establish duties that give rise to civil causes of action. *Khoury v. Niew*, 2021 IL App (2d) 200388, ¶ 50; *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 34. For example, in *Khoury*, the Second District rejected the plaintiff's argument that Rule 5.1 imposed a duty upon a law firm's president to inquire into another attorney's misuse of client funds. *Khoury*, 2021 IL App (2d) 200388, ¶ 52 ("the Rules do not create independent causes of actions against attorneys"). We apply the same reasoning to this situation. Rule 5.1 does not create a duty for Kutak Rock to supervise MacKelvie that can support plaintiff's negligent supervision claim.

¶ 20 Plaintiff also contends that that public policy supports the imposition of a duty to supervise in this case because " 'those who utilize legal services place a great deal of trust in their attorneys; consequently, the attorney-client relationship presents a significant potential for abuse.' " (quoting *Toushin v. Ruggerio*, 2012 IL App (1st) 192171, ¶ 63). As a general principle, we agree, and we strongly encourage law firms to do everything in their power to protect clients from sexual harassment by attorneys. However, that does not change our conclusion. The question is whether plaintiff's amended complaint alleges facts that made it foreseeable to Kutak Rock that MacKelvie would sexually harass and assault plaintiff. It does not. Moreover, plaintiff cites no authority holding that the attorney-client relationship presents an inherent danger of sexual abuse such that attorneys sexually assaulting clients is always foreseeable to law firms. On the contrary, the commission of a serious crime, like sexual assault, is generally not foreseeable to an employer because an employee is not expected or employed to commit crimes. *Hills*, 195 Ill. 2d at 238. *Toushin* and the other case that plaintiff cites on this point, *DeLuna v. Burciaga*, 223 Ill. 2d 49 (2006), are not negligent supervision cases and they do not involve attorneys sexually assaulting clients, so they offer little guidance.

***5** ¶ 21 Next, Plaintiff argues that the circuit court failed to consider factors such the work performed, the employees performing it, the size of the employer's business, the type of work performed and the employer's clientele, which, according to *Coe*, bear on the extent to which an employer must supervise employees. *Coe*, 2019 IL 123521, ¶ 58. However, plaintiff's amended complaint alleges almost nothing about these factors; only that Kutak Rock is a law firm and that she was a client. We cannot draw legal conclusions from facts that plaintiff does not allege. The circuit court used the correct test to determine whether Kutak Rock had a duty to supervise for purposes of plaintiff's negligent supervision claim, which is whether MacKelvie's misconduct was foreseeable. See *id.* ¶ 61. As explained above, we agree with the circuit court's conclusion that MacKelvie's alleged criminal conduct was not foreseeable to Kutak Rock.

¶ 22 Plaintiff's citation to *Kling v. Landry*, 292 Ill. App. 3d 329 (1997), is unpersuasive. We agree with *Kling*'s conclusion that "an attorney breaches his fiduciary duty to his client by exploiting his position as an attorney to gain sexual favors." *Kling*, 292 Ill. App. 3d at 337. However, negligent supervision claim is a direct claim against an employer for its own misconduct (*Coe*, 2019 IL 123521, ¶ 33), so the fact that MacKelvie breached his fiduciary duty to plaintiff does not mean that Kutak Rock had or breached a duty to supervise MacKelvie.

¶ 23 Plaintiff's reply brief contends that Kutak Rock "owed [her] a duty of care as a business invitee." Plaintiff did not make this argument in the circuit court or in her opening brief, so she has forfeited it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief").

¶ 24 We affirm based on plaintiff's failure to plead facts in support of Kutak Rock's duty to supervise MacKelvie, so we need not reach the parties' arguments regarding proximate causation.

¶ 25 III. CONCLUSION

¶ 26 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27 Affirmed.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

Presiding Justice McBride and Justice Reyes concurred in the judgment.

**All Citations**

Not Reported in N.E. Rptr., 2023 IL App (1st) 221499-U, 2023 WL 3736788

## Footnotes

1 Plaintiff and Kutak Rock are the only parties to this appeal. Plaintiff's claims against the estate of MacKelvie, who is deceased, are still proceeding in the circuit court. See *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 24 n. 4 (appellate court can take judicial notice of circuit court's online docket report).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
4/24/2026 5:27 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
37766496

FILED DATE: 4/24/2026 5:27 PM 2025L003833

# EXHIBIT 4

FILED DATE: 4/24/2026 5:27 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 04CR1009702

MARCUS JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | | |
|---|---|---|---|
| A | 720-5/16-1(a)(1)(A) | A | THEFT CONTROL INTENT <$300 |
| | 720-5/16-8 | F 4 | UNLWFL USE/UNID RECORDING |
| | 720-5/16-7(A)(2) | F 4 | UNLAWFUL USE REC SOUND/SE |
| | 720-5/16-8 | F 4 | UNLWFL USE/UNID RECORDING |

The following disposition(s) was/were rendered before the Honorable Judge(s):

05/05/04 IND/INFO-CLK OFFICE-PRES JUDGE 05/20/04 1701
04CR1009702 ID# CR100320687
05/20/04 CASE ASSIGNED 05/27/04 6726
BIEBEL, PAUL JR.
05/20/04 MOTION DEFT - CONTINUANCE - MD 06/02/04 6726
BIEBEL, PAUL JR.
06/02/04 DEFENDANT ON BOND
DAVY, THOMAS M.
06/02/04 APPEARANCE FILED
DAVY, THOMAS M.
06/02/04 DEFENDANT ARRAIGNED
DAVY, THOMAS M.
06/02/04 PLEA OF NOT GUILTY
DAVY, THOMAS M.
06/02/04 MOTION FOR DISCOVERY F 1
DAVY, THOMAS M.
06/02/04 DISCOVERY ANSWER FILED F 1
DAVY, THOMAS M.
06/02/04 ADMONISH AS TO TRIAL IN ABSENT
DAVY, THOMAS M.
06/02/04 CONTINUANCE BY AGREEMENT 07/06/04
DAVY, THOMAS M.
07/06/04 DEFENDANT ON BOND
DAVY, THOMAS M.
07/06/04 CONTINUANCE BY AGREEMENT 09/07/04 6726
DAVY, THOMAS M.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 04CR1009702

MARCUS JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
09/07/04 DEFENDANT ON BOND
DAVY, THOMAS M.
09/07/04 CONTINUANCE BY AGREEMENT 10/08/04
DAVY, THOMAS M.
10/08/04 DEFENDANT ON BOND
DAVY, THOMAS M.
10/08/04 CONTINUANCE BY AGREEMENT 11/17/04
DAVY, THOMAS M.
11/17/04 DEFENDANT ON BOND
DAVY, THOMAS M.
11/17/04 WITNESSES ORDERED TO APPEAR
DAVY, THOMAS M.
11/17/04 CONTINUANCE BY AGREEMENT 01/18/05
DAVY, THOMAS M.
01/18/05 CHARGE AMENDED TO MISDEMEANOR C001
DAVY, THOMAS M.
01/18/05 PLEA OF GUILTY C001
DAVY, THOMAS M.
01/18/05 JURY WAIVED
DAVY, THOMAS M.
01/18/05 FINDING OF GUILTY C001
DAVY, THOMAS M.
01/18/05 JGMT ON FINDING/VERDICT/PLEA P
DAVY, THOMAS M.
01/18/05 CHANGE PRIORITY STATUS M
DAVY, THOMAS M.
01/18/05 DEF SENTENCED TO PROBATION C001
1 YRS
DAVY, THOMAS M.
01/18/05 DEF ADVISED OF RIGHT TO APPEAL
DAVY, THOMAS M.
01/18/05 NOLLE PROSEQUI C002
DAVY, THOMAS M.
01/18/05 NOLLE PROSEQUI C003
DAVY, THOMAS M.
01/18/05 NOLLE PROSEQUI C004
DAVY, THOMAS M.

FILED DATE: 4/24/2026 5:27 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 04CR1009702

MARCUS JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/02/05 PAYMENT RECEIVED - CASH 0015 $ 159
12/09/05 HEARING DATE ASSIGNED 12/28/05 6726
12/28/05 PET VIOL OF PROBATION FILED
DAVY, THOMAS M.
12/28/05 CONTINUANCE BY ORDER OF COURT 02/17/06
DAVY, THOMAS M.
02/17/06 PETITION FOR V.O.P. WITHDRAWN
DEF PAID ALL FEES & COSTS
DAVY, THOMAS M.
02/17/06 PROB TERMINATED- SATISFACTORY
DAVY, THOMAS M.
02/17/06 CHANGE PRIORITY STATUS M
DAVY, THOMAS M.

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/19

Dorothy Brown

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

FILED DATE: 4/24/2026 5:27 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 08126557101

MARCUS C JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-550/4-B | M | CANNABIS - POSSESS 2.5-10 |
| 9-40-250(B) | T | TP410746 |
| 625-5/11-502 | T | TP410747 |
| 625-5/6-303(A) | T | TP410748 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | |
|---|---|---|
| 08/12/08 BOND SET BY RULE OF COURT | | 09/02/08 CL95 |
| 09/02/08 TRANSFERRED<br>FLANNIGAN ELLEN L | | 09/05/08 CL97 |
| 09/05/08 MOTION DEFT - CONTINUANCE - MD<br>QUINN MARGUERITE ANNE | | 11/21/08 CL97 |
| 11/21/08 MOTION DEFT - CONTINUANCE - MD<br>GOMOLINSKI WILLIAM EDWARD | | 02/10/09 CL97 |
| 02/10/09 BOND FORFEITURE<br>WALOWSKI, URSULA | B001 | |
| 02/10/09 CONT FOR JUDMT ON FORFEITURE<br>WALOWSKI, URSULA | | 03/27/09 CL97 |
| 03/23/09 JUDGMENT ON BOND FORFEITURE<br>WALOWSKI, URSULA | B001 | |
| 03/27/09 PREVIOUS ORDER TO STAND<br>BALL-REED, PATRICE MUNZEL | | |
| 03/27/18 NOLLE PROSEQUI<br>GONZALEZ, PETER M. | CALL | |

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/19

Dorothy Brown

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

FILED DATE: 4/24/2026 5:27 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 14118631601

MARCUS C JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-5/24-1-A-4 | M A | UUW - CARRY/POSSESS FIREARM/1 |
| 9-24-010(B) | T | TH059749 |
| 625-5/6-101 | T | TH059750 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | | |
|---|---|---|---|
| 03/23/14 DEFENDANT IN CUSTODY<br>BROWN JAMES R | | 03/23/14 1101 | |
| 03/23/14 PROBABLE CAUSE TO DETAIN<br>BROWN JAMES R | | | |
| 03/23/14 BAIL AMOUNT SET<br>BROWN JAMES R | | | $ 1000 |
| 03/23/14 MOTION STATE - CONTINUANCE -MS<br>BROWN JAMES R | | 03/26/14 7135 | |
| 03/23/14 DEF DEMAND FOR TRIAL<br>BROWN JAMES R | | | |
| 03/26/14 MOTION STATE - CONTINUANCE -MS<br>SCONZA JOSEPH M | | 04/03/14 7135 | |
| 04/03/14 WARRANT SENT TO POLICE AGENCY | | | |
| 04/04/14 RECALL/EXEC SENT TO POLICE AGY | | | |
| 04/03/14 BOND FORFEITURE<br>GALLAGHER, DANIEL J. | B001 | | |
| 04/03/14 BAIL AMOUNT SET<br>GALLAGHER, DANIEL J. | | | $ 5000 |
| 04/03/14 O/C ONLY REL DEF ON D BOND<br>GALLAGHER, DANIEL J. | | | |
| 04/03/14 CONT FOR JUDMT ON FORFEITURE<br>GALLAGHER, DANIEL J. | | 05/19/14 7135 | |
| 04/03/14 WARR ORD, WARR ISSUED<br>GALLAGHER, DANIEL J. | | | |
| 04/04/14 ADMONISH PER SP CT RULE 402<br>GALLAGHER, DANIEL J. | | | |
| 04/04/14 WARRANT QUASHED<br>GALLAGHER, DANIEL J. | | | |

FILED DATE: 4/24/2026 5:27 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS 

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 14118631601

MARCUS C JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

04/04/14 PLEA OF GUILTY C001
GALLAGHER, DANIEL J.
04/04/14 JURY WAIVED
GALLAGHER, DANIEL J.
04/04/14 FINDING OF GUILTY C001
GALLAGHER, DANIEL J.
04/04/14 DEF DEMAND FOR TRIAL
GALLAGHER, DANIEL J.
04/04/14 NON-SUIT C002
GALLAGHER, DANIEL J.
04/04/14 STRICKEN OFF - LEAVE REINSTATE C003
GALLAGHER, DANIEL J.
04/04/14 PROPERTY RECOVERED - DESTROY
SHOTGUN
GALLAGHER, DANIEL J.
04/04/14 SENTENCED TO COMMUNITY SERVICE C001
SWAP
5 DYS
GALLAGHER, DANIEL J.
04/04/14 SUPERVISION - COURT C001
3 MTH
GALLAGHER, DANIEL J.
04/04/14 DEF ADVISED OF RIGHT TO APPEAL
GALLAGHER, DANIEL J.
04/04/14 TERM DATE-PROB-COND DIS-SUPV 07/07/14 7135
GALLAGHER, DANIEL J.
07/07/14 SUPERVISION TERM/DISCHARGED
ICS COMPLETED
CARMODY, MATTHEW J.

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/19

Dorothy Brown.

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION
## MOTION CALL Z ROOM 2204

Jane Doe #2
Plaintiff

V.

Case no. 2025L 003833

Citibank,
Defendant

## ROOM 2204 CONTINUANCE ORDER

This matter coming before the court

_____Regular CMC _____Focused CMC ______Motion

IT IS HERE BY ORDERED:

4619 Matter is continued to 6/9/26 at 9:00 A.M. in ROOM 2204

4331 Date of 6/1/26 is stricken

ENTERED
Judge Stephanie Saltouros-2161
MAY 01 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

DATED:____________________

JUDGE: Stephanie D. Saltouros

Judge Stephanie D. Saltouros #2161

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE 2

v.

CITIBANK, N.A., et al.

No. 2025-L-003833

## ORDER

This cause coming before the Court :

(4305) 1.☐ IT IS HEREBY ORDERED this case is set for trial on February 22, 2027 at 10:00 a.m. in Courtroom 2005.

4335
(43280 2.☐ IT IS HEREBY ORDERED this case is returned to Judge Saltouros on Motion Calendar Z for completion of all discovery prior to the trial date .This case is set for in-person Focused case management on June 9, 2026 at 9:00 am in courtroom 2204.

(4331)3.☐The previously set case management date of ____________ is stricken

(4428) 4.☐ IT IS HEREBY ORDERED this case is set for trial setting status on ____________ at 10:00 a.m. in Courtroom 2005.

(4247) 5.☐ IT IS HEREBY ORDERED this case is set for prove-up on

At 10:00 a.m. in Courtroom 2005.

(An order of default having been entered by Judge ____________ on against the defendant(s) For having failed to appear or answer) (Notice to be given to the defaulted party)

(8005) 6. ☐ It IS HEREBY ORDERED this case is dismissed for want of prosecution.

**ATTORNEYS TO BRING A COPY OF THIS ORDER TO THEIR ASSIGNED MOTION JUDGE AT THE NEXT FOCUSED CASE MANAGEMENT.**

Other ____________

ENTERED
Judge Toya Harvey-2192
MAY 05 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Atty. No: 62308148
Name: Andrew Roseman
Atty. For: Defendant Citibank, N.A.
Address: 71 S. Wacker Dr.
City: Chicago, IL 60606
Telephone: 312-782-0600

ENTER:

JUDGE [signature] 2192

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

FILED
5/14/2026 10:39 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38079702

FILED DATE: 5/14/2026 10:39 AM 2025L003833

SEL/kaj 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2, )
)
Plaintiff, ) No. 2025L003833
v. )
)
CITIBANK, N.A., and )
MARCUS C. JACKSON, )
)
Defendants. )

**MOTION**

Plaintiff, JANE DOE NO. 2 by her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., respectfully moves this Honorable Court for entry of an order vacating the attached briefing schedule, for leave to file a Third Amended Complaint, and then resetting the briefing schedule on the defendants' Motion to Dismiss.

/s/SUSAN E. LOGGANS
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 5/14/2026 10:39 AM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE No. 2
Plaintiff(s)

v.

CITIBANK, N.A., et al.
Defendant(s)

Case No: 2025-L-003833
Calendar Z Courtroom 2204

## BRIEFING SCHEDULE

THIS CAUSE coming on for hearing on the motion of Plaintiff/Defendant Citibank for Section 2-615 motion to dismiss, due notice having been given, and the court being otherwise fully advised in the premises :

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ______ days; or by April 24, 2026: 4231
2. Respondent shall respond by May 15, 2026. 4231
3. Movant shall reply by May 29, 2026. 4231
4. The movant must provide the Court at clerk's status on 6/1/26, 20____ at 9:00a.m with a COMPLETE set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: 4217 4374
5. This matter is set for Case Management & Ruling on 6/25/26 20__ at 9:00 a.m/p.m 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ____________, 20____ at ________ am/pm is stricken and reset to ____________, 20______ at ________ am/pm.
9. OTHER Plaintiff shall provide responses to Citibank's February 18, 2026 interrogatories and document requests by April 16, 2026. 4263

ENTERED
Judge Stephanie Saltouros-2161
APR 09 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name:
Attorney Number:
Attorney for:
Address/City/State:
Telephone:

Entered: Stephanie D. Saltouros
, Circuit Court Judge

3303 (12/01/24) CCG 0003

FILED
5/14/2026 11:10 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38081036

FILED DATE: 5/14/2026 11:10 AM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A., and MARCUS C. JACKSON

No. 2025L003833

## NOTICE OF MOTION

To:
See attached Service List

On May 21, 2026 at 10:00 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros - courtroom 2204 or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 W. Washington, Chicago, Illinois, and present Plaintiff's Motion to Vacate Briefing Schedule for Leave to File a Third Amended Complaint.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, PC
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email:
Tertiary Email:

### ☐ PROOF OF SERVICE BY DELIVERY

I, ______________, ☐ the attorney ☐ non-attorney certify that on the ______ day of ______________, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ______________ ______________
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, ______________, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ______________ at ______________
(address on envelope)

and depositing the same in the U.S. Mail at ______________
(place of mailing)

at ________ a.m/p.m.. on the ________ day of ______________, with proper postage prepaid.

Dated: ______________ ______________
Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Magdalena Deltoro ☐ the attorney ☑ non-attorney certify that on the 14th day of May, 2026, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (________ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ______________,at ________ a.m./p.m.,from ______________.
(Place)

☑ Via email (Sender's Email is mdeltoro@logganslaw.com
Recipient's email is: see attached service list ).

Dated: May 14, 2026 Magdalena DelToro
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED DATE: 5/14/2026 11:10 AM 2025L003833

# SERVICE LIST

Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson
2025L003833

**ATTORNEY FOR PLAINTIFF - JANE DOE NO. 2**

Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT - CITIBANK, N.A.**

Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON - DEFENDANT, PRO SE**

9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

FILED
5/18/2026 5:09 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38141452

FILED DATE: 5/18/2026 5:09 PM 2025L003833

SEL/MRG/mxd 05/18/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A., and
MARCUS C. JACKSON,
Defendants.

No. 2025L003833

**PROOF OF SERVICE**

To: All Attorneys of Record (See attached service list).

I hereby certify that on May 18, 2026, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Plaintiff's Response to Defendant Citibank, N.A.'s First Set of Interrogatories to Plaintiff Jane Doe No. 2
- Plaintiff's Response to Defendant Citibank, N.A.'s First Set of Requests for Production to Plaintiff Jane Doe No. 2

I further certify that on May 18, 2026, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses that are registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 5/1 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

/s/: *Magdalena Deltoro*

SUSAN E. LOGGANS AND ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. 21683

FILED DATE: 5/18/2026 5:09 PM 2025L003833

**SERVICE LIST**
Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson
2025L003833

**ATTORNEY FOR PLAINTIFF – JANE DOE NO. 2**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
5/19/2026 11:19 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38166345

FILED DATE: 5/19/2026 11:19 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITIBANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE BRIEFING SCHEDULE AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned counsel, submits this Opposition to the one-sentence motion filed by Plaintiff Jane Doe No. 2 ("Plaintiff") on May 14, 2026, seeking to: (a) vacate the briefing schedule on Citibank's pending Section 2-615 motion to dismiss the Second Amended Complaint ("SAC"); (b) permit leave to file some version of a Third Amended Complaint ("TAC"); and (c) set a new briefing schedule on the hypothetical TAC.

As discussed in detail below, this Court should reject Plaintiff's gamesmanship and continued disregard of this Court's deadlines, all of which have severely prejudiced Citibank's defense of this case and the related Doe case that also is pending before the Court. Well over a year has passed since each case was filed, and trial dates in both cases already have been set for just months from now, and yet this Court still has not even received full briefing on, or therefore decided, Citibank's motion *at the pleadings stage*.

Accordingly, this Court should: (1) deny Plaintiff's motion for leave to amend, (2) require Plaintiff to file her response brief to Citibank's pending motion to dismiss the SAC no later than

FILED DATE: 5/19/2026 11:19 PM 2025L003833

May 28, 2026, given that her counsel already has had the motion in hand for nearly a month; (3) provide Citibank (which is entirely blameless for this delay) with the same 14-day period to reply that the Court previously set for Citibank's reply brief, such that Citibank's reply now should be extended from May 29 to June 12; (4) bar any further amendments to Plaintiff's pleading; and (5) set a firm ruling date on the 2-615 motion to dismiss the SAC, whether on the currently-scheduled ruling date of June 25 or another date that is convenient for this Court.

## PROCEDURAL HISTORY

As explained below, since the very outset of this case Plaintiff has employed one dilatory tactic after another in order to avoid the completion of briefing of—and this Court's decision on—Citibank's repeatedly-filed Section 2-615 motion to dismiss each iteration of Plaintiff's pleading.

### A. The Original and First Amended Complaints

Plaintiff filed her initial Complaint on March 18, 2025. As to Citibank, the Complaint alleged counts for negligent supervision and training as it relates to Defendant Marcus Jackson ("Jackson"). At the initial status conference on May 13, 2025, Citibank's counsel previewed to the Court and Plaintiff's counsel that Illinois law is well-settled that commission of (alleged) crimes like sexual assault by an adult employee against an adult customer that occurs off of an employer's premises and during non-business hours is not foreseeable to the employer, and therefore no duty—which is a question of law—arises for purposes of negligence theories. The Court then entered a Case Management Order directing Citibank to file its motion to dismiss by June 16, 2025.

On April 29, 2025, before the initial status conference in the matter, Plaintiff had served Citibank with 15 interrogatories, 22 requests for production of documents, 28 notices to produce at trial, several requests related to expert witnesses, and notices of depositions for two Citibank

FILED DATE: 5/19/2026 11:19 PM 2025L003833

witnesses. On May 12, 2025, Citibank moved to stay discovery pending resolution of its 2-615 motion and on June 5, 2025, this Court granted Citibank's motion to stay discovery.

Full briefing on the 2-615 motion never occurred, however, because on June 24, 2025, Plaintiff filed a (purported) "emergency" motion to reconsider/lift the stay on discovery. One day later, this Court granted the so-called "emergency" motion, entered an Order vacating the stay of discovery, and permitted Plaintiff "limited discovery" needed to respond to Citibank's motion to dismiss. As a result, the briefing schedule was vacated.

In the ensuing months, Citibank responded to two separate sets of documents requests by Plaintiffs, produced three witnesses for depositions, and produced hundreds of pages of responsive documents in each of the two cases.[1]

**B. The SAC and May 12 Ruling Date**

On February 6, 2026, this Court set the briefing schedule for Citibank's 2-615 motion to dismiss the Complaint: Citibank's opening brief was due by March 6; Plaintiff's response was due by April 3; and Citibank's reply was due by April 24. Further, the Court's Order set a ruling date of May 12 on the 2-615 motion.

Citibank timely filed its Section 2-615 Motion to Dismiss the Complaint on March 6. But on April 1, just two days before her response brief was due, Plaintiff filed a one-sentence motion

[1] Remarkably, throughout the summer of 2025, Plaintiff's counsel repeatedly obstructed the entry of a protective order as to materials produced by either side and non-parties in discovery, after having first indicated that they had no objection to such an order. Plaintiff's counsel adopted this approach even though they had sought and received approval from the Court, at the outset of the litigation, to proceed with the pseudonym "Jane Doe" for Plaintiff instead of using her real name. Plaintiff's chameleon-like approach to a straightforward protective order, and then eleventh-hour, about-face objection to the entry of such an agreed protective order on the day before one of the case management conferences, forced Citibank to request and receive permission from this Court to file what was a contested motion for protective order. Over Plaintiff's objection, this Court granted Citibank's motion on October 9, 2025. Consequently, Plaintiff's inexplicable refusal to agree to a routine protective order consumed more than three months of litigation time.

FILED DATE: 5/19/2026 11:19 PM 2025L003833

for leave to amend again, and first served the actual proposed Second Amended Complaint (SAC) one day later.[2] Plaintiff's one-sentence motion offered no explanation why leave to amend supposedly was needed. Nor did Plaintiff broach the SAC at the February 6 hearing or at any time in the nearly two months thereafter. Instead, she waited until right up to the deadline for filing her response brief on the 2-615 motion. Plaintiff could have filed, but did not file, her motion seeking leave to file the SAC sufficiently in advance of the April 3 deadline to respond to the 2-615 motion so that the Court could have ruled on her request in a timely manner and concurrently set a new schedule. Instead, Plaintiff intentionally flouted the Court's deadlines by waiting until the eleventh hour to seek leave to amend, effecting a delay in the briefing (and a back-door adjournment of the May 12 ruling date that this Court had set).

During a hearing on April 9, 2026, the Court granted Plaintiff leave to file her SAC. Citibank's counsel explained that it certainly would be filing a 2-615 motion as its response. The Court thus set a new briefing schedule, as follows: Citibank's 2-615 motion was due on April 24; Plaintiff's response brief was due on May 15; and Citibank's reply brief was due on May 29; and the 2-615 motion was scheduled for ruling on June 25.

Plaintiff filed the SAC one day later. As before, the SAC alleges the same two counts against Citibank for negligent supervision and training.

Since that time, Citibank's longstanding concerns about Plaintiff's delays related to the 2-615 motion have continued to grow with each passing day, because on May 5, 2026, Judge Toya Harvey set the *Doe v. Citibank, N.A., et al.* case (2025-L-001601) for trial on January 22, 2027, and the *Doe No. 2 v. Citibank, N.A., et al.* case (2025-L-003833) for trial on February 22, 2027.

**C. The June 25 ruling date and newly-proposed TAC**

---

[2] Doe 2 never actually filed a First Amended Complaint.

FILED DATE: 5/19/2026 11:19 PM 2025L003833

As it has done with every prior iteration of the Complaint, Citibank timely complied with this Court's briefing schedules. As directed by the April 9, 2026 Order, Citibank filed its 2-615 motion to dismiss the SAC on April 24.

But Plaintiff has flouted the Court's orders yet again. On May 14, just one day before the deadline to file her response to the 2-615 motion to dismiss the SAC—a deadline that had been set five weeks earlier—Plaintiff filed the one-sentence motion now before the Court, asking for: (a) leave to vacate the April 9 briefing schedule, (b) permission to file some hypothetical TAC, and (c) setting a new briefing schedule on her hypothetical TAC.

## **ARGUMENT**

The pattern of conduct in this case, which has gone unchecked to date, could not be any clearer: Each time Plaintiff faces a deadline to defend her pleading and respond substantively to Citibank's arguments for dismissal, she simply delays the proceeding at the eleventh hour by seeking leave to amend, thereby compressing the schedule more and more to Citibank's significant detriment and substantial expense. Plaintiff's repeated delay tactics have imposed substantial and unwarranted costs on and prejudice to Citibank.

This Court must finally put an end to Plaintiff's nonsense. Significantly, the only new development that has occurred since Plaintiff filed the SAC in early April is that *trial dates have been set in the very near term*. Conversely, there have been no developments that justify granting leave to Plaintiff to file a third iteration of the Complaint while the case is still at the pleadings stage. Indeed, Plaintiff's wholly inadequate, one-sentence motion offers no purported justification or explanation for her ongoing delays, nor articulates what her hypothetical TAC even would allege. Nor does she cite a single case or any other authorities that should allow her to amend at

FILED DATE: 5/19/2026 11:19 PM 2025L003833

this juncture.

Section 2-616(a) of the Code of Civil Procedure permits parties to amend their pleadings "on just and reasonable terms" at any time before final judgment. 735 ILCS 5/2-616(a). "This right to amend, however, is neither absolute nor unlimited." *I.C.S. Ill., Inc. v. Waste Mgmt. of Ill., Inc.*, 403 Ill. App. 3d 211, 220 (1st Dist. 2010).

In *Loyola Academy v. S&S Roof Maint., Inc.*, 146 Ill. 2d 263 (1992), the Illinois Supreme Court identified four factors that courts must weigh when ruling on a motion to amend: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* at 273.

Significantly, as the movant, Plaintiff bears the burden of demonstrating that all four factors favor leave to amend. *I.C.S.*, 403 Ill. App. 3d at 220. Plaintiff's one-sentence motion, however, addresses none of the factors. Plaintiff's perfunctory motion should be denied for that reason alone. But even if Plaintiff had attempted to carry her burden, she could not satisfy any of the four *Loyola Academy* factors, much less all of them.

For example, the third and fourth *Loyola Academy* factors—whether the proposed amendment is timely, and whether Plaintiff had previous opportunities to amend the pleading—strongly undercut granting leave to amend yet again. Indeed, both as to the SAC and now as to the proposed TAC, Plaintiff waited until the eleventh hour to even request leave to amend. In doing so, Plaintiff successfully effected an "end run" that avoided her obligation to respond to the 2-615 motion, and unwound the ruling dates on multiple occasions. Plaintiff already has had two prior bites at the apple since filing the initial Complaint more than a year ago. Her newest motion

FILED DATE: 5/19/2026 11:19 PM 2025L003833

is devoid of any developments that have occurred since Plaintiff filed the SAC in April that justify yet another delay, both of the briefing schedule and the ruling date on a motion to dismiss that Citibank has been waiting on *for more than a year*.

Throughout this period, Citibank has fully complied with its obligations—providing requested discovery on a timely basis and adhering to every briefing schedule set by the Court—while Plaintiff has contributed nothing but delay. Plaintiff's motion is untimely by any measure. *See, e.g.*, *Tsichlis v. Ctry. Life Ins. Co.*, 2018 IL App (1st) 170826, ¶ 42 (trial court did not abuse its discretion in denying plaintiff leave to amend complaint where amendments did not cure defects and plaintiff had multiple opportunities over the course of almost two years to seek amendments).

The first *Loyola Academy* factor—whether the defects can be cured—also weighs in favor of denial of leave to amend. There is no indication in Plaintiff's one-sentence motion how the TAC would cure any defects in the SAC, especially since there have been no new developments (other than setting trial dates, which further undercuts Plaintiff's position) since she filed the SAC in early April.

The second *Loyola Academy* factor—whether other parties would sustain prejudice or surprise by virtue of the proposed amendment—also weighs heavily against Plaintiff. Each time Plaintiff amends her complaint to evade a ruling on the absence of a legal duty, Citibank is forced to incur substantial costs briefing the same issues anew and accounting for the new allegations that Plaintiff proffers. This cycle of pointless amendments and re-briefing is precisely the kind of prejudice the *Loyola Academy* framework is designed to prevent. *See Shrock v. Meier*, 2024 IL App (1st) 230069, ¶ 44 (proposed amendments to complaint were untimely and prejudicial where plaintiffs had prior opportunities to amend their complaint to adequately state a claim and plaintiffs "are not entitled to unlimited bites at the apple."). Granting yet another amendment, especially

FILED DATE: 5/19/2026 11:19 PM 2025L003833

now that the cases have been set for trial in a matter of months, would reward Plaintiff's strategy of delay, further flout the deadlines this Court has repeatedly set in the past, saddle Citibank with further, unnecessary expenses, and compress and jeopardize Citibank's ability to prepare for a trial *even if Plaintiff can even plead a viable claim in the first instance*—an issue this Court has not addressed. Yet, due to Plaintiff's tactics, the case has not advanced beyond the motion-to-dismiss stage.

Under *Loyola Academy*, Citibank cannot reasonably be expected to brief and re-brief *ad nauseum* endless iterations of the pleading and comply with consecutively delayed briefing schedules—only to have Plaintiff abandon each iteration at the eleventh hour by seeking yet another amendment rather than doing the work of defending her allegations. With trial dates now set for January and February 2027 in both cases, it is past time for this Court to end the charade in which Plaintiff has engaged. Plaintiff has had more than enough opportunities to plead a viable claim and has chosen, repeatedly, not to stand behind her pleadings. The Court should not allow this pattern of inappropriate behavior to remain unchecked.

## CONCLUSION

WHEREFORE, Citibank respectfully requests that the Court: (1) deny Plaintiff's motion for leave to amend, (2) require Plaintiff to file her response brief to Citibank's pending motion to dismiss the SAC no later than May 28, 2026; (3) set June 11, 2026 as the deadline for Citibank's reply brief in support of its 2-615 motion to dismiss the SAC; (4) preclude any further amendments by Plaintiff to her pleadings; and (5) set a firm ruling date on the 2-615 motion to dismiss the SAC, either on the existing date of June 25 or on another date convenient for the Court.

DEFENDANT CITIBANK, N.A.

Dated: May 19, 2026

By: *Andrew S. Rosenman*

FILED DATE: 5/19/2026 11:19 PM 2025L003833

Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 5/19/2026 11:19 PM 2025L003833

## CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 19th of May, 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE BRIEFING SCHEDULE AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** to be served on counsel for Plaintiff Jane Doe via the Court's electronic filing system and email, and on Defendant Marcus C. Jackson by first-class mail and email, as follows:

Michael Graf
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
5/20/2026 6:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38187695

FILED DATE: 5/20/2026 6:47 PM 2025L003833

SEL/MRG/wps 05/20/26 23-065

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE No. 2,
Plaintiff,

v. No. 2025 L 003833

CITIBANK, N.A., and
MARCUS C. JACKSON,

Defendants.

**NOTICE OF FILING**

To: All Attorneys of Record – See Attached Service List

I, William P. Sitton, hereby certify that on May 20, 2026, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW

I certify that on May 20, 2026, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 511 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

/s/: William P. Sitton

SUSAN E. LOGGANS & ASSOCIATES, PC
180 NORTH LASALLE STREET, SUITE 2640
CHICAGO, IL 60601
312-201-600
SERVICE FAX: 312-201-1180
SERVICE EMAIL: thefirm@logganslaw.com

FILED DATE: 5/20/2026 6:47 PM 2025L003833

# SERVICE LIST

Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson

2025L003833

**ATTORNEY FOR PLAINTIFF - JANE DOE No. 2**

Michael R. Graf

SUSAN E LOGGANS & ASSOCIATES, P.C.

180 N LaSALLE STREET; STE. 2640

CHICAGO, IL 60601

PH: 312-201-8600

FX: 312-201-1180

thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT - CITIBANK, N.A.**

Andrew S. Roseman

Sofia B. Orelo

MAYER BROWN LLP

71 S WACKER DRIVE

CHICAGO, IL 60606

PH: 312-701-8744

arosenman@mayerbrown.com

sorelo@mayerbrown.com

**MARCUS JACKSON - DEFENDANT, PRO SE**

9424 S CALUMET

CHICAGO, IL 60619

312-285-7638

charlesmarcus303@gmail.com

FILED
5/20/2026 6:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38187695

FILED DATE: 5/20/2026 6:47 PM 2025L003833

SEL/MRG/wps 05/20/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2, )
)
Plaintiff, )
)
v. ) NO. 2025 L 003833
)
CITIBANK, N.A., and )
MARCUS C. JACKSON, )
)
Defendants. )

**THIRD AMENDED COMPLAINT AT LAW**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

2. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

3. In October 2019, Defendant MARCUS C. JACKSON applied for employment with Defendant CITIBANK, N.A. at or for the Kenwood Branch.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

4. As part of the hiring process, Defendant MARCUS C. JACKSON completed and signed a written employment application.

5. The written employment application required Defendant MARCUS C. JACKSON to provide information concerning his background, including his employment history, financial history, and criminal history.

6. Defendant MARCUS C. JACKSON failed to fully, accurately, and truthfully disclose his criminal history on his employment application.

7. Defendant MARCUS C. JACKSON further failed to fully, accurately, and truthfully disclose his prior financial history, including a prior lawsuit and judgment entered against him by a financial entity.

8. Before hiring Defendant MARCUS C. JACKSON as a Personal Banker, Defendant CITIBANK, N.A. had a duty to conduct a reasonable background investigation into his fitness to work in a customer-facing banking position.

9. Defendant CITIBANK, N.A. did not conduct a reasonable, complete, and thorough investigation into Defendant MARCUS C. JACKSON's criminal history before placing him in a Personal Banker position.

10. A reasonable and complete background investigation would have revealed that Defendant MARCUS C. JACKSON had a felony conviction for unlawful use of a weapon.

11. Defendant MARCUS C. JACKSON's felony unlawful-use-of-a-weapon conviction should have disqualified him from employment as a Personal Banker for Defendant CITIBANK, N.A.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

12. Defendant MARCUS C. JACKSON's criminal history also included convictions or charges involving use of recorded sound and unlawful possession of a taser.

13. Defendant MARCUS C. JACKSON's criminal history also included possession of cannabis, transporting alcohol while driving, and multiple driving-while-license-suspended offenses.

14. Had Defendant CITIBANK, N.A. performed a complete and reasonable background investigation, Defendant MARCUS C. JACKSON's criminal history and related disqualifying information would have been discovered before he was hired or retained as a Personal Banker.

15. Despite the nature of Defendant MARCUS C. JACKSON's position, Defendant CITIBANK, N.A. either failed to discover his disqualifying background information or failed to treat that information as disqualifying.

16. According to Stephanie Flemister, Branch Manager for Defendant CITIBANK, N.A.'s Kenwood Branch, questions concerning prior employment history and financial difficulties were not asked at the Branch Manager level. *(Flemister Dep., 02/04/2026).*

17. Flemister further testified that criminal activities and criminal history were likewise not addressed during the Branch Manager-level interview process. *(Flemister Dep. 14:12–14:14, 02/04/2026).*

18. Flemister further testified that, consistent with Defendant CITIBANK, N.A.'s internal structure, information concerning criminal history and other

FILED DATE: 5/20/2026 6:47 PM 2025L003833

potentially disqualifying hiring information was not relayed to Branch Managers at any level. *(Flemister Dep., 02/04/2026)*.

19. On or about July 7, 2023, Defendant CITIBANK, N.A., by and through its agent, servant, and/or employee, Defendant MARCUS C. JACKSON, provided banking services to Plaintiff JANE DOE NO. 2, including assisting her with an ATM transaction and reversing several charges on her account.

20. Those banking services, and prior interactions at the Kenwood Branch, formed the basis of an ongoing relationship between Defendant MARCUS C. JACKSON and Plaintiff JANE DOE NO. 2, during which Defendant MARCUS C. JACKSON had previously reversed fees on Plaintiff's account and had asked for her personal cellular telephone number so that he could contact her directly.

21. On or about July 6, 2023, Defendant MARCUS C. JACKSON observed Plaintiff JANE DOE NO. 2 at the ATM inside the Kenwood Branch while he was working. Using his position as her Personal Banker and the personal cellular telephone number he had previously obtained from her in the course of providing banking services, Defendant MARCUS C. JACKSON invited Plaintiff JANE DOE NO. 2 to meet him at an establishment called Bar David, located at 60th and Drexel in Chicago, Illinois.

22. Defendant MARCUS C. JACKSON used his position as Plaintiff JANE DOE NO. 2's Personal Banker, and the access to her personal contact information that position had afforded him, to create and advance personal contact with Plaintiff JANE DOE NO. 2 outside the bank.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

23. Defendant MARCUS C. JACKSON's conduct included grooming behavior, including using his role as Plaintiff JANE DOE NO. 2's Personal Banker, and the trust and credibility that role conferred, as the basis to solicit her personal cellular telephone number, to approach her during banking hours at the Kenwood Branch ATM, and to move his communications and interactions with her from the bank branch to a personal and social setting outside of banking hours.

24. On or about July 7, 2023, Plaintiff JANE DOE NO. 2 met Defendant MARCUS C. JACKSON at Bar David, located at 60th and Drexel Avenue in Chicago, Illinois, where they met for approximately one hour beginning at 8:00 p.m.

**COUNT I – NEGLIGENT HIRING – CITIBANK, N.A.**

1. Plaintiff realleges and incorporates paragraph 1 through 24 of Plaintiff's Third Amended Complaint.

2. Defendant Citibank had a duty to refrain from hiring individuals who were not competent for employment by a financial institution such as Citibank.

3. On or after October 2019 and at all relevant times, Citibank through its agents and/or employees breached its duty through one or more of the following acts or omissions;

a. Failed to conduct a reasonable and complete background investigation into Defendant MARCUS C. JACKSON before placing him in a customer-facing Personal Banker position involving direct access to Citibank customers, financial information, and customer trust;

b. Failed to discover, or failed to treat as disqualifying, Jackson's felony conviction for Unlawful Use of a Weapon, which Plaintiff's banking expert opines should have excluded him from employment as a personal banker;

FILED DATE: 5/20/2026 6:47 PM 2025L003833

c. Failed to discover, or failed to adequately evaluate, Jackson's additional criminal and financial history, including convictions or charges involving unlawful use of recorded sound, unlawful possession of a taser, other criminal matters, and a prior judgment by a financial entity;

d. Failed to identify or act upon false, incomplete, or inaccurate information provided by Jackson in his written employment application regarding his criminal and financial history;

e. Maintained a hiring process in which Branch Management did not inquire into criminal history, financial difficulties, or other potentially disqualifying background issues, and in which potentially disqualifying background information was not communicated to Branch Management; and

f. Hired Jackson into a position of financial trust and customer access despite background information that rendered him unfit for that role.

4. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT II – NEGLIGENT SUPERVISION**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. Plaintiff realleges and incorporates paragraphs 1 through 24 of Plaintiff's Third Amended Complaint.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

2. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

3. On or about July 7, 2023, and thereafter, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to monitor Jackson's compliance with Citibank policies governing employee-client relationships and professional boundaries;

b. Failed to restrict, monitor, or audit Jackson's use of his personal cellular telephone to communicate with Citibank customers;

c. Permitted Jackson to distribute Citibank business materials bearing his personal cellular telephone number, enabling private and unmonitored communications with customers outside the bank;

d. Failed to recognize and respond to warning signs that Jackson was using his position as a Personal Banker to move customer interactions into personal, social, off-premises, and after-hours settings;

e. Failed to instruct Jackson to terminate out-of-office and after-hours interactions with customers, despite Citibank's ability and duty to monitor compliance with its client-relationship policies; and

f. Failed to prevent Jackson from using the apparent authority and trust of his Personal Banker position to gain private access to Plaintiff under the guise of providing banking assistance.

4. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

**COUNT III – NEGLIGENT TRAINING – CITIBANK**

1. Plaintiff realleges and incorporates paragraph 1 through 24 of Plaintiff's Third Amended Complaint.

2. On and before July 7, 2023 and at all relevant times, defendant CITIBANK had a general duty to train all employees including Marcus Jackson.

3. On and before July 7, 2023 and at all relevant times, Citibank through its agents and/or employees breached said duty through one or more of the following ways;

a. Failed to train Jackson on proper standards governing employee-client interactions, professional boundaries, and the prohibition against converting banking relationships into personal or social relationships;

b. Failed to train Jackson that personal communications with customers by personal cellular telephone, outside normal business hours, and away from Citibank premises were improper and inconsistent with Citibank's client-relationship policies;

c. Failed to train Jackson that meeting customers individually for drinks, dinner, or other social engagements under the guise of conducting banking business was improper;

d. Failed to train employees, supervisors, and Branch Managers to identify, report, and respond to warning signs that an employee was using a banking relationship to obtain private or off-premises access to customers; and

e. Failed to implement meaningful training designed to protect customers from employees misusing positions of financial trust, customer confidence, and apparent authority.

4. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT IV – NEGLIGENT RETENTION – CITIBANK, N.A.**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 of Plaintiff's Third Amended Complaint as though fully set forth herein.

2. At all relevant times, Defendant, MARCUS C. JACKSON, was employed by Defendant, CITIBANK, N.A., as a Personal Banker at the Kenwood Branch located at 1310 East 47th Street, Chicago, Illinois.

3. Prior to the occurrence involving Plaintiff, JANE DOE NO. 2, Defendant, CITIBANK, N.A., received notice that Defendant, MARCUS C. JACKSON, had been accused by another Citibank customer, JANE DOE, of sexual assault, strangulation, and other improper conduct arising out of Jackson's interactions with her while he was acting as a Citibank Personal Banker.

4. After receiving said complaint from JANE DOE, Defendant, CITIBANK, N.A., through its internal security and investigative personnel, opened an internal investigation into Defendant, MARCUS C. JACKSON.

5. Defendant, CITIBANK, N.A., knew or should have known from the complaint and internal investigation that Defendant, MARCUS C. JACKSON, posed a danger to female customers of the Kenwood Branch, including Plaintiff, JANE DOE NO. 2.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

6. Defendant, CITIBANK, N.A., further knew or should have known that Defendant, MARCUS C. JACKSON, was unfit to remain in a customer-facing Personal Banker position because he had been accused of using his position of trust and authority as a Citibank employee to obtain access to a female customer and engage in off-premises, after-hours, personal contact with her.

7. Notwithstanding said notice, Defendant, CITIBANK, N.A., retained Defendant, MARCUS C. JACKSON, in his position as a Personal Banker and allowed him to continue having access to female customers of the Kenwood Branch, including Plaintiff, JANE DOE NO. 2.

8. At all relevant times, Defendant, CITIBANK, N.A., owed Plaintiff, JANE DOE NO. 2, and other female customers of the Kenwood Branch, a duty to use reasonable care in retaining employees who were fit and safe to interact with customers.

9. Defendant, CITIBANK, N.A., breached said duty through one or more of the following negligent acts and/or omissions:

a. Failed to terminate, suspend, or remove Defendant MARCUS C. JACKSON from customer-facing duties after receiving notice that he had been accused by another Citibank customer of sexual assault, strangulation, and improper customer contact;

b. Failed to meaningfully restrict or monitor Jackson's access to female customers after receiving notice that he allegedly used his position as a Personal Banker to obtain private, off-premises, and after-hours access to a customer;

c. Failed to conduct a reasonable and complete investigation into the prior customer complaint before deciding to retain Jackson in his Personal Banker position;

d. Failed to interview the complaining customer or obtain and reasonably consider available law-enforcement, medical, forensic, surveillance, internal, or other independent evidence concerning the prior complaint;

FILED DATE: 5/20/2026 6:47 PM 2025L003833

e. Failed to communicate the prior complaint and related safety concerns to the Kenwood Branch Manager or other supervisory personnel responsible for monitoring Jackson's customer interactions;

f. Failed to prohibit or restrict Jackson from using his personal cellular telephone or personal contact information to communicate privately with Citibank customers; and

g. Allowed Jackson to remain clothed with the apparent authority of a Citibank Personal Banker, thereby enabling him to use that position of trust to access, isolate, and sexually assault Plaintiff Jane Doe No. 2.

10. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars, plus costs of suit, and for such other and further relief as this Court deems just and proper.

**COUNT V – MARCUS C. JACKSON – SEXUAL ASSAULT**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and do business in Cook County, State of Illinois.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendant, CITIBANK, N.A., and was a Personal Banker at the Kenwood Branch located at 1310 East 47th Street, Chicago, Illinois.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent, servant and/or employee, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2.

5. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services, engaged in grooming activities, including inviting Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Banker at Defendant, CITIBANK, N.A., used his position to begin grooming Plaintiff, JANE DOE NO. 2.

7. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped Plaintiff, JANE DOE NO. 2, with her banking issues and asked for her cell phone number so he could contact her directly.

8. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working, and he recommended that they meet at an establishment called Bar David, located in Chicago, Illinois.

FILED DATE: 5/20/2026 6:47 PM 2025L003833

9. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting Plaintiff, JANE DOE NO. 2, for dinner and drinks and by arranging to meet her outside the bank after obtaining and using her personal cell phone number.

10. On or about July 7, 2023, Plaintiff, JANE DOE NO. 2, met Defendant, MARCUS C. JACKSON, at Bar David, located at 60th Street and Drexel Avenue in Chicago, Illinois, for approximately one hour beginning at approximately 8:00 p.m., and thereafter Defendant, MARCUS C. JACKSON, sexually assaulted Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

*/s/: Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

1000

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe 2

v.

Citibank

No. 2025-L-3833

ORDER

This Cause Coming on to be heard upon plaintiffs motion to amend her Complaint: It is hereby ordered that: 1) Plaintiff is granted leave to file her 3rd Amended Complaint ~~to add~~ which adds additional facts to ~~conf~~ conform to the pleadings and Adding Counts in Negligent Training, ~~hiring~~ hiring and Supervision

4292

4619 Parties to return on 6/22/26 at ~~1030~~ 1030 am with firm dates for F(1) Deposition. Citibank's response to the 3rd Amended Complaint by 6/22/26. Status on Conference on 6/22/26 at 1030.

4231

Attorney No.: 21683

Name: PATRICK J Condon / Loggans

Atty. for: TT

Address:

City/State/Zip:

Telephone:

ENTERED:

ENTERED
Judge Stephanie Saltouros-2161
MAY 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Dated: ______, ______

Stephanie D. Saltouros

Judge Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED DATE: 5/27/2026 2:24 PM 2025L003833

3303 (12/01/24) CCG 0003

FILED
5/27/2026 2:24 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38275203

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE NO. 2

v.

CITIBANK, N.A., and MARCUS C. JACKSON

No. 2025L003833

## NOTICE OF MOTION

To:

See attached Service list

On June 4, 2026 at 10:00 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros - courtroom 2204 or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 W. Washington, Chicago, Illinois, and present Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc.

Atty. No.: 21683 Pro se 99500

Name: Susan E. Loggans & Associates, PC

Atty. for: Plaintiff

Address: 180 North LaSalle Street, Suite 2640

City/State/Zip Code: Chicago, IL 60601

Telephone: 312-201-8600

Primary Email: thefirm@logganslaw.com

Secondary Email:

Tertiary Email:

### ☐ PROOF OF SERVICE BY DELIVERY

I, ______, ☐ the attorney ☐ non-attorney certify that on the ______ day of ______, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ______ ______
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, ______, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ______ at ______
(address on envelope)

and depositing the same in the U.S. Mail at ______
(place of mailing)

at ______ a.m/p.m.. on the ______ day of ______, with proper postage prepaid.

Dated: ______ ______
Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Magdalena Deltoro ☐ the attorney ☑ non-attorney certify that on the 27th day of May, 2026, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (______ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ______, at ______ a.m./p.m., from ______.
(Place)

☑ Via email (Sender's Email is mdeltoro@logganslaw.com
Recipient's email is: see attached service list ).

Dated: May 27, 2026 Magdalena DelToro
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED DATE: 5/27/2026 2:24 PM 2025L003833

**SERVICE LIST**
Jane Doe v. Citibank, N.A., and Marcus C. Jackson
2025L001601

**ATTORNEY FOR PLAINTIFF – JANE DOE**
Michael R. Graf
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT – CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON – DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

FILED
5/27/2026 2:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38274978

FILED DATE: 5/27/2026 2:18 PM 2025L003833

SEL/MRG/wps 05/27/26 23-065

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| JANE DOE No. 2,<br>Plaintiff, | ) | |
| v. | ) | No. 2025 L 003833 |
| CITIBANK, N.A., and<br>MARCUS C. JACKSON,<br><br>Defendants. | ) | |

**Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc**

Plaintiff, JANE DOE No. 2, respectfully moves this Court to clarify and correct its May 21, 2026 order granting leave to file the Third Amended Complaint. Plaintiff states:

1. Plaintiff was granted leave to file a Third Amended Complaint pursuant to this Court's order entered on May 21, 2026 (attached as Exhibit 1).
2. To have the amended pleading ready for the Court, Plaintiff inadvertently filed the Third Amended Complaint in the evening of May 20, 2026.
3. The premature filing caused no prejudice to any party.
4. To avoid technical issue concerning the filing date, Plaintiff requests the Court clarify and correct its May 21, 2026 order nunc pro tunc to reflect Plaintiff was granted leave to file the Third Amended Complaint effective May 20, 2026.
5. Plaintiff brings this motion in good faith and solely to conform the record ensure the Third Amended Complaint is deemed properly filed by the Court.

/s/: *Michael R. Graf*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Exhibit 1

1000

Order (12/01/24) CCG 0002

FILED DATE: 5/27/2026 2:18 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe 2

v.

Citibank

No. 2025-L-3833

ORDER

This Cause Coming on to be heard upon plaintiffs motion to amend her Complaint: It is hereby ordered that: 1) Plaintiff is granted leave to file her 3rd Amended Complaint ~~to add~~ which adds additional facts to ~~conf~~ conform to the pleadings and adding Counts in Negligent Training, ~~hiring~~ hiring and supervision

4292

4619 Parties to return on 6/22/26 at ~~1030~~ 1030 am with firm dates for R(1) deposition. Citibank's response to the

4231 3rd Amended Complaint by 6/22/26. Status on Conference on 6/22/26 at 1030.

Attorney No.: 21683

Name: PATRICK J Condon / Loggans

Atty. for: TT

Address:

City/State/Zip:

Telephone:

ENTERED:

ENTERED
Judge Stephanie Saltouros-2161
MAY 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Dated:

Stephanie D. Saltouros

Judge Judge's No.

Hearing Date: 6/4/2026 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
5/27/2026 2:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38274978

FILED DATE: 5/27/2026 2:18 PM 2025L003833

SEL/MRG/wps 05/27/26 23-065

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE No. 2,
Plaintiff,

v. No. 2025 L 003833

CITIBANK, N.A., and
MARCUS C. JACKSON,

Defendants.

## <u>Order</u>

This matter coming before the Court on Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion is granted.
2. The Court's order granting Plaintiff leave to file the Third Amended Complaint, entered May 21, 2026, is clarified and corrected nunc pro tunc to reflect that Plaintiff was granted leave to file the Third Amended Complaint effective May 20, 2026.
3. Plaintiff's Third Amended Complaint filed on May 20, 2026 is deemed filed with leave of Court and is properly of record.
4. This order is entered to clarify the record and to avoid any technical issue concerning the filing date of Plaintiff's Third Amended Complaint.

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

**ENTERED:**

_____________________________
Judge

**DATE:**
_____________________________

#4
10:00 AM

Hearing Date: 6/4/2026 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED DATE: 5/27/2026 2:18 PM 2025L003833

FILED
5/27/2026 2:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38274978

SEL/MRG/wps 05/27/26 23-065

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| JANE DOE No. 2,<br>Plaintiff, | ) | |
| v. | ) | No. 2025 L 003833 |
| CITIBANK, N.A., and<br>MARCUS C. JACKSON,<br><br>Defendants. | ) | |

## Order

This matter coming before the Court on Plaintiff's Motion to Clarify and Correct May 21, 2026 Order Nunc Pro Tunc.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion is granted.
2. The Court's order granting Plaintiff leave to file the Third Amended Complaint, entered May 21, 2026, is clarified and corrected nunc pro tunc to reflect that Plaintiff was granted leave to file the Third Amended Complaint effective May 20, 2026.
3. Plaintiff's Third Amended Complaint filed on May 20, 2026 is deemed filed with leave of Court and is properly of record.
4. This order is entered to clarify the record and to avoid any technical issue concerning the filing date of Plaintiff's Third Amended Complaint.

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

ENTERED: Stephanie D. Saltouros
Judge

DATE:

ENTERED
Judge Stephanie Saltouros-2161
JUN 04 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

FILED
6/12/2026 1:43 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38540817

FILED DATE: 6/12/2026 1:43 PM 2025L003833

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JANE DOE No. 2

v.

CITIBANK, N.A., et al.,

No. 2025L003833

## NOTICE OF MOTION

To:
This Document is Only being served to each attorney in the
Odyssey E-Filing System Service Contact List

On June 22, 2026 at 10:30 a.m. a.m/p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Stephanie Saltouros - courtroom 2204 or any judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, and present Plaintiff's Motion to Compel Scheduling and Set Schedule.

Atty. No.: 21683 Pro se 99500
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 180 North LaSalle Street, Suite 2640
City/State/Zip Code: Chicago, IL 60601
Telephone: 312-201-8600
Primary Email: thefirm@logganslaw.com
Secondary Email: ____
Tertiary Email: ____

### ☐ PROOF OF SERVICE BY DELIVERY

I, ____, ☐ the attorney ☐ non-attorney certify that on the ____ day of ____, I served this notice by delivering a copy personally to each person to whom it is directed.

Dated: ____ ____
Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, ____, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to ____ at ____
(address on envelope)
and depositing the same in the U.S. Mail at ____
(place of mailing)
at ____ a.m/p.m.. on the ____ day of ____, with proper postage prepaid.

Dated: ____ ____
Signature/Certification

### ☑ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, Deborah A Hecimovich ☐ the attorney ☑ non-attorney certify that on the 12th day of June, 2026, I served this notice electronically ☑ via the Clerk's Office E-filing system, or ☐ by telefax transmission (____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ____, at ____ a.m./p.m., from ____.
(Place)

☑ Via email (Sender's Email is dhecimovich@logganslaw.com
Recipient's email is: charlesmarcus303@gmail.com ).

Dated: June 12, 2026 Debbie Hecimovich
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED
6/12/2026 1:43 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38540817

FILED DATE: 6/12/2026 1:43 PM 2025L003833

SEL/KAJ/dah 06/12/26 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| JANE DOE No. 2,<br>Plaintiff, | ) | |
| v. | ) | No. 2025 L 003833 |
| CITIBANK, N.A., and<br>MARCUS C. JACKSON, | ) | |
| Defendants. | ) | |

**MOTION**

Plaintiff, JANE DOE No. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., moves this Honorable Court for entry of an Order to Compel the defense to schedule the deposition of the plaintiff. Plaintiff's attorney provided the defense with plaintiff, JANE DOE No. 2's, availability for her deposition pursuant to this court's April 21, 2026, Order. The Attorney for Defendant, CITIBANK, N.A., is refusing to schedule the deposition. (Email attached hereto). This matter has a Trial date of February 22, 2027 and we need a final discovery schedule.

*/s/: Susan E. Loggans*
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 6/12/2026 1:43 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Line # ______
Time: ______

Jane Doe No. 2, Plaintiff(s),

-v-

Citibank, N.A., et al, Defendant(s).

No: 2025-L-03833
Calendar: Z
Filing Date: 3-17-25
*2005 Trial Setting: ______
(12 mos or 24 mos from filing date)
*2005 Trial Date: ______

## CASE MANAGEMENT ORDER
(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ______
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ______
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: ______
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other ) by ______
5. (4218) 213(f)(2) depositions completed by ______
6. (4231) Dispositive motions filed by (P) (D) (Other) by ______
7. (4296) 215 and 216 discovery completed by ______
8. (4231) Parties issue 213 f(3) interrogatories by: ______
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ______
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ______

FILED
Judge Stephanie Saltouros-2161
APR 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

4335

11. ~~(4619)~~ The case is continued for CMC on June 25 at 9:00am in Room Court Room 2204 for:

☐ Service ☐ Pleadings ☐ Discovery ☐ Settlement ☐ Atty Appearance ☐ Other

4881 4880 4863

Plaintiff's emergency motion for extension of time is granted. Plaintiff shall serve complete responses to citibank's interrogatories and document requests by May 18, 2026. On June 1, the parties shall provide dates certain for f(2) depositions after June 25, 2026.

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

Failure to comply with this order shall be a basis for sanctions under Rule 219(c).
Failure to enforce this order shall constitute a forfeiture of such discovery by that party.

Name Sofia Orelo
Address 71 S. Wacker Dr.
City/State Chicago, IL
Telephone 312 701 8026
E-mail sorelo@mayerbrown.com
Atty. For Citibank, N.A.
Atty. No. 6342678

ENTERED:

Stephanie D. Saltouros

JUDGE ______

FILED DATE: 6/12/2026 1:43 PM 2025L003833

1000

Order (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe 2

v. No. 2025-L-3833

Citibank

ORDER

This Cause Coming on to be heard upon plaintiffs motion to amend her Complaint: It is hereby ordered that: 1) Plaintiff is granted leave to file her 3rd Amended Complaint ~~to add~~ which adds additional facts to ~~conf~~ conform to the pleadings and Adding Counts in Negligent Training, ~~hiring~~ hiring and Supervision

4292

4619 Parties to return on 6/22/26 at ~~1030~~ 1030 am with firm dates for F(1) Deposition. Citibank's response to the 3rd Amended Complaint by 6/22/26. Status on Conference on 6/22/26 at 1030.

4231

Attorney No.: 21683

Name: PATRICK J Condon/Loggans

Atty. for: π

Address:

City/State/Zip:

Telephone:

ENTERED:

ENTERED
Judge Stephanie Saltouros-2161
MAY 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Dated: ______, ______

Stephanie D. Saltouros

Judge Judge's No.

FILED DATE: 6/12/2026 1:43 PM 2025L003833

Outlook

**Jane Doe 2 v. Citibank, et al. Case No. 2025L003833 - Plaintiff's Deposition**

**From** Magdalena Deltoro <mdeltoro@logganslaw.com>
**Date** Tue 5/26/2026 4:43 PM
**To** arosenman@mayerbrown.com <arosenman@mayerbrown.com>; sorelo@mayerbrown.com <sorelo@mayerbrown.com>
**Cc** 23-065 Carr, Mekeda - KAJ <Doe2Z11366885@logganslaw.filevineapp.com>; Kim Jones <kjones@logganslaw.com>

Counsel,

The Plaintiff is available on 6/12, 6/16, 6/19, 6/23, 6/26 in the afternoon. Please provide availability so I can schedule it accordingly.

Thank you.

Please reply all when responding to this email so that your communication reaches our file.

MAGDALENA DELTORO | LEGAL ASSISTANT
SUSAN E LOGGANS & ASSOCIATES, P.C.
o. 312-201-8600 | f. 312-201-1180
180 N LASALLE STREET | SUITE 2640
CHICAGO | ILLINOIS | 60601
WWW.LOGGANSLAW.COM

==================================================================================================================================================

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies

FILED DATE: 6/12/2026 1:43 PM 2025L003833

Printed from Filevine

Add Tags

| Court Case Number | Project Number | Case Type | SOL | DOL |
|---|---|---|---|---|
| 2025L001601 | 11367004 | SEX Sexual Abuse | | 03/23/2023 |

## Activity

Write a note

T

**RE: Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiff's Deposition**
From: thefirm@logganslaw.com thefirm@logganslaw.com (mailto:thefirm@logganslaw.com?cc=MillerMeganZ11367004@logganslaw.filevineapp.com)
To: Andrew Rosenman ARosenman@mayerbrown.com (mailto:ARosenman@mayerbrown.com?cc=MillerMeganZ11367004@logganslaw.filevineapp.com), Michael Graf mgraf@logganslaw.com (mailto:mgraf@logganslaw.com?cc=MillerMeganZ11367004@logganslaw.filevineapp.com), Magdalena Deltoro mdeltoro@logganslaw.com (mailto:mdeltoro@logganslaw.com?cc=MillerMeganZ11367004@logganslaw.filevineapp.com), Kim Jones kjones@logganslaw.com (mailto:kjones@logganslaw.com?cc=MillerMeganZ11367004@logganslaw.filevineapp.com)
CC: Sofia B. Orelo SOrelo@mayerbrown.com (mailto:SOrelo@mayerbrown.com?cc=MillerMeganZ11367004@logganslaw.filevineapp.com)
Date: Thu May 28 2026 15:06:23 GMT-0500 (Central Daylight Time)

Mr. Rosenman:

The court's order attached requires that the dates certain for F1 depositions be scheduled after 6/25/26. We want to adhere to the court's order and schedule the depositions, and we will provide dates for the plaintiffs after that. We would expect you to provide dates for your deponents as well. We need to schedule the depositions, and we expect to overcome your motions to dismiss. Please let me know whether you expect to comply with the court's CMC order.

As previously requested, I am handling this case now and would appreciate your directing all emails to me at thefirm@logganslaw.com and copying my assistant, Kim Jones, at kjones@logganslaw.com. Mr. Graf is leaving the firm and moving to Texas. His last day in the firm is 5/29/26.

Could not run report. Please try again later. ✕

FILED DATE: 6/12/2026 1:43 PM 2025L003833

I look forward to your response. If you wish to discuss this case and the companion case with me, call me at 310-866-1231. Thank you.

Susan E. Loggans

(sent on behalf of Ms. Loggans)

From: Andrew Rosenman Sent: Thursday, May 28, 2026 3:45 PMTo: Michael Graf ; Magdalena Deltoro ; Kim Jones Cc: Andrew Rosenman ; Sofia B. Orelo Subject: RE: Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiff's Deposition

?? This email originated from outside Loggans Law. Be cautious with links and attachments.

Mike,

With respect to your voicemail today and the related email below from your legal assistant (and as to Doe 2), Judge Saltouros did not require that any depositions be completed by June 22 (or the week of June 22) in either of the cases. We will not be deposing either Plaintiff prior to the court's rulings on Citibank's forthcoming motions to dismiss the Third Amended Complaint. Further, we will be back in touch with you shortly about each Plaintiff's discovery responses and document productions, and deficiencies that need to be remedied in advance of their depositions (if one or both motions are not granted).

Andy

---

Andrew S. Rosenman

Partner and Co-Chair, Global Employment & Benefits Practice

Co-Chair, U.S. Employment Litigation and Counseling Practice

Mayer Brown LLP

71 South Wacker Drive

Chicago, IL 60606

T +1 312 701 8744 | M +1 312 259 6333

arosenman@mayerbrown.com

Could not fetch emoji. Please try again later.

LinkedIn | Twitter

FILED DATE: 6/12/2026 1:43 PM 2025L003833

mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

From: Magdalena Deltoro Sent: Tuesday, May 26, 2026 4:40 PMTo: Andrew Rosenman ; Sofia B. Orelo Cc: 23-040 Miller, Megan - KAJ ; Kim Jones Subject: Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiff's Deposition

Counsel,

The plaintiff is available in the week of June 22, 2026, for her deposition. Please provide dates so I can schedule accordingly.

Thank you.

Please reply all when responding to this email so that your communication reaches our file.

================================================================================================================================================================This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies

__ This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

Posted by Thefirm on 6/1/2026 at 10:44 AM.

ORDER_CMC_4.21.26_23-040_mxd_4.21.26_S (1).pdf

RE_ Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiffs Deposition.eml

Could not load report. Please try again later. Add Tags

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/18/2026 1:48 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38631568

FILED DATE: 6/18/2026 1:48 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE NO. 2,

Plaintiff,

v.

CITIBANK, N.A., and
MARCUS C. JACKSON,

Defendants.

Case No. 2025-L-003833

**DEFENDANT CITIBANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE SCHEDULING OF PLAINTIFF'S DEPOSITION**

Defendant Citibank, N.A. ("Citibank"), by and through its counsel, submits this Opposition to Plaintiff Jane Doe No. 2's ("Plaintiff") motion to compel the scheduling of Plaintiff's deposition.

## PROCEDURAL BACKGROUND

On April 9, 2026, this Court set a briefing schedule on Citibank's anticipated motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). *See* **Exhibit 1**. Specifically, the Order required Citibank to file its motion and opening brief on April 24. *Id.* Plaintiff's response brief was due on May 15, and Citibank's reply brief was due on May 29. *Id.* The Court also set a ruling date of June 25. *Id.* For its part, Citibank timely complied with the Order by filing its motion and opening brief on April 24. As explained below, Plaintiff flouted her deadline to respond.

In the meantime, Plaintiff served no responses to Citibank's February 18, 2026 interrogatories and document requests. Citibank made several 201(k) requests in writing to Plaintiff's counsel designed to avoid the potential need for judicial intervention—to no avail. Plaintiff filed an "emergency motion" on April 20 seeking more time to serve her discovery

responses, and scheduled the hearing for the next day. At the April 21 hearing, the Court asked the parties to address the timing of 213(f)(1) depositions. Citibank pointed out that the limited discovery that the Court had granted to Plaintiff in 2025 on the issue of foreseeability was long over, and that no depositions should proceed until after the Court ruled on the pending motion to dismiss because, of course, depositions would be unnecessary if the motion to dismiss were granted on June 25. The Court agreed with Citibank, and entered a Case Management Order on April 21 (attached as **Exhibit 2**) requiring that any 213(f)(1) depositions be scheduled *after* June 25—the date, as noted above, on which the Court planned to rule on Citibank's motion to dismiss the SAC.

But on May 14, just one day before Plaintiff's deadline to respond to that motion to dismiss, Plaintiff—without prior notice to or conferral with Citibank—filed a motion seeking to vacate the briefing schedule on the SAC and for leave to file a Third Amended Complaint ("TAC"). This time, Plaintiff did not notice her motion as an emergency, and instead scheduled it for May 21, thereby nullifying, without the Court's permission, the April 9 briefing schedule.

At the May 21 hearing, the Court granted Plaintiff's motion to vacate the briefing schedule and permitted her leave to file the TAC, which added new legal theories. The Court set June 22 as Citibank's deadline to respond to the TAC, and scheduled a status conference for the same date, at which point "the parties shall propose a date for completion of (f)(1) depositions." *See* **Exhibit 3**. During the May 21 hearing, the Court noted that it would set a briefing schedule on the motion to dismiss the TAC on June 22, but that the parties should expect a short briefing schedule—14 days for Plaintiff's response and 7 days for Citibank's reply.

On May 26, 2026, a Legal Assistant at Plaintiff's counsel's office inexplicably emailed Citibank's counsel offering Plaintiff's deposition during the week of June 22. *See* **Exhibit 4**, p. 2.

FILED DATE: 6/18/2026 1:48 PM 2025L003833

Citibank's counsel responded by email on May 28 that Citibank would not be deposing Plaintiff in either of the Doe cases until the Court ruled on Citibank's motion to dismiss. *Id.*, pp. 1-2. As discussed above, that position comported precisely with the Court's Orders of April 9 and 21, *i.e.*, that any further depositions would take place only *after* the Court's ruling on the motion to dismiss.

Later on May 28, Susan Loggans (who has never appeared in court at any hearing or case management conference in this case) emailed Citibank and attached the April 21 Order, claiming that it "requires that the dates certain for F1 depositions be scheduled after 6/25/26." *See* Exhibit 4, p. 1. Her email inexplicably did not refer to the more recent May 21 Order.

Plaintiff subsequently filed her cursory, one-paragraph motion to compel, incorrectly referring to Plaintiff's "availability for her deposition pursuant to this court's April 21, 2026 Order" even though the April 21 Order no longer applies to the timing of depositions.

## ARGUMENT

There is two-fold significance to June 25, 2026 in this case. First, it was the date established by this Court on April 9 for the ruling on Citibank's motion to dismiss the SAC—a motion that Citibank timely filed. Second, the Court's April 21 Order stated that Rule 213(f)(1) depositions would come *after* June 25, *i.e.*, if the motion to dismiss were denied. The Court thereby logically documented on April 21 that no further depositions would occur until after it ruled on the motion to dismiss the SAC.

The same procedure should apply as to the TAC, especially because Plaintiff is solely responsible for the nullification of the briefing schedule on the SAC. But for Plaintiff's eleventh-hour request to vacate the briefing schedule on the SAC and file the TAC, the Court would have had a fully briefed motion to dismiss by now. Citibank already has suffered substantial prejudice

by having to wait more than a year for a ruling on the Section 2-615 motion to dismiss, which it must keep repeatedly re-filing because of Plaintiff's continued efforts to delay any ruling on the motion through last-minute amendments to her pleading.

Plaintiff also incorrectly appears to believe that the May 21 Order requires a "date certain" for depositions to be set immediately. It does not. The May 21 Order states that at the June 22, 2026 status conference, "the parties shall propose a date for completion of (f)(1) depositions." *See* Exhibit 3. It does not compel depositions to occur on any particular date, nor does it require the parties to have already scheduled depositions before that conference or before the motion to dismiss is decided.

There is no reason to compel the scheduling of any depositions in advance of the Court's forthcoming ruling on a dispositive motion that, if granted, would eliminate the need for depositions entirely. Citibank has been waiting for a ruling on its motion to dismiss for more than a year. Plaintiff's motion to compel is nothing more than yet another attempt to delay proceedings and impose unwarranted discovery burdens on Citibank *while the case remains at the pleadings stage*.

Citibank, as required, will be filing its motion to dismiss on June 22. As the Court indicated during the May 21 hearing, Plaintiff's response should be due within 14 days thereafter, i.e., by July 6, and Citibank's reply should be due within 7 days thereafter, i.e., by July 13. The Court should set a ruling date as soon after July 13 as the Court may be able to review the parties' briefs and related cases cited therein. Any depositions should take place if, and only if, the Court denies the motion to dismiss. Plaintiff's motion to compel the scheduling of Plaintiff's deposition therefore should be denied.

FILED DATE: 6/18/2026 1:48 PM 2025L003833

DEFENDANT CITIBANK, N.A.

Dated: June 18, 2026

By: *Andrew S. Rosenman*

Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 6/18/2026 1:48 PM 2025L003833

# CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on June 18, 2026 I caused a true copy of **DEFENDANT CITIBANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE SCHEDULING OF PLAINTIFF'S DEPOSITION** to be served on counsel for Plaintiff Jane Doe No. 2 via the Court's electronic filing system and email, and on Defendant Marcus C. Jackson by first-class mail and email, as follows:

Susan Loggans
Susan E. Loggans & Associates, P.C.
Firm ID # 21683
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(310) 866-1231
thefirm@loggansl aw.com

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/18/2026 1:48 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38631568

FILED DATE: 6/18/2026 1:48 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE No. 2
Plaintiff(s)

V.

CITIBANK, N.A., et al.
Defendant(s)

Case No: 2025-L-003833
Calendar Z Courtroom 2204

## BRIEFING SCHEDULE

THIS CAUSE coming on for hearing on the motion of Plaintiff/Defendant Citibank for Section 2-615 motion to dismiss, due notice having been given, and the court being otherwise fully advised in the premises :

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ______ days or by April 24, 2026: 4231
2. Respondent shall respond by May 15, 2026. 4231
3. Movant shall reply by May 29, 2026. 4231
4. The movant must provide the Court at clerk's status on 6/1/26, 20____ at 9:00a.m with a COMPLETE set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: 4217 4374
5. This matter is set for Case Management on 6/25/26 20__ at 9:00 a.m/p.m & Ruling 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of ____________, 20____ at ________am/pm is stricken and reset to ____________, 20______ at __________ am/pm.
9. OTHER ~~Plaintiff shall provide responses to Citibank's February 18, 2026 interrogatories and document requests by April 16, 2026.~~

ENTERED
Judge Stephanie Saltouros-2161
APR 09 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name:
Attorney Number:
Attorney for:
Address/City/State:
Telephone:

Entered: Stephanie D. Saltouros
, Circuit Court Judge

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Line # ________

FILED
6/18/2026 1:48 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38631568

FILED DATE: 6/18/2026 1:48 PM 2025L003833

| | | |
|---|---|---|
| Jane Doe No. 2, Plaintiff(s), | ) | No: 2025-L-003833 Time: ________ |
| | ) | Calendar: Z |
| -v- | ) | Filing Date: 3-17-25 |
| | ) | *2005 Trial Setting: ________ (12 mos or 24 mos from filing date) |
| Citibank, N.A., et al., Defendant(s). | ) | *2005 Trial Date: ________ |

## CASE MANAGEMENT ORDER

(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ________
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ________
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: ________
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other ) by ________
5. (4218) 213(f)(2) depositions completed by ________
6. (4231) Dispositive motions filed by (P) (D) (Other) by ________
7. (4296) 215 and 216 discovery completed by ________
8. (4231) Parties issue 213 f(3) interrogatories by: ________
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ________
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ________

Judge Stephanie Saltouros-2161
APR 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

11. (4619) The case is continued for CMC on June 25 at 9:00 in Room Court Room 2204 for:

□ Service □ Pleadings □ Discovery □ Settlement □ Atty Appearance □ Other

Plaintiff's emergency motion for extension of time granted. Plaintiff shall serve complete responses to Citibank's interrogatories and document requests by May 18, 2026. On June 1, the parties shall provide dates certain for f(1) depositions after June 25, 2026.

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

Failure to comply with this order shall be a basis for sanctions under Rule 219(c).
Failure to enforce this order shall constitute a forfeiture of such discovery by that party.

ENTERED:

Name Sofia [illegible]
Address 71 S. Wacker Dr.
City/State Chicago, IL
Telephone 312 [illegible]
E-mail [illegible]@mayerbrown.com
Atty. For Citibank N.A.
Atty. No. 6347678

JUDGE ________

Case: 1:26-cv-10046 Document #: 1-1 Filed: 08/19/26 Page 451 of 607 PageID #:464

1000

Order

(12/01/24) CCG 0002

FILED
6/18/2026 1:48 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38631568

FILED DATE: 6/18/2026 1:48 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jane Doe 2

v.

Citibank

No. 2025-L-3833

ORDER

This Cause Coming on to be heard upon plaintiffs motion to amend her Complaint: It is hereby ordered that: 1) Plaintiff is granted leave to file her 3rd Amended Complaint ~~to add~~ which adds additional facts to ~~conf~~ conform to the pleadings and Adding Counts in Negligent Training, ~~hiring~~ hiring and Supervision

4292

4619 Parties to return on 6/22/26 at ~~1030~~ 1030 am with firm dates for F(i) Deposition. Citibank's response to the

4231 3rd Amended Complaint by 6/22/26. Status on Conference on 6/22/26 at 1030.

Attorney No.: 21683

Name: PATRICK J Condon / Loggans

Atty. for: TT

Address:

City/State/Zip:

Telephone:

ENTERED:

ENTERED
Judge Stephanie Saltouros-2161
MAY 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Dated: ______ , ______

Stephanie D. Saltouros

Judge Judge's No.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/18/2026 1:48 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38631568

FILED DATE: 6/18/2026 1:48 PM 2025L003833

**From:** thefirm@logganslaw.com
**Sent:** Thursday, May 28, 2026 4:06 PM
**To:** Andrew Rosenman; Michael Graf; Magdalena Deltoro; Kim Jones
**Cc:** Sofia B. Orelo
**Subject:** RE: Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiff's Deposition
**Attachments:** ORDER_CMC_4.21.26_23-040_mxd_4.21.26_S (1).pdf

Mr. Rosenman:

The court's order attached requires that the dates certain for F1 depositions be scheduled after 6/25/26. We want to adhere to the court's order and schedule the depositions, and we will provide dates for the plaintiffs after that. We would expect you to provide dates for your deponents as well. We need to schedule the depositions, and we expect to overcome your motions to dismiss. Please let me know whether you expect to comply with the court's CMC order.

As previously requested, I am handling this case now and would appreciate your directing all emails to me at thefirm@logganslaw.com and copying my assistant, Kim Jones, at kjones@logganslaw.com. Mr. Graf is leaving the firm and moving to Texas. His last day in the firm is 5/29/26.

I look forward to your response. If you wish to discuss this case and the companion case with me, call me at 310-866-1231. Thank you.

Susan E. Loggans

(sent on behalf of Ms. Loggans)

---

**From:** Andrew Rosenman <ARosenman@mayerbrown.com>
**Sent:** Thursday, May 28, 2026 3:45 PM
**To:** Michael Graf <mgraf@logganslaw.com>; Magdalena Deltoro <mdeltoro@logganslaw.com>; Kim Jones <kjones@logganslaw.com>
**Cc:** Andrew Rosenman <ARosenman@mayerbrown.com>; Sofia B. Orelo <SOrelo@mayerbrown.com>
**Subject:** RE: Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiff's Deposition

This email originated from outside Loggans Law. Be cautious with links and attachments.

Mike,

With respect to your voicemail today and the related email below from your legal assistant (and as to Doe 2), Judge Saltouros did not require that any depositions be completed by June 22 (or the week of June 22) in either of the cases. We will not be deposing either Plaintiff prior to the court's rulings on Citibank's forthcoming motions

FILED DATE: 6/18/2026 1:48 PM 2025L003833

to dismiss the Third Amended Complaint. Further, we will be back in touch with you shortly about each Plaintiff's discovery responses and document productions, and deficiencies that need to be remedied in advance of their depositions (if one or both motions are not granted).

Andy

_______________________________________________
**Andrew S. Rosenman**
*Partner and Co-Chair, Global Employment & Benefits Practice*
*Co-Chair, U.S. Employment Litigation and Counseling Practice*
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
T +1 312 701 8744 | M +1 312 259 6333
arosenman@mayerbrown.com
LinkedIn | Twitter
mayerbrown.com

iel ELITE
Mayer Brown
GLOBAL ELITE FIRM 2026
International Employment Lawyer
Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Magdalena Deltoro <mdeltoro@logganslaw.com>
**Sent:** Tuesday, May 26, 2026 4:40 PM
**To:** Andrew Rosenman <ARosenman@mayerbrown.com>; Sofia B. Orelo <SOrelo@mayerbrown.com>
**Cc:** 23-040 Miller, Megan - KAJ <MillerMeganZ11367004@logganslaw.filevineapp.com>; Kim Jones <kjones@logganslaw.com>
**Subject:** Doe v. Citibank, et al. Case No. 2025L001601 - Plaintiff's Deposition

Counsel,

The plaintiff is available in the week of June 22, 2026, for her deposition. Please provide dates so I can schedule accordingly.

Thank you.

Please reply all when responding to this email so that your communication reaches our file.

MAGDALENA DELTORO | LEGAL ASSISTANT
SUSAN E LOGGANS & ASSOCIATES, P.C.
o. 312-201-8600 | f. 312-201-1180
180 N LASALLE STREET | SUITE 2640
CHICAGO | ILLINOIS | 60601
WWW.LOGGANSLAW.COM

=====================================================================================================================================================

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies

FILED DATE: 6/18/2026 1:48 PM 2025L003833

______________________________________________________________________________
This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

FILED DATE: 6/18/2026 1:48 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Line # ________
Time: ________

JANE DOE, Plaintiff(s),

-v-

CITIBANK, N.A., et al., Defendant(s).

No: 2025-L-001601

Calendar: Z

Filing Date: 2-4-25

*2005 Trial Setting: ________
(12 mos or 24 mos from filing date)

*2005 Trial Date: ________

## CASE MANAGEMENT ORDER

(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ________
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ________
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: ________
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other ) by ________
5. (4218) 213(f)(2) depositions completed by ________
6. (4231) Dispositive motions filed by (P) (D) (Other) by ________
7. (4296) 215 and 216 discovery completed by ________
8. (4231) Parties issue 213 f(3) interrogatories by: ________
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ________
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ________

ENTERED
Judge Stephanie Saltouros-2161
APR 21 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

11. (~~4619~~) 4335 The case is continued for CMC on June 25, 2026 at 9:00 in Room Court Room 2204 for:

☐ Service ☐ Pleadings ☐ Discovery ☐ Settlement ☐ Atty Appearance ☐ Other

4280 4231 4283 Plaintiff's Emergency Motion for Extension of Time is granted. Plaintiff shall serve complete responses to Citibank's interrogatories and document requests by May 18. On June 1, the parties shall provide dates certain for (f)(1) depositions after June 25, 2026.

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

Failure to comply with this order shall be a basis for sanctions under Rule 219(c).
Failure to enforce this order shall constitute a forfeiture of such discovery by that party.

Name Andrew Rosenman
Address Mayer Brown LLP - 71 S. Wacker
City/State Chicago, IL 60606
Telephone 312-782-0600
E-mail arosenman@mayerbrown.com
Atty. For Citibank
Atty. No. 6230148

ENTERED:

Stephanie D. Saltouros

JUDGE ________

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S SECTION 2-615 MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

SUMMARY OF ALLEGATIONS BY DOE 2 ................................................................. 2

2-615 STANDARDS ................................................................................................ 4

ARGUMENT ........................................................................................................... 5

I. Doe 2 fails to state claims for negligent hiring and retention. .......................................... 5

II. Doe 2's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels. ..................................... 7

III. Doe 2's allegations in the TAC ignore the Illinois Human Rights Act's restrictions on an employer's use of conviction and arrest records in its employment decisions. ........................................................................................................ 8

IV. Doe 2 fails to establish that Citibank owed her a legal duty. ............................................ 9

A. The off-premises (alleged) sexual assault by Jackson of Doe 2 during non-business hours was not foreseeable to Citibank. ................................................ 10

B. The likelihood of a sexual assault was exceedingly low. .................................... 12

C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank. ........ 13

V. Doe 2 does not allege sufficient facts to support the other essential elements of negligent hiring, retention, supervision or training claims. ............................................ 14

CONCLUSION ....................................................................................................... 15

FILED DATE: 6/22/2026 9:38 PM 2025L003833

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Tenant Screening Serv., Inc.*,
140 Or. App. 41, 914 P.2d 16 (1996)....6

*Bates v. Doria*,
150 Ill. App. 3d 1025 (2d Dist. 1986)....15

*Brooks v. MV Transp., Inc.*,
2019 WL 194373 (N.D. Ill. Jan. 15, 2019)....8

*Bruns v. City of Centralia*,
2014 IL 116998....10, 12, 13

*Carter v. Skokie Valley Detective Agency, Ltd.*,
256 Ill. App. 3d 77 (1st Dist. 1993)....9, 15

*City of Chicago v. Beretta U.S.A. Corp.*,
213 Ill. 2d 351 (Ill. 2004)....4

*Dennis v. Pace Suburban Bus Serv.*,
2014 IL App (1st) 132397....7, 11, 12, 15

*Doe v. Boy Scouts of Am.*,
2014 IL App (2d) 130121....7

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
907 S.W.2d 472 (Tex. 1995)....6

*Doe v. Coe*,
2019 IL 123521....5, 9, 10, 12

*Doe v. Lawrence Hall Youth Servs.*,
2012 IL App (1st) 103758....5

*Doe v. McKay*,
183 Ill. 2d 272 (1998)....10

*Ehrens v. Lutheran Church*,
385 F.3d 232 (2d Cir. 2004)....8

*Ernst v. Parkshore Club Apartments Ltd. P'Ship*,
863 F. Supp. 651 (1994)....9

FILED DATE: 6/22/2026 9:38 PM 2025L003833

*Escobar v. Madsen Constr. Co.*,
226 Ill. App. 3d 92 (1st Dist. 1992) ....................7

*Giraldi v. Community Consol. Sch. Dist. No. 62*,
279 Ill. App. 3d 679 (1st Dist. 1996) ....................6

*Hachem v. Chicago Title Ins. Co.*,
2015 IL App (1st) 143188....................5

*Hills v. Bridgeview Little League Ass'n*,
195 Ill. 2d 210 (2000) ....................7

*Leekha v. Wentcher*,
224 Ill. App. 3d 342 (1st Dist. 1991) ....................4

*MacDonald v. Hinton*,
361 Ill. App. 3d 378 (3d Dist. 2005)....................7, 8

*MacLeod v. Commonwealth Edison*,
2024 IL App (2d) 230237 ....................4

*Montgomery v. Petty Management Corp.*,
323 Ill. App. 3d 514 (1st Dist. 2001) ....................6, 9

*Nabors Drilling USA, Inc. v. Escoto*,
288 S.W.3d 401 (Tex. 2009)....................8

*Norris v. Innovative Health Sys., Inc.*,
184 A.D.3d 471 (N.Y. Sup. Ct. 2020) ....................6

*Noto v. Shlifka*,
2024 IL App (2d) 240093 ....................11, 12

*O'Rourke v. McIlvaine*,
2014 IL App (2d) 131191 ....................7

*Prince v. Atchison, T. and S. F. Ry. Co.*,
95 Ill. App. 3d 856 (1981) ....................8

*Quiroz v. Chicago Transit Auth.*,
2022 IL 127603....................4

*Strickland v. Commc'n and Cable of Chi., Inc.*,
304 Ill. App. 3d 679 (1st Dist. 1999) ....................5, 6

*Teter v. Clemens*,
112 Ill. 2d 252 (1986) ....................5

FILED DATE: 6/22/2026 9:38 PM 2025L003833

*Van Horne v. Muller*,
185 Ill. 2d 299 (1998) ........................................ 5, 6

*Vancura v. Katris*,
238 Ill. 2d 352 (2010) ........................................ 5

*Ward v. Kutak Rock, LLP*,
2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022) ........................................ 10

*Ward v. Kutak Rock, LLP*,
2023 IL App (1st) 221499-U ........................................ 10

*Wright v. City of Danville*,
174 Ill. 2d 391 (1996) ........................................ 10

**Statutes**

Illinois Human Rights Act, 775 ILCS 5/2-103.1(A)(1) ........................................ 9

Illinois Human Rights Act, 775 ILCS 5/2-103(A) ........................................ 9

**Other Authorities**

Ill. S. Ct. R. 23(e)(1) ........................................ 10

Restatement (Second) of Torts Section 317 ........................................ 1, 7, 8

FILED DATE: 6/22/2026 9:38 PM 2025L003833

## INTRODUCTION

Plaintiff Jane Doe No. 2 ("Doe 2"), who was a customer of Defendant Citibank, N.A. ("Citibank"), alleges in her Third Amended Complaint ("TAC") that Defendant Marcus Jackson ("Jackson"), during his employment at Citibank, sexually assaulted her in an unidentified manner at an unidentified location. While the nature of the alleged assault is not pled in the TAC, it is clear that this alleged incident occurred *off of Citibank's premises and during non-business hours.*

The TAC alleges that Citibank negligently hired, retained, supervised and trained Jackson (Counts I-IV), and that Jackson is liable for the alleged assault (Count V). The claims against Citibank, however, fail under 735 ILCS 5/2-615 ("2-615") for several reasons.

First, Citibank is not liable for negligent hiring or retention, both of which require a plaintiff to identify a "particular unfitness" for his job as a banker. When Citibank hired Jackson, he had two convictions for *non-violent* behavior, in 2005 and 2014—18 and 9 years, respectively, before the alleged sexual assault of Doe 2, and *arrests* for cannabis possession and some driving violations. None of those non-violent offenses suggest that Citibank knew or had reason to know Jackson was "particularly unfit" to be a banker. Doe 2's claims also ignore Illinois law, which prohibits employers from using conviction records in making hiring or other employment decisions except in limited circumstances, and from using arrest records.

Second, all of Doe 2's claims against Citibank fail because the alleged assault was outside the scope of Jackson's employment and neither occurred on Citibank's premises nor involved the use of its chattels. Illinois has adopted Section 317 of the Restatement (Second) of Torts, and Illinois courts have interpreted Section 317 as placing a significant restriction on employer liability for actions of an employee that, as here, exceed the scope of employment.

Third, Jackson's alleged assault of Doe 2 was not foreseeable. In that regard, the TAC alleges that Jackson sexually assaulted a different customer, Jane Doe ("Doe 1"), who filed a

FILED DATE: 6/22/2026 9:38 PM 2025L003833

separate lawsuit. But Doe 2's TAC conspicuously omits any factual allegations about the outcome of Citibank's investigation of Doe 1's allegations, even though Doe 2's counsel took discovery on these issues before filing the TAC on Doe 2's behalf. Indeed, the TAC does not assert that anyone at the Kenwood branch where Jackson worked ever witnessed inappropriate behavior by Jackson toward Doe 2 or anyone else.

Finally, even if Doe 2 could overcome the foregoing hurdles, she has not alleged specific *facts* that support other required elements of negligent hiring, supervision, retention or training.

**SUMMARY OF ALLEGATIONS BY DOE 2[1]**

In October 2019, Jackson applied for a job at Citibank and answered written questions about his background and work, financial, and criminal history. Ex. 1, Common Allegations ¶¶ 3-5. Jackson "failed to fully, accurately, and truthfully disclose" his criminal and financial histories and Citibank allegedly "did not conduct a reasonable, complete or thorough investigation" into Jackson before hiring him as a personal banker. *Id.*, ¶¶ 6-7, 9. Doe 2 claims that if Citibank had conducted a "reasonable and complete" background investigation, it would have learned that Jackson had a felony conviction for "unlawful use of a weapon," which, Doe 2 claims, disqualified him from employment with Citibank. *Id.*, ¶¶ 10-11, 14.[2] Jackson's criminal history also included "convictions or charges" involving use of a recorded sound, unlawful possession of a taser, cannabis possession, transporting alcohol while driving and other driving infractions. *Id.*, ¶¶ 12-13. Doe 2 alleges that questions about prior work history and financial difficulties are not asked at the branch level, and criminal history is not part of the interview process. *Id.*, ¶¶ 16-17.

---

[1] A copy of the TAC is attached hereto as Exhibit ("Ex.") 1. While Citibank must treat the well-pleaded factual allegations in the TAC as true for purposes of this Section 2-615 motion, it otherwise denies all of Doe 2's claims.

[2] Contrary to the TAC's allegations, there are no records of Jackson being convicted for unlawfully *using* any weapon. Public records show that in 2014 Jackson disclosed to officers during a traffic stop that he had a stun gun/taser in his car, and he pled guilty to a misdemeanor for unlawful *possession*. *See* Ex. 5. Moreover, as discussed below, Illinois law generally prohibits employers both from using conviction records in its employment decisions, except in limited circumstances, and from using arrest records.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Years later, in 2023, Jackson provided banking services to Doe 2, a Citibank customer, related to an ATM transaction and reversing account charges. *Id.*, ¶ 19. These banking services "formed the basis of an ongoing relationship" between Doe 2 and Jackson. *Id.*, ¶ 20. According to Doe 2, Jackson "groom[ed]" her, using his role as a personal banker to "solicit her personal cellular telephone number," approach her at the bank branch and "move his communications and interactions with her from the bank branch to a personal and social setting outside of banking hours." *Id.*, ¶ 23. On July 6, 2023, Jackson invited Doe 2 to meet him at Bar David. *Id.*, ¶ 21. On July 7, Doe 2 met Jackson there, and at some point Jackson sexually assaulted her at some unidentified location in some unidentified way. *Id.*, ¶ 24; Count V, ¶ 10. Doe 2 does not allege that Jackson brought any banking documents or materials to Bar David or to wherever he allegedly assaulted her. Nor does she aver that he discussed banking services with her that evening.

Elsewhere in the TAC, Doe 2 avers that, prior to Jackson's alleged assault of her, Citibank "received notice" that Jackson had been accused of sexual assault by Doe 1 and opened an internal investigation into that complaint. *Id.*, Count IV, ¶¶ 3-4. Without alleging additional details on Citibank's investigation (or its outcome), despite her counsel having taken discovery on those issues, Doe 2 alleges that Citibank "knew or should have known" that Jackson "posed a danger to female customers of the Kenwood Branch," including Doe 2. *Id.*, ¶ 5.

Doe 2 avers that Citibank had a duty to "refrain from hiring individuals who were not competent for employment by a financial institution such as Citibank," to "use reasonable care in retaining employees who were fit and safe to interact with customers," and a "general duty" to supervise and train its employees, but breached those duties. Ex. 1, Count I, ¶ 2; Count II, ¶ 2; Count III, ¶ 2; Count IV, ¶ 8. Citibank allegedly failed to, among other things: (a) "conduct a reasonable and complete background investigation" into Jackson before hiring and retaining him;

FILED DATE: 6/22/2026 9:38 PM 2025L003833

(b) discover "Jackson's felony conviction for Unlawful Use of a Weapon;" (c) "identify or act upon false, incomplete, or inaccurate information" provided by Jackson; (d) "monitor Jackson's compliance with Citibank policies;" (e) recognize that Jackson was having personal interactions with customers and instruct him to terminate such interactions; (f) train Jackson on policies "governing employee-client interactions, professional boundaries, and the prohibition against converting banking relationships into personal or social relationships;" and (g) implement training to "protect customers from employees misusing positions of financial trust." *Id.*, Count I, ¶ 3; Count II, ¶ 3; Count III, ¶ 3; Count IV, ¶ 9.

**2-615 STANDARDS**

A complaint must allege sufficient facts to bring the plaintiff's claim within the scope of the causes of action asserted; legal conclusions and conclusions of fact unsupported by specific facts are not deemed admitted for purposes of a 2-615 motion. *MacLeod v. Commonwealth Edison*, 2024 IL App (2d) 230237, ¶ 57. The court accepts as true all well-pleaded facts and reasonable inferences drawn from those facts, but need not reach "unreasonable and unwarranted conclusions" to sustain a complaint. *Quiroz v. Chicago Transit Auth.*, 2022 IL 127603, ¶ 11; *Leekha v. Wentcher*, 224 Ill. App. 3d 342, 352 (1st Dist. 1991).

Further, Illinois is a fact-pleading jurisdiction. "Fact pleading imposes a heavier burden on the plaintiff, so that a complaint that would survive a motion to dismiss in a notice-pleading jurisdiction might not do so in a fact-pleading jurisdiction." *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (Ill. 2004). "Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy

FILED DATE: 6/22/2026 9:38 PM 2025L003833

favoring the liberal construction of pleadings." *Teter v. Clemens*, 112 Ill. 2d 252, 256-57 (1986).[3]

**ARGUMENT**

Under common law negligence theories, an employer may be liable for an employee's torts "in one of two ways, depending on whether the employee was acting within the scope of his employment." *Doe v. Coe*, 2019 IL 123521, ¶ 33. If, as here, an employee acts outside the scope of his employment, a plaintiff "can bring a direct cause of action against the employer for the *employer's* misconduct." *Id.* (emphasis added); *see also Vancura v. Katris*, 238 Ill. 2d 352, 375 (2010) (direct negligence claim is that "the employer was *itself* negligent").[4] But "[t]he general rule in Illinois is that a defendant employer does not have a duty to control the conduct of an employee to prevent harm to a third party." *Strickland v. Commc'n and Cable of Chi., Inc.*, 304 Ill. App. 3d 679, 685 (1st Dist. 1999). Here, none of Doe 2's negligence claims is actionable.

**I. Doe 2 fails to state claims for negligent hiring and retention.**

A negligent hiring or retention claim must sufficiently plead: "(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998).

> To successfully plead a cause of action for negligent hiring or retention, it is not enough for the plaintiff to simply allege that the employee was generally unfit for employment. 'There are many kinds of unfitness for employment that do not give rise to tort liability for negligent hiring [or retention].' Rather, liability arises in this context when a *particular* unfitness of an employee gives rise to a particular danger of harm to third parties.

[3] "[T]he court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record." *Hachem v. Chicago Title Ins. Co.*, 2015 IL App (1st) 143188, ¶ 23.

[4] "[S]exual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Doe v. Lawrence Hall Youth Servs.*, 2012 IL App (1st) 103758, ¶ 30. There is no potential *respondeat superior* liability here, and the TAC does not allege otherwise.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

*Id.* at 313 (citations omitted). Illinois courts have consistently held that a history of non-violent or unrelated offenses does not satisfy the "particular unfitness" element. For example, in *Strickland*, *supra*, the court held that an employee's prior traffic violations and dishonesty about them on employment forms did not put the employer on notice that the employee, a cable installer, might *sexually assault* customers. 304 Ill. App. 3d at 687. In *Montgomery v. Petty Management Corp.*, an employee's prior history as a gang member, record of loitering, and other non-violent incidents did not suggest to the employer that he had a "particular unfitness for the position" of cook. 323 Ill. App. 3d 514, 520 (1st Dist. 2001) (citing *Van Horne*, 185 Ill. 2d at 311). And in *Giraldi v. Community Consol. Sch. Dist. No. 62*, a negligent hiring claim against a bus company failed where the company only knew the driver was perpetually late in his job prior to the driver's sexual assault of a child. 279 Ill. App. 3d 679, 692 (1st Dist. 1996).[5]

Here, Jackson had only non-violent convictions—for "unlawful use of recorded sound" in 2005 and "unlawful possession of a taser" in 2014—*i.e.*, 18 years and 9 years, respectively, before the alleged assault. *See* Exs. 4 and 5 (Jackson's conviction records, of which the Court can take judicial notice). Jackson was *not convicted* of cannabis possession, and driving violations would not lead any reasonable person to foresee sexual assault, as millions of Americans have had traffic violations. Jackson was not convicted of any weapons charge aside from his *possession* of a taser that he disclosed during a traffic stop in 2014. *Id*. Indeed, contrary to Doe's allegations, Jackson has never been convicted of a felony. *Id*. The temporal remoteness of Jackson's criminal record further undercuts any claim that Citibank should have foreseen that Jackson posed a danger. Stale,

---

[5] Courts in other jurisdictions routinely reject claims similar to those alleged by Doe. *See, e.g.*, *Norris v. Innovative Health Sys., Inc.*, 184 A.D.3d 471, 473 (N.Y. Sup. Ct. 2020) (convictions for trespass and drug-related offenses did not make employee's sexual assault foreseeable); *Allstate Ins. Co. v. Tenant Screening Serv., Inc.*, 140 Or. App. 41, 914 P.2d 16, 22 (1996) (history of petty theft and "fight/noise/offensive words" does not suggest an inclination to commit sexual crimes); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (rejecting negligence claims arising out of sexual assault because employee had prior DWI convictions, which "did not indicate criminal conduct in any way akin to sexual assault of young boys").

FILED DATE: 6/22/2026 9:38 PM 2025L003833

non-violent offenses predating the alleged assault by many years cannot establish constructive knowledge of "particular unfitness" that a negligent hiring or retention claim requires.

## II. Doe 2's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels.

Illinois has adopted Section 317 of the Restatement (Second) of Torts, which limits employer liability for out-of-scope employee conduct. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 229 (2000). Under Section 317, "liability for out-of-the-scope acts will rest only where 'the employee is on the employer's premises or using the chattel of the employer, and the employer has reason to know of the need and opportunity for exercising control over the employee.'" *Doe v. Boy Scouts of Am.*, 2014 IL App (2d) 130121, ¶ 43 (citation omitted). **"Illinois courts have regarded section 317 as placing a significant restriction on an employer's liability for the acts of an employee that exceed the scope of the employment."** *O'Rourke v. McIlvaine*, 2014 IL App (2d) 131191, ¶ 18 (emphasis added).

"Courts have applied this rule to find liability lacking as a matter of law where, though the plaintiff came to know the employee only through the employment, the injury neither occurred on the employer's premises nor involved the instrumentalities of employment." *Boy Scouts*, 2014 IL App (2d) 130121, ¶ 43. For example, in *MacDonald v. Hinton*, 361 Ill. App. 3d 378 (3d Dist. 2005), the court relied on Section 317 in affirming the 2-615 dismissal of a negligent hiring claim. *Id.* at 388. Defendant's employee killed the plaintiff off of the employer's premises, and plaintiff did not allege that the employee used the instrumentalities of employment in doing so. *Id.*; *see also Dennis v. Pace Suburban Bus Serv.*, 2014 IL App (1st) 132397, ¶ 24 (applying Section 317 and affirming 2-615 dismissal of negligent supervision claim where bus driver sexually assaulted plaintiff at his home); *Escobar v. Madsen Constr. Co.*, 226 Ill. App. 3d 92, 95 (1st Dist. 1992) (negligent supervision claim failed because defendant's employee shot plaintiff away from

FILED DATE: 6/22/2026 9:38 PM 2025L003833

employer's premises and gun used did not belong to employer); *Prince v. Atchison, T. and S. F. Ry. Co.*, 95 Ill. App. 3d 856 (1981) (negligent hiring claim failed where fatal accident did not occur on employer's premises and instrumentality involved, a truck, was not in employer's control).[6]

Importantly, trust or a relationship formed by an assailant and victim during the course of the assailant's employment is not a basis for imposing liability on an employer for negligence. *See MacDonald*, 361 Ill. App. 3d at 388 (rejecting, under Section 317, negligent hiring claim where defendant's employee met and befriended plaintiff's son while they were co-workers and subsequently killed him off of defendant's premises and without instrumentalities of employment); *Brooks v. MV Transp., Inc.*, 2019 WL 194373, at *3 (N.D. Ill. Jan. 15, 2019) (negligence claim failed where employee assaulted and killed customer at home without job's instrumentalities).

In this case, Doe 2 alleges only that, on July 7, 2023, Jackson invited her to meet him at Bar David. *See* Ex. 1, Common Allegations, ¶¶ 21 Doe 2 does not allege that the assault occurred on Citibank's premises or using its chattels. Indeed, Doe 2 does not allege that Jackson brought paperwork or any other Citibank property to Bar David (or wherever the alleged assault occurred thereafter). Doe 2 alleges no facts as to where the assault occurred or what it entailed. *Id.*, Count V, ¶ 10. In any event, though, the alleged assault did not occur on Citibank's premises or with its chattels. Section 317 therefore compels dismissal of Doe 2's claims against Citibank.

## III. Doe 2's allegations in the TAC ignore the Illinois Human Rights Act's restrictions on an employer's use of conviction and arrest records in its employment decisions.

The TAC's assertions that Citibank is liable for negligence because Jackson's prior history should have disqualified him from employment (Ex. 1, Common Allegations, ¶¶ 10-14) are

---

[6] Many other courts have similarly rejected negligence claims where, as here, the offending employee did not use the employer's chattels. *See, e.g., Ehrens v. Lutheran Church*, 385 F.3d 232, 236 (2d Cir. 2004) (negligent supervision claim failed because alleged sexual assault did not occur on defendant's premises or with its chattels); *Nabors Drilling USA, Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009) ("An employer ordinarily will not be liable for torts committed by off-duty employees except when the torts were committed on the employer's premises or with the employer's chattels.") (citing Section 317).

FILED DATE: 6/22/2026 9:38 PM 2025L003833

unpersuasive. The Illinois Human Rights Act ("IHRA") *prohibits* employers from using a conviction record to refuse to hire, or to take other adverse action, where, as here, there is no "substantial relationship" between Jackson's prior convictions and the position—banker—that he held at Citibank. *See* 775 ILCS 5/2-103.1(A)(1). The IHRA also prohibits employers from refusing to hire, or taking other adverse action, based on an arrest record. *See* 775 ILCS 5/2-103(A); *Ernst v. Parkshore Club Apartments Ltd. P'Ship*, 863 F. Supp. 651, 656 (1994).

Moreover, Illinois courts have rejected the notion that criminal history, even for a violent crime, is itself sufficient to establish negligent hiring or retention claims. *See, e.g.*, *Montgomery*, 323 Ill. App. 3d at 521 ("If we were to hold employers liable for all the conduct of every person they hire who has a less-than-perfect history, as plaintiff suggests, whole segments of our young male population will be excluded from meaningful employment. We should keep in mind the axiom 'idle hands are the devil's workshop.'"). As the Appellate Court explained in another case:

> Such a rule would make any person with a conviction for any violent crime virtually unemployable if the employer knew, or the employment was such that the employer should have known, of the employee's criminal record. No employer would hire such person for even the most menial of jobs if he would be liable for any criminal or intentional acts that the employee might inflict upon another who happened to have come into contact with him as a result of his employment.

*Carter v. Skokie Valley Detective Agency, Ltd.*, 256 Ill. App. 3d 77, 83 (1st Dist. 1993). Thus, the allegations in the TAC are irreconcilable with the IHRA and related cases and public policy.

## IV. Doe 2 fails to establish that Citibank owed her a legal duty.

The elements of claims for negligent supervision and negligent training in Illinois are similar: (1) defendant had a duty to supervise [or train] the harming party, (2) defendant negligently supervised [or trained] the harming party, and (3) such negligence proximately caused plaintiff's injuries. *Coe*, 2019 IL 123521, ¶¶ 52, 61.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

"Whether a duty exists is a question of law to be determined by the court." *Coe*, 2019 IL 123521, ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). Four factors guide that analysis: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. "The weight to be accorded these factors depends upon the circumstances of a given case." *Id.* Each one of the *Bruns* factors demonstrably weighs against the imposition of a legal duty in this case.

**A. The off-premises (alleged) sexual assault by Jackson of Doe 2 during non-business hours was not foreseeable to Citibank.**

The Illinois Supreme Court long has emphasized that "[s]erious crimes are generally unforeseeable because they are different in nature from what employees in a lawful occupation are expected to do." *Wright v. City of Danville*, 174 Ill. 2d 391, 405 (1996).

In *Ward v. Kutak Rock, LLP*, 2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022) (**Exhibit 2**), plaintiff, a client of defendant law firm, Kutak Rock, LLP ("KR"), alleged that KR negligently supervised one of its lawyers because he allegedly sexually assaulted her at a hotel. *Id.* at *1. The circuit court dismissed the claim pursuant to 2-615. *Id.* Significantly, the court emphasized the boundless standard of liability that would result from imposing a duty on the employer in these kinds of circumstances: "**To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty.**" *Id.* at *2 (emphasis added).

The Appellate Court affirmed the 2-615 dismissal. *Ward v. Kutak Rock, LLP*, 2023 IL App (1st) 221499-U. *See* **Exhibit 3** (cited for persuasive purposes under Ill. S. Ct. R. 23(e)(1)). The court rejected the notion that KR had a duty to supervise employees and ensure they followed the

FILED DATE: 6/22/2026 9:38 PM 2025L003833

law and the employer's procedures because such allegations were "conclusions, not facts." *Id.*, ¶ 13. The court also emphasized that an attorney-client relationship **between adults** does not present an inherent danger giving rise to a legal duty. *Id.*, ¶ 15. The court thus affirmed dismissal "based on plaintiff's failure to plead facts in support of [KR's] duty to supervise." *Id.*, ¶ 24.

In *Noto v. Shlifka*, 2024 IL App (2d) 240093, plaintiff alleged negligent supervision after an assistant state's attorney allegedly sexual assaulted her. *Id.*, ¶¶ 1, 5-6. Plaintiff claimed the employer had a duty to supervise employees to ensure appropriate behavior and compliance with the law. *Id.*, ¶ 15. The circuit court granted the employer's motion to dismiss, reasoning in part that commission of a sexual offense was not generally actionable against a third party. *Id.*, ¶ 21.

The Appellate Court affirmed, reasoning that "foreseeability is not boundless and does not include everything that might conceivably occur." *Id.*, ¶ 31. **"Commission of a serious crime, such as sexual assault, is generally not foreseeable to an employer because employees are not expected to commit crimes."** *Id.*, ¶ 32 (emphasis added). Like the court in *Ward*, the court added that interactions between two adults "do not present the inherent danger of sexual abuse." *Id.* Further, the complaint lacked allegations that anyone in the state's attorney's office had witnessed violence or misconduct by the employee. *Id.*, ¶ 35. Thus, plaintiff failed to establish a duty. *Id.*

In *Dennis, supra*, plaintiff alleged defendant was liable for negligent supervision because one of its drivers sexually assaulted her at his home after his shift ended. 2014 IL App (1st) 132397, ¶¶ 1-2. The circuit court granted defendant's 2-615 motion, and the Appellate Court affirmed: "plaintiff alleged no facts that [defendant] had any reason to know or even suspect" the driver would take a passenger home and assault her. *Id.*, ¶ 25. Plaintiff "only offered conclusory allegations." *Id.* Defendant moved to dismiss under 2-615, arguing that it had no duty to supervise its employee's acts while he was off duty and at his home, and, moreover, that the negligent

FILED DATE: 6/22/2026 9:38 PM 2025L003833

supervision claim was factually insufficient. *Id.*, ¶ 6. The circuit court granted the motion, explaining that the negligent supervision claims failed to state a cause of action because the alleged sexual assault occurred at the employee's home after his work day had ended, and the defendant owed no duty to supervise him at that time. *Id.*, ¶¶ 7-8.

The Appellate Court affirmed the 2-615 dismissal: "[P]laintiff alleged no facts that [defendant] had any reason to know or even suspect that [its employee] would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her." *Id.*, ¶ 25. Plaintiff "only offered conclusory allegations in support of her claim." *Id.*

Here, Doe 2 similarly fails to establish that Jackson's alleged sexual assault—at an unspecified location away from Citibank's premises during non-business hours—was foreseeable. Doe 2, an adult, interacted with Jackson at the Kenwood branch on several occasions without incident or complaint. Ex. 1, Common Allegations, ¶¶ 19-21. She then agreed to meet Jackson at Bar David—a public location—for dinner and drinks. At some point thereafter, Jackson allegedly assaulted her in some unspecified way and at some unspecified location. The present facts are therefore starkly different from *Coe*, where the Illinois Supreme Court held that negligence claims could proceed against the employer because a pastor with ***unsupervised access*** to children had sex ***with a minor*** in the church ***where the pastor worked***. 2019 IL 123521, ¶ 14.

**B. The likelihood of a sexual assault was exceedingly low.**

The second *Bruns* factor—the likelihood of the injury—also undercuts the notion that a duty to supervise or train existed here. The likelihood of a sexual assault between a banker and customer, both of whom are adults, is "extremely low." *Ward*, Ex. 2, at *2. No inherent danger or foreseeability gives rise to a legal duty on defendant's part. Ex. 3, ¶ 15. The notion that something "might conceivably occur" is also not enough. *Noto*, 2024 IL App (2d) 240093, ¶ 31.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

The TAC does not allege that Jackson brought papers or offered Doe 2 any banking services at Bar David. Nor does the TAC allege what the assault was or where it supposedly occurred. The TAC also conspicuously lacks allegations that anyone at the Kenwood branch witnessed any misconduct by Jackson toward Doe 2 (or any customers) at the branch. Rather, the TAC alleges prior business interactions between Jackson and Doe 2 that did not result in any complaints by Doe 2 to Citibank. And while Doe 2 alleges that Citibank "received notice" that Jackson (allegedly) sexually assaulted Doe 1, that Citibank investigated Doe 1's claims and that Jackson was ultimately not terminated as a result of that investigation, her TAC tellingly does not allege what Citibank's investigation entailed, what the investigators concluded, or why they reached such conclusions, even though she previously took discovery on those issues.

### C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank.

The final two *Bruns* factors, i.e., the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on defendant, also negate the existence of a duty. First, it would be impracticable and unduly burdensome for an employer like Citibank to try to supervise the non-work conduct of its employees, especially as to off-premises activities. Second, the consequences of imposing a duty on Citibank in these circumstances would be unmanageable. An employer would potentially be liable for *any criminal conduct* by its employees, regardless of the time, place and nature of such conduct, and even where, as here, there are no specific factual allegations to show that the employer had any reason to know that the criminal conduct might take place. In *Ward*, Judge Cleary rightly concluded (and the Appellate Court agreed) that the magnitude of placing the burden on an employer to prevent an unforeseeable, unlikely criminal act was "extremely high and it would be unduly burdensome" for the employer to anticipate and prevent such unlikely criminal acts of its employees. *See* Ex. 2, at *2; Ex. 3. Just so here.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

**V. Doe 2 does not allege sufficient facts to support the other essential elements of negligent hiring, retention, supervision or training claims.**

Even assuming Citibank owed a legal duty to Doe 2, the TAC does not allege facts as to how or when Citibank supposedly negligently supervised or trained Jackson, or how its conduct, as opposed to Jackson's off-premises conduct during non-working hours, proximately caused her injuries. Doe 2's failure to allege facts setting forth each essential element of her negligence claims is fatal to each of her claims.

In Counts I and IV (negligent hiring and retention), Doe 2 avers that Citibank "failed to conduct a reasonable and complete background investigation" into Jackson and hired and retained him despite him being "unfit" and "unsafe." Ex. 1, Count I, ¶ 3; Count IV, ¶ 8. But Doe 2 fails to allege how a more thorough background check—or a different hiring decision—would have prevented an off-premises, off-hours assault. Nor does she explain how Jackson's non-violent criminal history made him a danger to customers. Doe 2 further fails to explain how branch managers' awareness of Jackson's prior non-violent offenses would have altered events in any way. Again, the TAC is also conspicuously silent on the details and outcome of Citibank's investigation of Doe 1's allegations. Doe 2 alleges that Citibank "received notice" of Doe 1's allegations and "opened an internal investigation," (Ex. 1, Count IV, ¶¶ 3-4), but does not allege what the investigation entailed, what facts the investigators uncovered, or how the investigation concluded, even though Doe's counsel—the same counsel in both cases—took discovery on each of those issues.

In Counts II and III (negligent supervision and training), Doe 2 merely pleads conclusory supervisory and training failures by Citibank—including failures to monitor Jackson, restrict his communications with customers, and train employees to recognize "warning signs" of misconduct (*id.*, Count II, ¶ 3; Count III, ¶ 3)—but these are just conclusions, not facts. *See* Ex. 3, *Ward*, ¶ 13.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Critically, Doe 2 fails to plead any facts that Citibank was aware that Jackson posed a danger to Doe 2, or that any act or omission by Citibank proximately caused the alleged assault. Nowhere in the TAC does Doe 2 allege facts as to how Citibank failed to train its employees to prevent the alleged assault, or explain how any act or omission by Citibank proximately caused her alleged assault. *Dennis*, 2014 IL App (1st) 132397, ¶ 26 ("plaintiff alleged no facts as to how [defendant's] failure to employ procedures dictating how its drivers handled incapacitated passengers proximately caused [its employee] to sexually assault plaintiff" or "how instructing its drivers how to handle incapacitated passengers would have prevented [defendant's employee] from taking plaintiff to his apartment and sexually assaulting her.").

Ultimately, "there must be a tangible connection between the employee's violent tendencies, the particular job he is hired to do, and the harm to the plaintiff." *Carter*, 256 Ill. App. 3d at 83. Otherwise, "an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee." *Id.* (quoting *Bates v. Doria*, 150 Ill. App. 3d 1025, 1032 (2d Dist. 1986)). Here, the tangible connection is lacking, particularly as to proximate cause, which is a necessary element of each of Doe 2's negligence claims.

## CONCLUSION

This Court should dismiss Counts I through IV with prejudice pursuant to Section 2-615.

Dated: June 22, 2026

CITIBANK, N.A.
By: */s/ Andrew S. Rosenman*

Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com
*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 6/22/2026 9:38 PM 2025L003833

## CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 22nd day of June, 2026, I caused a true copy of **BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S SECTION 2-615 MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S THIRD AMENDED COMPLAINT** to be served on counsel for Plaintiff Jane Doe No. 2 via email and the Court's electronic filing system and on Defendant Marcus C. Jackson by email and first-class mail as follows:

Susan E. Loggans
Patrick J. Condron
Kim Jones
Susan E. Loggans & Associates, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com
kjones@logganslaw.com

and

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# EXHIBIT 1

FILED
5/20/2026 6:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38187695

FILED DATE: 5/20/2026 6:47 PM 2025L003833

SEL/MRG/wps 05/20/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A., and
MARCUS C. JACKSON,
Defendants.

NO. 2025 L 003833

**THIRD AMENDED COMPLAINT AT LAW**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A. upon information and belief, states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On and before July 7, 2023, Defendant, MARCUS C. JACKSON was an employee of Defendant, CITIBANK, N.A. and was a Personal Banker at the Kenwood Branch.

2. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2 was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

3. In October 2019, Defendant MARCUS C. JACKSON applied for employment with Defendant CITIBANK, N.A. at or for the Kenwood Branch.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

4. As part of the hiring process, Defendant MARCUS C. JACKSON completed and signed a written employment application.

5. The written employment application required Defendant MARCUS C. JACKSON to provide information concerning his background, including his employment history, financial history, and criminal history.

6. Defendant MARCUS C. JACKSON failed to fully, accurately, and truthfully disclose his criminal history on his employment application.

7. Defendant MARCUS C. JACKSON further failed to fully, accurately, and truthfully disclose his prior financial history, including a prior lawsuit and judgment entered against him by a financial entity.

8. Before hiring Defendant MARCUS C. JACKSON as a Personal Banker, Defendant CITIBANK, N.A. had a duty to conduct a reasonable background investigation into his fitness to work in a customer-facing banking position.

9. Defendant CITIBANK, N.A. did not conduct a reasonable, complete, and thorough investigation into Defendant MARCUS C. JACKSON's criminal history before placing him in a Personal Banker position.

10. A reasonable and complete background investigation would have revealed that Defendant MARCUS C. JACKSON had a felony conviction for unlawful use of a weapon.

11. Defendant MARCUS C. JACKSON's felony unlawful-use-of-a-weapon conviction should have disqualified him from employment as a Personal Banker for Defendant CITIBANK, N.A.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

12. Defendant MARCUS C. JACKSON's criminal history also included convictions or charges involving use of recorded sound and unlawful possession of a taser.

13. Defendant MARCUS C. JACKSON's criminal history also included possession of cannabis, transporting alcohol while driving, and multiple driving-while-license-suspended offenses.

14. Had Defendant CITIBANK, N.A. performed a complete and reasonable background investigation, Defendant MARCUS C. JACKSON's criminal history and related disqualifying information would have been discovered before he was hired or retained as a Personal Banker.

15. Despite the nature of Defendant MARCUS C. JACKSON's position, Defendant CITIBANK, N.A. either failed to discover his disqualifying background information or failed to treat that information as disqualifying.

16. According to Stephanie Flemister, Branch Manager for Defendant CITIBANK, N.A.'s Kenwood Branch, questions concerning prior employment history and financial difficulties were not asked at the Branch Manager level. *(Flemister Dep., 02/04/2026)*.

17. Flemister further testified that criminal activities and criminal history were likewise not addressed during the Branch Manager-level interview process. *(Flemister Dep. 14:12–14:14, 02/04/2026)*.

18. Flemister further testified that, consistent with Defendant CITIBANK, N.A.'s internal structure, information concerning criminal history and other

FILED DATE: 6/20/2026 6:38 PM 2025L003833

potentially disqualifying hiring information was not relayed to Branch Managers at any level. *(Flemister Dep., 02/04/2026)*.

19. On or about July 7, 2023, Defendant CITIBANK, N.A., by and through its agent, servant, and/or employee, Defendant MARCUS C. JACKSON, provided banking services to Plaintiff JANE DOE NO. 2, including assisting her with an ATM transaction and reversing several charges on her account.

20. Those banking services, and prior interactions at the Kenwood Branch, formed the basis of an ongoing relationship between Defendant MARCUS C. JACKSON and Plaintiff JANE DOE NO. 2, during which Defendant MARCUS C. JACKSON had previously reversed fees on Plaintiff's account and had asked for her personal cellular telephone number so that he could contact her directly.

21. On or about July 6, 2023, Defendant MARCUS C. JACKSON observed Plaintiff JANE DOE NO. 2 at the ATM inside the Kenwood Branch while he was working. Using his position as her Personal Banker and the personal cellular telephone number he had previously obtained from her in the course of providing banking services, Defendant MARCUS C. JACKSON invited Plaintiff JANE DOE NO. 2 to meet him at an establishment called Bar David, located at 60th and Drexel in Chicago, Illinois.

22. Defendant MARCUS C. JACKSON used his position as Plaintiff JANE DOE NO. 2's Personal Banker, and the access to her personal contact information that position had afforded him, to create and advance personal contact with Plaintiff JANE DOE NO. 2 outside the bank.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

23. Defendant MARCUS C. JACKSON's conduct included grooming behavior, including using his role as Plaintiff JANE DOE NO. 2's Personal Banker, and the trust and credibility that role conferred, as the basis to solicit her personal cellular telephone number, to approach her during banking hours at the Kenwood Branch ATM, and to move his communications and interactions with her from the bank branch to a personal and social setting outside of banking hours.

24. On or about July 7, 2023, Plaintiff JANE DOE NO. 2 met Defendant MARCUS C. JACKSON at Bar David, located at 60th and Drexel Avenue in Chicago, Illinois, where they met for approximately one hour beginning at 8:00 p.m.

**COUNT I – NEGLIGENT HIRING – CITIBANK, N.A.**

1. Plaintiff realleges and incorporates paragraph 1 through 24 of Plaintiff's Third Amended Complaint.

2. Defendant Citibank had a duty to refrain from hiring individuals who were not competent for employment by a financial institution such as Citibank.

3. On or after October 2019 and at all relevant times, Citibank through its agents and/or employees breached its duty through one or more of the following acts or omissions;

a. Failed to conduct a reasonable and complete background investigation into Defendant MARCUS C. JACKSON before placing him in a customer-facing Personal Banker position involving direct access to Citibank customers, financial information, and customer trust;

b. Failed to discover, or failed to treat as disqualifying, Jackson's felony conviction for Unlawful Use of a Weapon, which Plaintiff's banking expert opines should have excluded him from employment as a personal banker;

FILED DATE: 6/20/2026 6:38 PM 2025L003833

c. Failed to discover, or failed to adequately evaluate, Jackson's additional criminal and financial history, including convictions or charges involving unlawful use of recorded sound, unlawful possession of a taser, other criminal matters, and a prior judgment by a financial entity;

d. Failed to identify or act upon false, incomplete, or inaccurate information provided by Jackson in his written employment application regarding his criminal and financial history;

e. Maintained a hiring process in which Branch Management did not inquire into criminal history, financial difficulties, or other potentially disqualifying background issues, and in which potentially disqualifying background information was not communicated to Branch Management; and

f. Hired Jackson into a position of financial trust and customer access despite background information that rendered him unfit for that role.

4. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

**COUNT II – NEGLIGENT SUPERVISION**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. Plaintiff realleges and incorporates paragraphs 1 through 24 of Plaintiff's Third Amended Complaint.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

2. On or about July 7, 2023, Defendant, CITIBANK, N.A., had a general duty to supervise all employees, including Defendant, MARCUS C. JACKSON.

3. On or about July 7, 2023, and thereafter, Defendant, CITIBANK, N.A., through its agent and/or employees, breached said duty through one or more of the negligent acts and/or omissions:

a. Failed to monitor Jackson's compliance with Citibank policies governing employee-client relationships and professional boundaries;

b. Failed to restrict, monitor, or audit Jackson's use of his personal cellular telephone to communicate with Citibank customers;

c. Permitted Jackson to distribute Citibank business materials bearing his personal cellular telephone number, enabling private and unmonitored communications with customers outside the bank;

d. Failed to recognize and respond to warning signs that Jackson was using his position as a Personal Banker to move customer interactions into personal, social, off-premises, and after-hours settings;

e. Failed to instruct Jackson to terminate out-of-office and after-hours interactions with customers, despite Citibank's ability and duty to monitor compliance with its client-relationship policies; and

f. Failed to prevent Jackson from using the apparent authority and trust of his Personal Banker position to gain private access to Plaintiff under the guise of providing banking assistance.

4. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

**COUNT III – NEGLIGENT TRAINING – CITIBANK**

1. Plaintiff realleges and incorporates paragraph 1 through 24 of Plaintiff's Third Amended Complaint.

2. On and before July 7, 2023 and at all relevant times, defendant CITIBANK had a general duty to train all employees including Marcus Jackson.

3. On and before July 7, 2023 and at all relevant times, Citibank through its agents and/or employees breached said duty through one or more of the following ways;

a. Failed to train Jackson on proper standards governing employee-client interactions, professional boundaries, and the prohibition against converting banking relationships into personal or social relationships;

b. Failed to train Jackson that personal communications with customers by personal cellular telephone, outside normal business hours, and away from Citibank premises were improper and inconsistent with Citibank's client-relationship policies;

c. Failed to train Jackson that meeting customers individually for drinks, dinner, or other social engagements under the guise of conducting banking business was improper;

d. Failed to train employees, supervisors, and Branch Managers to identify, report, and respond to warning signs that an employee was using a banking relationship to obtain private or off-premises access to customers; and

e. Failed to implement meaningful training designed to protect customers from employees misusing positions of financial trust, customer confidence, and apparent authority.

4. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

## COUNT IV – NEGLIGENT RETENTION – CITIBANK, N.A.

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, CITIBANK, N.A., upon information and belief, states as follows:

1. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 of Plaintiff's Third Amended Complaint as though fully set forth herein.

2. At all relevant times, Defendant, MARCUS C. JACKSON, was employed by Defendant, CITIBANK, N.A., as a Personal Banker at the Kenwood Branch located at 1310 East 47th Street, Chicago, Illinois.

3. Prior to the occurrence involving Plaintiff, JANE DOE NO. 2, Defendant, CITIBANK, N.A., received notice that Defendant, MARCUS C. JACKSON, had been accused by another Citibank customer, JANE DOE, of sexual assault, strangulation, and other improper conduct arising out of Jackson's interactions with her while he was acting as a Citibank Personal Banker.

4. After receiving said complaint from JANE DOE, Defendant, CITIBANK, N.A., through its internal security and investigative personnel, opened an internal investigation into Defendant, MARCUS C. JACKSON.

5. Defendant, CITIBANK, N.A., knew or should have known from the complaint and internal investigation that Defendant, MARCUS C. JACKSON, posed a danger to female customers of the Kenwood Branch, including Plaintiff, JANE DOE NO. 2.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

6. Defendant, CITIBANK, N.A., further knew or should have known that Defendant, MARCUS C. JACKSON, was unfit to remain in a customer-facing Personal Banker position because he had been accused of using his position of trust and authority as a Citibank employee to obtain access to a female customer and engage in off-premises, after-hours, personal contact with her.

7. Notwithstanding said notice, Defendant, CITIBANK, N.A., retained Defendant, MARCUS C. JACKSON, in his position as a Personal Banker and allowed him to continue having access to female customers of the Kenwood Branch, including Plaintiff, JANE DOE NO. 2.

8. At all relevant times, Defendant, CITIBANK, N.A., owed Plaintiff, JANE DOE NO. 2, and other female customers of the Kenwood Branch, a duty to use reasonable care in retaining employees who were fit and safe to interact with customers.

9. Defendant, CITIBANK, N.A., breached said duty through one or more of the following negligent acts and/or omissions:

a. Failed to terminate, suspend, or remove Defendant MARCUS C. JACKSON from customer-facing duties after receiving notice that he had been accused by another Citibank customer of sexual assault, strangulation, and improper customer contact;

b. Failed to meaningfully restrict or monitor Jackson's access to female customers after receiving notice that he allegedly used his position as a Personal Banker to obtain private, off-premises, and after-hours access to a customer;

c. Failed to conduct a reasonable and complete investigation into the prior customer complaint before deciding to retain Jackson in his Personal Banker position;

d. Failed to interview the complaining customer or obtain and reasonably consider available law-enforcement, medical, forensic, surveillance, internal, or other independent evidence concerning the prior complaint;

FILED DATE: 6/20/2026 6:38 PM 2025L003833

e. Failed to communicate the prior complaint and related safety concerns to the Kenwood Branch Manager or other supervisory personnel responsible for monitoring Jackson's customer interactions;

f. Failed to prohibit or restrict Jackson from using his personal cellular telephone or personal contact information to communicate privately with Citibank customers; and

g. Allowed Jackson to remain clothed with the apparent authority of a Citibank Personal Banker, thereby enabling him to use that position of trust to access, isolate, and sexually assault Plaintiff Jane Doe No. 2.

10. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant, CITIBANK, N.A., which constitute a breach of its duty of reasonable care, Plaintiff, JANE DOE NO. 2, has suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, CITIBANK, N.A., in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars, plus costs of suit, and for such other and further relief as this Court deems just and proper.

**COUNT V – MARCUS C. JACKSON – SEXUAL ASSAULT**

Plaintiff, JANE DOE NO. 2, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining against Defendant, MARCUS C. JACKSON, upon information and belief, states as follows:

1. On and before July 7, 2023, Defendant, CITIBANK, N.A., was and continues to exist and do business in Cook County, State of Illinois.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

2. On and before July 7, 2023, Defendant, MARCUS C. JACKSON, was an employee of Defendant, CITIBANK, N.A., and was a Personal Banker at the Kenwood Branch located at 1310 East 47th Street, Chicago, Illinois.

3. On and before July 7, 2023, Plaintiff, JANE DOE NO. 2, was a customer of Defendant, CITIBANK, N.A., and went to the Kenwood Branch seeking banking assistance.

4. On July 7, 2023, Defendant, CITIBANK, N.A., by and through its agent, servant and/or employee, MARCUS C. JACKSON, provided banking services to Plaintiff, JANE DOE NO. 2.

5. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, while at the bank and within the scope of his employment providing personal banking services, engaged in grooming activities, including inviting Plaintiff, JANE DOE NO. 2, for dinner and drinks.

6. On or about July 7, 2023, and thereafter, Defendant, MARCUS C. JACKSON, while in his capacity as a Personal Banker at Defendant, CITIBANK, N.A., used his position to begin grooming Plaintiff, JANE DOE NO. 2.

7. Prior to July 7, 2023, Defendant, MARCUS C. JACKSON, helped Plaintiff, JANE DOE NO. 2, with her banking issues and asked for her cell phone number so he could contact her directly.

8. On or about July 6, 2023, Defendant, MARCUS C. JACKSON, saw Plaintiff, JANE DOE NO. 2, at the ATM in the Kenwood Branch while he was working, and he recommended that they meet at an establishment called Bar David, located in Chicago, Illinois.

FILED DATE: 6/20/2026 6:38 PM 2025L003833

9. On or about July 7, 2023, Defendant, MARCUS C. JACKSON, continued his grooming activities by inviting Plaintiff, JANE DOE NO. 2, for dinner and drinks and by arranging to meet her outside the bank after obtaining and using her personal cell phone number.

10. On or about July 7, 2023, Plaintiff, JANE DOE NO. 2, met Defendant, MARCUS C. JACKSON, at Bar David, located at 60th Street and Drexel Avenue in Chicago, Illinois, for approximately one hour beginning at approximately 8:00 p.m., and thereafter Defendant, MARCUS C. JACKSON, sexually assaulted Plaintiff, JANE DOE NO. 2.

WHEREFORE, Plaintiff, JANE DOE NO. 2, demands judgment against Defendant, MARCUS C. JACKSON, in a sum in excess of FIFTY THOUSAND ($50,000.00) Dollars.

_____*/s/: Michael R. Graf*_________
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# EXHIBIT 2

FILED DATE: 6/22/2026 9:38 PM 2025L003833

**2022 WL 20273330 (Ill.Cir.Ct.) (Trial Order)**
Circuit Court of Illinois,
County Department, Law Division.
Cook County

Karen WARD, Plaintiff,
v.
KUTAK ROCK, LLP and Charles Mackelvie, Defendants.

No. 2022L002030.
September 16, 2022.

**Order**

Gerald Cleary, Judge.

***1** This matter is before the Court on defendant's, Kutak Rock, LLP (‘KR”), motion to dismiss Count III (negligent supervision) of plaintiff's second amended complaint (“complaint”) pursuant to 735 ILCS 5/2-615, due notice given and the Court advised in the premises;

IT IS HEREBY ORDERED THAT the motion is granted and Count III is dismissed with prejudice.

The Court finds that complaint fails to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish KR's duty to supervise and prevent the criminal conduct of MacKelvie. Likewise, that the complaint fails to allege facts to establish a duty pursuant to the traditional duty elements.

Section 2-615 of the Illinois Code of Civil Procedure allows a party to object to a pleading or portion of a pleading as “substantially insufficient in law[.]” 735 ILCS 5/2-615. A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on facially apparent defects. *Marshall v. Burger King Corp.,* 222 Ill. 2d 422, 429 (2006). In reviewing the sufficiency of a complaint, courts accept all well-pleaded facts, and all reasonable inferences drawn from those facts, as true. *Id.* Courts also construe the allegations in the light most favorable to the plaintiff. *Id.* Thus, a court should not dismiss a cause of action unless it is “clearly apparent” that no set of proven facts would entitle recovery. *Id.* Illinois is a fact-pleading jurisdiction where plaintiff's must allege sufficient facts to bring a claim within a legally recognized cause of action. *Id.* at 429-30. Plaintiff's need not prove their case, but rather allege sufficient facts to state all the elements of their causes of action. *Fox v. Seiden,* 382 Ill. App. 3d 288, 294 (1st Dist. 2008). Mere conclusions are insufficient. *Marshall,* 222 Ill. 2d at 430.

In Count III, the plaintiff attempts to allege a cause of action based on KR's negligent supervision of MacKelvie. To plead negligent supervision, a plaintiff must plead facts that “(1) the defendant had a duty to supervise the harming party, (2) the defendant negligently supervised the harming party, and (3) such negligence proximately caused the plaintiff's injuries.” *Doe v. Coe,* 2019 IL 123521, ¶ 52. The duty is a general one, and the extent of supervision required “depends on many factors, such as the work performed, the employees performing it, the size of the business, the type of work, and the employer's clientele, among others.” *Id.* at ¶ 58. Prior notice of an employee's particular unfitness is not required in this context; rather, “only general foreseeability is required.” *Id.* at ¶ 61. “In deciding whether a duty exists in a particular case, a court will consider the foreseeability of the plaintiff's injury, the likelihood of the occurrence, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant.” [Citation omitted.] *Id.* at ¶ 37.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Here, MacKelvie, an attorney and employee of KR, a law firm, allegedly sexually assaulted the plaintiff, a client retained by MacKelvie as an employee of KR. There are no allegations that KR had any notice, actual or constructive, that MacKelvie in the past sexually assaulted clients of KR or that MacKelvie had a propensity to sexually assault clients of KR. There are no allegations that the business of KR and MacKelvie raises an inference that the misconduct of MacKelvie was foreseeable or that MacKelvie required supervision by KR to prevent MacKelvie from sexually assaulting clients of KR. Rather, the complaint alleges that MacKelvie was simply retained to handle the appeal involving a probate matter. Overall, there are no facts alleged that raises an inference that MacKelvie's alleged sexual assault of the plaintiff was reasonably or generally foreseeable.

***2** While this Court recognizes that the plaintiff is not required to plead that KR had prior notice that MacKelvie was unfit, the Court is still required to determine whether the sexual assault of the plaintiff was generally foreseeable along with the other traditional elements to establish a duty. Upon review of the complaint, there are no allegations of fact or inferences that the misconduct of MacKelvie was reasonably or generally foreseeable. To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty. Next, the Court finds that the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty. Next, the Court finds that magnitude of placing the burden on KR to prevent the unforeseeable and unlikely criminal acts of its employee is extremely high and it would be unduly burdensome for KR to anticipate and prevent criminal acts of its employee that are not foreseeable and unlikely. As such, these factors do not favor the imposition of a duty. Consequently, the Court finds that the complaint fails to allege facts or inferences that the misconduct of MacKelvie was generally foreseeable and the allegations fail to establish the traditional elements of a duty such that the complaint fails to state a cause of action.

The plaintiff's reliance on the factual determination in *Doe v. Coe,* 2019 IL 123521 is misplaced. In *Doe,* the plaintiff, a minor, was sexually assaulted by a youth minister. The plaintiff filed a claim against the church who employed the youth minister based on the church's negligent supervision of the youth minister. The *Doe* court found that the plaintiff satisfied the element that the sexual assault was generally foreseeable by finding:

> As the appellate court recognized, it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children. *Id.* This state's public policy strongly favors the protection of children (id. (citing *Doe-3,* 2012 IL 112479, ¶ 36)), especially from sex offenders (id. (citing *Doe-3,* 2012 IL 112479, ¶ 37)).
>
> *Doe v. Coe,* 2019 IL 123521, ¶ 62.

In contrast, here, there is no authority that it is generally foreseeable that sexual assaults could occur in business relationships between adults like the attorney-client relationship. Moreover, there is no authority that the state's public policy strongly favors the protection of adults engaging in business relationships. Again, here, the plaintiff fails to allege facts to raise an inference that the misconduct of MacKelvie was generally foreseeable and failed to allege facts to establish the other traditional elements to impose a duty on KR.

ENTERED,

<<signature>>

Judge Gerald Cleary 2147

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# EXHIBIT 3

FILED DATE: 6/22/2026 9:38 PM 2025L003833

2023 IL App (1st) 221499-U

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

Appellate Court of Illinois, First District, Third Division.

Karen WARD, Plaintiff-Appellant,
v.
KUTAK ROCK, LLP, Defendant-Appellee.

No. 1-22-1499
|
Order Filed May 31, 2023

Appeal from the Circuit Court of Cook County. No. 22 L 2030, Honorable Gerald Cleary, Judge, presiding.

## ORDER

JUSTICE BURKE delivered the judgment of the court.

***1** ¶ 1 *Held*: We affirm the dismissal of plaintiff's negligent supervision claim against defendant law firm pursuant to section 2-615 of the Code of Civil Procedure because plaintiff failed to allege facts that made her attorney's sexual harassment and assault of her foreseeable to the firm that employed him.

¶ 2 Plaintiff, Karen Ward, sued the law firm Kutak Rock, LLP and its employee, attorney Charles MacKelvie, alleging that MacKelvie sexually harassed and assaulted her while he was representing her.[1] The circuit court granted Kutak Rock's motion to dismiss plaintiff's negligent supervision claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), finding that plaintiff did not plead facts establishing that it was foreseeable to Kutak Rock that MacKelvie would sexually harass and assault her, so Kutak Rock did not have a duty to supervise MacKelvie for purposes of plaintiff's negligent supervision claim. On appeal, plaintiff argues that the Illinois Rules of Professional Conduct and public policy support a finding that Kutak Rock had a duty to supervise MacKelvie. For the following reasons, we affirm.

¶ 3 I. BACKGROUND

¶ 4 Plaintiff's amended complaint, which is at issue in this appeal, alleged that MacKelvie was an employee of Kutak Rock with "of counsel" status. In February 2021, plaintiff retained Kutak Rock and MacKelvie to represent her in an appellate probate matter. The parties had a contingency fee agreement under which MacKelvie's "hourly fee would be taken from any amount recovered by" him, and "no amount would be due or owing until and unless there was a recovery of money in the probate case." However, the firm sent several bills to plaintiff, which she indicated that she could not pay, and MacKelvie responded that "there were other ways to pay for his services." MacKelvie then began a series of communications with plaintiff in which he said that he would only work on the appellate brief if plaintiff sent him naked photographs of herself. Plaintiff "felt pressure to send the naked photos of herself to [MacKelvie] as she needed the legal work to be completed in [a] timely fashion." In December 2021, MacKelvie demanded that plaintiff have sex with him at a hotel in Deerfield and said that he would not work on plaintiff's case if she refused. Plaintiff alleged that MacKelvie forced her to have sex with him and "engaged in unwanted and inappropriate sexual contact with [her] that amounted to assault and battery," which caused her to develop depression and post-traumatic stress disorder.

¶ 5 Plaintiff's amended complaint alleged three counts: battery against MacKelvie, a Gender Violence Act (740 ILCS 82/10 (West 2020)) claim against MacKelvie, and negligent supervision against Kutak Rock. The negligent supervision claim alleged that Kutak Rock had a duty "to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie, and a general duty to supervise its employees "to make sure that they engage[d] in appropriate behavior and follow the law and the employer's rules and procedures." It also alleged that MacKelvie did not follow the firm's billing policies, rules, or ethical standards, and that Kutak Rock allowed him to do so.

***2** ¶ 6 Kutak Rock filed a section 2-615 motion to dismiss the negligent supervision claim. Kutak Rock argued that plaintiff failed to allege facts to establish that the firm had a duty to supervise MacKelvie. Specifically, plaintiff failed to allege that it was foreseeable to Kutak Rock that MacKelvie would force plaintiff to send naked photographs of herself and have sex with him in exchange for his legal work. Kutak Rock also argued that plaintiff did not allege facts establishing that

FILED DATE: 6/22/2026 9:38 PM 2025L003833

the firm's alleged failure to supervise MacKelvie proximately caused her injury; rather, she alleged that MacKelvie's alleged sexual assault occurred at a hotel "miles away from Kutak [Rock]'s Chicago offices."

¶ 7 In response, plaintiff contended that, under the Illinois Supreme Court's decision in *Doe v. Coe*, 2019 IL 123521, employers have a general duty to supervise all employees, and that prior notice of an employee's unfitness is not required to impose that duty. Plaintiff argued that Kutak Rock had a duty to ensure that MacKelvie followed the Illinois Rules of Professional Conduct, as well as the firm's own rules and procedures. In addition, plaintiff contended that proximate causation was a factual issue that had to be resolved by a jury.

¶ 8 The circuit court granted Kutak Rock's motion and dismissed plaintiff's negligent supervision claim with prejudice. The court found that plaintiff's amended complaint "fail[ed] to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish [Kutak Rock's] duty to supervise and prevent the criminal conduct of MacKelvie." Plaintiff did not allege that Kutak Rock had any indication that MacKelvie had a propensity to sexually harass and assault clients, or that he had done so in the past, or that the nature of MacKelvie's relationship with plaintiff made it foreseeable that he would do so. In support of the last point, the court reasoned that "the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty" to supervise on the attorney's firm. The court did not address proximate causation.

¶ 9 Plaintiff moved for a finding of finality pursuant to Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)), which the circuit court granted. Plaintiff timely appealed.

## ¶ 10 II. ANALYSIS

¶ 11 On appeal, plaintiff contends that the circuit court erred in dismissing her negligent supervision claim against Kutak Rock. A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint based on defects apparent on its face. *Doe v. Coe*, 2019 IL 123521, ¶ 31. We accept as true all well-pleaded facts in the complaint and reasonable inferences from those facts, and we construe the allegations of the complaint in the light most favorable to the plaintiff. *Id.* ¶ 20. However, Illinois is a fact-pleading jurisdiction, so the plaintiff must " 'must allege facts sufficient to bring a claim within a legally recognized cause of action.' " *Id.* ¶ 32 (quoting *Vernon v. Schuster*, 178 Ill. 2d 338, 344 (1997)). Merely pleading conclusions is not sufficient. *Coe*, 2019 IL 123521, ¶ 32. A claim should only be dismissed pursuant to section 2-615 if it is clear that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* ¶ 31. We review the dismissal of a claim pursuant to section 2-615 *de novo* (*id.* ¶ 20), meaning that we perform the same analysis as the trial court (*Kapotas v. Better Government Ass'n*, 2015 IL App (1st) 140534, ¶ 26).

¶ 12 A negligent supervision claim is a cause of action against an employer for the employer's failure to reasonably supervise an employee. *Coe*, 2019 IL 123521, ¶ 33. To state a claim for negligent supervision, a plaintiff must allege that the employer (1) had a duty to supervise the employee, (2) negligently supervised the employee, and that (3) such negligence proximately caused the plaintiff's injuries. *Id.* ¶¶ 52, 61. The first element, Kutak Rock's duty to supervise MacKelvie, is at issue in this appeal. " 'Whether a duty exists is a question of law to be determined by the court.' " *Id.* ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). "[T]o impose a duty to supervise, only general foreseeability is required in an employment context." *Coe*, 2019 IL 123521, ¶ 61. "[F]oreseeability means that which is objectively reasonable to expect, not merely what might conceivably occur." *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 238 (2010). An employer's duty to supervise an employee arises when the employer knows or reasonably should know that the employee is likely to engage in dangerous conduct. *Coe*, 2019 IL 123521, ¶ 57. It is not necessary that the employer "have prior notice of a particular unfitness." *Id.* ¶ 61.

***3** ¶ 13 Plaintiff's amended complaint alleges that "it was the duty of [Kutak Rock] to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie. It also alleges that "it was the duty of [Kutak Rock] to generally supervise its employees, including [MacKelvie], to make sure that they engage[d] in appropriate behavior and follow[ed] the law and the employer's rules and procedures." These are conclusions, not facts. Plaintiff's amended complaint contains no facts suggesting that it was foreseeable to Kutak Rock that MacKelvie posed a risk of sexually harassing or assaulting female clients. Illinois is a fact-pleading jurisdiction, and it is not sufficient for plaintiff to simply recite that Kutak Rock had a duty of supervision without facts to support that claim.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

¶ 14 Our supreme court's decision in *Coe* provides a helpful illustration of a properly pled negligent supervision claim. In that case, the plaintiff alleged that Coe, a church director of youth ministries, sexually assaulted her in a church basement when he was 31 and she was 15. *Coe*, 2019 IL 123521, ¶¶ 1, 14. The plaintiff alleged a negligent supervision claim against the church that employed Coe. *Id.* ¶ 48. The circuit court dismissed the negligent supervision claim and the appellate court reversed. *Id.* Our supreme court affirmed, concluding that the plaintiff adequately pled the church's duty to supervise Coe because (1) "it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children" and (2) the plaintiff alleged that church leadership often saw Coe alone with her in his office and allowed them to remain alone together. *Id.* ¶¶ 62-63. The plaintiff also alleged that the church could have discovered Coe's use of child pornography websites by a Google search of his internet pseudonym, that Coe inappropriately touched church youth group members and showed them pornography, and that church members confronted Coe about and reported his inappropriate behavior when they witnessed it. *Id.* ¶¶ 13-16.

¶ 15 *Coe* involved a relationship that presents an inherently foreseeable danger of sexual abuse: a relationship between an adult and a child in a religious organization. An attorney-client relationship between two adults does not present the same inherent danger or foreseeability. Moreover, plaintiff has not alleged facts establishing that Kutak Rock knew, could have known, or should have known that MacKelvie was behaving in a sexually inappropriate manner toward her. On the contrary, plaintiff alleges that MacKelvie's sexual harassment of her consisted of direct communications between her and him, and that the sexual assault occurred at a hotel in Deerfield, apparently with no connection to the firm or its offices. The complaint in *Coe* was much more factual, specific, and concrete than plaintiff's amended complaint in this case, which is why *Coe* does not compel reversal of the dismissal of plaintiff's negligent supervision claim.

¶ 16 This case is more analogous to *Dennis v. Pace Suburban Bus Service*, 2014 IL App (1st) 132397, in which the plaintiff alleged that she boarded a Pace bus while intoxicated, confused, and slipping in and out of consciousness. *Dennis*, 2014 IL App (1st) 132397, ¶¶ 1-2. Instead of calling for help, the bus driver took the plaintiff to his home and sexually assaulted her. *Id.* ¶ 2. The circuit court dismissed the plaintiff's negligent supervision claim against Pace and this court affirmed, explaining that the plaintiff "alleged no facts that Pace had any reason to know or even suspect that [the driver] would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her." *Id.* ¶ 25. This court found that the plaintiff's allegation that Pace had a general duty to prevent drivers from taking passengers home to sexually assault them was "entirely conclusory *** and insufficient to survive a 2-615 motion to dismiss." *Id.* ¶ 25. The same is true of plaintiff's allegations in this case. Plaintiff's amended complaint, on its face, presents no facts establishing that Kutak Rock had reason to foresee, or even suspect, that MacKelvie would sexually harass and assault plaintiff.

***4** ¶ 17 Plaintiff's amended complaint suggests that Kutak Rock was on notice that *something* unusual was happening in MacKelvie's representation of plaintiff because the firm was not receiving payment on her file. Plaintiff alleges that she received multiple bills for MacKelvie's work, which she did not pay, because MacKelvie insisted on being compensated with sexual favors instead. However, she also alleges that she had a contingency fee agreement with Kutak Rock, under which MacKelvie's "hourly rate would be taken from any amount recovered by" him at the conclusion of her case. We struggle to understand why Kutak Rock would issue and expect payment of regular bills for MacKelvie's work if the firm was supposed to be paid on contingency. Even accepting these facts as true, they do not create a duty of supervision. The fact that Kutak Rock was not receiving payment for MacKelvie's work did not make it foreseeable that he would sexually harass and assault plaintiff. We cannot see, and plaintiff's briefs do not explain, the connection between these two things.

¶ 18 Plaintiff argues that Illinois Rule of Professional Conduct 5.1 imposed a duty of supervision upon Kutak Rock. Rule 5.1(b) provides that "[a] lawyer having supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Ill. R. Prof'l Conduct (2010) R. 5.1(b) (eff. Jan. 1, 2010). Rule 5.1(c)(2) provides that a lawyer is responsible for another lawyer's violation of the Rules of Professional Conduct if "the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Ill. R. Prof'l Conduct (2010) R. 5.1(c)(2) (eff. Jan. 1, 2010). From these provisions, plaintiff apparently infers that Kutak Rock's managing partners had

FILED DATE: 6/22/2026 9:38 PM 2025L003833

a duty to supervise MacKelvie for purposes of her negligent supervision claim.

¶ 19 However, the Rules of Professional Conduct themselves defeat plaintiff's argument. The Rules' preamble states that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. *** [The Rules] are not designed to be a basis for civil liability." Ill. R. Prof'l Conduct (2010) Preamble (eff. Jan. 1, 2010). Consistent with this provision, Illinois courts have held that the Rules do not establish duties that give rise to civil causes of action. *Khoury v. Niew*, 2021 IL App (2d) 200388, ¶ 50; *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 34. For example, in *Khoury*, the Second District rejected the plaintiff's argument that Rule 5.1 imposed a duty upon a law firm's president to inquire into another attorney's misuse of client funds. *Khoury*, 2021 IL App (2d) 200388, ¶ 52 ("the Rules do not create independent causes of actions against attorneys"). We apply the same reasoning to this situation. Rule 5.1 does not create a duty for Kutak Rock to supervise MacKelvie that can support plaintiff's negligent supervision claim.

¶ 20 Plaintiff also contends that that public policy supports the imposition of a duty to supervise in this case because " 'those who utilize legal services place a great deal of trust in their attorneys; consequently, the attorney-client relationship presents a significant potential for abuse.' " (quoting *Toushin v. Ruggerio*, 2012 IL App (1st) 192171, ¶ 63). As a general principle, we agree, and we strongly encourage law firms to do everything in their power to protect clients from sexual harassment by attorneys. However, that does not change our conclusion. The question is whether plaintiff's amended complaint alleges facts that made it foreseeable to Kutak Rock that MacKelvie would sexually harass and assault plaintiff. It does not. Moreover, plaintiff cites no authority holding that the attorney-client relationship presents an inherent danger of sexual abuse such that attorneys sexually assaulting clients is always foreseeable to law firms. On the contrary, the commission of a serious crime, like sexual assault, is generally not foreseeable to an employer because an employee is not expected or employed to commit crimes. *Hills*, 195 Ill. 2d at 238. *Toushin* and the other case that plaintiff cites on this point, *DeLuna v. Burciaga*, 223 Ill. 2d 49 (2006), are not negligent supervision cases and they do not involve attorneys sexually assaulting clients, so they offer little guidance.

***5** ¶ 21 Next, Plaintiff argues that the circuit court failed to consider factors such the work performed, the employees performing it, the size of the employer's business, the type of work performed and the employer's clientele, which, according to *Coe*, bear on the extent to which an employer must supervise employees. *Coe*, 2019 IL 123521, ¶ 58. However, plaintiff's amended complaint alleges almost nothing about these factors; only that Kutak Rock is a law firm and that she was a client. We cannot draw legal conclusions from facts that plaintiff does not allege. The circuit court used the correct test to determine whether Kutak Rock had a duty to supervise for purposes of plaintiff's negligent supervision claim, which is whether MacKelvie's misconduct was foreseeable. See *id.* ¶ 61. As explained above, we agree with the circuit court's conclusion that MacKelvie's alleged criminal conduct was not foreseeable to Kutak Rock.

¶ 22 Plaintiff's citation to *Kling v. Landry*, 292 Ill. App. 3d 329 (1997), is unpersuasive. We agree with *Kling*'s conclusion that "an attorney breaches his fiduciary duty to his client by exploiting his position as an attorney to gain sexual favors." *Kling*, 292 Ill. App. 3d at 337. However, negligent supervision claim is a direct claim against an employer for its own misconduct (*Coe*, 2019 IL 123521, ¶ 33), so the fact that MacKelvie breached his fiduciary duty to plaintiff does not mean that Kutak Rock had or breached a duty to supervise MacKelvie.

¶ 23 Plaintiff's reply brief contends that Kutak Rock "owed [her] a duty of care as a business invitee." Plaintiff did not make this argument in the circuit court or in her opening brief, so she has forfeited it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief").

¶ 24 We affirm based on plaintiff's failure to plead facts in support of Kutak Rock's duty to supervise MacKelvie, so we need not reach the parties' arguments regarding proximate causation.

¶ 25 III. CONCLUSION

¶ 26 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27 Affirmed.

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Presiding Justice McBride and Justice Reyes concurred in the judgment.

**All Citations**

Not Reported in N.E. Rptr., 2023 IL App (1st) 221499-U, 2023 WL 3736788

## Footnotes

1 Plaintiff and Kutak Rock are the only parties to this appeal. Plaintiff's claims against the estate of MacKelvie, who is deceased, are still proceeding in the circuit court. See *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 24 n. 4 (appellate court can take judicial notice of circuit court's online docket report).

**End of Document** © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# EXHIBIT 4

FILED DATE: 6/22/2026 9:38 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS 

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 04CR1009702

MARCUS JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | | |
|---|---|---|---|
| A | 720-5/16-1(a)(1)(A) | A | THEFT CONTROL INTENT <$300 |
| | 720-5/16-8 | F 4 | UNLWFL USE/UNID RECORDING |
| | 720-5/16-7(A)(2) | F 4 | UNLAWFUL USE REC SOUND/SE |
| | 720-5/16-8 | F 4 | UNLWFL USE/UNID RECORDING |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | | |
|---|---|---|---|
| 05/05/04 IND/INFO-CLK OFFICE-PRES JUDGE<br>04CR1009702 ID# CR100320687 | 05/20/04 1701 | | |
| 05/20/04 CASE ASSIGNED<br>BIEBEL, PAUL JR. | 05/27/04 6726 | | |
| 05/20/04 MOTION DEFT - CONTINUANCE - MD<br>BIEBEL, PAUL JR. | 06/02/04 6726 | | |
| 06/02/04 DEFENDANT ON BOND<br>DAVY, THOMAS M. | | | |
| 06/02/04 APPEARANCE FILED<br>DAVY, THOMAS M. | | | |
| 06/02/04 DEFENDANT ARRAIGNED<br>DAVY, THOMAS M. | | | |
| 06/02/04 PLEA OF NOT GUILTY<br>DAVY, THOMAS M. | | | |
| 06/02/04 MOTION FOR DISCOVERY<br>DAVY, THOMAS M. | | F | 1 |
| 06/02/04 DISCOVERY ANSWER FILED<br>DAVY, THOMAS M. | | F | 1 |
| 06/02/04 ADMONISH AS TO TRIAL IN ABSENT<br>DAVY, THOMAS M. | | | |
| 06/02/04 CONTINUANCE BY AGREEMENT<br>DAVY, THOMAS M. | 07/06/04 | | |
| 07/06/04 DEFENDANT ON BOND<br>DAVY, THOMAS M. | | | |
| 07/06/04 CONTINUANCE BY AGREEMENT<br>DAVY, THOMAS M. | 09/07/04 6726 | | |

FILED DATE: 6/22/2026 9:38 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS 

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 04CR1009702

MARCUS JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | | | |
|---|---|---|---|---|
| 09/07/04 | DEFENDANT ON BOND | | | |
| | DAVY, THOMAS M. | | | |
| 09/07/04 | CONTINUANCE BY AGREEMENT | | 10/08/04 | |
| | DAVY, THOMAS M. | | | |
| 10/08/04 | DEFENDANT ON BOND | | | |
| | DAVY, THOMAS M. | | | |
| 10/08/04 | CONTINUANCE BY AGREEMENT | | 11/17/04 | |
| | DAVY, THOMAS M. | | | |
| 11/17/04 | DEFENDANT ON BOND | | | |
| | DAVY, THOMAS M. | | | |
| 11/17/04 | WITNESSES ORDERED TO APPEAR | | | |
| | DAVY, THOMAS M. | | | |
| 11/17/04 | CONTINUANCE BY AGREEMENT | | 01/18/05 | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | CHARGE AMENDED TO MISDEMEANOR | C001 | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | PLEA OF GUILTY | C001 | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | JURY WAIVED | | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | FINDING OF GUILTY | C001 | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | JGMT ON FINDING/VERDICT/PLEA | | | P |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | CHANGE PRIORITY STATUS | M | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | DEF SENTENCED TO PROBATION<br>1 YRS | C001 | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | DEF ADVISED OF RIGHT TO APPEAL | | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | NOLLE PROSEQUI | C002 | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | NOLLE PROSEQUI | C003 | | |
| | DAVY, THOMAS M. | | | |
| 01/18/05 | NOLLE PROSEQUI | C004 | | |
| | DAVY, THOMAS M. | | | |

FILED DATE: 6/22/2026 9:38 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 04CR1009702

MARCUS JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/02/05 PAYMENT RECEIVED - CASH 0015 $ 159
12/09/05 HEARING DATE ASSIGNED 12/28/05 6726
12/28/05 PET VIOL OF PROBATION FILED
DAVY, THOMAS M.
12/28/05 CONTINUANCE BY ORDER OF COURT 02/17/06
DAVY, THOMAS M.
02/17/06 PETITION FOR V.O.P. WITHDRAWN
DEF PAID ALL FEES & COSTS
DAVY, THOMAS M.
02/17/06 PROB TERMINATED- SATISFACTORY
DAVY, THOMAS M.
02/17/06 CHANGE PRIORITY STATUS M
DAVY, THOMAS M.

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/19

Dorothy Brown

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 08126557101

MARCUS C JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-550/4-B | M | CANNABIS - POSSESS 2.5-10 |
| 9-40-250(B) | T | TP410746 |
| 625-5/11-502 | T | TP410747 |
| 625-5/6-303(A) | T | TP410748 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | |
|---|---|---|
| 08/12/08 BOND SET BY RULE OF COURT | | 09/02/08 CL95 |
| 09/02/08 TRANSFERRED<br>FLANNIGAN ELLEN L | | 09/05/08 CL97 |
| 09/05/08 MOTION DEFT - CONTINUANCE - MD<br>QUINN MARGUERITE ANNE | | 11/21/08 CL97 |
| 11/21/08 MOTION DEFT - CONTINUANCE - MD<br>GOMOLINSKI WILLIAM EDWARD | | 02/10/09 CL97 |
| 02/10/09 BOND FORFEITURE<br>WALOWSKI, URSULA | B001 | |
| 02/10/09 CONT FOR JUDMT ON FORFEITURE<br>WALOWSKI, URSULA | | 03/27/09 CL97 |
| 03/23/09 JUDGMENT ON BOND FORFEITURE<br>WALOWSKI, URSULA | B001 | |
| 03/27/09 PREVIOUS ORDER TO STAND<br>BALL-REED, PATRICE MUNZEL | | |
| 03/27/18 NOLLE PROSEQUI<br>GONZALEZ, PETER M. | CALL | |

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/19

Dorothy Brown

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

FILED DATE: 6/22/2026 9:38 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS 

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 14118631601

MARCUS C JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-5/24-1-A-4 | M A | UUW - CARRY/POSSESS FIREARM/1 |
| 9-24-010(B) | T | TH059749 |
| 625-5/6-101 | T | TH059750 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | | |
|---|---|---|---|
| 03/23/14 DEFENDANT IN CUSTODY<br>BROWN JAMES R | | 03/23/14 1101 | |
| 03/23/14 PROBABLE CAUSE TO DETAIN<br>BROWN JAMES R | | | |
| 03/23/14 BAIL AMOUNT SET<br>BROWN JAMES R | | | $ 1000 |
| 03/23/14 MOTION STATE - CONTINUANCE -MS<br>BROWN JAMES R | | 03/26/14 7135 | |
| 03/23/14 DEF DEMAND FOR TRIAL<br>BROWN JAMES R | | | |
| 03/26/14 MOTION STATE - CONTINUANCE -MS<br>SCONZA JOSEPH M | | 04/03/14 7135 | |
| 04/03/14 WARRANT SENT TO POLICE AGENCY | | | |
| 04/04/14 RECALL/EXEC SENT TO POLICE AGY | | | |
| 04/03/14 BOND FORFEITURE<br>GALLAGHER, DANIEL J. | B001 | | |
| 04/03/14 BAIL AMOUNT SET<br>GALLAGHER, DANIEL J. | | | $ 5000 |
| 04/03/14 O/C ONLY REL DEF ON D BOND<br>GALLAGHER, DANIEL J. | | | |
| 04/03/14 CONT FOR JUDMT ON FORFEITURE<br>GALLAGHER, DANIEL J. | | 05/19/14 7135 | |
| 04/03/14 WARR ORD, WARR ISSUED<br>GALLAGHER, DANIEL J. | | | |
| 04/04/14 ADMONISH PER SP CT RULE 402<br>GALLAGHER, DANIEL J. | | | |
| 04/04/14 WARRANT QUASHED<br>GALLAGHER, DANIEL J. | | | |

FILED DATE: 6/22/2026 9:38 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS 

PEOPLE OF THE STATE OF ILLINOIS

VS NUMBER 14118631601

MARCUS C JACKSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

04/04/14 PLEA OF GUILTY C001
GALLAGHER, DANIEL J.
04/04/14 JURY WAIVED
GALLAGHER, DANIEL J.
04/04/14 FINDING OF GUILTY C001
GALLAGHER, DANIEL J.
04/04/14 DEF DEMAND FOR TRIAL
GALLAGHER, DANIEL J.
04/04/14 NON-SUIT C002
GALLAGHER, DANIEL J.
04/04/14 STRICKEN OFF - LEAVE REINSTATE C003
GALLAGHER, DANIEL J.
04/04/14 PROPERTY RECOVERED - DESTROY
SHOTGUN
GALLAGHER, DANIEL J.
04/04/14 SENTENCED TO COMMUNITY SERVICE C001
SWAP
5 DYS
GALLAGHER, DANIEL J.
04/04/14 SUPERVISION - COURT C001
3 MTH
GALLAGHER, DANIEL J.
04/04/14 DEF ADVISED OF RIGHT TO APPEAL
GALLAGHER, DANIEL J.
04/04/14 TERM DATE-PROB-COND DIS-SUPV 07/07/14 7135
GALLAGHER, DANIEL J.
07/07/14 SUPERVISION TERM/DISCHARGED
ICS COMPLETED
CARMODY, MATTHEW J.

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/19

Dorothy Brown

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# EXHIBIT 5

FILED DATE: 6/22/2026 9:38 PM 2025L003833

COMPLAINT NO. TH-059-750
CHICAGO POLICE DEPARTMENT CITATION AND COMPLAINT
MI: C | Court Key: U
State: IL | Zip Code: 60637
Date of Birth MO DAY YR: 01 08 83 | Sex: m | Height: 511 | Weight: 170
☒ Auto ☐ Truck ☐ Bus ☐ Com. Mtr. Veh. ☐ 16 or more Pass. Veh. ☐ Taxi ☐ Mtrcycle ☐ Placarded Haz. Mt
License No.: ☐ Temp. ☒ Perm: B42087 IL | State | Expires Mo/Yr: 05/14
DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE
☐ LIDAR
MPH ZONE
Municipal Code of Chicago (MCC):
___MPH in a ___MPH zone ☐9-8-020 (c)(1) DISOBEY SOLID RED SIGNAL
___MPH in a ___MPH zone ☐9-24-010 (b) FAILURE TO STOP AT STOP SIGN
READ YELLOW DRIVER'S INSTRUCTION SHEET
☐ YOU MUST EITHER MAIL RESPONSE WITHIN 7 DAYS OR TO RESPOND/PAY ONLINE, LOG ONTO www.cookcountyclerkofcourt.org WITHIN 14-21 DAYS OF RECEIVING COMPLAINT.
☒ YOU MUST APPEAR IN COURT ON DATE AND TIME BELOW.
CL07
Concourse Level | 4th Floor
On ___ Day of ___ Month ___ 20___
At 2:30 o'clock P M.
TRAFFIC COURT IS LOCATED IN THE RICHARD J. DALEY CENTER, 50 WEST WASHINGTON, CHICAGO, IL 60602.

CHICAGO POLICE DEPARTMENT

# ARREST REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 8/30)

ARREST REPORT

**OFFENDER**

**Name:** JACKSON, Marcus C

**Res:** 6146 S Kenwood Ave
Chicago, IL 60637
312-244-0099

**Beat:** 314

None

**DOB:** 08 January 1983
**AGE:** 31 years
**POB:** Illinois
**DLN:** J25054383008 -IL
**ARMED WITH** Other Firearm

M
B
5'
1
B
Black Hair
Short Hair Style
Medium Brown
Complexion



14186316

ENTERED
MAR 2 3 2014
DOROTHY BROWN
PER ____

**INCIDENT**

**Arrest Date:** 22 March 2014 18:41
**TRR Completed?** No
**Location:** 400 E Marquette Rd
Chicago, IL 60637
304 - Street
**Beat:** 312
**Holding Facility:** District 003 Lockup
**Resisted Arrest?** No

**Total No Arrested:** 1
**Co-Arrests**
**Assoc Cases**
**DCFS Ward ?** No
**Dependent Children?** No

**CHARGES**

| | | | Victim |
|---|---|---|---|
| 1 | Offense As Cited | **720 ILCS 5.0/24-1-A-4**<br>UUW - CARRY/POSSESS FIREARM/1ST<br>Class A - Type M | |
| 2 | Offense As Cited | **9-24-010(B)**<br>STOP AT STOP SIGN<br>Class L - | |
| 3 | Offense As Cited | **625 ILCS 5.0/6-101**<br>UNLICENSED<br>Class P - | |

IR #:1635692

**RECOVERED NARCOTICS**

NO NARCOTICS RECOVERED

**WARRANT**

NO WARRANT IDENTIFIED

528

CB #:18859407



powered by: CLEAR Technology

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Chicago Police Department - ARREST Report

CB #: 18859407

JACKSON, Marcus

ARREST REPORTING

NON-OFFENDER(S)

ARRESTEE VEHICLE

Vehicle: VEHICLE IMPOUNDED:

1999 Automobile - Mercury - Cougar - Hardtop, 2-Door VIN#:1ZWFT61L4X5672811 Lic#:R420874 IL

Color: Red (Top) / Red (Bottom) Inv#:

Pound#:

Disposition:

PROPERTIES

Confiscated Properties :

All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR JACKSON, Marcus NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

INCIDENT NARRATIVE

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

Event# 112967 This arrest was conducted by 4150D while working Operation Impact, arrestee was placed into custody after a/o's observed arrestee commit a minor traffic violation failed to stop at a stop sign ticket # TH-059-749, upon further investigation LEADS revealed arrestee to have an expired IL drivers license ticket # TH-059-750. A/o's removed arrestee from vehicle and while speaking to arrestee, arrestee stated that he was in possession of a stun gun (inventoried under number 13133282). Arrestee has no valid IL FOID Card or Carry Conceal License. Arrestee was transported to the 003rd district for further processing. Name check clear, no investigative alerts, GIPP and TRAP. personal property inventoried under #13133361.

Traffic Ticket - TH-059-749 and TH-059-750

COURT INFO

Desired Court Date: 05 May 2014

Branch: 35-2 727 E 111TH ST - Room

Court Sgt Handle? Yes

Initial Court Date: 23 March 2014

Branch: CBC-1 2600 S CALIFORNIA - Room100

Docket #:

BOND INFO

BOND INFORMATION NOT AVAILABLE

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Chicago Police Department - ARREST Report

CB #: 18859407

JACKSON, Marcus

## ARREST REPORTING

REPORTING PERSONNEL

### ATTESTING OFFICER

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| | | | |
|---|---|---|---|
| Attesting Officer: | #14535 | OROPEZA, P J (PC0AJ45) | 22 MAR 2014 23:10 |

### ARRESTING OFFICER(S):

| | | | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #14535 | OROPEZA, P J (PC0AJ45) | 4150D |
| 2nd Arresting Officer: | #5713 | CABAY, J C (PC0AJ87) | 4150C |

### APPROVING SUPERVISOR:

| | | | |
|---|---|---|---|
| Approval of Probable Cause : | #2032 | KLAMERUS, E J (PC0J548) | 22 MAR 2014 23:12 |

COURT COPY

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Chicago Police Department - ARREST Report

CB #: 18859407

JACKSON, Marcus

## ARREST PROCESSING REPORT

LOCKUP KEEPER PROCESSING

Holding Facility: District 003 Lockup
Received in Lockup: 22 March 2014 23:19
Prints Taken: 22 March 2014 23:31
Palmprints Taken: Yes
Photograph Taken: 22 March 2014 23:38
Released from Lockup:

Time Last Fed: 22 March 2014 23:29
Time Called: 22 March 2014 23:30 Phone#: 7739670200
Cell #: A-1 - Placed in one person cell

Transport Details : 2PO 0321 22-MAR-2014 18:49

### VISUAL CHECK OF ARRESTEE

| | |
|---|---|
| Is there obvious pain or injury? | No |
| Is there obvious signs of infection? | No |
| Under the influence of alcohol/drugs? | No |
| Signs of alcohol/drug withdrawal? | No |
| Appears to be despondent? | No |
| Appears to be irrational? | No |
| Carrying medication? | No |

### ARRESTEE QUESTIONNARIE

| | |
|---|---|
| Presently taking medication? | No |
| (if female)are you pregnant? | |
| First time ever been arrested? | No |
| Attempted suicide/serious harm? | No |
| Serious medical or mental problems? | No |
| Are you receiving treatment? | No |
| Transgender/intersex/gender non-conforming? | No |

### RETURN TO HOLDING FACILITY COMMENTS:

### QUESTIONNAIRE REMARKS:

### LOCKUP KEEPER COMMENTS:

### EMERGENCY CONTACT:

Name : REFUSED

Res: Beat:

### INTERVIEW LOG

NO INTERVIEWS LOGGED

### VISITOR LOG

NO VISITORS LOGGED



powered by: CLEAR Technology

FILED DATE: 6/22/2026 9:38 PM 2025L003833

CB #: 18859407

Chicago Police Department - ARREST Report

JACKSON, Marcus

## ARREST PROCESSING REPORT

**MOVEMENT LOG**

MOVEMENT LOG INFORMATION NOT AVAILABLE

**W/C COMMENTS**

Watch Commander Comments:

**REL w/o CHARGING**

DOES NOT APPLY TO THIS ARREST

**PROCESSING PERSONNEL**

### ARRESTEE PROCESSING PERSONNEL

| | | | Beat |
|---|---|---|---|
| Searched By: | | BROOKS, L W (PC0AF63) | |
| Lockup Keeper: | #10153 | SMITH, S (PC0L641) | |
| Assisting Arresting Officer: | #12930 | NOWAK, S P (PC0AI46) | 0321 |
| Assisting Arresting Officer: | #17476 | KOKIC, M A (PC0Y181) | 0321 |
| Fingerprinted By: | | BROOKS, L W (COC133026) | |

### APPROVAL PERSONNEL

| | | | | Beat |
|---|---|---|---|---|
| Final Approval of Charges : | #2032 | KLAMERUS, E J(PC0J548) | 23 MAR 2014 00:51 | |

FILED DATE: 6/22/2026 9:38 PM 2025L003833

35-2 (Court Branch # or District #) | 0900 / 05 MAY14 (Court Date/Time) | CPD - (Arresting Agency #)

**MISDEMEANOR COMPLAINT** (This form replaces CCG-0655, CCMC-0222 & CCMC-0225) (Rev. 12/7/00) CCCR 0655

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois, Plaintiff

v.

MARCUS C. JACKSON Defendant.

NO. 14186 [illegible]

STATE OF ILLINOIS / P.O. CABAY, J # 5713 (Complainant's Name Printed or Typed) complainant, now appears before The Circuit Court of Cook County and states the following:

That: MARCUS C. JACKSON (defendant) of 6146 S. KENWOOD AVE (address) has, on or about 22 Mar 14 (date) at the location of 400 E. MARQUETTE RD (place of offense) committed the offense(s) of UUW - POSSESSION OF STUN GUN

IN THAT HE KNOWINGLY POSSESSED IN A VEHICLE WHILE NOT IN HIS LAND, ABODE, LEGAL DWELLING OR FIX PLACE OF BUSINESS A STUN GUN THAT WAS IMMEDIATELY ACCESSIBLE.

in violation of 720 (Chapter) Illinois Compiled Statutes 5.0 (Act) / 24-1-A-4 (Sub Section)

AOIC Code

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

ENTERED
MAR 23 2014
DOROTHY BROWN
PER ____

[signature] 5713 (Complainant's Signature)

3510 S. MICHIGAN AVE (Complainant's Address)

312-747-8201 (Complainant's Telephone)

STATE OF ILLINOIS / P.O. CABAY, J # 5713 (Complainant's Name Printed or Typed)

STATE OF ILLINOIS } ss:
COOK COUNTY }

The complainant, being first duly sworn on oath, deposes and says that he/she read the foregoing complaint by him/her subscribed and that the same is true.

[signature] 5713 (Complainant's Signature)

Subscribed and sworn to before me on this 22 day of MARCH, 2014

D. BROWN / [signature] (Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED, Judge ____ Judge's No.
or
WARRANT ISSUED, Bail set at: ____
or
BAIL SET AT: ____ Judge ____ Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 6/22/2026 9:38 PM 2025L003833

**Branch 35**

## Case Summary

**Case No. 14118631601**

**People of the State of Illinois vs. MARCUS C JACKSON**

| | |
|---|---|
| Location: | **Branch 35** |
| Judicial Officer: | **Branch 35, Room 1** |
| Filed on: | **03/23/2014** |
| IR Number: | **1635692** |
| Record Division Number: | **HX195127** |
| Central Booking Number/Document Control Number: | **018859407** |
| Ticket Number: | **TH059750** |
| Ticket Number: | **TH059749** |

## Case Information

Case Type: Municipal
Case Status: **04/04/2014 Case Disposed**
Case Flags: **Verify Payment History on Conversion tab**

| **Offense** | **Statute** | **Degree** | **Offense Date** | **Filed Date** |
|---|---|---|---|---|
| Jurisdiction: **Chicago (3rd) Grand Crossing** | | | | |
| 001. UUW - CARRY/POSSESS FIREARM/1 | 720-5/24-1-A-4 | MA | 01/01/1900 | 03/23/2014 |
| Arrest<br>Date: 03/22/2014<br>Agency: 103 - Chicago (3rd) Grand Crossing<br>DCN: 018859407 Sequence: 001 | | | | |
| 002. TH059749 | 9-24-010(B) | TR | 01/01/1900 | 03/23/2014 |
| Arrest<br>Date: 03/22/2014<br>Agency: 103 - Chicago (3rd) Grand Crossing<br>DCN: 018859407 Sequence: 002 | | | | |
| 003. TH059750 | 625-5/6-101 | TR | 01/01/1900 | 03/23/2014 |
| Arrest<br>Date: 03/22/2014<br>Agency: 103 - Chicago (3rd) Grand Crossing<br>DCN: 018859407 Sequence: 003 | | | | |

### Statistical Closures

04/04/2014 Guilty Plea

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 14118631601 |
| Court | Branch 35 |
| Date Assigned | 03/23/2014 |
| Judicial Officer | Branch 35, Room 1 |

## Party Information

**Defendant** **JACKSON, MARCUS C**
Black
Male

FILED DATE: 6/22/2026 9:38 PM 2025L003833

**Branch 35**

## Case Summary

**Case No. 14118631601**

Height: 5'11" Weight: 170
DOB: 01/08/1983
Other Agency Number: 1635692 IR Number

---

### Events and Orders of the Court

---

07/07/2014 **Continued to** (9:00 AM)
Resource: Location CR7135 Branch 35/Room 1
*ROOM: BRANCH 35 RM 2 737 E. 111TH ST. CDATE: 07/07/2014 C: 09:00 AM - 1*

07/07/2014
Supervision Terminated/Discharged (Judicial Officer: Carmody, Matthew J.)
*ROOM: BRANCH 35 RM 2 JDGE: 2108 DESC: ICS COMPLETED*

05/19/2014 **Continue for Judgment on Forfeiture** (9:00 AM)
Resource: Location CR7135 Branch 35/Room 1
*ROOM: BRANCH 35 RM 2 737 E. 111TH ST. CDATE: 05/19/2014 C: 09:00 AM - 1*

04/04/2014 **Plea** (Judicial Officer: Gallagher, Daniel J)
JACKSON, MARCUS C
001. UUW - CARRY/POSSESS FIREARM/1
Plea of Guilty
DCN: 018859407 Sequence: 001

04/04/2014 **Disposition** (Judicial Officer: Gallagher, Daniel J)
001. UUW - CARRY/POSSESS FIREARM/1
Plea of Guilty
DCN: 018859407
Sequence: 001

04/04/2014 **Amended Disposition** (Judicial Officer: Gallagher, Daniel J) Reason: Conversion
001. UUW - CARRY/POSSESS FIREARM/1
Finding of Guilty
DCN: 018859407
Sequence: 001

04/04/2014 **Disposition** (Judicial Officer: Gallagher, Daniel J)
002. TH059749
Motion City Non-Suit
DCN: 018859407
Sequence: 002

04/04/2014 **Disposition** (Judicial Officer: Gallagher, Daniel J)
003. TH059750
Stricken Off - Leave Reinstate
DCN: 018859407
Sequence: 003

04/04/2014 **Amended Disposition** (Judicial Officer: Gallagher, Daniel J) Reason: Conversion
001. UUW - CARRY/POSSESS FIREARM/1
Supervision - Court
DCN: 018859407
Sequence: 001

04/04/2014 **Supervision** (Judicial Officer: Gallagher, Daniel J)
001. UUW - CARRY/POSSESS FIREARM/1
01/01/1900 (MA) 720-5/24-1-A-4 (9999999)
DCN: 018859407 Sequence: 001

---

IL Criminal
Probation
Status: Conversion Sentence Status
Type: Court Supervision
Term: 3 Months
Start Date: 04/04/2014

FILED DATE: 6/22/2026 9:38 PM 2025L003833



Converted Disposition:
Community Service Code: 0509 Description:SENTENCED TO COMMUNITY SERVIC Disp Date: 04/04/2014
Minimum: 0 Years 0 Months 5 Days SWAP

04/04/2014 Recall/Execute Sent To Police Agency
*ROOM: MUNICIPAL DISTRICT 1*

04/04/2014 Admonish Per Supreme Court Rule 402 (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

04/04/2014 Warrant Quashed (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

04/04/2014 Plea Of Guilty (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: C001*

04/04/2014 Jury Waived (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

04/04/2014 Finding Of Guilty (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: C001*

04/04/2014 Defendant Demand For Trial (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

04/04/2014 Non-Suit (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: C002*

04/04/2014 Stricken Off Leave To Reinstate (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: C003*

04/04/2014 Property Recovered - Destroy (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 DESC: SHOTGUN*

04/04/2014 Sentenced To Community Service (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: C001 MIN TERM: 5D DESC: SWAP*

04/04/2014 Supervision - Court (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: C001 MIN TERM: 3M*

04/04/2014 Defendant Advised Of Right To Appeal (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

04/04/2014 Termination Date-Probation-Conditional Discharge-Supervision (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 CDATE: 07/07/2014 C: 09:00 AM - 1 ROOM: BRANCH 35 RM 2*

04/03/2014 **Motion State** (9:00 AM)
Resource: Location CR7135 Branch 35/Room 1
*ROOM: BRANCH 35 RM 2 737 E. 111TH ST. CDATE: 04/03/2014 C: 09:00 AM - 1*

04/03/2014 Warrant Sent To Police Agency
*ROOM: MUNICIPAL DISTRICT 1*

04/03/2014 Bond Forfeiture (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 REF: B001*

04/03/2014 Bail Amount Set (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 AMOUNT: 5000.00*

FILED DATE: 6/22/2026 9:38 PM 2025L003833

**Branch 35**

## Case Summary

**Case No. 14118631601**

04/03/2014 Order Of Court Only Release Defendant On D Bond (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

04/03/2014 Continue for Judgment On Forfeiture (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048 CDATE: 05/19/2014 C: 09:00 AM - 1 ROOM: BRANCH 35 RM 2*

04/03/2014 Warrant Ordered, Warrant Issued (Judicial Officer: Gallagher, Daniel J)
*ROOM: BRANCH 35 RM 2 JDGE: 2048*

03/26/2014 **Motion State** (9:00 AM)
Resource: Location CR7135 Branch 35/Room 1
*ROOM: BRANCH 35 RM 2 737 E. 111TH ST. CDATE: 03/26/2014 C: 09:00 AM - 1*

03/26/2014 Motion State - Continuance (Judicial Officer: Sconza, Joseph M)
*ROOM: BRANCH 35 RM 2 JDGE: 1914 CDATE: 04/03/2014 C: 09:00 AM - 1 ROOM: BRANCH 35 RM 2*

03/23/2014 **Continued to** (12:00 PM)
Resource: Location CR1101 Branch 1, Room 100
*ROOM: BRANCH 1 RM 100 2600 S. CALIFORNIA AVE. CDATE: 03/23/2014 C: 12:00 PM - 7*

03/23/2014 Defendant In Custody (Judicial Officer: Brown, James R)
*ROOM: BRANCH 1 RM 100 JDGE: 1848 CDATE: 03/23/2014 C: 12:00 PM - 7 ROOM: BRANCH 1 RM 100*

03/23/2014 Probable Cause To Detain (Judicial Officer: Brown, James R)
*ROOM: BRANCH 1 RM 100 JDGE: 1848*

03/23/2014 Bail Amount Set (Judicial Officer: Brown, James R)
*ROOM: BRANCH 1 RM 100 JDGE: 1848 AMOUNT: 1000.00*

03/23/2014 Motion State - Continuance (Judicial Officer: Brown, James R)
*ROOM: BRANCH 1 RM 100 JDGE: 1848 CDATE: 03/26/2014 C: 09:00 AM - 1 ROOM: BRANCH 35 RM 2*

03/23/2014 Defendant Demand For Trial (Judicial Officer: Brown, James R)
*ROOM: BRANCH 1 RM 100 JDGE: 1848*

## Other Documents

| | | | |
|---|---|---|---|
| 04/07/2014 | Criminal Document | 21764801 | 1 Pages |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Jane Doe No. 2
Plaintiff(s)

v.

Citibank, N.A., et al.
Defendant(s)

Case No: 2025-L-003833
Calendar Z Courtroom 2204

## BRIEFING SCHEDULE

THIS CAUSE coming on for hearing on the motion of Plaintiff/Defendant Citibank for 2-615 motion to dismiss, due notice having been given, and the court being otherwise fully advised in the premises :

IT IS HEREBY ORDERED:

1. Movant is given leave to file his motion and memorandum in support thereof instanter/within ______ days or by June 22, 2026: 4231
2. Respondent shall respond by July 7, 2026. 4231
3. Movant shall reply by July 14, 2026. 4231
4. The movant must provide the Court at clerk's status on July 15, 2026 at 9:00a.m with a COMPLETE set of courtesy copies of ALL documents including the MOTION, RESPONSE, REPLY, ETC. Deposition transcripts applicable, Complaint of Dismissal is sought: all exhibits, in accordance with the law Division Motion Judge's Rule 6.1, 6.3: 4217 4374
5. This matter is set for Case Management and ruling on July 29 2026 at 9:00 a.m/p.m 4619
6. No continuance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
7. Lack of compliance of any of the above dates may result in either a striking or ruling on the motion without hearing, as applicable.
8. The previous hearing date of June 25, 2026 at 9:00 am/pm is stricken and reset to ______, 20____ at ______ am/pm. 4331
9. OTHER Plaintiff's motion to compel scheduling of deposition is denied. 5215

Judge Stephanie Saltouros-2161
JUN 22 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Attorney Name:
Attorney Number:
Attorney for:
Address/City/State:
Telephone:

Entered: Stephanie D. Saltouros
, Circuit Court Judge

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Line # ________
Time: ________

Jane Doe No. 2, Plaintiff(s),
-v-
Citibank, N.A. et al., Defendant(s).

No: 2025-L-003833
Calendar: Z
Filing Date: March 18, 2025
*2005 Trial Setting: February 22, 2026
(12 mos or 24 mos from filing date)
*2005 Trial Date: ________

## CASE MANAGEMENT ORDER
(Circle All Applicable Paragraph Numbers)
(Parties Must be Identified in All Paragraphs Selected)

1. (4231) HIPAA Order, treater list, written fact, 213(f)(1), (f)(2), 214 discovery issued by: ________
2. (4296) Written fact, 213(f)(1), (f)(2), 214 discovery completed by ________
3. (4218) Party depositions, fact, 213(f)(1) depositions completed by: Dates in August or later set by July 29, 2026
4. (4288) 213(f)(2) subpoenas issued by (P) (D) (Other ) by ________
5. (4218) 213(f)(2) depositions completed by ________
6. (4231) Dispositive motions filed by (P) (D) (Other) by ________
7. (4296) 215 and 216 discovery completed by ________
8. (4231) Parties issue 213 f(3) interrogatories by: ________
9. (4206) Plaintiff(s)/Defendant(s)/Add'l Party(ies) answer 213(f)(3) ________
10. (4218) Plaintiff(s)/Defendant(s)/Add'l Party(ies) 213(f)(3) depositions completed by ________

ENTERED
Judge Stephanie Saltouros-2161
JUN 22 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

11. (4619) 4335 The case is continued for CMC on July 29 at 9:00 am in Room Court Room 2204 for:

☐ Service ☐ Pleadings ☒ Discovery ☐ Settlement ☐ Atty Appearance ☐ Other

4297 Firm dates for all FI's to be scheduled by 7/29/26 to placed for 7/29/26

*** COPIES OF ALL CMC ORDERS ARE REQUIRED ON ALL CMC COURT DATES ***

Failure to comply with this order shall be a basis for sanctions under Rule 219(c).
Failure to enforce this order shall constitute a forfeiture of such discovery by that party.

Name Sofia Orelo
Address 71 S. Wacker Dr.
City/State Chicago, IL 60606
Telephone 312 701 8026
E-mail sorelo@gmail.com
Atty. For Citibank, N.A.
Atty. No. 6347678

ENTERED:

JUDGE ________

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 6/22/2026 9:38 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | Judge Stephanie D. Saltouros |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO SECTION 2-615**

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned counsel, respectfully submits this Motion to Dismiss Counts I through IV of Plaintiff Jane Doe No. 2's Third Amended Complaint pursuant to 735 ILCS-5/2-615. In support of this motion, Citibank relies on its concurrently-filed supporting brief.

DEFENDANT CITIBANK, N.A.

Dated: June 22, 2026

By: *Andrew Rosenman*

Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

FILED DATE: 6/22/2026 9:38 PM 2025L003833

## CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 22nd day of June, 2026, I caused a true copy of **DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO SECTION 2-615** to be served on counsel for Plaintiff Jane Doe via email and the Court's electronic filing system and on Defendant Marcus C. Jackson by email and first-class mail as follows:

Susan E. Loggans
Patrick J. Condron
Kim Jones
Susan E. Loggans & Associates, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com
kjones@logganslaw.com

and

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

FILED
6/29/2026 10:12 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38775097

FILED DATE: 6/29/2026 10:12 AM 2025L003833

SEL/KAJ/mxd 06/18/2026 23-065 #21683

STATE OF ILLINOS )
)SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE, NO. 2,

Plaintiff,

v. Case No. 2025L003833

CITIBANK, N.A., a corporation, and
MARCUS C. JACKSON,

Defendants.

## PROOF OF SERVICE

I, Maggie Deltoro, served the attached on Defendants, CITIBANK, N.A., a corporation and MARCUS C. JACKSON.

Plaintiff's Interrogatory to Defendant, Marcus C. Jackson

TO: (See the attached Service List)
by e-mailing a copy to the above-mentioned attorneys at the addresses shown on the attached service list on the 18th day of June, 2026.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: 06/18/2026

/s/ Maggie Deltoro
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 6/29/2026 10:12 AM 2025L003833

**SERVICE LIST**
Jane Doe v. Citibank, N.A., and Marcus C. Jackson
2025L001601

**ATTORNEY FOR PLAINTIFF - JANE DOE**
Susan E. Loggans
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT - CITIBANK, N.A.**
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON - DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/29/2026 10:17 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38775280

FILED DATE: 6/29/2026 10:17 AM 2025L003833

SEL/KAJ/mxd 06/18/2026 23-065 #21683

STATE OF ILLINOS )
)SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JANE DOE, NO. 2,

Plaintiff,

v.

CITIBANK, N.A., a corporation, and
MARCUS C. JACKSON,

Defendants.

Case No. 2025L003833

PROOF OF SERVICE

I, Maggie Deltoro, served the attached on Defendants, CITIBANK, N.A., a corporation and MARCUS C. JACKSON.

Plaintiff's Supplemental Request for Production to Defendants, Citibank, N.A., a corporation and Marcus C. Jackson

TO: (See the attached Service List)
by e-mailing a copy to the above-mentioned attorneys at the addresses shown on the attached service list on the 18th day of June, 2026.

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Date: 06/18/2026

/s/ Maggie Deltoro
Signature

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

FILED DATE: 6/29/2026 10:17 AM 2025L003833

**SERVICE LIST**
Jane Doe v. Citibank, N.A., and Marcus C. Jackson
2025L001601

**ATTORNEY FOR PLAINTIFF - JANE DOE**
Susan E. Loggans
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT - CITIBANK, N.A.**
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON - DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
7/7/2026 9:40 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38903654

FILED DATE: 7/7/2026 9:40 PM 2025L003833

SEL/KAJ/dah 07/07/26 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, Plaintiff, | ) | |
| v. | ) | No. 2025 L 003833 |
| CITIBANK, N.A., and MARCUS C. JACKSON, Defendants. | ) | |

**NOTICE OF FILING**

To: This Document is only being served to each Attorney in the Odyssey E-filing System Service Contact List

I, Deborah A. Hecimovich, hereby certify that on 7th day of July, 2026, I electronically filed the following documents with the Clerk of the Circuit Court of Cook County, Law Division, by using the eFileIL system:

- Plaintiff's Response to Defendant, Citibank, N.A.'s Motion to Dismiss Plaintiff's Third Amended Complaint at Law

I certify that on the 7th day of July, 2026, I electronically served this notice and the above-mentioned document(s) by e-mail to the e-mail addresses registered with the eFileIL and serve electronic filing system pursuant to Illinois Supreme Court Rule 11(c).

Under penalties as provided by law pursuant to 735 ILCS 511 Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

/s/: Deborah A. Hecimovich

SUSAN E. LOGGANS & ASSOCIATES, PC
180 NORTH LASALLE STREET, SUITE 2640
CHICAGO, IL 60601
312-201-600
SERVICE FAX: 312-201-1180
SERVICE EMAIL: thefirm@logganslaw.com
Firm No.: 21683

# SERVICE LIST

Jane Doe No. 2 v. Citibank, N.A., and Marcus C. Jackson

2025L003833

**ATTORNEY FOR PLAINTIFF - JANE DOE NO. 2**

Susan E. Loggans
SUSAN E LOGGANS & ASSOCIATES, P.C.
180 N LaSALLE STREET; STE. 2640
CHICAGO, IL 60601
PH: 312-201-8600
FX: 312-201-1180
thefirm@logganslaw.com

**ATTORNEY FOR DEFENDANT - CITIBANK, N.A.**
Andrew S. Roseman
Sofia B. Orelo
MAYER BROWN LLP
71 S WACKER DRIVE
CHICAGO, IL 60606
PH: 312-701-8744
arosenman@mayerbrown.com
sorelo@mayerbrown.com

**MARCUS JACKSON - DEFENDANT, PRO SE**
9424 S CALUMET
CHICAGO, IL 60619
312-285-7638
charlesmarcus303@gmail.com

FILED
7/7/2026 9:40 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38903654

FILED DATE: 7/7/2026 9:40 PM 2025L003833

SEL/kaj/wps 07/07/2026 23-065 #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JANE DOE NO. 2,
Plaintiff,
v.
CITIBANK, N.A., and
MARCUS C. JACKSON,
Defendants.

) NO. 2025 L 003833

**PLAINTIFF'S RESPONSE TO DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS**

NOW COMES Plaintiff, JANE DOE NO. 2 (hereafter, "Doe 2"), by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and respectfully requests this Court deny Defendant CITIBANK, N.A.'s (hereafter, "Citibank") Section 2-615 Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Third Amended Complaint. Doe 2 states:

**FACTS**

Citibank portrays this case as an off-premises, after-hours assault disconnected from banking. (Ex. 1.) That framing strips away the facts that make Doe 2's claims actionable. The issue is whether Doe 2 properly pleaded that Citibank owed a duty, breached that duty, and caused injury to Doe 2 by placing and keeping Marcus Jackson, (hereafter, "Jackson"), in position of customer trust. Citibank's negligence

FILED DATE: 7/7/2026 9:40 PM 2025L003833

in hiring, supervision, training, and retention allowed Jackson to use Citibank's banking platform to isolate and sexually assault Doe 2. (Deft Ex. 1.)

Doe 2 was a Citibank customer who went to the Kenwood Branch seeking banking assistance, which Jackson provided, including assisting with an ATM transaction and reversing charges on her account. Through that banking relationship, Jackson obtained Doe 2's personal cell phone number so that he could contact her directly. On July 6, 2023, Jackson observed Doe 2 at the ATM inside the Kenwood Branch while he was working and invited Doe 2 to meet him at Bar David. On July 7, 2023, Doe 2 met Jackson at Bar David at approximately 8:00 p.m. for about one hour. Thereafter, Jackson sexually assaulted Doe 2.

Doe 2's strongest claim is negligent retention. Before the occurrence involving Doe 2, Citibank received notice of a complaint by another Citibank customer, Jane Doe, that Jackson had been accused of sexual assault and strangulation, arising out of Jackson's interactions with Jane Doe with while acting as a Citibank Personal Banker. (Ex. 10.) Doe 2 filed a complaint to CSIS. On 8/8/23, her sexual assault claims against Jackson were also deemed "unsubstantiated". (Ex. 14.)

**LAW**

A Section 2-615 motion attacks the legal sufficiency of the complaint based on defects apparent from its face. In ruling on such a motion, the Court accepts well-pleaded facts as true and draws reasonable inferences in favor of the plaintiff. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006); *Doe v. Coe*, 2019 IL 123521,

FILED DATE: 7/7/2026 9:40 PM 2025L003833

¶¶ 20, 31-32. Illinois is a fact-pleading jurisdiction, but a plaintiff is not required to plead evidence. *Doe v. Coe*, 2019 IL 123521, ¶ 32.

This Motion is not for summary judgment. Citibank cannot obtain dismissal, with prejudice, by asking the Court to resolve factual disputes. Additionally, the two most important parties to this case, Jackson and Doe, have not yet been deposed.

Furthermore, the Illinois Supreme Court recently clarified that a plaintiff may pursue theories of direct negligence, including negligent hiring, supervision, and training, against an employer even when the employer admits the employee was an agent. *McQueen v. Green*, 2022 IL 126666, ¶ 60.

## ARGUMENT

### I. Doe 2 States Viable Claims for Negligent Hiring and Negligent Retention

### A. Negligent Hiring.

Negligent hiring requires facts showing that the employer knew or should have known the employee had a particular unfitness for the position creating a danger of harm to third persons, that the unfitness was known or should have been known at hiring or retention, and that the unfitness proximately caused the injury. *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998); *Doe v. Coe*, 2019 IL 123521, ¶ 41.

In *Easley*, the court affirmed liability where a security guard used access created by his employment to enter the plaintiff's apartment and assault her. *Easley v. Apollo Detective Agency, Inc.*, 69 Ill. App. 3d 920 (1st Dist. 1979). The court emphasized that, in selecting an agent, the employer must exercise care reasonably

FILED DATE: 7/7/2026 9:40 PM 2025L003833

commensurate with the perils and hazards likely to be encountered in the performance of that agent's duties. *Id.* at 932.

*Malorney* applied the same principle, as the First District held that an employer had a duty to investigate a driver's criminal background before placing him into an over-the-road truck equipped with a sleeping compartment. *Malorney v. B&L Motor Freight, Inc.*, 146 Ill. App. 3d 265 (1st Dist. 1986). The court emphasized that the precise injury need not be foreseen. *Id.* at 268-69.

These cases defeat Citibank's attempt to slice Jackson's background into separate pieces and minimize each one. The question is whether the aggregate risk profile made Jackson unfit for the specific customer-facing banking role.

Viewed in the aggregate, Jackson's background was not a harmless collection of technicalities. In Case No. 04CR1009702, Jackson was charged with theft and 3 felony unlawful-recording/unlawful-use-of-recorded-sound offenses. (Deft Ex. 4.) Jackson's possession-of-cannabis charge involved 2.5 to 10 grams, with docket activity from the 8/12/08 arrest through 3/27/18 when the charge was dropped, only a year before applying to Citibank (Deft Ex. 4.) The Cook County record identifies a charge under 720 ILCS 5/24-1(a)(4), "UUW - Carry/Possess Firearm/1," with a 3/23/14 arrest date, 4/3/14 bond forfeiture, and 4/14/14 guilty plea (Deft Ex. 4.) Additionally, the CPD report states, Jackson "knowingly possessed in a vehicle … a stun gun that was immediately accessible." (Deft Ex. 5.) Jackson's financial-risk history is amplified by Case No. 05M1-173312, a 16-year debt-collection case, involving a 2005 filing, a 2006 judgment, a 2017 petition to revive judgment, and 2021 wage-garnishment

FILED DATE: 7/7/2026 9:40 PM 2025L003833

proceedings involving Citigroup and Jackson, where Citi calculated $277.76 wage garnishments out of Jackson's checks. (Ex. 5.)

Federal banking law further underscores why dishonesty-related history cannot be brushed aside in the banking industry. Section 19 of the Federal Deposit Insurance Act, 12 U.S.C. § 1829, restricts participation in the affairs of insured depository institutions by persons convicted of offenses involving dishonesty, breach of trust, or money laundering absent appropriate consent or an applicable exception.

**B. Doe 2 Independently States a Viable Negligent Retention Claim**

Negligent retention focuses on what the employer knew or should have known after hiring and whether the employer nevertheless retained the employee despite a known or knowable risk. *Van Horne*, 185 Ill. 2d at 311; *Doe v. Coe*, 2019 IL 123521, ¶ 41. Here, Doe 2 alleges more than old background history. Citibank had notice, via a complaint from Jane Doe, accusing Jackson of sexual assault. Despite the seriousness of those allegations, Citibank chose to retain Jackson.

The investigation noted Jane Doe did not join a Zoom call and later said her attorneys would be in touch. (Ex. 10.) But a sexual-assault trauma victim's failure to immediately participate in an investigator's call does not prove the allegation false.

The CSIS report references OSINT findings that Jane Doe had a "long history of filing complaints and lawsuits", referencing a 9/25/14 article, the same year as Jackson's UUW/stun-gun conviction. (Ex. 10.) Citibank cannot ask this Court to treat older information about Jackson as irrelevant while treating similarly dated, unrelated information about Jane Doe as decisive.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Byrne-Solomon testified that the supposed support for Jackson came from materials that Jackson himself supplied and that she did not know whether his credit card materials were reviewed for completeness. (Ex. 3, Byrne-Solomon Dep. 20:1-25; 21:1-16; 22:4-9.) Byrne-Solomon admitted CSIS did not recover the texts from Jackson's phone or iCloud account and did not know for sure whether he provided the entire text string. (Ex. 3, Byrne-Solomon Dep. 44:6-18; 46:4-12.)

Byrne-Solomon agreed that she could not tell whether OSINT found any previous complaints about sexual assault. (Ex. 3, Byrne-Solomon Dep. 25:1-15.) Byrne-Solomon also testified that she later saw texts referencing a hotel — "Headed back to hotel now from running my errands" — and admitted those texts potentially suggested a hotel room was involved. She further testified that she did not see those texts during the investigation and that, had she seen them, she "would have asked more questions" of Jackson. (Ex. 3, Byrne-Solomon Dep. 63:1-18; 64:1-16.)

Jackson also told CSIS that he called his uncle after the encounter and discussed how "weird" the night went but then refused to allow CSIS to contact that uncle. Schneidmill admitted that CSIS "would have liked to know" what Jackson told his uncle. (Ex. 2, Schneidmill Dep. 36:24-37:18; 38:16-24.)

Jane Doe's text also undercuts Citibank's attempt to sanitize the investigation: "Marcus I just want to let you know that as I drive home and think things. I have to say I am definitely surprised as to what occurred and our unclear expectation of things. I find what you did not to be professional at all." (Ex. 10.) This text was sent at 9:44am on 3/24/23, and it directly undermines Jackson's claim that they simply went their separate ways, the night before, before the 8:47pm phone call that he told

FILED DATE: 7/7/2026 9:40 PM 2025L003833

CSIS that he "didn't remember what it was about". (Ex. 10.) CSIS nevertheless accepted Jackson's framing that Jane Doe was upset because he would not discuss her wire transaction and that he somehow believed she "set him up." (Ex. 10.)

The retention claim is especially strong because foreseeability is no longer abstract after Jane Doe's complaint. Citibank had notice of Jane Doe's harm, which defeats Citibank's claim Doe 2's harm was unforeseeable.

Citibank terminated Jackson on 11/29/23 ("Involuntary – Performance" listed as the reason). (Ex. 13.) This termination shows Citibank had the prior ability to remove Jackson from his role, yet he remained through Doe 2's occurrence.

**II. CITIBANK Owed a Duty to Reasonably Supervise and Train Personal Bankers**

Doe 2 is not asking the Court to hold Citibank automatically liable for every private crime committed by an employee. Doe 2 is asking the Court to hold Citibank responsible for supervising and training a Personal Banker who used bank-created access to isolate and sexually assault Doe 2.

Illinois courts determine duty by considering: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing that burden on the defendant. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14; *Doe v. Coe*, 2019 IL 123521, ¶ 37.

**A. Off-Premises, After-Hours Assault Does Not Make the Harm Unforeseeable**

Citibank first argues the assault was not foreseeable because it occurred off premises and outside business hours. That argument improperly isolates the final location of the assault from the bank-created access that enabled it.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

*Mueller* is directly instructive. In *Mueller*, a coach took a student off school grounds after practice under the pretext of working on a personnel roster, then sexually assaulted her at his home. *Mueller v. Community Consolidated School District No. 54*, 287 Ill. App. 3d 337 (1st Dist. 1997). The First District did not treat the off-site location as the dispositive issue; it focused on whether the employee was fit for a position that allowed unsupervised contact. *Id.* at 345-46.

The same principle applies here. The relevant issue is not whether Jackson's assault occurred outside the branch. The issue is whether Citibank reasonably hired, retained, supervised, and trained a Personal Banker who used bank-created access to move Doe 2 from the branch into personal, off-premises, after-hours contact.

Citibank's cited cases, *Ward* and *Dennis*, are distinguishable. *Ward* involved an attorney-client relationship where the court found no pleaded facts making the assault foreseeable to the law firm. *Ward v. Kutak Rock, LLP*, 2023 IL App (1st) 221499-U. *Dennis* involved a bus driver who enticed an intoxicated passenger off the bus after his shift and took her to his home, with no pleaded facts showing the employer had reason to know or suspect that conduct *Dennis v. Pace Suburban Bus Serv.*, 2014 IL App (1st) 132397. Neither case is analogous here, especially considering Citibank's foreseeability of Jackson potentially attacking another female customer.

**B. The Likelihood of Harm Was Not "Exceedingly Low"**

Citibank next argues the likelihood of harm was "exceedingly low," which is flawed. Citibank was fully aware of Jackson's criminal misconduct regarding Jane Doe's harm, showing Jackson's harm unto Doe 2 to be foreseeable.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Citibank's reliance on *Noto* does not change the analysis. *Noto v. Shlifka*, 2024 IL App (2d) 240093. *Noto* recognized *Doe v. Coe*'s rule that negligent supervision in the employment context requires general foreseeability, not prior notice of the employee's particular unfitness. *Id.* ¶ 29. *Noto* also recognized that the extent of supervision depends on contextual factors, including the work performed, the employees performing it, the size of the business, the type of work, and the employer's clientele. *Id.* The claim failed there because the complaint lacked specific facts showing what the supervisor knew, what prior acts occurred, or why the employer had reason to suspect coercive sexual misconduct. *Id.* ¶¶ 33, 38.

Doe 2 alleges a different set of facts. Prior to Doe 2's assault, Citibank already had notice of another customer complaint involving sexual assault, showing that the likelihood of harm was not low at all.

**C. The Burden Was Not Enormous; Citibank Policies Confirm Duty Was Manageable**

Citibank's own performance-review materials show why that duty was both manageable and necessary. (Ex. 4.) Citibank evaluated Jackson on client-facing goals, including client relationship value, banker-led advice and guidance, "Client Obsession," and compliance with Citi rules and regulations. (Ex. 4.) Citibank cannot encourage Jackson to deepen client relationships, build customer trust, and assume leadership responsibilities while claiming it had no manageable duty to train and supervise the boundaries of those same customer relationships.

Citibank's Code of Conduct reinforces the same point, stating that when concerns are raised about possible misconduct or unethical behavior, Citi conducts investigations thoroughly, fairly, with discretion, and in a timely manner. (Ex. 8.) It

FILED DATE: 7/7/2026 9:40 PM 2025L003833

also provides that violations of law, policy, procedure, or the Code may result in discipline up to and including termination. (Ex. 8.) Citibank's written standards therefore confirm that investigating misconduct, enforcing policy, restricting access, and disciplining employees were not extraordinary burdens. They were part of Citibank's own compliance structure. (Ex. 8.)

The Employee Handbook also addressed sexual harassment, inappropriate physical conduct, pressure for unwelcome sexual activity, personal-device use during work, and business gifts or entertainment that could create conflicts of interest or reputational harm. (Ex. 9.) It also addressed personal-device use for non-business activities and required management to ensure annual Prevention Training. (Ex. 9.) Section 5.2.2 states: "Management is responsible for compliance with this policy, including completion of the Prevention Training requirements for managers and ensuring their employees complete all required Prevention Training on an annual basis." (Ex. 9.) However, it's unclear what the annual "Prevention Training" entailed.

Schneidmill's deposition confirms policies and training issues are manageable. She testified that CSIS exists to determine if employees breached internal policies and that the employee handbook contains "some" of those policies. (Ex. 2, Schneidmill Dep. 9:3-17.) But she also testified that there is training on "some policies, not all of them," that "they cannot possibly train everyone on every policy," and that she did not know who conducts the training. (Ex. 2, Schneidmill Dep. 10:16-22; 11:1-11.) That testimony supports further discovery into whether Jackson was actually trained on the customer-boundary, sexual-harassment, personal-device, and client-relationship rules Citibank now says defeat duty.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

On 5/15/23, after Jackson violated Citi's Secure Workplace policy by leaving his iPad unsecured at his workstation, Branch Manager Stephanie Flemister issued a written Record of Discussion, copied HR, and required immediate and sustained improvement with "zero defects" over the next 90 days. (Ex. 6.) This occurred approximately a month and a half after Jane Doe's complaint. Citibank therefore cannot plausibly claim that monitoring, documenting, restricting, or disciplining Jackson was too burdensome, as it already had mechanisms to do exactly that.

Citibank cannot have it both ways. If Citibank cannot show that Jackson received, acknowledged, understood, or was trained on those rules, that supports Doe 2's negligent training claim. If branch management did not know what policies applied, did not know whether employees signed them, or had no formal system to detect after-hours customer meetings or personal-cell communications, that supports Doe 2's negligent supervision claim. Records show Jackson e-signed the 2022 Employee Handbook. (Ex. 7.)

**III. The Illinois Human Rights Act Does Not Immunize CITIBANK From Liability**

The IHRA restricts blanket discrimination, but it does not require a financial institution to blind itself to criminal history. The statute expressly permits consideration of conviction records where there is a substantial relationship to the job or where employment would create an unreasonable risk to property, safety, welfare, or the public. 775 ILCS 5/2-103.1(A). It also requires consideration of individualized factors. 775 ILCS 5/2-103.1(B).

FILED DATE: 7/7/2026 9:40 PM 2025L003833

If the IHRA's exception applies anywhere, it certainly applies to a financial institution evaluating a Personal Banker position involving customers, private financial information, account activity, personal contact information, and customer trust. CITIBANK cannot use the IHRA as both a shield and a sword: first to excuse an inadequate hiring investigation, and then to claim they had no ability to act on the very risk information a reasonable bank should have evaluated.

The IHRA also does not defeat Doe 2's negligent retention claim. Count IV is based both on pre-hiring history and on Citibank's notice, after hiring, that another female customer had accused JACKSON of sexual assault, strangulation, and improper customer contact arising from his interactions with Jane Doe while acting as a Citibank Personal Banker. The IHRA does not require Citibank to ignore a customer-safety complaint against a current employee, nor does it immunize Citibank from retaining Jackson in a customer-facing role after notice of that alleged risk.

Nor can Citibank credibly minimize the importance of background screening in the financial industry. In July 2019, shortly before Jackson applied for employment, FINRA fined Citigroup Global Markets Inc. $1.25 million for failing to conduct timely or adequate background checks on thousands of non-registered associated persons. That regulatory history underscores the obvious point: background screening in financial institutions is not a technicality. It is an internal-control, customer-safety, and compliance function. (Ex. 12.)

FILED DATE: 7/7/2026 9:40 PM 2025L003833

**IV. Doe 2's Claims Are Actionable Despite Assault Occurring Off Premises**

Citibank's premises/chattel argument fails because it isolates the final location of the assault from the employment-created access that enabled it.

*Anicich* is instructive. Applying Illinois law, the Seventh Circuit recognized that employer-created authority can function as the access or mechanism enabling off-site sexual violence. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643 (7th Cir. 2017). Citibank's argument fails for the same reason: the relevant access was created by the banking relationship, customer trust, banking paperwork, and apparent authority.

Illinois law does not support Citibank's proposed bright-line rule that duty automatically ends at the property line. *Fox v. Food & Drink Chi., Inc.*, 2024 IL App (1st) 230755. In *Fox*, the First District rejected a mechanical property-line approach and held that foreseeability remains the central inquiry even where the criminal attack occurs outside the defendant's premises. *Id.* ¶¶ 40-45, 53-54. *Fox* is a premises case, but the principle applies by analogy: Citibank-created authority enabled Jackson the opportunity to assault Doe 2.

Citibank's reliance on Restatement § 317 is misplaced for the same reason. Doe 2 asserts direct negligence claims, not vicarious liability claims. Citibank had the ability to control its Personal Bankers' customer communications.

**V. Doe 2 Sufficiently States Breach and Proximate Cause**

Citibank's reliance on cases such as *Doe v. Lyft, Inc.*, 2020 IL App (1st) 191328, and *Doe v. Lawrence Hall Youth Servs.*, 2012 IL App (1st) 103758, does not defeat these claims, as those cases concern vicarious liability, which is not the case here.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Nor does Jackson's criminal assault automatically break the causal chain. Illinois law recognizes that where a defendant's negligence creates a condition conducive to a foreseeable intervening criminal act, the intervening criminal act does not necessarily relieve the negligent party of liability. *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 224 (1988). In *Rowe*, the issue involved access and security failures that allegedly allowed criminal harm.

The same principle applies here by analogy. Before Doe 2's assault, Citibank had notice of a prior customer complaint involving Jackson's use of his Personal Banker role to obtain off-premises access to a female customer. Citibank's own investigation confirmed branch interactions and account access, yet Citibank retained Jackson in the customer-facing role. (Ex. 10.) Around the same period, Citibank's performance reviews praised Jackson's client trust, repeat clients, leadership, and sales-floor role, while its policies gave Citibank tools to investigate, discipline, restrict, and terminate employees. (Ex. 4.) Those facts support the reasonable inference that proper retention, supervision, training, or restriction would have interrupted the chain of events before Doe 2.

The investigation makes causation even clearer. Byrne-Solomon admitted that if the first investigation had been substantiated, it would have gone to the adjudication team for discipline. (Ex. 3, Byrne-Solomon Dep. 17:20-24.) Schneidmill testified that if an employee-handbook breach is unsubstantiated, "that is the end of the story for that particular report." (Ex. 2, Schneidmill Dep. 52:15-25; 53:1-3.) Citibank therefore cannot argue that the investigation outcome was irrelevant. The "unsubstantiated" label is exactly what allowed Jackson to remain. (Ex. 10.)

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Doe 2 also later explained in a letter to CSIS that Jackson was "completely appropriate in public" and that the violation occurred once Jackson had her isolated. (Ex. 11.) This was after CSIS found Doe 2's sexual assault complaint against Jackson to be "unsubstantiated" on 8/29/23. (Ex. 14.) Citibank's demand for public witnesses misunderstands the misconduct in an effort to shift the duty and blame.

**CONCLUSION**

Citibank's motion attempts to wash its hands of a horrific assault allegedly facilitated entirely by the "position of financial trust" that it granted to Jackson and allowed him to retain, despite foreseeable notice of harm to Doe 2. Citibank's Motion is not really about a pleading defect; it is an attempt to remove itself from the case before Jackson and Doe 2 have testified.

For the foregoing reasons, Plaintiff, JANE DOE NO. 2, respectfully requests that this Court deny Defendant, CITIBANK, N.A.'s Section 2-615 Motion to Dismiss Counts I, II, III, and IV of Plaintiff, JANE DOE NO. 2's Third Amended Complaint.

Respectfully Submitted,

______*/s/: Susan E. Loggans*__________
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com
Firm I.D. #21683

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
7/7/2026 9:40 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38903654

FILED DATE: 7/7/2026 9:40 PM 2025L003833

## Jane Doe No. 2 Exhibit List:

| Exhibit # | Exhibit |
|---|---|
| Deft Ex. 1 | Plaintiff's Third Amended Complaint at Law |
| Deft Ex. 4 | Jackson criminal record/certified dispositions |
| Deft Ex. 5 | Stun gun arrest police report |
| Ex. 1 | Citibank's Brief in Support of its Motion to Dismiss |
| Ex. 2 | Naomi Schneidmill Deposition |
| Ex. 3 | Meghan Byrne-Solomon Deposition |
| Ex. 4 | Jackson performance reviews, 2020-2023 |
| Ex. 5 | Wage-garnishment case docs, Case No. 05M1-173312 |
| Ex. 6 | May 15, 2023 Record of Discussion |
| Ex. 7 | Jackson acknowledgment of 2022 Employee Handbook |
| Ex. 8 | Code of Conduct |
| Ex. 9 | 2022 U.S. Employee Handbook |
| Ex. 10 | CSIS Investigative Findings re Jane Doe |
| Ex. 11 | Doe 2 Letter to CSIS |
| Ex. 12 | Article entitled, "Citibank Unit fined $1.25 Million Fine for Poor Background Check Procedures" - 7/30/19 |
| Ex. 13 | Jackson Termination Confirmation |
| Ex. 14 | Doe 2's "Unsubstantiated" CSIS Report |

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Z

FILED
6/22/2026 9:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L003833
Calendar, Z
38675450

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

FIRM ID: 43948
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2025-L-003833 |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., and | ) | |
| MARCUS C. JACKSON, | ) | Judge Stephanie D. Saltouros |
| | ) | |
| Defendants. | ) | |

# BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S SECTION 2-615 MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S THIRD AMENDED COMPLAINT

MAYER BROWN LLP
Andrew S. Rosenman
Sofia B. Orelo
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com

*Attorneys for Defendant Citibank, N.A.*

EXHIBIT
1

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# TABLE OF CONTENTS

**Page**


INTRODUCTION ..... 1

SUMMARY OF ALLEGATIONS BY DOE 2 ..... 2

2-615 STANDARDS ..... 4

ARGUMENT ..... 5

I. Doe 2 fails to state claims for negligent hiring and retention. ..... 5

II. Doe 2's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels. ..... 7

III. Doe 2's allegations in the TAC ignore the Illinois Human Rights Act's restrictions on an employer's use of conviction and arrest records in its employment decisions. ..... 8

IV. Doe 2 fails to establish that Citibank owed her a legal duty. ..... 9

- A. The off-premises (alleged) sexual assault by Jackson of Doe 2 during non-business hours was not foreseeable to Citibank. ..... 10
- B. The likelihood of a sexual assault was exceedingly low. ..... 12
- C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank ..... 13

V. Doe 2 does not allege sufficient facts to support the other essential elements of negligent hiring, retention, supervision or training claims. ..... 14

CONCLUSION ..... 15

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Tenant Screening Serv., Inc.*,
140 Or. App. 41, 914 P.2d 16 (1996)....6

*Bates v. Doria*,
150 Ill. App. 3d 1025 (2d Dist. 1986)....15

*Brooks v. MV Transp., Inc.*,
2019 WL 194373 (N.D. Ill. Jan. 15, 2019)....8

*Bruns v. City of Centralia*,
2014 IL 116998....10, 12, 13

*Carter v. Skokie Valley Detective Agency, Ltd.*,
256 Ill. App. 3d 77 (1st Dist. 1993)....9, 15

*City of Chicago v. Beretta U.S.A. Corp.*,
213 Ill. 2d 351 (Ill. 2004)....4

*Dennis v. Pace Suburban Bus Serv.*,
2014 IL App (1st) 132397....7, 11, 12, 15

*Doe v. Boy Scouts of Am.*,
2014 IL App (2d) 130121....7

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
907 S.W.2d 472 (Tex. 1995)....6

*Doe v. Coe*,
2019 IL 123521....5, 9, 10, 12

*Doe v. Lawrence Hall Youth Servs.*,
2012 IL App (1st) 103758....5

*Doe v. McKay*,
183 Ill. 2d 272 (1998)....10

*Ehrens v. Lutheran Church*,
385 F.3d 232 (2d Cir. 2004)....8

*Ernst v. Parkshore Club Apartments Ltd. P'Ship*,
863 F. Supp. 651 (1994)....9

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

*Escobar v. Madsen Constr. Co.*,
226 Ill. App. 3d 92 (1st Dist. 1992) .......... 7

*Giraldi v. Community Consol. Sch. Dist. No. 62*,
279 Ill. App. 3d 679 (1st Dist. 1996) .......... 6

*Hachem v. Chicago Title Ins. Co.*,
2015 IL App (1st) 143188 .......... 5

*Hills v. Bridgeview Little League Ass'n*,
195 Ill. 2d 210 (2000) .......... 7

*Leekha v. Wentcher*,
224 Ill. App. 3d 342 (1st Dist. 1991) .......... 4

*MacDonald v. Hinton*,
361 Ill. App. 3d 378 (3d Dist. 2005) .......... 7, 8

*MacLeod v. Commonwealth Edison*,
2024 IL App (2d) 230237 .......... 4

*Montgomery v. Petty Management Corp.*,
323 Ill. App. 3d 514 (1st Dist. 2001) .......... 6, 9

*Nabors Drilling USA, Inc. v. Escoto*,
288 S.W.3d 401 (Tex. 2009) .......... 8

*Norris v. Innovative Health Sys., Inc.*,
184 A.D.3d 471 (N.Y. Sup. Ct. 2020) .......... 6

*Noto v. Shlifka*,
2024 IL App (2d) 240093 .......... 11, 12

*O'Rourke v. McIlvaine*,
2014 IL App (2d) 131191 .......... 7

*Prince v. Atchison, T. and S. F. Ry. Co.*,
95 Ill. App. 3d 856 (1981) .......... 8

*Quiroz v. Chicago Transit Auth.*,
2022 IL 127603 .......... 4

*Strickland v. Commc'n and Cable of Chi., Inc.*,
304 Ill. App. 3d 679 (1st Dist. 1999) .......... 5, 6

*Teter v. Clemens*,
112 Ill. 2d 252 (1986) .......... 5

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

*Van Horne v. Muller*,
185 Ill. 2d 299 (1998) ....................5, 6

*Vancura v. Katris*,
238 Ill. 2d 352 (2010) ....................5

*Ward v. Kutak Rock, LLP*,
2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022) ....................10

*Ward v. Kutak Rock, LLP*,
2023 IL App (1st) 221499-U ....................10

*Wright v. City of Danville*,
174 Ill. 2d 391 (1996) ....................10

**Statutes**

Illinois Human Rights Act, 775 ILCS 5/2-103.1(A)(1) ....................9

Illinois Human Rights Act, 775 ILCS 5/2-103(A) ....................9

**Other Authorities**

Ill. S. Ct. R. 23(e)(1) ....................10

Restatement (Second) of Torts Section 317 ....................1, 7, 8

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

## INTRODUCTION

Plaintiff Jane Doe No. 2 ("Doe 2"), who was a customer of Defendant Citibank, N.A. ("Citibank"), alleges in her Third Amended Complaint ("TAC") that Defendant Marcus Jackson ("Jackson"), during his employment at Citibank, sexually assaulted her in an unidentified manner at an unidentified location. While the nature of the alleged assault is not pled in the TAC, it is clear that this alleged incident occurred *off of Citibank's premises and during non-business hours*.

The TAC alleges that Citibank negligently hired, retained, supervised and trained Jackson (Counts I-IV), and that Jackson is liable for the alleged assault (Count V). The claims against Citibank, however, fail under 735 ILCS 5/2-615 ("2-615") for several reasons.

First, Citibank is not liable for negligent hiring or retention, both of which require a plaintiff to identify a "particular unfitness" for his job as a banker. When Citibank hired Jackson, he had two convictions for *non-violent* behavior, in 2005 and 2014—18 and 9 years, respectively, before the alleged sexual assault of Doe 2, and *arrests* for cannabis possession and some driving violations. None of those non-violent offenses suggest that Citibank knew or had reason to know Jackson was "particularly unfit" to be a banker. Doe 2's claims also ignore Illinois law, which prohibits employers from using conviction records in making hiring or other employment decisions except in limited circumstances, and from using arrest records.

Second, all of Doe 2's claims against Citibank fail because the alleged assault was outside the scope of Jackson's employment and neither occurred on Citibank's premises nor involved the use of its chattels. Illinois has adopted Section 317 of the Restatement (Second) of Torts, and Illinois courts have interpreted Section 317 as placing a significant restriction on employer liability for actions of an employee that, as here, exceed the scope of employment.

Third, Jackson's alleged assault of Doe 2 was not foreseeable. In that regard, the TAC alleges that Jackson sexually assaulted a different customer, Jane Doe ("Doe 1"), who filed a

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

separate lawsuit. But Doe 2's TAC conspicuously omits any factual allegations about the outcome of Citibank's investigation of Doe 1's allegations, even though Doe 2's counsel took discovery on these issues before filing the TAC on Doe 2's behalf. Indeed, the TAC does not assert that anyone at the Kenwood branch where Jackson worked ever witnessed inappropriate behavior by Jackson toward Doe 2 or anyone else.

Finally, even if Doe 2 could overcome the foregoing hurdles, she has not alleged specific *facts* that support other required elements of negligent hiring, supervision, retention or training.

## SUMMARY OF ALLEGATIONS BY DOE 2[1]

In October 2019, Jackson applied for a job at Citibank and answered written questions about his background and work, financial, and criminal history. Ex. 1, Common Allegations ¶¶ 3-5. Jackson "failed to fully, accurately, and truthfully disclose" his criminal and financial histories and Citibank allegedly "did not conduct a reasonable, complete or thorough investigation" into Jackson before hiring him as a personal banker. *Id.*, ¶¶ 6-7, 9. Doe 2 claims that if Citibank had conducted a "reasonable and complete" background investigation, it would have learned that Jackson had a felony conviction for "unlawful use of a weapon," which, Doe 2 claims, disqualified him from employment with Citibank. *Id.*, ¶¶ 10-11, 14.[2] Jackson's criminal history also included "convictions or charges" involving use of a recorded sound, unlawful possession of a taser, cannabis possession, transporting alcohol while driving and other driving infractions. *Id.*, ¶¶ 12-13. Doe 2 alleges that questions about prior work history and financial difficulties are not asked at the branch level, and criminal history is not part of the interview process. *Id.*, ¶¶ 16-17.

---

[1] A copy of the TAC is attached hereto as Exhibit ("Ex.") 1. While Citibank must treat the well-pleaded factual allegations in the TAC as true for purposes of this Section 2-615 motion, it otherwise denies all of Doe 2's claims.

[2] Contrary to the TAC's allegations, there are no records of Jackson being convicted for unlawfully *using* any weapon. Public records show that in 2014 Jackson disclosed to officers during a traffic stop that he had a stun gun/taser in his car, and he pled guilty to a misdemeanor for unlawful *possession*. *See* Ex. 5. Moreover, as discussed below, Illinois law generally prohibits employers both from using conviction records in its employment decisions, except in limited circumstances, and from using arrest records.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Years later, in 2023, Jackson provided banking services to Doe 2, a Citibank customer, related to an ATM transaction and reversing account charges. *Id.*, ¶ 19. These banking services "formed the basis of an ongoing relationship" between Doe 2 and Jackson. *Id.*, ¶ 20. According to Doe 2, Jackson "groom[ed]" her, using his role as a personal banker to "solicit her personal cellular telephone number," approach her at the bank branch and "move his communications and interactions with her from the bank branch to a personal and social setting outside of banking hours." *Id.*, ¶ 23. On July 6, 2023, Jackson invited Doe 2 to meet him at Bar David. *Id.*, ¶ 21. On July 7, Doe 2 met Jackson there, and at some point Jackson sexually assaulted her at some unidentified location in some unidentified way. *Id.*, ¶ 24; Count V, ¶ 10. Doe 2 does not allege that Jackson brought any banking documents or materials to Bar David or to wherever he allegedly assaulted her. Nor does she aver that he discussed banking services with her that evening.

Elsewhere in the TAC, Doe 2 avers that, prior to Jackson's alleged assault of her, Citibank "received notice" that Jackson had been accused of sexual assault by Doe 1 and opened an internal investigation into that complaint. *Id.*, Count IV, ¶¶ 3-4. Without alleging additional details on Citibank's investigation (or its outcome), despite her counsel having taken discovery on those issues, Doe 2 alleges that Citibank "knew or should have known" that Jackson "posed a danger to female customers of the Kenwood Branch," including Doe 2. *Id.*, ¶ 5.

Doe 2 avers that Citibank had a duty to "refrain from hiring individuals who were not competent for employment by a financial institution such as Citibank," to "use reasonable care in retaining employees who were fit and safe to interact with customers," and a "general duty" to supervise and train its employees, but breached those duties. Ex. 1, Count I, ¶ 2; Count II, ¶ 2; Count III, ¶ 2; Count IV, ¶ 8. Citibank allegedly failed to, among other things: (a) "conduct a reasonable and complete background investigation" into Jackson before hiring and retaining him;

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

(b) discover "Jackson's felony conviction for Unlawful Use of a Weapon;" (c) "identify or act upon false, incomplete, or inaccurate information" provided by Jackson; (d) "monitor Jackson's compliance with Citibank policies;" (e) recognize that Jackson was having personal interactions with customers and instruct him to terminate such interactions; (f) train Jackson on policies "governing employee-client interactions, professional boundaries, and the prohibition against converting banking relationships into personal or social relationships;" and (g) implement training to "protect customers from employees misusing positions of financial trust." *Id.*, Count I, ¶ 3; Count II, ¶ 3; Count III, ¶ 3; Count IV, ¶ 9.

## 2-615 STANDARDS

A complaint must allege sufficient facts to bring the plaintiff's claim within the scope of the causes of action asserted; legal conclusions and conclusions of fact unsupported by specific facts are not deemed admitted for purposes of a 2-615 motion. *MacLeod v. Commonwealth Edison*, 2024 IL App (2d) 230237, ¶ 57. The court accepts as true all well-pleaded facts and reasonable inferences drawn from those facts, but need not reach "unreasonable and unwarranted conclusions" to sustain a complaint. *Quiroz v. Chicago Transit Auth.*, 2022 IL 127603, ¶ 11; *Leekha v. Wentcher*, 224 Ill. App. 3d 342, 352 (1st Dist. 1991).

Further, Illinois is a fact-pleading jurisdiction. "Fact pleading imposes a heavier burden on the plaintiff, so that a complaint that would survive a motion to dismiss in a notice-pleading jurisdiction might not do so in a fact-pleading jurisdiction." *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (Ill. 2004). "Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

favoring the liberal construction of pleadings." *Teter v. Clemens*, 112 Ill. 2d 252, 256-57 (1986).[3]

## ARGUMENT

Under common law negligence theories, an employer may be liable for an employee's torts "in one of two ways, depending on whether the employee was acting within the scope of his employment." *Doe v. Coe*, 2019 IL 123521, ¶ 33. If, as here, an employee acts outside the scope of his employment, a plaintiff "can bring a direct cause of action against the employer for the *employer's* misconduct." *Id.* (emphasis added); *see also Vancura v. Katris*, 238 Ill. 2d 352, 375 (2010) (direct negligence claim is that "the employer was *itself* negligent").[4] But "[t]he general rule in Illinois is that a defendant employer does not have a duty to control the conduct of an employee to prevent harm to a third party." *Strickland v. Commc'n and Cable of Chi., Inc.*, 304 Ill. App. 3d 679, 685 (1st Dist. 1999). Here, none of Doe 2's negligence claims is actionable.

### I. Doe 2 fails to state claims for negligent hiring and retention.

A negligent hiring or retention claim must sufficiently plead: "(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998).

> To successfully plead a cause of action for negligent hiring or retention, it is not enough for the plaintiff to simply allege that the employee was generally unfit for employment. 'There are many kinds of unfitness for employment that do not give rise to tort liability for negligent hiring [or retention].' Rather, liability arises in this context when a *particular* unfitness of an employee gives rise to a particular danger of harm to third parties.

---

[3] "[T]he court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record." *Hachem v. Chicago Title Ins. Co.*, 2015 IL App (1st) 143188, ¶ 23.

[4] "[S]exual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Doe v. Lawrence Hall Youth Servs.*, 2012 IL App (1st) 103758, ¶ 30. There is no potential *respondeat superior* liability here, and the TAC does not allege otherwise.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

*Id.* at 313 (citations omitted). Illinois courts have consistently held that a history of non-violent or unrelated offenses does not satisfy the "particular unfitness" element. For example, in *Strickland*, *supra,* the court held that an employee's prior traffic violations and dishonesty about them on employment forms did not put the employer on notice that the employee, a cable installer, might *sexually assault* customers. 304 Ill. App. 3d at 687. In *Montgomery v. Petty Management Corp.*, an employee's prior history as a gang member, record of loitering, and other non-violent incidents did not suggest to the employer that he had a "particular unfitness for the position" of cook. 323 Ill. App. 3d 514, 520 (1st Dist. 2001) (citing *Van Horne*, 185 Ill. 2d at 311). And in *Giraldi v. Community Consol. Sch. Dist. No. 62*, a negligent hiring claim against a bus company failed where the company only knew the driver was perpetually late in his job prior to the driver's sexual assault of a child. 279 Ill. App. 3d 679, 692 (1st Dist. 1996).[5]

Here, Jackson had only non-violent convictions—for "unlawful use of recorded sound" in 2005 and "unlawful possession of a taser" in 2014—*i.e.*, 18 years and 9 years, respectively, before the alleged assault. *See* Exs. 4 and 5 (Jackson's conviction records, of which the Court can take judicial notice). Jackson was *not convicted* of cannabis possession, and driving violations would not lead any reasonable person to foresee sexual assault, as millions of Americans have had traffic violations. Jackson was not convicted of any weapons charge aside from his *possession* of a taser that he disclosed during a traffic stop in 2014. *Id.* Indeed, contrary to Doe's allegations, Jackson has never been convicted of a felony. *Id.* The temporal remoteness of Jackson's criminal record further undercuts any claim that Citibank should have foreseen that Jackson posed a danger. Stale,

---

[5] Courts in other jurisdictions routinely reject claims similar to those alleged by Doe. *See, e.g.*, *Norris v. Innovative Health Sys., Inc.*, 184 A.D.3d 471, 473 (N.Y. Sup. Ct. 2020) (convictions for trespass and drug-related offenses did not make employee's sexual assault foreseeable); *Allstate Ins. Co. v. Tenant Screening Serv., Inc.*, 140 Or. App. 41, 914 P.2d 16, 22 (1996) (history of petty theft and "fight/noise/offensive words" does not suggest an inclination to commit sexual crimes); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (rejecting negligence claims arising out of sexual assault because employee had prior DWI convictions, which "did not indicate criminal conduct in any way akin to sexual assault of young boys").

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

non-violent offenses predating the alleged assault by many years cannot establish constructive knowledge of "particular unfitness" that a negligent hiring or retention claim requires.

## II. Doe 2's claims against Citibank are not actionable because the alleged assault occurred off Citibank's premises and without use of its chattels.

Illinois has adopted Section 317 of the Restatement (Second) of Torts, which limits employer liability for out-of-scope employee conduct. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 229 (2000). Under Section 317, "liability for out-of-the-scope acts will rest only where 'the employee is on the employer's premises or using the chattel of the employer, and the employer has reason to know of the need and opportunity for exercising control over the employee.'" *Doe v. Boy Scouts of Am.*, 2014 IL App (2d) 130121, ¶ 43 (citation omitted). **"Illinois courts have regarded section 317 as placing a significant restriction on an employer's liability for the acts of an employee that exceed the scope of the employment."** *O'Rourke v. McIlvaine*, 2014 IL App (2d) 131191, ¶ 18 (emphasis added).

"Courts have applied this rule to find liability lacking as a matter of law where, though the plaintiff came to know the employee only through the employment, the injury neither occurred on the employer's premises nor involved the instrumentalities of employment." *Boy Scouts*, 2014 IL App (2d) 130121, ¶ 43. For example, in *MacDonald v. Hinton*, 361 Ill. App. 3d 378 (3d Dist. 2005), the court relied on Section 317 in affirming the 2-615 dismissal of a negligent hiring claim. *Id.* at 388. Defendant's employee killed the plaintiff off of the employer's premises, and plaintiff did not allege that the employee used the instrumentalities of employment in doing so. *Id.*; *see also Dennis v. Pace Suburban Bus Serv.*, 2014 IL App (1st) 132397, ¶ 24 (applying Section 317 and affirming 2-615 dismissal of negligent supervision claim where bus driver sexually assaulted plaintiff at his home); *Escobar v. Madsen Constr. Co.*, 226 Ill. App. 3d 92, 95 (1st Dist. 1992) (negligent supervision claim failed because defendant's employee shot plaintiff away from

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

employer's premises and gun used did not belong to employer); *Prince v. Atchison, T. and S. F. Ry. Co.*, 95 Ill. App. 3d 856 (1981) (negligent hiring claim failed where fatal accident did not occur on employer's premises and instrumentality involved, a truck, was not in employer's control).[6]

Importantly, trust or a relationship formed by an assailant and victim during the course of the assailant's employment is not a basis for imposing liability on an employer for negligence. *See MacDonald*, 361 Ill. App. 3d at 388 (rejecting, under Section 317, negligent hiring claim where defendant's employee met and befriended plaintiff's son while they were co-workers and subsequently killed him off of defendant's premises and without instrumentalities of employment); *Brooks v. MV Transp., Inc.*, 2019 WL 194373, at *3 (N.D. Ill. Jan. 15, 2019) (negligence claim failed where employee assaulted and killed customer at home without job's instrumentalities).

In this case, Doe 2 alleges only that, on July 7, 2023, Jackson invited her to meet him at Bar David. *See* Ex. 1, Common Allegations, ¶¶ 21 Doe 2 does not allege that the assault occurred on Citibank's premises or using its chattels. Indeed, Doe 2 does not allege that Jackson brought paperwork or any other Citibank property to Bar David (or wherever the alleged assault occurred thereafter). Doe 2 alleges no facts as to where the assault occurred or what it entailed. *Id.*, Count V, ¶ 10. In any event, though, the alleged assault did not occur on Citibank's premises or with its chattels. Section 317 therefore compels dismissal of Doe 2's claims against Citibank.

## III. Doe 2's allegations in the TAC ignore the Illinois Human Rights Act's restrictions on an employer's use of conviction and arrest records in its employment decisions.

The TAC's assertions that Citibank is liable for negligence because Jackson's prior history should have disqualified him from employment (Ex. 1, Common Allegations, ¶¶ 10-14) are

---

[6] Many other courts have similarly rejected negligence claims where, as here, the offending employee did not use the employer's chattels. *See, e.g.*, *Ehrens v. Lutheran Church*, 385 F.3d 232, 236 (2d Cir. 2004) (negligent supervision claim failed because alleged sexual assault did not occur on defendant's premises or with its chattels); *Nabors Drilling USA, Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009) ("An employer ordinarily will not be liable for torts committed by off-duty employees except when the torts were committed on the employer's premises or with the employer's chattels.") (citing Section 317).

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

unpersuasive. The Illinois Human Rights Act ("IHRA") *prohibits* employers from using a conviction record to refuse to hire, or to take other adverse action, where, as here, there is no "substantial relationship" between Jackson's prior convictions and the position—banker—that he held at Citibank. *See* 775 ILCS 5/2-103.1(A)(1). The IHRA also prohibits employers from refusing to hire, or taking other adverse action, based on an arrest record. *See* 775 ILCS 5/2-103(A); *Ernst v. Parkshore Club Apartments Ltd. P'Ship*, 863 F. Supp. 651, 656 (1994).

Moreover, Illinois courts have rejected the notion that criminal history, even for a violent crime, is itself sufficient to establish negligent hiring or retention claims. *See, e.g.*, *Montgomery,* 323 Ill. App. 3d at 521 ("If we were to hold employers liable for all the conduct of every person they hire who has a less-than-perfect history, as plaintiff suggests, whole segments of our young male population will be excluded from meaningful employment. We should keep in mind the axiom 'idle hands are the devil's workshop.'"). As the Appellate Court explained in another case:

> Such a rule would make any person with a conviction for any violent crime virtually unemployable if the employer knew, or the employment was such that the employer should have known, of the employee's criminal record. No employer would hire such person for even the most menial of jobs if he would be liable for any criminal or intentional acts that the employee might inflict upon another who happened to have come into contact with him as a result of his employment.

*Carter v. Skokie Valley Detective Agency, Ltd.*, 256 Ill. App. 3d 77, 83 (1st Dist. 1993). Thus, the allegations in the TAC are irreconcilable with the IHRA and related cases and public policy.

**IV. Doe 2 fails to establish that Citibank owed her a legal duty.**

The elements of claims for negligent supervision and negligent training in Illinois are similar: (1) defendant had a duty to supervise [or train] the harming party, (2) defendant negligently supervised [or trained] the harming party, and (3) such negligence proximately caused plaintiff's injuries. *Coe*, 2019 IL 123521, ¶¶ 52, 61.

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

"Whether a duty exists is a question of law to be determined by the court." *Coe*, 2019 IL 123521, ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). Four factors guide that analysis: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. "The weight to be accorded these factors depends upon the circumstances of a given case." *Id.* Each one of the *Bruns* factors demonstrably weighs against the imposition of a legal duty in this case.

**A. The off-premises (alleged) sexual assault by Jackson of Doe 2 during non-business hours was not foreseeable to Citibank.**

The Illinois Supreme Court long has emphasized that "[s]erious crimes are generally unforeseeable because they are different in nature from what employees in a lawful occupation are expected to do." *Wright v. City of Danville*, 174 Ill. 2d 391, 405 (1996).

In *Ward v. Kutak Rock, LLP*, 2022 WL 20273330 (Circuit Court of Cook County, Illinois, Sept. 16, 2022) **(Exhibit 2)**, plaintiff, a client of defendant law firm, Kutak Rock, LLP ("KR"), alleged that KR negligently supervised one of its lawyers because he allegedly sexually assaulted her at a hotel. *Id.* at *1. The circuit court dismissed the claim pursuant to 2-615. *Id.* Significantly, the court emphasized the boundless standard of liability that would result from imposing a duty on the employer in these kinds of circumstances: "**To find otherwise, would mean that any criminal act conduct by an employee would be foreseeable to an employer which would render the element of foreseeability meaningless. As such, the foreseeability element does not favor the imposition of a duty.**" *Id.* at *2 (emphasis added).

The Appellate Court affirmed the 2-615 dismissal. *Ward v. Kutak Rock, LLP*, 2023 IL App (1st) 221499-U. *See* **Exhibit 3** (cited for persuasive purposes under Ill. S. Ct. R. 23(e)(1)). The court rejected the notion that KR had a duty to supervise employees and ensure they followed the

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

law and the employer's procedures because such allegations were "conclusions, not facts." *Id.*, ¶ 13. The court also emphasized that an attorney-client relationship **between adults** does not present an inherent danger giving rise to a legal duty. *Id.*, ¶ 15. The court thus affirmed dismissal "based on plaintiff's failure to plead facts in support of [KR's] duty to supervise." *Id.*, ¶ 24.

In *Noto v. Shlifka*, 2024 IL App (2d) 240093, plaintiff alleged negligent supervision after an assistant state's attorney allegedly sexual assaulted her. *Id.*, ¶¶ 1, 5-6. Plaintiff claimed the employer had a duty to supervise employees to ensure appropriate behavior and compliance with the law. *Id.*, ¶ 15. The circuit court granted the employer's motion to dismiss, reasoning in part that commission of a sexual offense was not generally actionable against a third party. *Id.*, ¶ 21.

The Appellate Court affirmed, reasoning that "foreseeability is not boundless and does not include everything that might conceivably occur." *Id.*, ¶ 31. **"Commission of a serious crime, such as sexual assault, is generally not foreseeable to an employer because employees are not expected to commit crimes."** *Id.*, ¶ 32 (emphasis added). Like the court in *Ward*, the court added that interactions between two adults "do not present the inherent danger of sexual abuse." *Id.* Further, the complaint lacked allegations that anyone in the state's attorney's office had witnessed violence or misconduct by the employee. *Id.*, ¶ 35. Thus, plaintiff failed to establish a duty. *Id.*

In *Dennis, supra*, plaintiff alleged defendant was liable for negligent supervision because one of its drivers sexually assaulted her at his home after his shift ended. 2014 IL App (1st) 132397, ¶¶ 1-2. The circuit court granted defendant's 2-615 motion, and the Appellate Court affirmed: "plaintiff alleged no facts that [defendant] had any reason to know or even suspect" the driver would take a passenger home and assault her. *Id.*, ¶ 25. Plaintiff "only offered conclusory allegations." *Id.* Defendant moved to dismiss under 2-615, arguing that it had no duty to supervise its employee's acts while he was off duty and at his home, and, moreover, that the negligent

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

supervision claim was factually insufficient. *Id.*, ¶ 6. The circuit court granted the motion, explaining that the negligent supervision claims failed to state a cause of action because the alleged sexual assault occurred at the employee's home after his work day had ended, and the defendant owed no duty to supervise him at that time. *Id.*, ¶¶ 7-8.

The Appellate Court affirmed the 2-615 dismissal: "[P]laintiff alleged no facts that [defendant] had any reason to know or even suspect that [its employee] would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her." *Id.*, ¶ 25. Plaintiff "only offered conclusory allegations in support of her claim." *Id.*

Here, Doe 2 similarly fails to establish that Jackson's alleged sexual assault—at an unspecified location away from Citibank's premises during non-business hours—was foreseeable. Doe 2, an adult, interacted with Jackson at the Kenwood branch on several occasions without incident or complaint. Ex. 1, Common Allegations, ¶¶ 19-21. She then agreed to meet Jackson at Bar David—a public location—for dinner and drinks. At some point thereafter, Jackson allegedly assaulted her in some unspecified way and at some unspecified location. The present facts are therefore starkly different from *Coe*, where the Illinois Supreme Court held that negligence claims could proceed against the employer because a pastor with ***unsupervised access*** to children had sex ***with a minor*** in the church ***where the pastor worked***. 2019 IL 123521, ¶ 14.

**B. The likelihood of a sexual assault was exceedingly low.**

The second *Bruns* factor—the likelihood of the injury—also undercuts the notion that a duty to supervise or train existed here. The likelihood of a sexual assault between a banker and customer, both of whom are adults, is "extremely low." *Ward*, Ex. 2, at *2. No inherent danger or foreseeability gives rise to a legal duty on defendant's part. Ex. 3, ¶ 15. The notion that something "might conceivably occur" is also not enough. *Noto*, 2024 IL App (2d) 240093, ¶ 31.

FILED DATE: 7/7/2026 9:40 PM 2025L003833
FILED DATE: 6/22/2026 9:38 PM 2025L003833

The TAC does not allege that Jackson brought papers or offered Doe 2 any banking services at Bar David. Nor does the TAC allege what the assault was or where it supposedly occurred. The TAC also conspicuously lacks allegations that anyone at the Kenwood branch witnessed any misconduct by Jackson toward Doe 2 (or any customers) at the branch. Rather, the TAC alleges prior business interactions between Jackson and Doe 2 that did not result in any complaints by Doe 2 to Citibank. And while Doe 2 alleges that Citibank "received notice" that Jackson (allegedly) sexually assaulted Doe 1, that Citibank investigated Doe 1's claims and that Jackson was ultimately not terminated as a result of that investigation, her TAC tellingly does not allege what Citibank's investigation entailed, what the investigators concluded, or why they reached such conclusions, even though she previously took discovery on those issues.

**C. The magnitude of the burden to guard against the assault would be enormous, as would the consequences of placing that burden on Citibank.**

The final two *Bruns* factors, i.e., the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on defendant, also negate the existence of a duty. First, it would be impracticable and unduly burdensome for an employer like Citibank to try to supervise the non-work conduct of its employees, especially as to off-premises activities. Second, the consequences of imposing a duty on Citibank in these circumstances would be unmanageable. An employer would potentially be liable for *any criminal conduct* by its employees, regardless of the time, place and nature of such conduct, and even where, as here, there are no specific factual allegations to show that the employer had any reason to know that the criminal conduct might take place. In *Ward*, Judge Cleary rightly concluded (and the Appellate Court agreed) that the magnitude of placing the burden on an employer to prevent an unforeseeable, unlikely criminal act was "extremely high and it would be unduly burdensome" for the employer to anticipate and prevent such unlikely criminal acts of its employees. *See* Ex. 2, at *2; Ex. 3. Just so here.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

## V. Doe 2 does not allege sufficient facts to support the other essential elements of negligent hiring, retention, supervision or training claims.

Even assuming Citibank owed a legal duty to Doe 2, the TAC does not allege facts as to how or when Citibank supposedly negligently supervised or trained Jackson, or how its conduct, as opposed to Jackson's off-premises conduct during non-working hours, proximately caused her injuries. Doe 2's failure to allege facts setting forth each essential element of her negligence claims is fatal to each of her claims.

In Counts I and IV (negligent hiring and retention), Doe 2 avers that Citibank "failed to conduct a reasonable and complete background investigation" into Jackson and hired and retained him despite him being "unfit" and "unsafe." Ex. 1, Count I, ¶ 3; Count IV, ¶ 8. But Doe 2 fails to allege how a more thorough background check—or a different hiring decision—would have prevented an off-premises, off-hours assault. Nor does she explain how Jackson's non-violent criminal history made him a danger to customers. Doe 2 further fails to explain how branch managers' awareness of Jackson's prior non-violent offenses would have altered events in any way. Again, the TAC is also conspicuously silent on the details and outcome of Citibank's investigation of Doe 1's allegations. Doe 2 alleges that Citibank "received notice" of Doe 1's allegations and "opened an internal investigation," (Ex. 1, Count IV, ¶¶ 3-4), but does not allege what the investigation entailed, what facts the investigators uncovered, or how the investigation concluded, even though Doe's counsel—the same counsel in both cases—took discovery on each of those issues.

In Counts II and III (negligent supervision and training), Doe 2 merely pleads conclusory supervisory and training failures by Citibank—including failures to monitor Jackson, restrict his communications with customers, and train employees to recognize "warning signs" of misconduct (*id.*, Count II, ¶ 3; Count III, ¶ 3)—but these are just conclusions, not facts. *See* Ex. 3, *Ward*, ¶ 13.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

Critically, Doe 2 fails to plead any facts that Citibank was aware that Jackson posed a danger to Doe 2, or that any act or omission by Citibank proximately caused the alleged assault. Nowhere in the TAC does Doe 2 allege facts as to how Citibank failed to train its employees to prevent the alleged assault, or explain how any act or omission by Citibank proximately caused her alleged assault. *Dennis*, 2014 IL App (1st) 132397, ¶ 26 ("plaintiff alleged no facts as to how [defendant's] failure to employ procedures dictating how its drivers handled incapacitated passengers proximately caused [its employee] to sexually assault plaintiff" or "how instructing its drivers how to handle incapacitated passengers would have prevented [defendant's employee] from taking plaintiff to his apartment and sexually assaulting her.").

Ultimately, "there must be a tangible connection between the employee's violent tendencies, the particular job he is hired to do, and the harm to the plaintiff." *Carter*, 256 Ill. App. 3d at 83. Otherwise, "an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee." *Id.* (quoting *Bates v. Doria*, 150 Ill. App. 3d 1025, 1032 (2d Dist. 1986)). Here, the tangible connection is lacking, particularly as to proximate cause, which is a necessary element of each of Doe 2's negligence claims.

## CONCLUSION

This Court should dismiss Counts I through IV with prejudice pursuant to Section 2-615.

Dated: June 22, 2026

CITIBANK, N.A.
By: /s/ *Andrew S. Rosenman*
Andrew S. Rosenman
Sofia B. Orelo
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
arosenman@mayerbrown.com
sorelo@mayerbrown.com
*Attorneys for Defendant Citibank, N.A.*

FILED DATE: 7/7/2026 9:40 PM 2025L003833

FILED DATE: 6/22/2026 9:38 PM 2025L003833

# CERTIFICATE OF SERVICE

I, Sofia Orelo, certify that under penalty of perjury, as provided by law under 735 ILCS 5/1-109, that on this 22nd day of June, 2026, I caused a true copy of **BRIEF IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S SECTION 2-615 MOTION TO DISMISS COUNTS I THROUGH IV OF PLAINTIFF'S THIRD AMENDED COMPLAINT** to be served on counsel for Plaintiff Jane Doe No. 2 via email and the Court's electronic filing system and on Defendant Marcus C. Jackson by email and first-class mail as follows:

Susan E. Loggans
Patrick J. Condron
Kim Jones
Susan E. Loggans & Associates, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312) 201-8600
thefirm@logganslaw.com
kjones@logganslaw.com

and

Marcus C. Jackson
9424 S. Calumet Ave
Chicago, IL 60619
charlesmarcus303@gmail.com

*/s/ Sofia Orelo*
Sofia Orelo

FILED DATE: 7/7/2026 9:40 PM 2025L003833

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

---

JANE DOE 1 and JANE DOE 2,
Plaintiffs,
v. Case Nos:
CITIBANK, N.A., a corporation, 2025 L 001601 and
and MARCUS C. JACKSON, 2025 L 003833
Defendants.

---

DEPOSITION

---

WITNESS: NAOMI SCHNEIDMILL
DATE: Tuesday, January 27, 2026
START TIME: 8:23 a.m., CT
END TIME: 9:51 a.m., CT
REMOTE LOCATION: Remote Legal platform
PROCEEDINGS OFFICER: Kimberly Pra, CDR-1835
JOB NO.: 45538

EXHIBIT
2

FILED DATE: 7/7/2026 9:40 PM 2025L003833

employees.

Q Where are they accessible?

A You can find them on the Citi homepage.

Q How does a -- an employee know that these policies are applicable to their day-to-day activities?

MR. ROSENMAN: Same objection.

THE WITNESS: I don't really know how to answer that question. There are policies in place at Citi. Many of them are presented to employees to refresh their knowledge of them on a year-to-year basis. And if there was a question about whether you should or should not do anything, you could look that up and determine whether what you were doing was in policy or not.

BY MR. GRAF:

Q I guess my question is, are there seminars where you go over these particular policies that aren't contained in the employee handbook?

MR. ROSENMAN: Objection to form.

THE WITNESS: There are training provided on some policies, not all of them. It's an exhaustive list.

BY MR. GRAF:

Q Did you say it was an exhaustive list or it was not?

FILED DATE: 7/7/2026 9:40 PM 2025L003833

A It's -- it's a long -- there are a lot of policies. They cannot possibly train everyone on every policy, but they do have trainings on some of them on a year-to-year basis.

Q When you say they, who are you talking about? Who's the one who's doing the training?

A I don't know. That's outside of my expertise.

Q Do you know whether or not these training seminars or whatever you would call them are local or national?

A I don't know.

Q Are you ever involved in any of the training seminars -- oh, I shouldn't say you. Is the Citi Security & Investigative Services involved in any of the training seminars?

A Only by -- for policies that are governed by CSIS.

Q Where would I find a list of the policies governed by CSIS?

A Again, I believe if you are a Citi employee and have access to the Citi homepage, you can see a list of policies by department and business.

Q So each department may have different policies governing their activities, correct?

A Yes.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Q You did not take his phone and search his phone for text messages between him and my client, correct?
A We did not.
Q Is that something that you would do on other investigations or no?
A We ask someone to show us their phone, but it is within their right to say no.
Q Do you give that any adverse effect whether or not they allow you to investigate things you want to investigate?
MR. ROSENMAN: Objection to form.
THE WITNESS: It could be noted in our final report.
MR. GRAF: For example, in the first report dated April 24, 2023, Mr. Jackson -- and I'm looking at page 7 at the bottom of paragraph 12.
Do you have it, Andy?
MR. ROSENMAN: I have it.
MR. GRAF: Okay.
BY MR. GRAF:
Q Do you see that, Ms. Schneidmill?
A Yes.
Q At the bottom of paragraph 12, it says: Jackson stated that he called his uncle following the

FILED DATE: 7/7/2026 9:40 PM 2025L003833

date and told him how weird the night went. CSIS requested to speak with Jackson's uncle to confirm the story, and Jackson did not want CSIS to contact his uncle. Do you see that?

A Yeah.

Q Did you find it significant that he didn't want to call -- didn't want you to call his uncle to substantiate his portion of the story?

A I don't know if I would call it significant, but it was noteworthy and we -- that's why we included it in the report.

Q And again, something that you could take an adverse view of, but in this case you didn't, right?

MR. ROSENMAN: Objection to form.

THE WITNESS: I don't know if I would take an adverse view of it necessarily, but again, we did -- we did note that he did not want us to contact his uncle.

BY MR. GRAF:

Q Right. He didn't want you to contact his uncle to substantiate essentially an alibi with regard to his conduct on the night that he was out with my client, right?

MR. ROSENMAN: Objection to the form.

THE WITNESS: I don't think I would refer

FILED DATE: 7/7/2026 9:40 PM 2025L003833

to it as an alibi.

BY MR. GRAF:

Q Why not?

A Because it's -- there was no disagreement that Jackson and the complainant were together that night. It's just a matter of what had occurred. So I don't believe the uncle would have been providing an alibi, per se.

Q You don't really know that, though, right because you never talked to him, correct?

MR. ROSENMAN: Objection to form.

THE WITNESS: No. Same answer. We -- we know where everyone was that night. It wasn't a question of where people were.

BY MR. GRAF:

Q With regard to the uncle though, what Mr. Jackson indicated was that he told him how weird the night went, not that he was out with my client, wouldn't you want to know what he told his uncle about how weird the night was?

MR. ROSENMAN: Objection to form.

THE WITNESS: We would have liked to know which is why we asked to speak with him. It's, again, within his right to tell us he did not want to provide us with personal information.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

to whether we could call either of these incidents a relationship that was developing.
BY MR. GRAF:
Q Who is the policy owner? What does that mean?
A Every policy within Citi has a policy owner. I believe the employee handbook is owned by Human Resources.
Q Are you sometimes in your investigations concerned whether or not employees have breached the policies of the employee handbook?
MR. ROSENMAN: Objection to form.
THE WITNESS: It's -- it comes up in the course of our investigations.
BY MR. GRAF:
Q And have you as an investigator found breaches of those policies on occasion?
A On occasion, yes.
Q And when you do find breaches of those policies, what do you do? Do you report them to someone else? Is it just a part of your report?
A It would be a part of our report.
Q And how do the owners of those policies know that the employee you are investigating breached those policies?
A If we substantiate a breach.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Q And if it's unsubstantiated, is that the end of the story for that particular report?
A Yes.
Q Can you --
THE PROCEEDINGS OFFICER: Oh, it looks like she got kicked out. Would counsel like me to take -- oh, it looks like she's back.
THE WITNESS: Hello?
MR. GRAF: Are you there, Naomi?
THE PROCEEDINGS OFFICER: Would counsel like me to take us off the record until we get her back?
MR. GRAF: Yeah, please.
MR. ROSENMAN: Yeah.
THE PROCEEDINGS OFFICER: Okay. We are going off the record at 9:42 a.m., Central Time.
(Off the record.)
THE PROCEEDINGS OFFICER: Okay. We are back on the record at 9:44 a.m., Central Time.
You may continue.
MR. GRAF: Kimberly, I don't know what my last question was and -- could you read it for us?
THE PROCEEDINGS OFFICER: Yes. Just a moment.
(Readback as requested.)
THE WITNESS: The answer is yes.

FILED DATE: 7/7/2026 9:40 PM 2025L003833



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, LAW DIVISION

---

JANE DOE,

Plaintiff,

v. No:

CITIBANK, N.A., a corporation, 2025 L 001601

and MARCUS C. JACKSON,

Defendants.

---

DEPOSITION

---

WITNESS: MEGHAN BYRNE-SOLOMON

DATE: Thursday, January 22, 2026

START TIME: 1:41 p.m., CT

END TIME: 3:18 p.m., CT

REMOTE LOCATION: Remote Legal platform

PROCEEDINGS OFFICER: Olivia Wilson, CER-1600

JOB NO.: 45337

EXHIBIT 3

tabbies

FILED DATE: 7/7/2026 9:40 PM 2025L003833

can't.
MR. ROSENMAN: I can see the bottom-right corner of that page. I --
MR. GRAF: You can scroll down using your computer too, Andy.
MR. ROSENMAN: Okay.
BY MR. GRAF:
Q Ms. Solomon, you see where it says, finding summary?
A I do not.
Q Okay. And the last part of it -- and I'll get into more specifics, but the last part of it said, Therefore the matter is unsubstantiated. Do you see where it says that?
A Yes.
Q Okay. Is your role as the investigator only to substantiate or unsubstantiate a claim? Is that how that works?
A Yes.
Q Okay. And if a claim is substantiated, what happens then?
A If a claim is substantiated, it goes to our adjudication team who works with policy owners to determine the discipline for the employee based on the -- the facts of the case.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Q We can agree though that had this been substantiated, Mr. Jackson would have been terminated, correct?

MR. ROSENMAN: Objection. Foundation.

THE WITNESS: Do I answer that?

BY MR. GRAF:

Q Yes.

MR. ROSENMAN: Yeah. You can always answer unless I instruct you not to.

THE WITNESS: Okay.

MR. ROSENMAN: You can answer the question.

THE WITNESS: I don't know that for certain.

BY MR. GRAF:

Q Okay.

A I don't make that determination.

Q Who makes the determination? You said the policy owners --

A The owners. It -- it depends on the -- the allegations, the conduct, and the associated policy.

Q Are there different policy owners for different actions by the employee?

A Yes.

Q Okay. Who would be the policy owners in this

FILED DATE: 7/7/2026 9:40 PM 2025L003833

particular type of scenario?
A Off the top of my head, I'm not sure. I think this would fall under the general code of conduct. And I'm not sure who specifically oversees that right now.
Q Okay. And well, this was a -- something back in 2023. So do you know who the policy owners would have been back then?
A I don't.
Q I'm going to skip down to page 3, I believe, and look at paragraph 6.
A I'm sorry. Paragraph what?
Q I'm sorry. Paragraph 6.
A Okay.
Q Okay. And this has some information in it concerning the first allegation of abuse by Mr. Jackson, correct?
A Give me one second to read it.
Q Sure.
MR. ROSENMAN: Take whatever time you need to read.
THE WITNESS: Yes. Paragraph 6 is related to the first investigation.
BY MR. GRAF:
Q Okay. And it indicates in there that CSIS determined that no corroboration existed to support the

FILED DATE: 7/7/2026 9:40 PM 2025L003833

allegations of sexual assault as Jackson and complainant had different versions of events. Do you see where it says that?
A Yes.
Q And it also says that the evidence supported Jackson's version. Do you see where it says that?
A Yes.
Q When you did this report in August of 2023, did you go back and review the previous report that you had made regarding the first allegation of sexual assault by Mr. Jackson?
A I don't recall specifically. But likely yes.
Q It says that CSIS -- and when we say CSIS, are we just talking about you or are there others involved?
A Me and my team who works on the case which in this case would have been my manager, Naomi Schneidmill.
Q Anyone else besides you and your manager?
A There may have been others that sat in on interviews and assisted with note taking, but I don't recall specifically who it was.
Q It says that CSIS in the first investigation reviewed Jackson's text messages, call history, and credit card statements that corroborated his version of events. Do you see that?
A Yes.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Q Okay. When it says, you reviewed Jackson's text messages, where did you get those text messages from?

A We received them from Marcus Jackson.

Q Did he give you his phone in order to flip through it to find the text or did he print them out or how did that work?

A He emailed them to me -- screenshots.

Q Was the same with regard to call history?

A Yes.

Q Where it says, credit card statements that corroborated his version of events, what -- do you recall what credit card statements that you looked at?

A I don't recall if he provided credit card statements or if we used Citibank software to look at Citibank cards. I don't recall.

Q Did you determine -- or strike that.

Could you determine that the credit card statements that you showed -- you were showed by Mr. Jackson or --

MR. ROSENMAN: (Background noise.)

MR. GRAF: Sorry. Did somebody say something? I'm sorry.

MR. ROSENMAN: Somebody walked in. So maybe you can ask the question again?

FILED DATE: 7/7/2026 9:40 PM 2025L003833

MR. GRAF: Sure. It was a great question too.

BY MR. GRAF:

Q When he -- when you reviewed his credit card statement, how were you sure that the credit card statements you reviewed were the only ones that you had?

A I don't remember how we reviewed the credit card statement. So I'm not sure if we reviewed them for completeness.

Q And it says, then the last statement is additionally based on OSINT's findings. Let's stop there and describe for me what OSINT is?

A OSINT is Open Source Intelligence. They're a team within CSIS that conducts exactly that, open source intelligence on certain things or individuals that we're looking into for an investigation.

Q What types of information does OSINT provide you?

A It depends on the case. They review any open source. So anything that's public record, social media, they can review and -- and provide a report for us.

Q And is that report made a copy -- made a part of your file regarding Mr. Jackson?

A It should have been an exhibit or an Appendix 2. Probably not this case, but if we're referring to

FILED DATE: 7/7/2026 9:40 PM 2025L003833

make complaints regarding sexual assault?

A I'm not sure. That was something -- OSINT found unverified claims. I don't recall specifically what they were.

Q So -- just so -- just so we're clear, as we sit here today, you don't know whether or not OSINT found any previous complaints about sexual assault, correct?

A Correct. I don't remember what the claims were about.

Q She may have made various claims about other things. But as we sit here today, you can't tell me that she made any claims about sexual assault, right?

A Correct. Because I don't remember what -- what was in the -- the report.

MR. GRAF: I'm going to close this. I'm going to bring up another exhibit which I hope will be the --

(Exhibit 2 marked for identification.)

BY MR. GRAF:

Q Do you see this document, Ms. Solomon?

A I do.

Q Okay. That's the face page for the CSIS investigation of Mr. Jackson, correct?

A Correct.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Q Was that corroborated by your investigation of the email -- not email, but text messages and phone messages?
A I believe so. Yes. But I would have to -- to look at what's below.
Q Then he stated that he had deleted all the text messages between them, but after the interview, he was able to recover the text from his iCloud account, provided those with CFIS. See where it says that?
A Yes.
Q Okay. And so he -- Mr. Jackson, that is, provided you with text messages from his iCloud account; you did not recover those from his phone or his iCloud account, correct?
A Correct.
Q You don't know if he provided the entire string of text messages or not, do you?
A I don't know for sure.
Q Was that a concern to you that he provided them to you after indicating that he had deleted them?
A No. Because he said he -- you know, he said he would try to do everything to recover them to -- to prove that what he was telling us was true.
Q He also, at one point, indicated that his uncle could corroborate his, for lack of a better term,

FILED DATE: 7/7/2026 9:40 PM 2025L003833

story regarding that evening, correct?
A Correct.
Q And then he told you he didn't want to talk -- he didn't want you calling his uncle, correct?
A Correct.
Q Did that raise any suspicion to you regarding the veracity of Mr. Jackson's claim?
A Not by itself. No.
Q How about that along with him providing you with perhaps incomplete text messages and -- yeah.
MR. ROSENMAN: Objection to the form.
BY MR. GRAF:
Q Putting those two things together --
A We can --
Q -- does that raise any suspicion?
A I don't think we thought that they were incomplete.
Q How would you determine that?
A We couldn't at the time, but it looked like the conversation flowed and we could only use what we were provided to either unsubstantiate or substantiate these claims. So we were working off the limited information we had from just his side.
Q But you know as the investigator, if it's unsubstantiated, then there is no further -- no further

FILED DATE: 7/7/2026 9:40 PM 2025L003833

investigation into the allegation or no further disciplinary proceedings for Mr. Jackson, correct?

A Correct.

Q And just one more question regarding the iCloud recovery of the text messages. He didn't do that when you were sitting there interviewing him. That was something that he gave you later, right?

A Correct. He sent an email following the interview.

Q Do you have a copy of that email? Is that part of the file?

A It should be. Yes.

Q On paragraph 12, do you see that in front of you?

A Yes.

Q I think above that are the text messages that we -- some of the text messages that we've been talking about?

A Yeah.

Q In paragraph 12, right underneath where it says Appendix 5 in parentheses, it says, he stated that when the complainant arrived, he was, quote, embarrassed to be seen with her. What does that mean, if you know?

MR. ROSENMAN: Objection to form and foundation.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Q I'll show you this one. It's marked -- I think it says Friday, March 24th, which would be the day or the evening after the incident, at 12:26 a.m. Do you see that on your screen?

A Yeah.

Q This is from Ms. Doe to Mr. Jackson:

Headed back to hotel now from running my errands. Thank you so much for purchasing that. I really appreciate it. Going back there and rest.

Do you see that?

A Yeah.

Q Certainly suggests that there was a hotel room involved now, right?

A Potentially. Yeah.

Q Did you see these text messages when you did your investigation?

A I did not. This is the first time I'm seeing these.

Q And so had you seen these text messages at the time, it would have raised your suspicion a little bit about whether or not Ms. Doe was -- what was the word you used, I forgot. Whether or not she lacked credibility or not, right?

MR. ROSENMAN: Objection. Form and foundation.

FILED DATE: 7/7/2026 9:40 PM 2025L003833



THE WITNESS: Had I seen these, I would have asked more questions to -- to Mark. Again, I did not.

BY MR. GRAF:

Q Okay. I mean, then here's the one that I think you did see, which was -- you know, I wanted to let you know, I'm definitely surprised as to what occurred and your unclear expectation of things. We talked about that one earlier, right?

A Yes.

Q And he -- Mr. Jackson provided you with that one, correct?

A Correct.

Q And these above here, he did not provide you with; is that true?

A Yes.

MR. GRAF: I think the record should reflect that Mr. Jackson has left the deposition. It just showed up on the screen.

THE PROCEEDINGS OFFICER: Counsel, do we want to go off record while we wait for him to come back?

MR. GRAF: No. I don't think he's coming back. Unless, Andy, do you think we should wait a while?

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Jackson, Marcus
personal banker
Manager: Keith Kavalauskas (KK68126)
Evaluated By: Keith Kavalauskas (KK68126)

# 2020 Mid-Year Performance Review

Organization: Keith Kavalauskas (KK68126)
Location: 1310 EAST 47TH STREET CHICAGO
01/01/2020 - 01/24/2021

## Acknowledgement

### Employee

**Entered by:** Marcus Jackson (Terminated) (MJ01671) **Date:** 07/24/2020
**Status:** Yes, I have had a performance conversation with my manager
**Comment:**

## Individual Goals

### Deliver a Clean Year

Ensure a culture of doing the right thing and strong controls to deliver a secure and low risk business. -Achieve Effective or Strong Branch Inspection Program (BCA) results. -Individual Contribution to Branch Operational Soundness and Controls.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

### Drive Revenue

Meet all of the financial needs of our clients including lending and investments. Achieve Lending Revenue credits scorecard goal.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

### Embody Client Centricity

Deliver a remarkable client experience by thinking and acting in our clients' best interests in every interaction. Achieve Branch NPS scorecard goal.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

### Fuel MRC Growth

Create and retain multi-relationship clients, beginning with deposit and card relationships. Achieve Card MRC credits scorecard goal.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

EXHIBIT 4

FILED DATE: 7/7/2026 9:40 PM 2025L003833

## Grow Profitable Balances

Acquire and deepen client relationships by growing households, checking and deposits. - Achieve Deposit Revenue credits scorecard goal. - Achieve HH Growth credits scorecard goal.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

## Manage Compliance Risk Goal

Citi must operate with integrity, maintain strong ethical standards, and adhere to applicable regulatory and legal requirements. Citi has a Low Compliance Risk Appetite and No tolerance for: violations or non-conformance of local, national, or cross-border laws, regulations, rules and breaches of internal policies. While Citi has no tolerance, we recognize they occur and therefore the severity of the violation and/or breach will be assessed following Citi's issue severity scale. All violations and breaches regardless of severity are required to be escalated, actioned and remediated.
The following compliance risk management behaviors must be followed which are consistent with Citi's Mission and Value Proposition, Leadership Standards and principles of Responsible Finance:

- Always deal with colleagues, customers, clients and counterparties honestly and with integrity.
- Operate and align risk-taking decisions within the Compliance Risk Appetite.
- Appropriately assess compliance risk when business decisions are made, demonstrating particular consideration for the firm's reputation and safeguarding Citigroup, Citibank and their subsidiaries, affiliates and branches by driving compliance with applicable laws, rules and regulations and applying sound ethical judgment regarding business practices with a view to ensuring fair treatment of our customers and clients and maintaining integrity of the markets in which we operate.
- Proactively drive consistent execution of compliance risk management to include adherence with all laws, regulations and rules and oversight activities across the lines of defense.
- Identify and escalate compliance risk inherent in particular situations, products, or transactions. The impact of these risks on any part of the Citi organization should be adequately escalated, identified, assessed, monitored, controlled, and reported as applicable.
- Embed a robust and well documented compliance risk assessment process that exhibits accuracy and completeness and proactively checks and challenges the status quo to drive a strong risk and control culture across the Citi organization.
- Models behavior that demonstrates integrity, prioritizes strong risk management values, and advocates decisions that foster a strong compliance risk management framework and accountability for decisions and actions.
- Contribute to a 'no surprises' compliance culture by managing control issues with transparency and candor. Escalate in a timely fashion, communicate clearly, engage others and resolve issues or follow them through to resolution.
- Adhere to the Code of Conduct, Citi's policies, standards and procedures, successfully perform assigned compliance training and implement appropriate controls as part of day-to-day responsibilities.

**Category:** Risk and Control (Cascaded) (inactive)
**Organization Alignment:**

## Strengthen and Retain Client Relationships

Own Book of Business to deepen and retain relationships by fully understanding client goals, adding value and introducing partners. Achieve Deposit Growth scorecard goal.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

FILED DATE: 7/7/2026 9:40 PM 2025L003833

# Leadership Standards

## Champions Progress

Champions a culture of high standards, pushes for progress, embraces change and challenges the status quo in support of Citi's vision and global strategy

## Delivers Results

Sets high standards and achieves performance objectives by creating a clear path toward ethical and sustainable results

## Develops Our People

Builds talent and teams for Citi by creating a culture of meritocracy and transparency, and celebrating excellence, initiative and courage.

## Drives Value for Clients

Enables economic value and positive social impact for clients, companies, governments, and communities

## Lives Our Values

Ensures systemically responsible outcomes while driving performance and balancing short and long term risks

## Works as a Partner

Works collaboratively across the firm and encourages others to achieve the best results for Citi and our clients

# Mid-Year Performance Summary

**Please use the space provided to comment on performance highlights from the first part of the year.**

Manager Evaluation

Response: Marcus is adapting to his role very well. He did a great job considering all the events 2020 has challenged us with. When he assisted Chicago Lawn, the staff was more than pleased with him, along with the Tinley park branch when he helped them.

Employee Evaluation

Response:

Additional Manager Evaluation

**Please use the space provided to comment on the areas of focus for the remainder of the year.**

Manager Evaluation

Response:

Employee Evaluation

Response:

Additional Manager Evaluation

FILED DATE: 7/7/2026 9:40 PM 2025L003833

**Jackson, Marcus**
personal banker
Manager: Keith Kavalauskas (KK68126)
Evaluated By: Keith Kavalauskas (KK68126)

# 2020 Year-End Performance Review

Organization: Keith Kavalauskas (KK68126)
Location: 1310 EAST 47TH STREET CHICAGO
01/01/2020 - 02/05/2021

## Acknowledgement

### Manager

**Entered by:** **Date:**
**Status:**
**Comment:**

### Employee

**Entered by:** Marcus Jackson (Terminated) (MJ01671) **Date:** 01/26/2021
**Status:** Yes, I have had a performance conversation with my manager
**Comment:**

## Individual Goals

### Deliver a productive quarter year after year.

Ensure a culture of doing the right thing and strong controls to deliver a secure and low risk business.
Achieve Effective or Strong Branch Insp.
-Individual Contribution to Branch Operations.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

**Manager Evaluation**
**Rating:** Consistently Strong

**Employee Evaluation**
**Rating:** Partially Effective

### drive multi relationship clients and non to remain with citi. Drive Revenue and promote customer inclusion .

Meet all of the financial needs/goals of our clients.
Achieve Lending Revenue credits scorecard goal.
remain genuine and informative throughout entire employment .

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

**Manager Evaluation**
**Rating:** Consistently Strong

**Employee Evaluation**
**Rating:** Consistently Strong

### Embody Client Centricity

Deliver a remarkable client experience by thinking and acting in our clients' best interests in every interaction.
Achieve Branch NPS scorecard goal.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Category: My Performance Goals (inactive)
Organization Alignment:

| Manager Evaluation | | Employee Evaluation |
|---|---|---|
| Rating: | Consistently Strong | Rating: |

## Fuel MRC Growth

Create and retain multi-relationship clients, beginning with deposit and card relationships.
Achieve Card MRC credits scorecard goal.

Category: My Performance Goals (inactive)
Organization Alignment:

| Manager Evaluation | | Employee Evaluation |
|---|---|---|
| Rating: | Consistently Strong | Rating: |

## Grow Profitable Balances

Acquire and deepen client relationships by growing households, checking and deposits.
- Achieve Deposit Revenue credits scorecard goal.
- Achieve HH Growth credits scorecard goal.

Category: My Performance Goals (inactive)
Organization Alignment:

| Manager Evaluation | | Employee Evaluation |
|---|---|---|
| Rating: | Consistently Strong | Rating: |

## Manage Compliance Risk Goal

Citi must operate with integrity, maintain strong ethical standards, and adhere to applicable regulatory and legal requirements. Citi has a Low Compliance Risk Appetite and No tolerance for: violations or non-conformance of local, national, or cross-border laws, regulations, rules and breaches of internal policies. While Citi has no tolerance, we recognize they occur and therefore the severity of the violation and/or breach will be assessed following Citi's issue severity scale. All violations and breaches regardless of severity are required to be escalated, actioned and remediated.
The following compliance risk management behaviors must be followed which are consistent with Citi's Mission and Value Proposition, Leadership Standards and principles of Responsible Finance:

- Always deal with colleagues, customers, clients and counterparties honestly and with integrity.
- Operate and align risk-taking decisions within the Compliance Risk Appetite.
- Appropriately assess compliance risk when business decisions are made, demonstrating particular consideration for the firm's reputation and safeguarding Citigroup, Citibank and their subsidiaries, affiliates and branches by driving compliance with applicable laws, rules and regulations and applying sound ethical judgment regarding business practices with a view to ensuring fair treatment of our customers and clients and maintaining integrity of the markets in which we operate.
- Proactively drive consistent execution of compliance risk management to include adherence with all laws, regulations and rules and oversight activities across the lines of defense.
- Identify and escalate compliance risk inherent in particular situations, products, or transactions. The impact of these risks on any part of the Citi organization should be adequately escalated, identified, assessed, monitored, controlled, and reported as applicable.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

- Embed a robust and well documented compliance risk assessment process that exhibits accuracy and completeness and proactively checks and challenges the status quo to drive a strong risk and control culture across the Citi organization.
- Models behavior that demonstrates integrity, prioritizes strong risk management values, and advocates decisions that foster a strong compliance risk management framework and accountability for decisions and actions.
- Contribute to a 'no surprises' compliance culture by managing control issues with transparency and candor. Escalate in a timely fashion, communicate clearly, engage others and resolve issues or follow them through to resolution.
- Adhere to the Code of Conduct, Citi's policies, standards and procedures, successfully perform assigned compliance training and implement appropriate controls as part of day-to-day responsibilities.

**Category:** Risk and Control (Cascaded) (inactive)
**Organization Alignment:**

| Manager Evaluation | | Employee Evaluation | |
|---|---|---|---|
| **Rating:** | **Consistently Strong** | **Rating:** | |

### Strengthen and Retain Client Relationships

Own Book of Business to deepen and retain relationships by fully understanding client goals, adding value and introducing partners.
Achieve Deposit Growth scorecard goal.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

| Manager Evaluation | | Employee Evaluation | |
|---|---|---|---|
| **Rating:** | **Consistently Strong** | **Rating:** | |

Section Summary

| Manager Evaluation | | Employee Evaluation | |
|---|---|---|---|
| **Rating:** | **Consistently Strong** | **Rating:** | |

## Leadership Standards

### Champions Progress

Champions a culture of high standards, pushes for progress, embraces change and challenges the status quo in support of Citi's vision and global strategy

| Manager Evaluation | | Employee Evaluation | |
|---|---|---|---|
| **Proficiency Rating:** | **Consistently Strong** | **Proficiency Rating:** | **Partially Effective** |

### Delivers Results

Sets high standards and achieves performance objectives by creating a clear path toward ethical and sustainable results

| Manager Evaluation | | Employee Evaluation | |
|---|---|---|---|
| **Proficiency Rating:** | **Consistently Strong** | **Proficiency Rating:** | |

### Develops Our People

Builds talent and teams for Citi by creating a culture of meritocracy and transparency, and celebrating excellence, initiative and courage.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Manager Evaluation
Proficiency Rating: Consistently Strong

Employee Evaluation
Proficiency Rating:

## Drives Value for Clients

Enables economic value and positive social impact for clients, companies, governments, and communities

Manager Evaluation
Proficiency Rating: Consistently Strong

Employee Evaluation
Proficiency Rating:

## Lives Our Values

Ensures systemically responsible outcomes while driving performance and balancing short and long term risks

Manager Evaluation
Proficiency Rating: Consistently Strong

Employee Evaluation
Proficiency Rating:

## Works as a Partner

Works collaboratively across the firm and encourages others to achieve the best results for Citi and our clients

Manager Evaluation
Proficiency Rating: Consistently Strong

Employee Evaluation
Proficiency Rating:

Section Summary

### Manager Evaluation

Proficiency Rating: Consistently Strong

### Employee Evaluation

Proficiency Rating:

# Performance Summary

## Goal Comments:

Manager Evaluation
Response:

Employee Evaluation
Response: provide stellar customer service and perfect all aspects of banking within my capacity.

Additional Manager Evaluation

## Leadership Standards Comments:

Manager Evaluation
Response: 2020 was a challanging year. Overall, Marcus showed an ability to grow in his position. He needs to be more observant with account opening, as he is still making errors. Also he needs to take more of an initiative when assisting with opperations.

Employee Evaluation
Response:

Additional Manager Evaluation

FILED DATE: 7/7/2026 9:40 PM 2025L003833

**Jackson, Marcus**

personal banker

Manager: Keith Kavalauskas (KK68126)

Evaluated By: Keith Kavalauskas (KK68126)

# 2021 Mid-Year Performance Review

Organization: Keith Kavalauskas (KK68126)

Location: 1310 EAST 47TH STREET CHICAGO

01/01/2021 - 12/31/2021

## Goals

### Client Obsession

Embed client centricity in our DNA and our operating model through an enhanced sales and service model that combines the ease of the digital, the brand impact of the branch experience, and the relationship value of in-person advice and guidance. Metric: Net Promoter Score (NPS)

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Disciplined Focus on Risk and Controls

Achieve a culture of excellence in risk and controls, ensuring discipline and rigor to drive responsible business growth, and foster an environment of doing the right thing. Metric: Branch BCA Business Score, Branch Controllable Losses and DocuSign Adoption

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Grow the Business

Increase client acquisition, deepening and retention through enhanced sales processes and tools, elevated service, and unique experiences. Metric: Branch Network – EOP Deposit Balances, MRC Acquisition, Qualified Citi Priority HH Growth. Individual – Net New Money (Deposits and Investments), Deposit Sales Credits, Household Growth Credits, Lending Sales Credits, Card/MRC Credits

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Modernize the Network

Build a powerful, client-centric retail network and reposition for growth through enhanced branch formats and new market expansion . Metric: NA

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Transform our Operating Model

Transform and position our core operating model for long-term growth through expanded client engagement channels, enhanced platforms and simplified processes. Metric: Remote Collaboration Tools Adoption & Growth (Video Banking,

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Remote Account Opening)

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

### World-Class Talent

Engage our diverse talent as a competitive advantage by redesigning roles for greater flexibility, optimizing team structures for operational efficiency, and utilizing a development-oriented approach that builds skills, satisfaction, and business growth. Metric: Complete Talent Profile and Development Plan. Complete PB Journey.

**Category:** My Performance Goals (inactive)
**Organization Alignment:**

## Risk & Control Goal

### 2021 Risk & Control Goal

We are all risk managers. To foster a robust Risk & Control culture, each individual must ensure the following for themselves and for the teams they lead:

• Understand Citi's approach to managing risk, as described in our Risk Governance Framework, and how it relates to their roles and responsibilities.
• Identify, assess, actively manage and control the risks that could come from our business, operational and organizational decisions so that Citi stays within its risk appetite.
• Manage risks and execute controls in alignment with applicable laws, rules and regulations, as well as prescribed policies, procedures, training and ethical standards (e.g., Citi's Code of Conduct).
• Promptly escalate issues regarding, but not limited to, people, processes and products and resolve in a timely fashion.
• Own data quality, while adhering to data governance standards and established data domains.

**Category:** Risk and Control (Cascaded) (inactive)
**Organization Alignment:**

## Leadership Principles

### We Deliver With Pride

We strive for client excellence, controls excellence and operational excellence.

- Simplifies, standardizes and clarifies work.
- Holds self and others accountable for managing risk with appropriate controls.
- Creates long-term value by fixing root causes.
- Takes pride in always doing the right thing.

### We Succeed Together

We value and learn from different perspectives to surpass stakeholder expectations.

- Breaks down barriers to deliver the best of Citi.
- Measures performance through the lens of our stakeholders.
- Invests in colleagues from all backgrounds.
- Shows empathy for colleagues, clients and communities.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

### We Take Ownership

We challenge one another to a higher standard in everything we do.

- Greets change with optimism, curiosity and resilience.
- Speaks up with candor and welcomes challenge from others.
- Learns from experiences, adapts and improves.
- Prioritizes the greater good when contributing to and honoring group decisions.

## Mid-Year Evaluation

**Please use the space provided to comment on the areas of focus for the remainder of the year.**

**Manager Evaluation**

**Response:** The main area of focus Marcus can improve upon are operationally. Marcus continues to make small errors during account opening and account servicing. He needs to slow down in order to prevent the small errors.

**Employee Evaluation**

**Response:**

**Please use the space provided to comment on performance highlights from the first part of the year.**

**Manager Evaluation**

**Response:** Marcus continues to grow in his role. He really is doing a great job assisting clients with a warm and inviting attitude. His sales continue to grow as he is learning how to sell the Citibank way.

Marcus can further grow into role as a personal banker and take his role to the next level, if he can just learn to uncover more from the clients. He can do this by asking more questions and taking a little bit more time with the clients he interacts with.

**Employee Evaluation**

**Response:**

## Development Items

FILED DATE: 7/7/2026 9:40 PM 2025L003833

# Jackson, Marcus

Personal Banker SAFE Act - C05

Manager: Keith Kavalauskas (KK68126)

Evaluated By: Keith Kavalauskas (KK68126)

# 2021 Year-End Performance Review

Organization: Keith Kavalauskas (KK68126)

Location: 1310 EAST 47TH STREET CHICAGO

01/01/2021 - 12/31/2021

## Acknowledgement

### Employee

**Entered by:** Marcus Jackson (Terminated) (MJ01671) **Date:** 01/19/2022

**Status:** Yes, I have had a performance conversation with my manager

**Comment:**

## Goals

### Client Obsession

Embed client centricity in our DNA and our operating model through an enhanced sales and service model that combines the ease of the digital, the brand impact of the branch experience, and the relationship value of in-person advice and guidance. Metric: Net Promoter Score (NPS)

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Disciplined Focus on Risk and Controls

Achieve a culture of excellence in risk and controls, ensuring discipline and rigor to drive responsible business growth, and foster an environment of doing the right thing. Metric: Branch BCA Business Score, Branch Controllable Losses and DocuSign Adoption

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Grow the Business

Increase client acquisition, deepening and retention through enhanced sales processes and tools, elevated service, and unique experiences. Metric: Branch Network – EOP Deposit Balances, MRC Acquisition, Qualified Citi Priority HH Growth. Individual – Net New Money (Deposits and Investments), Deposit Sales Credits, Household Growth Credits, Lending Sales Credits, Card/MRC Credits

**Category:** My Performance Goals (inactive)

**Organization Alignment:**

### Modernize the Network

Build a powerful, client-centric retail network and reposition for growth through enhanced branch formats and new market expansion . Metric: NA

**Category:** My Performance Goals (inactive)

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Organization Alignment:

### Transform our Operating Model

Transform and position our core operating model for long-term growth through expanded client engagement channels, enhanced platforms and simplified processes. Metric: Remote Collaboration Tools Adoption & Growth (Video Banking, Remote Account Opening)

Category: My Performance Goals (inactive)
Organization Alignment:

### World-Class Talent

Engage our diverse talent as a competitive advantage by redesigning roles for greater flexibility, optimizing team structures for operational efficiency, and utilizing a development-oriented approach that builds skills, satisfaction, and business growth. Metric: Complete Talent Profile and Development Plan. Complete PB Journey.

Category: My Performance Goals (inactive)
Organization Alignment:

## Risk & Control Goal

### 2021 Risk & Control Goal

We are all risk managers. To foster a robust Risk & Control culture, each individual must ensure the following for themselves and for the teams they lead:

• Understand Citi's approach to managing risk, as described in our Risk Governance Framework, and how it relates to their roles and responsibilities.
• Identify, assess, actively manage and control the risks that could come from our business, operational and organizational decisions so that Citi stays within its risk appetite.
• Manage risks and execute controls in alignment with applicable laws, rules and regulations, as well as prescribed policies, procedures, training and ethical standards (e.g., Citi's Code of Conduct).
• Promptly escalate issues regarding, but not limited to, people, processes and products and resolve in a timely fashion.
• Own data quality, while adhering to data governance standards and established data domains.

Category: Risk and Control (Cascaded) (inactive)
Organization Alignment:

| Manager Evaluation | | Employee Evaluation | |
|---|---|---|---|
| Rating: | Consistently Strong | Rating: | |

## Leadership Principles

### We Deliver With Pride

We strive for client excellence, controls excellence and operational excellence.

- Simplifies, standardizes and clarifies work.
- Holds self and others accountable for managing risk with appropriate controls.
- Creates long-term value by fixing root causes.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

- Takes pride in always doing the right thing.

### We Succeed Together

We value and learn from different perspectives to surpass stakeholder expectations.

- Breaks down barriers to deliver the best of Citi.
- Measures performance through the lens of our stakeholders.
- Invests in colleagues from all backgrounds.
- Shows empathy for colleagues, clients and communities.

### We Take Ownership

We challenge one another to a higher standard in everything we do.

- Greets change with optimism, curiosity and resilience.
- Speaks up with candor and welcomes challenge from others.
- Learns from experiences, adapts and improves.
- Prioritizes the greater good when contributing to and honoring group decisions.

## Year-End Evaluation Ratings

### Overall Goal Rating

**Manager Evaluation**

Rating: Consistently Strong

**Employee Evaluation**

Rating:

### Overall Leadership Rating

**Manager Evaluation**

Rating: Consistently Strong

**Employee Evaluation**

Rating:

## Year-End Evaluation Comments

### Overall Goal Comments

**Manager Evaluation**

Response: Marcus continues to grow in his role and gain a better understanding of what is expected.

**Employee Evaluation**

Response:

**Additional Manager Evaluation**

### Overall Leadership Comments

**Manager Evaluation**

Response: Marcus continues to take on more of a leadership role on the platform side and assist on the teller line.

**Employee Evaluation**

Response:

**Additional Manager Evaluation**

Jackson, Marcus

Personal Banker SAFE Act - C05

Manager: Gabrielle Roberts (Retired) (GR55124)

Evaluated By: Keith Kavalauskas (KK68126)

# 2022 Mid-Year Performance Review

Organization: (inactive)

Location: 1310 EAST 47TH STREET CHICAGO

01/01/2022 - 12/31/2022

## Leadership Principles

### We Take Ownership

We challenge one another to a higher standard in everything we do.

- Greets change with optimism, curiosity and resilience.
- Speaks up with candor and welcomes challenge from others.
- Learns from experiences, adapts and improves.
- Prioritizes the greater good when contributing to and honoring group decisions.

### We Deliver With Pride

We strive for client excellence, controls excellence and operational excellence.

- Simplifies, standardizes and clarifies work.
- Holds self and others accountable for managing risk with appropriate controls.
- Creates long-term value by fixing root causes.
- Takes pride in always doing the right thing.

### We Succeed Together

We value and learn from different perspectives to surpass stakeholder expectations.

- Breaks down barriers to deliver the best of Citi.
- Measures performance through the lens of our stakeholders.
- Invests in colleagues from all backgrounds.
- Shows empathy for colleagues, clients and communities.

## Risk & Control Goals

### avoid vbs error submissions

Work patiently but effectively, step by step process. Always double checking behind myself and involving teammates if necessary.

Category: Risk & Control

Organization Alignment:

### 2022 Risk & Control Goal

We are all risk managers. To foster a robust Risk and Control culture, each individual must assess and comply with the following requirements:

• Understand Citi's approach to managing risk, as described in our Enterprise Risk Management Framework, and how it relates to your (and your team's) role and responsibilities.
• Identify the risks that arise from your (and your team's) activities, and assess, escalate and actively engage in the

FILED DATE: 7/7/2026 9:40 PM 2025L003833

management of such risks.
• Ensure controls are operating in compliance with prescribed policies and procedures, including the Code of Conduct, as well as applicable laws, rules and regulations and take action in remediating them when they are not.
• Own the accuracy of the data you are responsible for and comply with applicable data governance standards.
• Promptly escalate issues regarding, but not limited to, people, processes and products and resolve in a timely fashion.
• Complete all assigned training on a timely basis.

**Category:** System Assigned - Risk & Control
**Organization Alignment:**

### Disciplined Focus on Risk & Controls

Achieve a culture of excellence in Risk & Controls; act with ownership and ensure responsible business growth through a focus on doing the right thing Success Metrics: Branch Inspection Program Performance

**Category:** Risk & Control
**Organization Alignment:**

## Financial Performance Goals

### enhance client relationships , gaining trust .

enhance client relationships , gaining trust . Calling and engaging every client .

**Category:** Financial Performance
**Organization Alignment:**

### Grow the Business

Earn the business; provide best in class advice, guidance, and experiences in order to grow through client acquisition, relationship deepening, and retention

Success Metrics:
Net Sales Growth
Household Growth
Lending Sales Credits
Card (MRC) Credits

**Category:** Financial Performance
**Organization Alignment:**

### Transform Our Operating Model

Transform for the future; position our core operating model for long-term growth through enhanced platforms, simplified processes, and expanded client engagement Success Metrics: DocuSign Adoption (iPad, Client Device, Card) Remote Enabler Adoption (Calling, Video, RAO)

**Category:** Financial Performance
**Organization Alignment:**

# Client & Franchise Outcomes Goals

## 2022 PBWM and Legacy Franchises CX Goal

I can articulate how my role impacts the client, and I identify and lead actions that champion excellence for our clients, including: • Using my voice to provide feedback and drive improvements when I see something is broken or could be improved for the benefit of the client • Acting as the client and walking in their shoes in every aspect of my job to help me provide better service and/or make suggestions for enhancements • Supporting my colleagues to deliver excellence for our clients by collaborating and providing timely support The actions I identify and will lead are captured in my goals and/or development plan in Workday. In addition, for managers: • Being a champion across my team/peers/partners to ensure understanding on how they can use their voice, act as the client and support their colleagues to ensure we champion excellence • Ensuring myself and any direct reports have specific actions that will drive client centricity captured in their goals and/or development plan in Workday • Achieving/Supporting strong VOE results on the Client-Focus Index

**Category:** Client & Franchise Outcomes
**Organization Alignment:**

## Achieve & Maintain 100% nps score.

Allow clients to completely voice their concerns with our branch and myself, while helping to maintain a clean workspace and lobby are.

**Category:** Client & Franchise Outcomes
**Organization Alignment:**

## Client Obsession

Demonstrate client obsession in all that we do; deliver unique experiences that combine the relationship value of banker-led advice and guidance with the ease of digital and the benefits of the Citi brand Success Metrics: Branch Net Promoter Score (NPS)

**Category:** Client & Franchise Outcomes
**Organization Alignment:**

## World-Class Talent

Build upon our #citipride; excite and grow our diverse talent through engagement, development, and inclusion Success Metrics: Complete Talent Profile and Development Plan Learning Lab Participation

**Category:** Client & Franchise Outcomes
**Organization Alignment:**

# Mid-Year Evaluation

**Please use the space provided to comment on performance highlights from the first part of the year.**

FILED DATE: 7/7/2026 9:40 PM 2025L003833

**Manager Evaluation**

**Response:** Marcus is steadily improving in assisting clients and uncovering needs.

**Employee Evaluation**

**Response:** Continue to deliver stellar results while complying with citi rules and regulations .

**Additional Manager Evaluation**

**Please use the space provided to comment on the areas of focus for the remainder of the year.**

**Manager Evaluation**

**Response:**

**Employee Evaluation**

**Response:**

**Additional Manager Evaluation**

## Development Items

FILED DATE: 7/7/2026 9:40 PM 2025L003833

## Jackson, Marcus

Personal Banker SAFE Act - B10
Manager: Gabrielle Roberts (Retired) (GR55124)
Evaluated by: Gabrielle Roberts (Retired) (GR55124)

## 2022 Year-End Performance Review

Organization: (inactive)
Location: 1310 EAST 47TH STREET CHICAGO
01/01/2022 - 12/31/2022

## Acknowledgement

### Employee

**Entered by:** Marcus Jackson (Terminated) (MJ01671) **Date:** 01/23/2023

**Status:** Yes, I have had a performance conversation with my manager

**Comment:** thank god for the leadership displayed at the Kenwood branch . After Working with Mrs. Roberts and staff i have been able to see tangible results on and off the sales floor. Consideration for branch manager is within reach , we intend to explore all options to manifest .

## Leadership Principles

### We Deliver With Pride

We strive for client excellence, controls excellence and operational excellence.

- Simplifies, standardizes and clarifies work.
- Holds self and others accountable for managing risk with appropriate controls.
- Creates long-term value by fixing root causes.
- Takes pride in always doing the right thing.

### We Succeed Together

We value and learn from different perspectives to surpass stakeholder expectations.

- Breaks down barriers to deliver the best of Citi.
- Measures performance through the lens of our stakeholders.
- Invests in colleagues from all backgrounds.
- Shows empathy for colleagues, clients and communities.

### We Take Ownership

We challenge one another to a higher standard in everything we do.

- Greets change with optimism, curiosity and resilience.
- Speaks up with candor and welcomes challenge from others.
- Learns from experiences, adapts and improves.
- Prioritizes the greater good when contributing to and honoring group decisions.

## Risk & Control Goals

### avoid vbs error submissions

Work patiently but effectively, step by step process. Always double checking behind myself and involving teammates if necessary.

**Category:** Risk & Control

### 2022 Risk & Control Goal

We are all risk managers. To foster a robust Risk and Control culture, each individual must assess and comply with the following requirements:

• Understand Citi's approach to managing risk, as described in our Enterprise Risk Management Framework, and how it relates to your (and your team's) role and responsibilities.

FILED DATE: 7/7/2026 9:40 PM 2025L003833

- Identify the risks that arise from your (and your team's) activities, and assess, escalate and actively engage in the management of such risks.
- Ensure controls are operating in compliance with prescribed policies and procedures, including the Code of Conduct, as well as applicable laws, rules and regulations and take action in remediating them when they are not.
- Own the accuracy of the data you are responsible for and comply with applicable data governance standards.
- Promptly escalate issues regarding, but not limited to, people, processes and products and resolve in a timely fashion.
- Complete all assigned training on a timely basis.

**Category:** System Assigned - Risk & Control

### Disciplined Focus on Risk & Controls

Achieve a culture of excellence in Risk & Controls; act with ownership and ensure responsible business growth through a focus on doing the right thing Success Metrics: Branch Inspection Program Performance

**Category:** Risk & Control

## Financial Performance Goals

### enhance client relationships , gaining trust .

enhance client relationships , gaining trust . Calling and engaging every client .

**Category:** Financial Performance

### Grow the Business

Earn the business; provide best in class advice, guidance, and experiences in order to grow through client acquisition, relationship deepening, and retention

Success Metrics:
Net Sales Growth
Household Growth
Lending Sales Credits
Card (MRC) Credits

**Category:** Financial Performance

### Transform Our Operating Model

Transform for the future; position our core operating model for long-term growth through enhanced platforms, simplified processes, and expanded client engagement Success Metrics: DocuSign Adoption (iPad, Client Device, Card) Remote Enabler Adoption (Calling, Video, RAO)

**Category:** Financial Performance

## Client & Franchise Outcomes Goals

### Achieve & Maintain 100% nps score.

Allow clients to completely voice their concerns with our branch and myself, while helping to maintain a clean workspace and lobby are.

**Category:** Client & Franchise Outcomes

### 2022 PBWM and Legacy Franchises CX Goal

FILED DATE: 7/7/2026 9:40 PM 2025L003833

I can articulate how my role impacts the client, and I identify and lead actions that champion excellence for our clients, including: • Using my voice to provide feedback and drive improvements when I see something is broken or could be improved for the benefit of the client • Acting as the client and walking in their shoes in every aspect of my job to help me provide better service and/or make suggestions for enhancements • Supporting my colleagues to deliver excellence for our clients by collaborating and providing timely support The actions I identify and will lead are captured in my goals and/or development plan in Workday. In addition, for managers: • Being a champion across my team/peers/partners to ensure understanding on how they can use their voice, act as the client and support their colleagues to ensure we champion excellence • Ensuring myself and any direct reports have specific actions that will drive client centricity captured in their goals and/or development plan in Workday • Achieving/Supporting strong VOE results on the Client-Focus Index

**Category:** Client & Franchise Outcomes

### Client Obsession

Demonstrate client obsession in all that we do; deliver unique experiences that combine the relationship value of banker-led advice and guidance with the ease of digital and the benefits of the Citi brand Success Metrics: Branch Net Promoter Score (NPS)

**Category:** Client & Franchise Outcomes

### World-Class Talent

Build upon our #citipride; excite and grow our diverse talent through engagement, development, and inclusion Success Metrics: Complete Talent Profile and Development Plan Learning Lab Participation

**Category:** Client & Franchise Outcomes

## HOW Rating & Comments

### Leadership Rating

| Manager Evaluation | Employee Evaluation |
|---|---|
| Rating: | Rating: |
| Response: | Response: |

Additional Manager Evaluation

Evaluated by:

## WHAT Rating & Comments

### Risk & Control Rating

| Manager Evaluation | Employee Evaluation |
|---|---|
| Rating: | Rating: |
| Response: | Response: |

Additional Manager Evaluation

Evaluated by:

### Financial Performance Rating

| Manager Evaluation | Employee Evaluation |
|---|---|

FILED DATE: 7/7/2026 9:40 PM 2025L003833

Rating:

Response:

Rating:

Response:

Additional Manager Evaluation

Evaluated by:

## Client & Franchise Outcomes Rating

Manager Evaluation

Rating:

Response:

Employee Evaluation

Rating:

Response:

Additional Manager Evaluation

Evaluated by:

# Year-End Evaluation Ratings

## Overall WHAT Rating

Manager Evaluation

Rating:

Employee Evaluation

Rating:

## Overall HOW Rating

Manager Evaluation

Rating:

Employee Evaluation

Rating:

FILED DATE: 7/7/2026 9:40 PM 2025L003833

**Jackson, Marcus**

Personal Banker SAFE Act - B10

Manager: Stephanie Flemister (SF65929)

Evaluated By: Stephanie Flemister (SF65929)

**2023 Mid-Year Performance Review**

Organization: Stephanie Flemister (SF65929)

Location: 1310 EAST 47TH STREET CHICAGO

01/01/2023 - 12/31/2023

# Acknowledgement

## Employee

**Entered by:** Marcus Jackson (Terminated) (MJ01671) **Date:** 07/24/2023

**Status:** Yes, I have had a performance conversation with my manager

**Comment:**
- *Assist with a highly engaged team that works together to start and complete the projects and trainings on deadline. Offers assistance to colleagues on their duties even when they are outside my own direct obligation. Form good relationships with all members of the team. Encourages relationships to provide professional assistance for each and every Citibank client and prospect.*

# Leadership Principles

## We Take Ownership

We challenge one another to a higher standard in everything we do.

- Greets change with optimism, curiosity and resilience.
- Speaks up with candor and welcomes challenge from others.
- Learns from experiences, adapts and improves.
- Prioritizes the greater good when contributing to and honoring group decisions.

## We Deliver With Pride

We strive for client excellence, controls excellence and operational excellence.

- Simplifies, standardizes and clarifies work.
- Holds self and others accountable for managing risk with appropriate controls.
- Creates long-term value by fixing root causes.
- Takes pride in always doing the right thing.

## We Succeed Together

We value and learn from different perspectives to surpass stakeholder expectations.

- Breaks down barriers to deliver the best of Citi.
- Measures performance through the lens of our stakeholders.
- Invests in colleagues from all backgrounds.
- Shows empathy for colleagues, clients and communities.

# Risk & Control Goals

## 2023 Risk & Control Goal

We are all risk managers. To foster a robust Risk and Control culture, each individual must assess and comply with the following requirements:

- Understand Citi's approach to managing risk, as described in our Enterprise Risk Management Framework, and how it relates to your (and your team's) role and responsibilities.