**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Jane Doe No. 2

Plaintiff,

v.

Case No.: 1:26−cv−10046
Honorable John Robert Blakey

Citibank, N.A.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, September 14, 2026:

MINUTE entry before the Honorable John Robert Blakey: Plaintiff initiated this action in state court in March of 2025, naming Citibank and Marcus Jackson, a former Citibank employee, who allegedly sexually assaulted Plaintiff. On 9/24/26, Plaintiff moved to voluntarily dismiss Jackson, and the Circuit Court granted the motion on 7/29/26, see [1−2] at 265. On 8/19/26, Citibank filed a notice of removal, seeking to invoke this Court's diversity jurisdiction, see [1]. 28 U.S.C. § 1446(b)(3) provides that, except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." But § 1446(c) imposes a one−year limitation on such removal, absent a finding that Plaintiff acted in bad faith to prevent Citibank from removing the action. In its removal petition, Citibank claims that Plaintiff's failure to pursue the non−diverse defendant in the state court proceedings evidences such bad faith. See [1] at 2−3. "Bad faith under § 1446(c)(1) requires a causal link showing that 'plaintiff has acted in bad faith in order to prevent a defendant from removing an action.'" Fiala v. RMLS Hop Illinois, LLC, No. 21 C 4095, 2022 WL 159560, at *2 (N.D. Ill. Jan. 18, 2022) (quoting Henning v. Barranco, No. 21 C 1657, 2021 WL 5578767, at *3 (N.D. Ill. Nov. 30, 2021)). Citibank contends that Plaintiff dragged her feet for a year to prevent Citibank from removing the case. But the state court record attached to the notice of removal does not support that claim. The record shows that Plaintiff served Jackson, sought default against him and then withdrew the motion when he answered; she also served him with discovery requests. See [1−1] at 100, 106, 109, 113. At the motion hearing held 5/21/26, the state court judge handling the case granted Plaintiff's motion for leave to amend her complaint again, over objection, observing that "there have been significant delays in this litigation&quo;t; but that those delays were attributable to "both sides" and the "complicated" nature of the case. [1−2] at 234. At that time, the Judge asked the parties about Jackson, noting that he had shown up and then stopped showing up, id. at 235. And Citibank indicated that it did not plan to pursue discovery unless and until its forthcoming motion to dismiss was denied, id. The state court judge, who had been handling the case for a year, rejected Citibank's suggestion that Plaintiff's counsel were intentionally delaying the case. The record thus does not support a finding of bad faith. As a result, Citibank's notice of

removal, filed more than one year after Plaintiff filed the case, remains untimely, and the matter is remanded forthwith to the Circuit Court of Cook County. The Court strikes all set dates and deadlines, the pending motions to dismiss [7] and to reassign [13], and the 9/16/26 Notice of Motion date. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.